UNITED STATES DISTRICT COURT
Eastern District of Pennsylvania
U.S. Court House
Independence Mall West
601 Market Street
Philadelphia, PA 19106-1797

Revised September, 2004

NOTICE TO COUNSEL:

This notice sets forth my policy on discovery, my guidelines for communication with the Court and my Chambers staff, and a brief overview of the manner in which this case will generally progress in my Court.  In addition to this Notice, I expect counsel to become familiar with my "Civil Action Procedures," which can be found on the Court's website at **www.paed.uscourts.gov.**  On the Court's home page, click on "Judges' Procedures."  Before calling Chambers with procedural questions, please consult this publication.

**I.      Communication with Chambers**

I strongly discourage communication with law clerks.  Telephone inquiries should be directed to my Deputy, Gerrie Keane.

Please do not write letters directly to the Court, or send or designate copies of correspondence among and between counsel to the Court, except:

(1)     When letters of transmittal accompany documents required to be sent to, or filed with, the Court or in another official office in the Courthouse;

(2)     When counsel are specifically requested by the Court to communicate some information to the Court by letter;

(3)     When there is an uncontested request for a continuance of the Rule 16 Scheduling Order deadlines not affecting the trial date or pool placement;

(4)     When the participation of counsel in the case is expected to be affected by a personal matter concerning counsel, a party, a witness, or counsel's immediate family, such as medical problems, vacation plans, or other similarly personal problems or questions; or

(5)     To confirm or advise the Court that a case has been settled, dismissed, or otherwise finally disposed.

All other written communications with the Court concerning any case assigned to my calendar should be by the filing of a pleading, motion, application, brief, legal memorandum, busy slip, or other similar filing provided for in the Federal Rules of Civil or Criminal Procedure

or our Local Rules of Civil or Criminal Procedure.  **Do not write letters to the Court that are properly the subject of these filings.**

When a written communication concerning a case cannot timely address a problem, counsel may initiate necessary telephone communications with my Chambers.  Issues appropriately addressed by telephone contact include:

> Scheduling of conferences or proceedings, including pretrial and trial conferences; attendance of witnesses;
>
> Exhibit handling or arrangements for video replay;
>
> Arrangements for telephone conferences regarding discovery disputes; and
>
> Requests for absolutely necessary extensions of time to file any response, reply, brief, memorandum of law, or the like.

All such inquiries should be directed to my Deputy.

## II.   Discovery

Discovery rules are not intended to create strategic advantages for any party and should <u>never</u> be used to play games.  The Federal Rules of Civil Procedure call for voluntary, cooperative discovery in a **timely** manner.  Federal Rule of Civil Procedure 26(a) requires disclosure of certain types of information.  Compliance with the Rules is mandatory.  I expect that counsel will act in accordance with both the **letter** and the **spirit** of the Rules.  Discovery disputes should be presented to the Court in the manner provided for in my "Civil Action Procedures."

## III.   Pretrial Procedure

My Deputy typically sends counsel notification of the scheduling of a pretrial conference to be held within 35 days after all defendants have answered or filed pre-answer motions.  At least three days prior to the pretrial conference, counsel must submit a completed Scheduling Information Report.

Counsel must also timely submit the discovery plan adopted at the Rule 26(f) conference in accordance with the Federal Rules of Civil Procedure, but no later than three days prior to the scheduled pretrial conference.  The Court's processes and procedures rely on counsel's good faith compliance <u>in all respects</u> with Rule 26(f).  The Rule 26(f) meeting shall take place as soon as possible and, in any event, at least fourteen days before the scheduling conference.  Such compliance is of the highest degree mandatory.  **Parties who do not comply will have no voice at the scheduling conference and may be subject to additional sanctions.**

Topics which are frequently addressed in an initial pretrial conference include those listed in Local Rule of Civil Procedure 16.1(b), Federal Rule of Civil Procedure 16(b) and (c) and the

progress of self-executing disclosure under Federal Rule of Civil Procedure 26(a). Counsel taking part in pre-trial conferences should be prepared to speak on the subjects to be covered, including settlement, and have authority from their clients to do so. A Rule 16 Scheduling Order is issued at the conclusion of the conference containing either a specific trial date or pool listing, and dates and form of pretrial memoranda.

With the exception of a final pretrial conference (which usually takes place sometime during the month before trial is scheduled), no other conferences are normally scheduled unless requested by counsel. Settlement conferences are encouraged, provided counsel believe that they will be useful.

### IV.    Motions Practice

I consider a motion "ripe" when a response has been filed. Reply and surreply briefs may only be filed with leave of the Court. Counsel should file a motion requesting leave to file additional briefing and attach the proposed reply as an exhibit.

### V.    Rule 56 Motions

Upon any motion for summary judgment pursuant to Fed. R.Civ.P. 56, there shall be filed with the motion a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried.

The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in the statement required in the foregoing paragraph, as to which it is contended that there exists a genuine issue to be tried.

Statements of material facts in support of or in opposition to a motion shall include references to the parts of the record that support the statements.

All material facts set forth in the statement required to be served by the moving party may be taken by the Court as admitted unless controverted by the opposing party.

### VI.    Electronic Filing System

I fully support and encourage the use of the Electronic Filing System. Electronic filing provides greater efficiency and timeliness in the filing of pleadings, as well as electronic storage of documents for remote access by the Court, the bar and the litigants. Applications are available from the Office of the Clerk of the Court, 601 Market Street, Room 2609, Philadelphia, PA 19106-1797, or by calling (215) 597-5711.

Your cooperation is **expected** and **appreciated**.

HONORABLE JOHN R. PADOVA