IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CROSS ATLANTIC CAPITAL PARTNERS, INC., <br><br> Plaintiff, <br><br> v. <br><br> FACEBOOK, INC. and THEFACEBOOK, LLC, <br><br> Defendants. | CIVIL ACTION <br><br> NO. 07-CV- 02768-JP <br><br> **JURY TRIAL DEMANDED** <br><br> [FILED ELECTRONICALLY] |

## ANSWER

Defendants and Counterclaimants FACEBOOK, INC. and THEFACEBOOK, LLC ("Facebook"), by and through its undersigned counsel, hereby submits the following Answer and Counterclaims to the Complaint for Patent Infringement filed by plaintiff CROSS ATLANTIC CAPITAL PARTNERS, INC. ("XACP"):

### JURISDICTION AND VENUE

1. Facebook admits that this is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, but denies that it has committed any act of patent infringement as alleged by XACP.

2. Admitted.

3. Facebook admits that it is subject to jurisdiction in this judicial district. While Facebook admits that venue in this judicial district is authorized pursuant to 28 U.S.C. §§ 1391 and 1400(b), Facebook denies Paragraph 3 to the extent it suggests that this judicial district is convenient or the most appropriate forum for this dispute. Facebook denies that any acts of alleged patent infringement are occurring within this judicial district.

### THE PARTIES

4. Facebook lacks sufficient information to admit or deny the allegations set forth in paragraph 4 of the Complaint and therefore denies them.

5. Facebook admits that it is a Delaware corporation and that its principal place of business is located at 156 University Avenue, Palo Alto, CA 94301. Facebook denies the remaining allegations of paragraph 5 of the Complaint. .

6. Admitted.

7. Facebook admits that it owns and operates an Internet website called Facebook® with a domain name of "facebook.com." Facebook also admits that the site was formerly known as "thefacebook.com." Except as otherwise admitted, Facebook denies all of the allegations set forth in paragraph 7 of the Complaint.

8. Facebook lacks sufficient information to admit or deny the allegations set forth in paragraph 8 of the Complaint and therefore denies them.

## FACTS

9. Facebook admits that United States Patent No. 6,519,629 B2 ("'629 patent") bears a title of "System for Creating a Community for Users with Common Interests to Interact In." Facebook lacks sufficient information to admit or deny the remaining allegations of paragraph 9 of the Complaint and therefore denies them.

10. Facebook admits that the '629 patent, on its face, states that United States Patent Application No. 09/513,844 was filed with the United States Patent and Trademark Office on February 25, 2000. Facebook further admits that the '629 patent, on its face, states that United States Patent Application No. 09/513,844 is a continuation-in-part of United States Patent application No. 09/264,988, which it states was filed on September 15, 1998. Facebook admits that Jamey Harvey, Andrew Fegly, Matt Hulan and Robert Dekelbaum are listed as inventors on the face of the '629 patent. Facebook lacks sufficient information to admit or deny the remaining allegations set forth in paragraph 10 of the Complaint and therefore denies them.

11. Facebook admits that iKimbo, Inc. is listed as "Assignee" on the face of the '629 patent. Facebook lacks sufficient information to admit or deny the remaining allegations set forth in paragraph 11 of the Complaint and therefore denies them.

PALOALTO 82993 v2 (2K)
SL1 748277v1/102725.00001

12. Facebook admits that the face of the '629 patent lists Jamey Harvey, Andrew Fegly, Matt Hulan and Robert Dekelbaum as inventors and identifies iKimbo, Inc. as assignee. Facebook admits that the '629 patent issued on February 11, 2003. Facebook denies the remaining allegations of paragraph 12 of the Complaint.

13. Denied.

14. Facebook lacks sufficient information to admit or deny the allegations set forth in paragraph 14 of the Complaint and therefore denies them.

15. Denied.

16. Admitted.

17. Admitted.

18. Facebook admits that Facebook, Inc. was formed not later than July 29, 2004. Facebook denies the remaining allegations of paragraph 18 of the Complaint.

19. Facebook admits that Thefacebook, LLC was formed not later than June 19, 2006. Facebook denies the remaining allegations of paragraph 19 of the Complaint.

20. Facebook admits that its website is accessible to residents of Pennsylvania. Facebook denies the remaining allegations of paragraph 20 of the Complaint.

21. Facebook admits that it has entered into a commercial agreement with Comcast Interactive Media LLC whose principal place of business is in Pennsylvania. Facebook denies the remaining allegations of paragraph 21 of the Complaint.

## COUNT I – PATENT INFRINGEMENT

22. In response to paragraph 22 of the Complaint, Facebook realleges its response to the allegations set forth in paragraphs 1 through 21 above.

23. Facebook denies all of the allegations set forth in paragraph 23 of the Complaint.

24. Facebook denies all of the allegations set forth in paragraph 24 of the Complaint.

PALOALTO 82993 v2 (2K)
SL1 748277v1/102725.00001

25. Facebook denies all of the allegations set forth in paragraph 25 of the Complaint.

26. Facebook denies all of the allegations set forth in paragraph 26 of the Complaint.

27. Facebook denies all of the allegations set forth in paragraph 27 of the Complaint.

28. Facebook denies all of the allegations set forth in paragraph 28 of the Complaint.

29. Facebook denies all of the allegations set forth in paragraph 29 of the Complaint.

30. Facebook denies all of the allegations set forth in paragraph 30 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense: Non-Infringement

31. The Complaint and each of the allegations therein do not entitle Plaintiff to relief on the grounds that defendants have not infringed (literally or by equivalents) any claims of the '629 patent.

