IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CROSS ATLANTIC CAPITAL PARTNERS, INC. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| FACEBOOK, INC. and THEFACEBOOK, LLC | : | NO. 07-2768 |

## ORDER

**AND NOW**, this 28th day of September, 2007, upon consideration of Defendants' Motion to Transfer Venue to the Northern District of California pursuant to 28 U.S.C. § 1404(a) (Doc. # 31), and Plaintiff's response thereto, **IT IS HEREBY ORDERED** that the Motion is **DENIED**.[1]

---

[1] Defendants request that this patent infringement action be transferred to the Northern District of California pursuant to 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The Court of Appeals for the Third Circuit has set forth a number of private and public factors that a court may consider in evaluating a motion to transfer. See Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). The private factors include: (1) the plaintiff's choice of venue; (2) the defendants' preference; (3) where the claim arose; (4) the relative physical and financial condition of the parties; (5) the extent to which witnesses may be unavailable for trial in one of the forums; and (6) the extent to which books and records would not be produced in one of the forums. Id. The public factors include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty resulting from court congestion; (4) the local interest in deciding the controversy; and (5) the public policies of the forums. Id. The burden of establishing the propriety of a proposed transfer lies with the moving party, and the plaintiff's choice of forum is entitled to substantial deference and "should not be lightly disturbed." Id. In the end, whether to transfer an action pursuant to § 1404(a) lies within the court's sound discretion. See Lony v. E.I. DuPont de Nemours & Co., 886 F.2d 628, 631-32 (3d Cir. 1989).

Here, Plaintiff is a corporation that has its corporate headquarters in Radnor, Pennsylvania, in the Eastern District of Pennsylvania. (See G.T. Rieger Decl., Ex. B to Pl.'s Br., at ¶ 4). Meanwhile, Defendants are technology companies that have their headquarters in Palo Alto, California, in the Northern District of California. (See A. Gadre Decl., attached as Ex. to Defs.' Br., at ¶ 2.) Defendants argue in their motion to transfer that the Eastern District of Pennsylvania has adopted a "center of gravity" test that states that the preferred venue for patent infringement lawsuits is the jurisdiction that is as close as possible to the activity centered around the production of the

BY THE COURT:

/s/ John R. Padova, J.
John R. Padova, J.

---

accused product. (Defs.' Br. at 3-4, citing, e.g., Renzetti v. D.H. Thompson, 1997 WL 230806 (E.D. Pa. May 2, 1997)). As the accused product in the instant case is Defendants' website, which was developed, and is operated and maintained, in the Northern District of California, they assert that the preferred venue for this case is in that district. Defendants also assert that all of the sources of proof regarding the alleged infringement lie in Palo Alto, as the website itself, the documents concerning the attributes of the website, the employees involved in the operation, research and development of the website, and documents concerning the advertising, marketing, and financials are all in Palo Alto. Although Defendants acknowledge that they have challenged the validity of the asserted patent in their counterclaim, and that the counterclaim requires different sources of proof, they contend that the proof necessary to resolve that claim, e.g., prior art and the testimony of the inventors and patent prosecutors, is scattered throughout the country and therefore, does not weigh into the venue analysis. Finally, Defendants contend that the costs of obtaining the testimony of the California witnesses will be higher if this case remains in this district, and that, in any event, it is simply counter to the public interest to try this case in this district when the locus of the allegedly culpable conduct lies in the Northern District of California.

Having carefully considered these assertions, we find that Defendants have not met their burden of demonstrating that a transfer is warranted. As an initial matter, we disagree with Defendants that the "center of gravity" test should be the predominant factor in determining the proper forum and instead agree with the analysis of the court in Lucent Techs., Inc. v. Aspect Telecomms. Corp., Civ. A. No. 97-1618, 1997 WL 476356 (E.D. Pa. Aug. 20, 1997), that the "center of gravity" is "only one factor to be considered in addition to those already enumerated, and is to be given substantial weight only where the plaintiff has engaged in forum shopping," which is not the case here. Id. at *3. Furthermore, while we accept Defendants' representation that the witnesses and documents relevant to Plaintiff's infringement claim are primarily located in Palo Alto, we note that Plaintiff has identified "key" witnesses and documents regarding the procurement of its patent that are located in the Eastern District of Pennsylvania. Moreover, Defendants have not identified any sources of proof that will be inaccessible in this district. Under these circumstances, it appears that this district is not, in fact, an inconvenient or unjust forum for the parties and witnesses, but rather, is merely a less convenient forum for Defendants. At the same time, this district is Plaintiff's home forum and the one in which Plaintiff prefers to litigate. We therefore will not disturb Plaintiff's choice, and Defendants' motion to transfer is denied.