**WHITE & CASE**

White & Case LLP  
3000 El Camino Real  
5 Palo Alto Square, 9th Floor  
Palo Alto, California 94306

Tel + 1 650 213 0300  
Fax + 1 650 213 8158  
www.whitecase.com

Direct Dial + 650-213-0302

October 5, 2007

<u>VIA FACSIMILE AND E-FILING</u>

The Honorable John R. Padova  
U.S. District Court  
Eastern District of Pennsylvania  
601 Market Street  
Room 17613  
Philadelphia, PA 19106

Re: <u>Cross Atlantic Capital Partners, Inc. v Facebook, Inc. and Thefacebook, LLC  
U.S.D.C., ED PA 2:07-CV-02768-JP</u>

Dear Judge Padova:

We write in the hopes of resolving a disagreement that has arisen between Plaintiff and Defendants as to the Court's rulings during the September 26, 2007 Case Management Conference. Defendants have met and conferred in good faith with Plaintiff, but the parties were unable to resolve the dispute. Defendants would welcome a telephone conference with the Your Honor if the Court believes that would be useful.

The principal dispute concerns the disclosure of asserted claims and prior art. As Your Honor will recall, the most important issue to Facebook was obtaining a binding disclosure of asserted claims at the earliest possible juncture, so the parties would know the scope of the lawsuit. Facebook's recollection and notes indicate that during the Case Management Conference, the Court ruled that: (1) Plaintiff would disclose the claims it intends to assert and its claim construction positions within 30 days of the Case Management Conference (October 26, 2007); and that (2) Defendants would submit their prior art and claim construction positions 45 days after receipt of Plaintiff's contentions (December 10, 2007). Facebook further recalls that the Court agreed that these disclosures and contentions could be amended only upon a showing of good cause.

Plaintiff, on the other hand, has taken the position that the Court only required the parties to exchange claim construction contentions, but not to limit their case to specifically asserted claims and prior art references. The parties cannot logically provide claim construction contentions if the identity of the asserted claims is not known.

ALMATY  ANKARA  BANGKOK  BEIJING  BERLIN  BRATISLAVA  BRUSSELS  BUDAPEST  DRESDEN  DÜSSELDORF  FRANKFURT  HAMBURG  
HELSINKI  HONG KONG  ISTANBUL  JOHANNESBURG  LONDON  LOS ANGELES  MEXICO CITY  MIAMI  MILAN  MOSCOW  MUNICH  
NEW YORK  PALO ALTO  PARIS  PRAGUE  RIYADH  SÃO PAULO  SHANGHAI  SINGAPORE  STOCKHOLM  TOKYO  WARSAW  WASHINGTON, DC

PALOALTO 83918 v1 (2K)

The Honorable John R. Padova
October 5, 2007
Page 2

Enclosed please find Defendants' Proposed Pretrial Scheduling Order, which we believe to accurately reflect the intent of the Court. Specifically, paragraphs 3-6 set forth the schedule and requirements for these disclosures for each party. These paragraphs are designed to require complete and binding disclosures, unless either party is able to show good cause to amend them in a motion for leave filed with the Court.

On a separate issue, Facebook also suggested to Plaintiff that the parties agree to allow an extra month for expert reports and discovery. Facebook suggested a schedule that would benefit both parties, yet would not disturb the August 25, 2008 trial date.[1] Plaintiff rejected that suggestion and Facebook agreed to abandon its proposal and accept Plaintiff's schedule. However, upon further examination, Facebook has determined that Plaintiff's proposed expert disclosure schedule is flawed. Plaintiff's schedule provides as follows: 1) disclosures under Fed. R. Civ. P. 26(a)(2)(B) on February 25, 2008 *on issues for which the party bears the burden of proof*; and 2) disclosure of evidence intended solely to contradict or rebut evidence on the same subject matter identified by another party pursuant to Fed. R. Civ. P. 26(a)(2)(B) on March 10, 2008.

This proposed schedule does not provide for rebuttal expert reports to be filed by the parties on issues for which they do not bear the burden of proof. Accordingly, under Plaintiff's proposal, neither party would be permitted to offer expert testimony at trial on issues for which they do not bear the burden of proof because they will not have had the opportunity to submit a report. Facebook has proposed an alternate schedule in paragraph 8 of its proposed Pretrial Conference Scheduling Order, which provides a date for rebuttal reports, yet does not disturb the remaining schedule.

Facebook respectfully requests that the Court adopt Facebook's proposed schedule, which it believes to accurately reflect the Court's rulings at the September 26, 2007 Case Management Conference, and corrects a flaw in Plaintiff's proposed schedule. Again, Facebook would welcome a telephone conference if that is the Court's preference.

Respectfully,

*[signature]*

Heidi L. Keefe
Enclosure
cc:   Charles J. Bloom
      Frederick A. Tecce, Esq.
      Thomas J. Duffy, Esq.
      Patrick J. Keenan, Esq.

