CROSS ATLANTIC CAPITAL PARTNERS, INC. v. FACEBOOK, INC. et al

Doc. 42 Att. 1

# EXHIBIT A

Dockets.Justia.com

## Frederick A. Tecce

| | |
|---|---|
| **From:** | Keefe, Heidi L. [hkeefe@paloalto.whitecase.com] |
| **Sent:** | Friday, October 12, 2007 2:48 PM |
| **To:** | Frederick A. Tecce; pjk@duffykeenan.com; tjd@duffykeenan.com |
| **Cc:** | Charles J. Bloom; Weinstein, Mark R.; O'Rourke, Sam |
| **Subject:** | Draft Protective Order |

Gentlemen-

Attached, please find our draft of a protective order.  Please let us know if this would be acceptable to you.

Heidi L. Keefe
White & Case LLP
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, CA 94306
(650) 213-0302
(650) 213-8158 (Fax)
hkeefe@whitecase.com

☒ Right-click here to download pictures. To help protect your privacy, Outlook prevented automatic download of this picture from the Inte

This email communication (and any attachments) are confidential and are intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning 650-213-0300. Please then delete the email and any copies of it. This information may be subject to legal professional or other privilege or may otherwise be protected by work product immunity or other legal rules. Thank you

11/7/2007

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CROSS ATLANTIC CAPITAL | : | |
| PARTNERS, INC. | : | **CIVIL ACTION** |
| Plaintiff, | : | **NO.: 07-CV-2768 JP** |
| vs. | : | |
| FACEBOOK, INC. | : | |
| AND | : | |
| THEFACEBOOK, LLC | : | |
| Defendants. | : | |

## [PROPOSED] PROTECTIVE ORDER

WHEREAS, the parties, intending to be legally bound and in contemplation of Federal Rule of Civil Procedure 26 and Local Rule 26.1, and for good cause shown, have stipulated to the signing and entry of this Protective Order ("Protective Order" or "Order"), IT IS HEREBY AGREED that each of the parties shall be governed by the following terms and conditions concerning confidential information in connection with the above-captioned action:

1.      The parties to this litigation may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" any of the following, in accordance with Paragraph 2:  (a) documents produced by them at any time in this litigation; (b) documents produced by a non-party in this litigation; (c) interrogatory answers, responses to document requests, and responses to requests for admissions; (d) deposition transcripts or any part thereof at the deposition, or within 14 days of receiving the official transcript; and (e) access to premises for inspection or information.

2.      This Order shall not apply to information or tangible items obtained by means independent of voluntary production by another party, discovery or other proceedings in this

1

action, provided that the acquisition of the information or tangible item has been through lawful

means. The restrictions set forth in this Protective Order shall not apply to information or

tangible items which at or prior to disclosure in this action, are or were within public knowledge

through lawful means, or which, after disclosure, come within public knowledge other than by

acts or omissions of the one receiving the Confidential Information or its agents, consultants or

attorneys. This Order has no effect upon, and shall not apply to any producing party's use of its

own "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

information or materials, for any purpose.

      3.      Information may be designated as "CONFIDENTIAL" based upon a good faith

belief that the information constitutes or contains information of the designating party which is

not available to the general public, including, but not limited to, trade secrets, know-how,

proprietary data or other technical, commercial, business, or financial information. Such

CONFIDENTIAL information may include documents, photographs, charts, drawings, electronic

or computer data, sound recordings and video tapes produced by any party in this matter or

depositions taken in this action.

      4.      Information may be designated as "HIGHLY CONFIDENTIAL – ATTORNEYS'

EYES ONLY" if it constitutes or contains information that meets the requirements for

designation as "CONFIDENTIAL" as set forth in Paragraph 3 above and is extremely sensitive in

nature, including for example confidential business plans and financial, revenue, pricing,

marketing, competitive, technical and research information relating to the producing party or the

producing party's products or services or planned products or services.

5.    CONFIDENTIAL information shall not be revealed, disclosed, or described, in whole or in part, to any person other than:

(a)    Outside Counsel for any of the parties in this litigation and employees of such attorneys who are working under such attorneys' supervision in connection with this action;

(b)    independent experts, consultants, and advisors retained by a party or its attorneys to assist in the prosecution or defense of this action who have signed the "Acknowledgement and Consent to Be Bound by Protective Order" (Exhibit A) pursuant to Paragraph 10 herein;

(c)    the Court and its personnel, including court reporters;

(d)    deposition reporters, videographers and their employees, in connection with this action;

(e)    the parties to this action and their officers, directors, employees or agents (including in-house counsel) who are directly involved with the prosecution or defense of this action;

  (f)  independent photocopying or document

     reproduction services retained in connection with

     the prosecution or defense of this action.

  6.  HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information shall not

be revealed, disclosed, or described, in whole or in part, to any person other than:

  (a)  Outside Counsel for any of the parties in this

     litigation and employees of such attorneys who are

     working under such attorneys' supervision in

     connection with this action;

  (b)  independent experts, consultants, and advisors

     retained by a party or its attorneys to assist in the

     prosecution or defense of this action who have

     signed the "Acknowledgement and Consent to Be

     Bound by Protective Order" (Exhibit A) pursuant to

     Paragraph 10 herein;

  (c)  the Court and its personnel, including court

     reporters;

  (d)  deposition reporters, videographers and their

     employees, in connection with this action;

  (e)  independent photocopying or document

     reproduction services retained in connection with

     the prosecution or defense of this action.