### Second Affirmative Defense: Invalidity

32. Each claim of the '629 patent is invalid for failure to meet one or more of the conditions of patentability specified in 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Third Affirmative Defense: Laches

33. The Complaint and each of the allegations therein do not entitle Plaintiff to relief on the grounds that Plaintiff's claims are barred by the doctrine of laches.

### Fourth Affirmative Defense: Estoppel

34. The Complaint and each of the allegations therein do not entitle Plaintiff to relief on the grounds that Plaintiff's claims are barred by the doctrine of estoppel.

PALOALTO 82993 v2 (2K)
SL1 748277v1/102725.00001

- 5 -

**Fifth Affirmative Defense: No Injunctive Relief**

35. The Complaint and each of the allegations therein do not entitle Plaintiff to injunctive relief on the grounds that the circumstances set forth in Plaintiff's Complaint do not warrant injunctive relief and, should Plaintiff prevail, it could be can be adequately compensated by money damages.

## COUNTERCLAIMS

Defendants and counterclaimants FACEBOOK, INC. and THEFACEBOOK, LLC (collectively "Facebook"), by and through their undersigned counsel, hereby allege the following Counterclaims against plaintiff and counterclaim defendant CROSS ATLANTIC CAPITAL PARTNERS, INC. ("XACP"):

## THE PARTIES

1. Counterclaimant Facebook, Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 156 University Avenue, Palo Alto, CA 94301-1605.

2. Facebook is informed and believes and on that basis alleges that Counterclaim defendant XACP is a corporation organized and existing under the laws of the State of Delaware and has its principal place of business at 100 Matsonford Road, Building 5, Suite 555, Radnor, PA 19087.

## JURISDICTION AND VENUE

3. This is a civil action regarding allegations of patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, in which Facebook seeks relief under the Declaratory Judgment Act. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

4. The Court has personal jurisdiction over XACP because it consented to personal jurisdiction by filing the Complaint in this action. Venue in this judicial district is authorized under 28 U.S.C. §§ 1391 and 1400.

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 6,519,629 B2

5.    Facebook realleges and incorporates by reference all previous paragraphs of its Counterclaim as if set forth fully herein.

6.    XACP claims to be the assignee of the complete interest in United States Patent No. 6,519,629 B2 ("'629 patent"), entitled "System for Creating a Community for Users with Common Interests to Interact In." XACP has alleged in this litigation that Facebook has infringed and is infringing the '629 patent.

7.    Facebook does not infringe, either directly or indirectly, any claim of the '629 patent and therefore is not liable for infringement thereof. In addition, the '629 patent and each claim thereof is invalid for failing to comply with the provisions of the patent laws, including one or more of 35 U.S.C. §§ 101, 102, 103 and/or 112. Furthermore, XACP's claims under the '629 patent are barred for the reasons set forth in Facebook's Affirmative Defenses set forth above.

8.    An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Facebook and XACP. Facebook seeks a declaration that it does not infringe the '629 patent, that the '629 patent is invalid, and that XACP's claims under the '629 Patent are barred.

## PRAYER FOR RELIEF

WHEREFORE, Facebook prays that this Court enter judgment:

A.    In favor of Facebook, and against XACP, thereby dismissing XACP's Complaint in its entirely, with prejudice, with XACP taking nothing by way of its claims;

B.    Declaring and adjudging that Facebook does not infringe the '629 patent;

C.    Declaring and adjudging that the '629 patent is invalid and/or unenforceable;

D.    Ordering Plaintiff to pay all costs incurred by Facebook in responding to this action, including Facebook's reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

PALOALTO 82993 v2 (2K)
SL1 748277v1/102725.00001

- 7 -

E. Awarding Facebook all other relief the Court deems just and proper under the circumstances.

## JURY DEMAND

Facebook demands a trial by jury trial as to all issues so triable.

Dated: September 4, 2007

By: s/Charles J. Bloom CJB322
Charles J. Bloom
Attorney ID No. 10086
STEVENS & LEE, P.C.
620 Freedom Business Center
Suite. 200
King of Prussia, PA 19406

Heidi L. Keefe (*pro hac vice pending*)
Mark R. Weinstein (*pro hac vice pending*)
Sam C. O'Rourke (*pro hac vice pending*)
WHITE & CASE LLP
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, CA  94306

PALOALTO 82993 v2 (2K)
SL1 748277v1/102725.00001

## CERTIFICATE OF SERVICE

      I, CHARLES J. BLOOM, ESQUIRE, certify that on this date, the foregoing Answer was filed electronically and made available for viewing via the Court's ECF system. I further certify that a true and correct copy was served upon the following counsel of record, by depositing the same in the United States mail, postage prepaid, addressed as follows:

>Frederick A. Tecce, Esquire
>McShea/Tecce
>1717 Arch Street
>28th Floor
>Philadelphia, PA   19103
>
>Patrick J. Keenan, Esquire
>Thomas J. Duffy, Esquire
>Duffy & Keenan
>Independence Square West
>Suite 1150
>Philadelphia, PA   19106

                                              s/ Charles J. Bloom         CJB322

Date:  September 4, 2007