---

[1] The only effect this change would have had on the schedule would be to push the dispositive motion deadline out one month.

PALOALTO 83918 v1 (2K)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CROSS ATLANTIC CAPITAL PARTNERS, INC. : | CIVIL ACTION |
| : | |
| Plaintiff : | NO.: 2:07-CV-02768-JP |
| v. : | |
| : | |
| FACEBOOK, INC. : | |
| and : | |
| THEFACEBOOK, LLC : | |
| Defendants. : | |

### FEDERAL RULE OF CIVIL PROCEDURE 16 PRETRIAL SCHEDULING ORDER

AND NOW, TO WIT, this _____, day of _____, 2007, following a preliminary pretrial conference, IT IS ORDERED as follows:

1. All discovery shall proceed forthwith and continue in such manner as will assure that all requests for and responses to discovery will be served, noticed and completed by **March 26, 2008**.

2. Unless the parties agree to another form of ADR, they shall participate in a settlement conference to be scheduled and held before United States Magistrate Judge Timothy R. Rice on or about **April 25, 2008**. If the parties believe that a settlement conference would be helpful at an earlier time, they are directed to contact Magistrate Judge Rice to schedule the same. Magistrate Judge Rice will require that lead counsel and parties with full settlement authority attend the conference.

3. Counsel for each party shall serve upon counsel for every other party its Claim Construction Positions setting forth each claim term, phrase, or clause in the patent at issue which that party contends should be construed by the Court and a proposed construction for that

term, phrase or clause, and identify those parts of the intrinsic record that support their proposed claim construction, as follows:

Plaintiff - on or before **October 26, 2007**.

Defendants - on or before **December 10, 2007**.

4. On or before **October 26, 2007**, counsel for Plaintiff shall serve upon counsel for every other party its Infringement Contentions, which must include the following information:

(a) Each claim of the patent in suit that is allegedly infringed by Defendants;

(b) Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party claiming infringement is aware. This identification shall be as specific as possible. Each product, device, and apparatus must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

(c) A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

(d) Whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality, and if present under the doctrine of equivalents, the asserting party shall also explain each function, way, and result that it contends are equivalent, and why it contends that any differences are not substantial;

(e) For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled; and

(f) If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party must identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim.

5. On or before **December 10, 2007**, counsel for Defendants shall serve upon counsel for every other party its Invalidity Contentions, which must include the following disclosures:

(a) The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication must be identified by its title, date of publication, and where feasible, author and publisher. Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. Prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

(b) Whether each item of prior art anticipates each asserted claim or renders it obvious;

3

(c) A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and

(d) Any grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims.

6. Amendment to any party's Infringement Contentions or Invalidity Contentions may be made only by order of the Court, which shall be entered only upon a showing of good cause, or by written stipulation signed by all parties.

7. A claim construction hearing for this matter will be held on **January 25, 2008**, at 10:00 a.m. in Courtroom **17-B**. **Not later than twenty-eight days** before the hearing, Plaintiff shall file and serve a brief and any evidence supporting its proposed claim construction, and **not later than fourteen days** before the hearing, Defendants shall file and serve a response brief and any evidence supporting their proposed claim construction.

8. On or before **February 25, 2008**, counsel for each party shall serve upon counsel for every other party the information referred to in Federal Rule of Civil Procedure 26(a)(2)(B), by expert report, deposition, or answer to expert interrogatory on issues for which that party bears the burden of proof. Rebuttal expert reports shall be served on **March 10, 2008**. If evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party pursuant to Fed. R. Civ. P. 26(a)(2)(B), counsel shall serve the information on counsel for every other party on or before **March 26, 2008**.

9. Dispositive motions shall be filed no later than **April 25, 2008**. Upon any motion for summary judgment pursuant to Fed. R. Civ. P. 56, there shall be filed with the motion a

4

separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried.

The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in the statement required in the foregoing paragraph, as to which it is contended that there exists a genuine issue to be tried.

Statements of material facts in support of or in opposition to a motion shall include references to the parts of the record that support the statements.

All material facts set forth in the statement required to be served by the moving party may be taken by the Court as admitted unless controverted by the opposing party.

10. On or before **July 18, 2008**, counsel for each party shall serve upon counsel for every other party:

(a) the original or a copy of each exhibit they expect to offer at trial in furtherance of their respective contentions. Each party shall mark its trial exhibits <u>in advance of trial</u> with consecutive numbers appropriately prefixed with an identifying letter of counsel's choice (<u>i.e.</u>, P-1, P-2; D-1, D-2);

(b) curriculum vitae for each expert witness expected to testify; and

(c) a specific identification of each discovery item expected to be offered into evidence.

11. All parties shall prepare and file with the Clerk of Court their pretrial memoranda in accordance with this Order and Local Rule of Civil Procedure 16.1(c), as follows:

Plaintiff - on or before **June 27, 2008**.

Defendants - on or before **July 11, 2008**.

All motions *in limine* shall be filed on or before **June 27, 2008**. Responses thereto are due on or before **July 11, 2008**.