7.     Designation of CONFIDENTIAL or HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY documents and other items and depositions shall be made by
placing one of the following legends on the face of the document or other item and on each page
so designated before the document is distributed to the parties:

- CONFIDENTIAL (hereinafter referred to as the "Confidential Legend").
- HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY (hereinafter referred to as the "Highly Confidential Legend").

9.     Before a party may reveal, disclose or describe, in whole or in part, any
CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information to
any of the above identified authorized persons, that party must inform the person receiving such
information of the CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
ONLY nature of the information, the existence of this Protective Order and his or her duty to
abide by its terms and to maintain the confidentiality of the information.

10.     Prior to disclosing any CONFIDENTIAL and/or HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY information to persons identified in paragraphs 5(b) and 6(b)
above (independent experts, consultants, and advisors), that person shall fully execute the
"Acknowledgement and Consent to Be Bound by Protective Order" attached hereto as Exhibit A.
In addition, at least five (5) business days prior to any disclosure to any such person by any party,
the party shall disclose the following to all other parties:

(a)     The identity of the expert, consultant or advisor;

(b)     A copy of the "Acknowledgement and Consent to Be Bound by Protective
Order" signed by the expert, consultant or advisor;

5

(c)    A brief job history of the expert, consultant or advisor for the last three (3)

years, which shall include a disclosure of any relationship with any competitor of

either party; and

(e)    Whether the expert, consultant or advisor has ever been employed by the

party, its subsidiaries or affiliates on whose behalf the disclosure is made.

A party may object to the disclosure of CONFIDENTIAL and/or HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY to the expert, consultant or advisor within five (5) business days of

receiving the information set forth in subparagraphs (a)-(e) above by stating specifically and in

writing the reasons why that part believes the proposed expert, consultant or advisor should not

receive CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

information.  In the event of such objection, no disclosure shall be made to the proposed expert,

consultant or advisor for a period of five (5) business days following the objection to permit the

objecting party to file a motion or other application for an order that disclosure not be made to

such expert, consultant or advisor.  The objecting party shall have the burden of showing that

good cause exists for such an order and shall seek to have it motion or application heard at the

earliest possible date.  If no motion or application is filed within five (5) business days of an

objection, disclosure of CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEYS'

EYES ONLY information may be made to the expert, consultant or advisor for the purposes and

upon the conditions herein stated.  If such a motion or application is filed and served, there shall

be no disclosure to the proposed expert, consultant or advisor until the motion or application is

ruled upon by the Court, and then only in accordance with the ruling so made.

6

11.     Any party or person filing with the Court any CONFIDENTIAL and/or HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY information, or any pleading, motion, brief, or

other paper which discloses any information designated CONFIDENTIAL and/or HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY, shall file such document or other item by

enclosing it in a sealed envelope or container on the face of which shall be marked the caption of

this action and the following legend:

[CONFIDENTIAL] [HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY] MATERIAL
This envelope contains material that is filed under seal
and unless ordered by the United States District Court
for the Eastern District of Pennsylvania, the contents shall not be
reproduced for or shown to persons other than the persons
specified in the Protective Order entered in
Cross Atlantic Capital Partners, Inc. v. Facebook, Inc. et al.
E.D. Pa. Docket No. 07-CV-2768

Such material filed with the Court shall not be made available to anyone other than those persons

entitled to view such information pursuant to  paragraphs 4 and 5 above except as the Court may

otherwise order.  Where possible, only CONFIDENTIAL and/or HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY portions of filings with the Court shall be filed under seal.

11.     Except upon further order by this Court, CONFIDENTIAL and/or HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY information shall be used solely in the course

of and for the resolution of this action, including all appeals herein.

12.     Unless otherwise agreed between counsel for the party designating information as

CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and

counsel for the party in possession of information designated as CONFIDENTIAL and/or

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, all information designated

7

CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under this Protective Order and all copies thereof shall be returned to the producing party or its counsel promptly upon request, but in no event more than 90 days after final adjudication or other resolution of this litigation, including all appeals herein. Counsel who received the CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information shall certify within a reasonable period of time that they have returned all CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information, including copies, to the party producing it, and that any expert, consultant or advisor to whom CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information has been disclosed has done the same.

13.     No party concedes that any material designated by any other party as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" does in fact contain or reflect trade secrets, proprietary or confidential information, or has been properly designated as CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. Any party may at any time move for relief from the provisions of this Order with respect to specific material which that party believes has been improperly designated as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The Court retains the right to allow disclosure of any subject covered by the stipulation or to modify this Order at any time in the interest of justice and is not bound by any party's "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation.

8

14.    Nothing in this Order shall effect in any way any party's rights to introduce CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information into evidence during trial or at any hearing in the above-captioned matter. The courtroom may be sealed for any such trial or hearing at the Court's discretion.

15.    This Protective Order shall not be construed as a waiver by any party of any legally cognizable privilege to withhold any document or other items or information, or of any right that any party may have to assert such privilege at any stage of the proceedings. Nor shall this Protective Order be construed as a limitation on the right of any party to discovery to which it is entitled under the applicable rules of civil procedure. Nothing contained within this Protective Order shall be construed as a concession by any party of the relevance or lack of relevance of any information or documents or other items.

16.    The provisions of this Protective Order, insofar as they restrict the communication and use of CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY documents or other items or testimony of any sort (or transcripts thereof) designated as CONFIDENTIAL shall, absent written permission of the producing party or further order of the Court, continue to be binding after the conclusion of this action, including all appeals herein.