In addition to compliance with Local Rule of Civil Procedure 16.1(c), the parties shall include the following in, or attached to, their pretrial memoranda:

    a.    a listing of the identity of each expert witness to be called at trial by the party;

    b.    a curriculum vitae for each expert witness listed;

    c.    a listing of each fact witness to be called at trial with a brief statement of the nature of their expected testimony (witnesses not listed may not be called by that party in its case in-chief);

    d.    an itemized statement of claimant's damages or other relief sought;

    e.    a statement of any anticipated important legal issues on which the Court will be required to rule, together with counsel's single best authority on each such issue.

One copy (1) of the pretrial memoranda shall be filed with the Clerk of the Court and two (2) copies shall be sent to the Court (Chambers).

12.    A final pretrial conference for this matter will be held on **July 25, 2008**, at 10:00 a.m. in chambers (Room 17613).

13.    (a) If a jury trial is scheduled, the parties shall file in writing with the Clerk of Court one (1) copy of joint proposed jury instructions on substantive issues and proposed verdict forms or special interrogatories to the jury. The parties shall also file one (1) copy of proposed jury instructions, verdict forms, or special interrogatories on those issues not agreed upon by the parties in their joint submission. These filings shall be made **on or before July 25, 2008**. Jury instructions shall be submitted each on a separate sheet of paper, double spaced, with accurate

quotes from and citations to cases and pattern jury instructions where appropriate. A courtesy copy of these filings shall be submitted to chambers in hard copy, **as well as on a disk in WordPerfect format**.

       (b)    If a non-jury trial is scheduled, the parties shall file one (1) copy of proposed findings of fact and conclusions of law with the Clerk of the Court on or before _____. One (1) copy of the proposed findings of fact and conclusions of law shall be sent to the Court (Chambers).

14.    **No later than three days** before the date trial is scheduled to commence if a date certain, or three days before case appears in the trial pool, the parties shall file a complete and comprehensive stipulation of uncontested facts pursuant to paragraph (d)(2)(b)(2) of Local Rule of Civil Procedure 16.1; the original shall be filed with the Clerk of the Court, and two (2) copies shall be submitted to the Court (Chambers).

15.    At the commencement of trial, the parties shall provide the Court with three (3) copies of a schedule of exhibits which shall briefly describe each exhibit. At the trial, the parties shall provide the Court with two (2) copies of each exhibit at the time of its first use at trial.

16.    This case will be listed for trial as follows:

Date Certain: **August 25, 2008** at 10:00 a.m. in Courtroom <u>**17-B**</u> .

Civil Trial Pool: _____

Counsel should consider themselves attached as of this date.

<u>COUNSEL PLEASE NOTE:</u> This Scheduling Order will be the <u>only</u> written notice counsel receive of the date this case will be tried. Counsel and all parties shall be prepared to commence trial on that date and as soon thereafter as counsel receive telephone notice that trial is to commence. If the case is a pool case, counsel should have the responsibility to maintain contact

with the deputy clerk once the case goes into the pool. Every effort will be made to give counsel at least 24 hours notice and hopefully 48 hours notice of commencement of trial. Pool cases are to be ready for trial as of the date they are placed in the pool and are frequently not called in the order in which they appear.

17. Any party having an objection to: (a) the admissibility of any exhibit based on authenticity; (b) the adequacy of the qualifications of an expert witness expected to testify; (c) the admissibility for any reason (except relevancy) of any item of evidence expected to be offered, or (d) the admissibility of any opinion testimony from lay witnesses pursuant to Federal Rule of Evidence 701 shall set forth separately each such objection, clearly and concisely, in their pretrial memorandum. Such objection shall describe <u>with particularity</u> the ground and the authority for the objection. Unless the court concludes at trial that manifest injustice will result, the Court can be expected to <u>overrule</u> any objection offered <u>at trial</u> in respect to any matter covered by (a), (b), (c) and/or (d) above, if the Court concludes that the objection should have been made as required by this Order.

18. Only those exhibits, discovery items and expert witnesses identified in the manner set forth in this Order shall be considered by the Court for admission into evidence at trial, unless stipulated to by all affected parties and approved by the Court, or by Order of Court so as to avoid manifest injustice.

19. Because a witness may be unavailable at the time of trial in the manner defined in Federal Rule of Civil Procedure 32(a)(3), the Court expects use of oral or videotape depositions at trial of <u>any witness</u> whose testimony a party believes essential to the presentation of that party's case, whether that witness is a party, a non-party or an expert. The unavailability of any

such witness <u>will not be a ground to delay</u> the commencement or progress of an ongoing trial. In the event a deposition is to be offered, the offering party shall file with the Court, prior to the commencement of the trial, a copy of the deposition, but only after all efforts have been made to resolve objections with other counsel. Unresolved objections shall be noted in the margin of the deposition page(s) where a Court ruling is necessary.

_____
JOHN R. PADOVA, J