17.    Persons attending depositions taken in this action at which CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information is identified, discussed or disclosed shall be limited to the deponent, counsel for the deponent, and any other persons authorized to view a particular category of information pursuant to Paragraphs 4 or 5 above. Any persons present at a deposition who are not authorized to view CONFIDENTIAL

9

and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information shall be required to leave the room while such information is being identified, discussed or disclosed..

18.    The parties agree promptly to submit this Protective Order to the Court for approval, and further agree that, pending approval by the Court, this Protective Order shall be effective as if approved and, specifically, that any violation of its terms shall be subject to the same sanctions and penalties as if this Protective Order had been entered by the Court.

19.    This Protective Order may be executed by multiple counterparts.

BY:_____

    Thomas J. Duffy, Esquire
    Duffy & Keenan
    The Curtis Center, Suite 1150
    Independence Square West
    Philadelphia, PA. 19106


    Frederick A. Tecce, Esquire
    McShea\Tecce, P.C.
    The Bell Atlantic Tower - 28th Floor
    1717 Arch Street
    Philadelphia, PA 19103

    Attorneys for Plaintiff


Date: _____

BY:_____

    Heidi L. Keefe, Esquire
    White & Case
    3000 El Camino Real
    5 Palo Alto Square, 9th Floor
    Palo Alto, CA 94306


    Charles J. Bloom, Esquire
    Stevens & Lee, PC
    620 Freedom Business Center
    Suite 200
    King of Prussia, PA   19406

    Attorneys for Defendants


Date: _____

10

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CROSS ATLANTIC CAPITAL | : | |
| PARTNERS, INC. | : | CIVIL ACTION |
| Plaintiff, | : | NO.: 07-CV-2768 JP |
| vs. | : | |
| FACEBOOK, INC. | : | |
| AND | : | |
| THEFACEBOOK, LLC | : | |
| Defendants. | : | |

## EXHIBIT A

### ACKNOWLEDGMENT AND CONSENT TO BE BOUND BY PROTECTIVE ORDER

I, the undersigned, have read and understand the terms and conditions of the Protective

Order in <u>Cross Atlantic Capital Partners, Inc. v. Facebook, Inc. et al.</u>, E.D. Pa. Docket No. 07-

CV-2768 and consent to be bound by its terms, as follows:

(1)     I understand that I will be authorized to receive materials designated

CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, that are

subject to various restrictions of use and disclosure, including the restriction that they are to be

used solely in connection with this litigation, and not for any business or other purpose

whatsoever and that they are not to be disclosed except as provided by the Protective Order.  I

agree that I will make no further disclosure of such confidential material and will personally

protect the confidentiality of all documents and other items received by me from the attorneys or

party who presented this Consent.

(2)     I further agree to submit to the jurisdiction of the United States District Court for

the Eastern District of Pennsylvania for the purpose of enforcing my compliance with the

Protective Order.

(3)      I agree to return all confidential documents and other items to the attorneys who presented this Consent to me within ninety (90) days of the date that the materials were provided to me or, if later, within sixty (60) days after the conclusion of the captioned case whether by dismissal, final judgment, or settlement.

Signature:_____

Printed Full Name:_____

Date:_____

# EXHIBIT B

## Frederick A. Tecce

| | |
|---|---|
| **From:** | Keefe, Heidi L. [hkeefe@paloalto.whitecase.com] |
| **Sent:** | Wednesday, October 17, 2007 8:37 PM |
| **To:** | Frederick A. Tecce |
| **Cc:** | Bloom, Charles J.; pjk@duffykeenan.com; tjd@duffykeenan.com; O'Rourke, Sam; Weinstein, Mark R. |
| **Subject:** | Confirming telephone call re discovery responses |

Hi Fred-

This is to confirm our conversation from earlier today that, pending entry of a protective order, the discovery responses served today will be treated by all parties as ATTORNEYS' EYES ONLY (and therefore not shared with anyone except outside counsel of record).


Heidi

Heidi L. Keefe
White & Case LLP
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, CA 94306
(650) 213-0302
(650) 213-8158 (Fax)
hkeefe@whitecase.com

This email communication (and any attachments) are confidential and are intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning 650-213-0300. Please then delete the email and any copies of it. This information may be subject to legal professional or other privilege or may otherwise be protected by work product immunity or other legal rules. Thank you

# EXHIBIT C

## Frederick A. Tecce

| | |
|---|---|
| **From:** | Patrick J. Keenan [pjk@duffykeenan.com] |
| **Sent:** | Thursday, October 18, 2007 2:30 PM |
| **To:** | Keefe, Heidi L. |
| **Cc:** | Frederick A. Tecce |
| **Subject:** | XACP v. Facebook |

Heidi,

Attached is a revised version of your proposed Protective Order.

Para. 6 has been changed to include designated persons for each party who may view Attorney's Eyes Only material. There are employees of our client that we rely upon in prosecuting this case, and we cannot agree to precluding them from viewing information your client designates as Attorney's Eyes Only, particularly in light of the rather broad definition you are providing that category of information (e.g., "technical information").

Para. 10 has been changed. Fed.R.C.P. 26(b)(4)(B) requires disclosure of experts and consultants employed in preparation for trial and who are not expected to testify at trial only "upon a showing of exceptional circumstances...." Your para. 10 is unacceptable since it contravenes this rule. Recognizing that you would not want someone in competition with your client to have access to certain confidential information, we have addressed this concern in our revised para. 10 and Exhibit A. The parties will only disclose confidential information to experts who declare under the penalty of perjury in Exhibit A that they do not compete with the other party, and the Exhibit A form will be produced by the parties the earlier of the date the expert's report is produced to the other party or the end of the case for those experts who are not expected to testify at trial.

Finally, para. 14 has been changed per your conversation with Fred Tecce. The language regarding the sealing of the courtroom has been removed.

You can call me if you have any questions.

Patrick

Patrick J. Keenan
Duffy & Keenan
The Curtis Center, Suite 1150
Independence Square West
Philadelphia, PA 19106
P 215.238.8707
F 215.238.8710

11/7/2007

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CROSS ATLANTIC CAPITAL | : | |
| PARTNERS, INC. | : | **CIVIL ACTION** |
| Plaintiff, | : | **NO.: 07-CV-2768 JP** |
| vs. | : | |
| FACEBOOK, INC. | : | |
| AND | : | |
| THEFACEBOOK, LLC | : | |
| Defendants. | : | |

## [PROPOSED] PROTECTIVE ORDER

WHEREAS, the parties, intending to be legally bound and in contemplation of Federal Rule of Civil Procedure 26 and Local Rule 26.1, and for good cause shown, have stipulated to the signing and entry of this Protective Order ("Protective Order" or "Order"), IT IS HEREBY AGREED that each of the parties shall be governed by the following terms and conditions concerning confidential information in connection with the above-captioned action:

1.      The parties to this litigation may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" any of the following, in accordance with Paragraph 2: (a) documents produced by them at any time in this litigation; (b) documents produced by a non-party in this litigation; (c) interrogatory answers, responses to document requests, and responses to requests for admissions; (d) deposition transcripts or any part thereof at the deposition, or within 14 days of receiving the official transcript; and (e) access to premises for inspection or information.

2.      This Order shall not apply to information or tangible items obtained by means independent of voluntary production by another party, discovery or other proceedings in this

1

action, provided that the acquisition of the information or tangible item has been through lawful

means. The restrictions set forth in this Protective Order shall not apply to information or

tangible items which at or prior to disclosure in this action, are or were within public knowledge

through lawful means, or which, after disclosure, come within public knowledge other than by

acts or omissions of the one receiving the Confidential Information or its agents, consultants or

attorneys. This Order has no effect upon, and shall not apply to any producing party's use of its

own "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

information or materials, for any purpose.

       3.      Information may be designated as "CONFIDENTIAL" based upon a good faith

belief that the information constitutes or contains information of the designating party which is

not available to the general public, including, but not limited to, trade secrets, know-how,

proprietary data or other technical, commercial, business, or financial information. Such

CONFIDENTIAL information may include documents, photographs, charts, drawings, electronic

or computer data, sound recordings and video tapes produced by any party in this matter or

depositions taken in this action.

       4.      Information may be designated as "HIGHLY CONFIDENTIAL – ATTORNEYS'

EYES ONLY" if it constitutes or contains information that meets the requirements for

designation as "CONFIDENTIAL" as set forth in Paragraph 3 above and is extremely sensitive in

nature, including for example confidential business plans and financial, revenue, pricing,

marketing, competitive, technical and research information relating to the producing party or the

producing party's products or services or planned products or services.

2

5.    CONFIDENTIAL information shall not be revealed, disclosed, or described, in whole or in part, to any person other than:

   (a)    Outside Counsel for any of the parties in this litigation and employees of such attorneys who are working under such attorneys' supervision in connection with this action;

   (b)    independent experts, consultants, and advisors retained by a party or its attorneys to assist in the prosecution or defense of this action who have signed the "Acknowledgement and Consent to Be Bound by Protective Order" (Exhibit A) pursuant to Paragraph 10 herein;

   (c)    the Court and its personnel, including court reporters;

   (d)    deposition reporters, videographers and their employees, in connection with this action;

   (e)    the parties to this action and their officers, directors, employees or agents (including in-house counsel) who are directly involved with the prosecution or defense of this action;

3

(f)    independent photocopying or document

reproduction services retained in connection with

the prosecution or defense of this action.

6.    HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information shall not

be revealed, disclosed, or described, in whole or in part, to any person other than:

(a)    Outside Counsel for any of the parties in this

litigation and employees of such attorneys who are

working under such attorneys' supervision in

connection with this action;

(b)    independent experts, consultants, and advisors

retained by a party or its attorneys to assist in the

prosecution or defense of this action who have

signed the "Acknowledgement and Consent to Be

Bound by Protective Order" (Exhibit A) pursuant to

Paragraph 10 herein;

(c)    the Court and its personnel, including court

reporters;

(d)    deposition reporters, videographers and their

employees, in connection with this action;

(e)    designated officers, directors, employees or agents

of a party to this action, who is directly involved

with the prosecution or defense of this action,

4

agrees to be bound by the terms of this Protective

Order, and is identified to the other party at least

five days in advance of the disclosure;

(f)    independent photocopying or document

reproduction services retained in connection with

the prosecution or defense of this action.

7.    Designation of CONFIDENTIAL or HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY documents and other items and depositions shall be made by
placing one of the following legends on the face of the document or other item and on each page
so designated before the document is distributed to the parties:

- CONFIDENTIAL (hereinafter referred to as the "Confidential Legend").
- HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY (hereinafter referred
  to as the "Highly Confidential Legend").

9.    Before a party may reveal, disclose or describe, in whole or in part, any
CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information to
any of the above identified authorized persons, that party must inform the person receiving such
information of the CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
ONLY nature of the information, the existence of this Protective Order and his or her duty to
abide by its terms and to maintain the confidentiality of the information.

10.    Prior to disclosing any CONFIDENTIAL and/or HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY information to persons identified in paragraphs 5(b) and 6(b)
above (independent experts, consultants, and advisors), that person shall fully execute the

"Acknowledgement and Consent to Be Bound by Protective Order" form attached hereto as

Exhibit A. At the conclusion of the case, either party may request the other party to produce any

"Acknowledgement and Consent to Be Bound by Protective Order" forms signed by such

persons, and the requested party shall produce the forms to the requesting party within seven (7)

business days of the request. If the person identified in paragraphs 5(b) and 6(b) above is an

independent expert whose identity is disclosed by a party pursuant to Fed. R. Civ. P. 26(a)(2), the

disclosing party shall produce a copy of the signed form at the time of the production of the

expert's report. Unless the party seeking to make the disclosure obtains permission from the

Court based on a showing of exceptional circumstances, CONFIDENTIAL and/or HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY information shall not be disclosed to any

person identified in paragraphs 5(b) and 6(b) above who is unable to sign the "Acknowledgement

and Consent to Be Bound by Protective Order" form because he or she is a business or involved

in a business endeavor that competes with the other party's business.

      11.     Any party or person filing with the Court any CONFIDENTIAL and/or HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY information, or any pleading, motion, brief, or

other paper which discloses any information designated CONFIDENTIAL and/or HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY, shall file such document or other item by

enclosing it in a sealed envelope or container on the face of which shall be marked the caption of

this action and the following legend:

[CONFIDENTIAL] [HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY] MATERIAL
           This envelope contains material that is filed under seal
           and unless ordered by the United States District Court
       for the Eastern District of Pennsylvania, the contents shall not be
         reproduced for or shown to persons other than the persons

specified in the Protective Order entered in
<u>Cross Atlantic Capital Partners, Inc. v. Facebook, Inc. et al.</u>
E.D. Pa. Docket No. 07-CV-2768

Such material filed with the Court shall not be made available to anyone other than those persons

entitled to view such information pursuant to  paragraphs 4 and 5 above except as the Court may

otherwise order.  Where possible, only CONFIDENTIAL and/or HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY portions of filings with the Court shall be filed under seal.

> 12.    Except upon further order by this Court, CONFIDENTIAL and/or HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY information shall be used solely in the course

of and for the resolution of this action, including all appeals herein.

> 13.    Unless otherwise agreed between counsel for the party designating information as

CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and

counsel for the party in possession of information designated as CONFIDENTIAL and/or

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, all information designated

CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under this

Protective Order and all copies thereof shall be returned to the producing party or its counsel

promptly upon request, but in no event more than 90 days after final adjudication or other

resolution of this litigation, including all appeals herein.  Counsel who received the

CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

information shall certify within a reasonable period of time that they have returned all

CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

information, including copies, to the party producing it, and that any expert, consultant or advisor

7

to whom CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information has been disclosed has done the same.

      14.    No party concedes that any material designated by any other party as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" does in fact contain or reflect trade secrets, proprietary or confidential information, or has been properly designated as CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. Any party may at any time move for relief from the provisions of this Order with respect to specific material which that party believes has been improperly designated as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The Court retains the right to allow disclosure of any subject covered by the stipulation or to modify this Order at any time in the interest of justice and is not bound by any party's "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation.

      15.    Nothing in this Order shall effect in any way any party's rights to introduce CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information into evidence during trial or at any hearing in the above-captioned matter.

      16.    This Protective Order shall not be construed as a waiver by any party of any legally cognizable privilege to withhold any document or other items or information, or of any right that any party may have to assert such privilege at any stage of the proceedings. Nor shall this Protective Order be construed as a limitation on the right of any party to discovery to which it is entitled under the applicable rules of civil procedure. Nothing contained within this

8

Protective Order shall be construed as a concession by any party of the relevance or lack of relevance of any information or documents or other items.

17.    The provisions of this Protective Order, insofar as they restrict the communication and use of CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY documents or other items or testimony of any sort (or transcripts thereof) designated as CONFIDENTIAL shall, absent written permission of the producing party or further order of the Court, continue to be binding after the conclusion of this action, including all appeals herein.

18.    Persons attending depositions taken in this action at which CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information is identified, discussed or disclosed shall be limited to the deponent, counsel for the deponent, and any other persons authorized to view a particular category of information pursuant to Paragraphs 4 or 5 above. Any persons present at a deposition who are not authorized to view CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information shall be required to leave the room while such information is being identified, discussed or disclosed.

19.    The parties agree promptly to submit this Protective Order to the Court for approval, and further agree that, pending approval by the Court, this Protective Order shall be effective as if approved and, specifically, that any violation of its terms shall be subject to the same sanctions and penalties as if this Protective Order had been entered by the Court.

20.    This Protective Order may be executed by multiple counterparts.

9

BY:_____          BY:_____

    Thomas J. Duffy, Esquire                Heidi L. Keefe, Esquire
    Duffy & Keenan                          White & Case
    The Curtis Center, Suite 1150           3000 El Camino Real
    Independence Square West                5 Palo Alto Square, 9th Floor
    Philadelphia, PA. 19106                 Palo Alto, CA 94306


    Frederick A. Tecce, Esquire             Charles J. Bloom, Esquire
    MCSHEA\TECCE, P.C.                      Stevens & Lee, PC
    The Bell Atlantic Tower - 28th Floor    620 Freedom Business Center
    1717 Arch Street                        Suite 200
    Philadelphia, PA 19103                  King of Prussia, PA   19406

    Attorneys for Plaintiff                 Attorneys for Defendants


Date: _____          Date: _____

10

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CROSS ATLANTIC CAPITAL | : | |
| PARTNERS, INC. | : | CIVIL ACTION |
| Plaintiff, | : | NO.: 07-CV-2768 JP |
| vs. | : | |
| FACEBOOK, INC. | : | |
| AND | : | |
| THEFACEBOOK, LLC | : | |
| Defendants. | : | |

## EXHIBIT A

### ACKNOWLEDGMENT AND CONSENT TO BE BOUND BY PROTECTIVE ORDER

I, the undersigned, have read and understand the terms and conditions of the Protective

Order in Cross Atlantic Capital Partners, Inc. v. Facebook, Inc. et al., E.D. Pa. Docket No. 07-

CV-2768 and consent to be bound by its terms, as follows:

(1)    I understand that I will be authorized to receive materials designated

CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, that are

subject to various restrictions of use and disclosure, including the restriction that they are to be

used solely in connection with this litigation, and not for any business or other purpose

whatsoever and that they are not to be disclosed except as provided by the Protective Order. I

agree that I will make no further disclosure of such confidential material and will personally

protect the confidentiality of all documents and other items received by me from the attorneys or

party who presented this Consent.

(2)    I further agree to submit to the jurisdiction of the United States District Court for

the Eastern District of Pennsylvania for the purpose of enforcing my compliance with the

Protective Order.

(3)     I declare under the penalty of perjury that I am not involved in a business or a business endeavor that I know to compete with the party who originally produced the confidential information or documents in this action.

(4)     I agree to return all confidential documents and other items to the attorneys who presented this Consent to me within ninety (90) days of the date that the materials were provided to me or, if later, within sixty (60) days after the conclusion of the captioned case whether by dismissal, final judgment, or settlement.

Signature:_____

Printed Full Name:_____

Date:_____

EXHIBIT D

ATTORNEYS' EYES ONLY

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CROSS ATLANTIC CAPITAL PARTNERS, INC., | CIVIL ACTION NO. 07-CV- 02768 |
| Plaintiff, | |
| v. | HON. JOHN R. PADOVA |
| FACEBOOK, INC. and THEFACEBOOK, LLC., | JURY TRIAL DEMANDED |
| Defendants. | |

### DEFENDANTS FACEBOOK, INC. AND THEFACEBOOK, LLC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF CROSS ATLANTIC CAPITAL PARTNERS, INC.'S FIRST SET OF INTERROGATORIES

Pursuant to Federal Rule of Civil Procedure 33, defendants Facebook, Inc. and Thefacebook, LLC. (collectively "Facebook") submit the following responses and objections to the First Set of Interrogatories served by plaintiff Cross Atlantic Capital Partners, Inc. ("XACP"):

### GENERAL OBJECTIONS

1.      Facebook objects to each interrogatory to the extent it purports to require Facebook to do anything beyond what is required by the Federal Rules of Civil Procedure, the Local Rules of this Court and other applicable law.

2.      Facebook objects to each interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable privilege or immunity.

3.      Facebook objects to each interrogatory to the extent it is phrased in a manner that would render it overly broad, vague, or ambiguous, or require subjective judgment

ATTORNEYS' EYES ONLY

or speculation on the part of Facebook. Facebook responds to these interrogatories by construing them in light of the scope of the issues in this action.

4.    Facebook objects to each interrogatory to the extent it seeks to elicit information that is subject to a right of privacy under the relevant provisions of federal and state law.

5.    Facebook objects to each interrogatory to the extent it seeks to elicit information that comprises third-party confidential information.

6.    Facebook objects to each interrogatory to the extent it purports to place an obligation on Facebook to obtain information that is as readily available to XACP as it is to Facebook.

7.    Facebook objects to each interrogatory to the extent it calls for information not in the possession, custody or control of Facebook.

8.    The following responses are based on information reasonably available to Facebook as of the date of this response. Facebook's investigation is continuing and ongoing and Facebook expressly reserves the right to revise and/or supplement its responses.

9.    Facebook objects to each interrogatory to the extent it seeks privileged information originating on or subsequent to the commencement of this lawsuit. Given the burden and expense involved to Facebook in creating a privilege log in accordance with Instruction No. 4, Facebook objects to logging information originating on or subsequent to the commencement of this lawsuit.

10.    These General Objections shall be deemed incorporated in full into each of the individual responses set forth below.

## OBJECTIONS TO DEFINITIONS

1.    Facebook objects to the interrogatories to the extent they incorporate the terms "Online Community Creation System and/or Created Online Community" on the grounds that XACP's definition of these terms is vague and ambiguous. XACP's definition of these terms is also overly broad and unduly burdensome in that: a) it encompasses systems and

ATTORNEYS' EYES ONLY

communities completely unrelated to Facebook or its services; b) it imposes on Facebook an improper and impossible burden of providing information that far exceeds the functionality of the accused product which is at issue in this case; and c) it attempts to capture information neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Facebook's responses to defendant's interrogatories are made with the understanding that "Online Community Creation System and/or Created Online Community" refers to the "Groups" application of the Facebook website. By doing so, Facebook does not agree that Facebook Groups meets the definition of "Online Community Creation System and/or Created Online Community" proffered by Plaintiff.

## SPECIFIC OBJECTIONS AND RESPONSES

### INTERROGATORY NO. 1

Identify each Online Community Creation System and/or Created Online Community service which you have made, used, licensed, offered for licensing, sold, offered for sale, or purchased since January 1, 2004 by stating its trade name and serial number (if any); further, state the date upon which each such system, service or product was first made, used, licensed, offered for licensing, sold, or offered for sale, and the identity of each person knowledgeable with respect to the development, manufacture, marketing, licensing, offer for licensing, sale, or offer for sale, of each such system, service or product.

### RESPONSE TO INTERROGATORY NO. 1

In addition to the General Objections, Facebook objects to this interrogatory as compound, overly broad and unduly burdensome in that it seeks the identities of persons regardless of the extent of their knowledge on the subject areas listed. Facebook objects to the use of the terms "Online Community Creation System" and "Created Online Community" as vague, ambiguous, overly broad and unduly burdensome, and will assume for the purpose of responding to this interrogatory that Plaintiff is referring to Facebook's Groups application.

## INTERROGATORY NO. 3

State whether Facebook has ever made, or ever caused to be made, any search of prior art relating to the subject matter of the '629 Patent, and if so:

ATTORNEYS' EYES ONLY

    (a)    Identify each document that refers to, relates to, or comments upon such search including each item of prior art uncovered by such search; and

    (b)    Identify each person who requested such search and who was in any way involved with such search.

## RESPONSE TO INTERROGATORY NO. 3

In addition to its General Objections, Facebook objects to this interrogatory on the ground that it seeks information protected by the attorney-client privilege, work product doctrine, and/or other applicable privilege.

Subject to and without waiving its General Objections and the objections set forth above, Facebook responds that it cannot respond to this interrogatory until it has had a reasonable opportunity to consider Plaintiff's disclosures and responses to discovery requests concerning the '629 Patent, the identity of the claims Plaintiff is asserting, the nature of the alleged infringement of the '629 Patent, the construction of the asserted claims of the '629 Patent Plaintiff is proposing, and the invention and priority dates of the '629 Patent upon which Plaintiff is relying. All other information requested in this interrogatory is protected by the attorney-client privilege and work product doctrine.

## INTERROGATORY NO. 4

Identify the date when Facebook first became aware of the '629 Patent and state whether Facebook has taken any steps to avoid infringement of the '629 Patent; and, if the answer is anything but an unqualified negative, identify each document relating to, referring to or commenting upon such steps and each person having knowledge of such steps.

## RESPONSE TO INTERROGATORY NO. 4

In addition to its General Objections, Facebook objects to this interrogatory on the ground that it seeks information protected by the attorney-client privilege, work product doctrine, and/or other applicable privilege.

ATTORNEYS' EYES ONLY

## INTERROGATORY NO. 5

If you contend that any claim of the '629 Patent is invalid or unenforceable for any reason, including, but not limited to, obviousness, provided (sic) the complete legal basis, including Facebook's proposed claim construction and factual basis for each such contention, including, but not limited to (if applicable), the level of ordinary skill in the art and the definition of the person of ordinary skill in the art at the time the invention was made and all prior art upon which Facebook relies, or intends to rely, in support of each such contention, including, but not limited to, a chart identifying specifically where each element of each claim of the '629 Patent is found in each prior art reference upon which Facebook intends to rely, and identify all documents in the possession, custody or control of, or available to, Facebook or any of its agents, which relate thereto.

## RESPONSE TO INTERROGATORY NO. 5

In addition to its General Objections, Facebook objects to this interrogatory as compound and containing multiple subparts; this interrogatory will be counted as multiple interrogatories toward the maximum number of interrogatories allowed to XACP. Facebook objects to this interrogatory as a premature contention interrogatory. Facebook objects to this interrogatory on the ground that it is premature to the extent that it requires Facebook to provide "Facebook's proposed claim construction and factual basis for each such contention" prior to the date set forth for such disclosure in the Court's Pretrial Scheduling Order.

Subject to and without waiving its General Objections and the objections set forth above, Facebook cannot respond to this contention interrogatory until it has had a reasonable opportunity to consider Plaintiff's disclosures and responses to discovery requests concerning the '629 Patent, the identity of the claims Plaintiff is asserting, the nature of the alleged infringement of the '629 Patent, the construction of the asserted claims of the '629 Patent Plaintiff is proposing,

ATTORNEYS' EYES ONLY

and the invention and priority dates of the '629 Patent upon which Plaintiff is relying.  Facebook cannot respond to the portion of this interrogatory concerning unenforceability until it has obtained information through discovery concerning the named inventors, patent applicants and prosecuting attorneys involved in all applications that resulted in the issuance of the '629 Patent.

**INTERROGATORY NO. 6**

   With respect to each Online Community Creation System and/or Created Online Community product or service made, used, licensed, offered for licensing, sold, or offered for sale by Facebook from January 1, 2004 to the present:

  (a) State the number of registered users and/or licensees of such Online Community Creation Systems and/or Created Online Communities;

  (b) State the number of Created Online Communities (including Facebook Groups) created by registered users and/or licensees of such Online Community Creation Systems and/or Created Online Communities;

  (c) Identify each Created Online Community (including Facebook Groups) created by registered users and/or licensees of such Online Community Creation Systems and/or Created Online Communities Online Communities (sic);

  (d) State the revenues directly or indirectly derived by Facebook from such Created Online Communities (including Facebook Groups), including but not limited to such revenues derived from advertising;

  (e) State the profits earned by Facebook on such Created Online Communities (including Facebook Groups), including a detailed explanation of the methodology that is being used to allocate overhead to the calculation of profit; and

  (f) Identify the person or persons most knowledgeable with respect to the revenues and profits derived from such Created Online Communities (including Facebook Groups) and the profits derived therefrom.

## INTERROGATORY NO. 11

With respect to each Online Community Creation System and/or Created Online Community service or product identified or listed in the answers to these Interrogatories, as to which infringement is denied by Facebook, identify each element (including its claim construction and all intrinsic and extrinsic evidence that supports Facebook's proposed claim construction), feature, functional characteristic or other matter, if any, upon which Facebook intends to rely as a point of material difference from the systems or methods disclosed and claimed in the '629 Patent and describe the purpose and use of such feature, element functional characteristic or other matter.

## RESPONSE TO INTERROGATORY NO. 11

In addition to its General Objections, Facebook objects to this interrogatory as compound and containing multiple subparts; this interrogatory will be counted as multiple interrogatories toward the maximum number of interrogatories allowed to XACP.  Facebook

ATTORNEYS' EYES ONLY

objects to this interrogatory as a premature contention interrogatory. Facebook objects to this interrogatory on the ground that it is premature to the extent that it requires Facebook to provide its "claim construction and all intrinsic and extrinsic evidence that supports Facebook's proposed claim construction" prior to the deadline for disclosing such information set forth in the Court's Pretrial Scheduling Order. Facebook objects to the use of the terms "Online Community Creation System" and "Created Online Community" as vague, ambiguous, overly broad and unduly burdensome, and will assume for the purpose of responding to this interrogatory that Plaintiff is referring to Facebook's Groups application.

Subject to and without waiving its General Objections and the objections set forth above, Facebook cannot respond to this contention interrogatory until it has had a reasonable opportunity to consider Plaintiff's disclosures and responses to discovery requests concerning the claims of the '629 Patent Plaintiff is asserting, the products Plaintiff is accusing of infringing the '629 Patent, the construction of the asserted claims of the '629 Patent Plaintiff is proposing, and the priority date of the '629 Patent Plaintiff is relying upon. Facebook will provide its claim construction and related information at the deadline for doing so under the Court's Pretrial Scheduling Order and reserves the right to supplement this interrogatory after it has had a chance to review and analyze its defenses in light of Plaintiff's disclosures.

**INTERROGATORY NO. 12**

Identify and describe fully and in detail, including, but not limited to, Facebook's proposed claim construction (and all extrinsic and intrinsic evidence that supports such construction), every feature, limitation, and element, including each element that Facebook contends is governed by 35 U.S.C. § 112(6), if any, of each of the claims and elements of the '629 Patent which Facebook contends is not found in each of the systems and/or methods of any Online Community Creation System and/or Created Online Community made, used, licensed, offered for licensing, sold, or offered for sale by Facebook from January 1, 2004 to the present, and upon which Facebook intends to rely as a point of material difference in the defense of this suit.

ATTORNEYS' EYES ONLY

## INTERROGATORY NO. 14

Identify all persons having knowledge of the facts set forth in the complaint, answer and counterclaims in the instant action and for each such person, identify the knowledge that he or she possesses.

## RESPONSE TO INTERROGATORY NO. 14

In addition to the General Objections, Facebook objects to this interrogatory as overly broad and unduly burdensome in that it seeks the identities of persons regardless of the extent of their knowledge on the subject areas listed. Facebook objects tot his interrogatory as duplicative of requests made elsewhere in these interrogatories.

Date: October 17, 2007                    WHITE & CASE LLP

By _____

Attorneys for Defendants
FACEBOOK, INC. and THEFACEBOOK, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CROSS ATLANTIC CAPITAL PARTNERS,
INC.,

        Plaintiff,

   v.

FACEBOOK, INC. and THEFACEBOOK, LLC.,

      Defendants.

CIVIL ACTION
NO.  07-CV- 02768

HON. JOHN R. PADOVA

JURY TRIAL DEMANDED

**VERIFICATION OF DEFENDANTS' RESPONSES AND OBJECTIONS
TO PLAINTIFF CROSS ATLANTIC CAPITAL PARTNERS, INC.'S
FIRST SET OF INTERROGATORIES**

I, the undersigned, declare:

I am an employee of Facebook, Inc., which is a defendant to this action.  I am authorized to execute this verification on its behalf.  I have reviewed the document entitled DEFENDANTS FACEBOOK, INC. AND THEFACEBOOK, LLC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF CROSS ATLANTIC CAPITAL PARTNERS, INC.'S FIRST SET OF INTERROGATORIES.  I am informed and believe that the responses stated therein are true as of the date they were made.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  10/17/07

_____
Michael Richter

## CERTIFICATE OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SANTA CLARA

      I am employed in the County of Santa Clara, State of California. I am over the age of 18 and not a party to the within action. My business address is 3000 El Camino Real, Five Palo Alto Square, 9th Floor., Palo Alto, CA 94306.

      On October 17, 2007, I served the foregoing documents:

**DEFENDANTS FACEBOOK, INC. AND THEFACEBOOK, LLC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF CROSS ATLANTIC CAPITAL PARTNERS, INC.'S FIRST SET OF INTERROGATORIES**

on the interested parties in this action by placing true and correct copies thereof enclosed in a sealed envelope addressed as follows:

Thomas J. Duffy, Esq.
Patrick J. Keenan, Esq.
Duffy & Keenan
The Curtis Center, Suite 1150
Independence Square West
Philadelphia, PA  19106


[ **X** ]   BY MAIL:  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Palo Alto, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

      I declare that I am employed in the office of a member of the bar of this Court at whose directions the service was made.  I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on October 17, 2007 at Palo Alto, California.

                        _____

                        Judith Young