CROSS ATLANTIC CAPITAL PARTNERS, INC. v. FACEBOOK, INC. et al

Doc. 42 Att. 2

# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CROSS ATLANTIC CAPITAL PARTNERS, INC.,

                 Plaintiff,

     v.

FACEBOOK, INC. and THEFACEBOOK, LLC,

               Defendants.

CIVIL ACTION
NO. 07-CV-02768

HON. JOHN R. PADOVA

JURY TRIAL DEMANDED

## DEFENDANTS FACEBOOK, INC. AND THEFACEBOOK, LLC.'S RESPONSES TO PLAINTIFF CROSS ATLANTIC CAPITAL PARTNERS, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

       Pursuant to Federal Rule of Civil Procedure 34(b), defendants Facebook, Inc. and

Thefacebook, LLC (collectively "Facebook") hereby object and respond to the First Request for

Production of Documents and Things (Nos. 1-57) served by plaintiff Cross Atlantic Capital

Partners, Inc. ("Plaintiff") on September 17, 2007 as follows:

### PRELIMINARY STATEMENT

       A.     The specific responses set forth below are for the purposes of discovery

only and Facebook neither waives nor intends to waive, but expressly reserves, any and all

objections it may have to the relevance, competence, materiality, admissibility or use at trial of

any information, documents or writings produced, identified or referred to herein, or to the

introduction of any evidence at trial relating to the subjects covered by such responses. All such

objections may be made at any time up to and including the time of trial.

       B.     Facebook's investigation and search for documents and things responsive

to the requests are ongoing. Pursuant to Fed. R. Civ. P. 26(e), Facebook specifically reserves the

right to supplement and amend these responses and, if necessary, to assert additional objections arising from further investigation.

C.     Facebook expressly reserves its right to rely, at any time including trial, upon subsequently discovered information or information omitted from the specific responses set forth below as a result of mistake, oversight or inadvertence.

D.     The specific responses set forth below are based upon Facebook's interpretation of the language used in the requests, and Facebook reserves its right to amend or supplement further responses in the event that Plaintiff asserts an interpretation that differs from Facebook's interpretation.

E.     Facebook's response to a particular request shall not be interpreted as implying that responsive documents and things exist or that Facebook acknowledges the appropriateness of the request.

## GENERAL OBJECTIONS

The following General Objections apply to each request and are hereby incorporated by reference into the individual response to each request, and shall have the same force and effect as if fully set forth in the individual response to each request.

1.     Facebook objects to the Requests, Definitions, and Instructions to the extent they seek to impose requirements or obligations on Facebook in addition to, beyond the scope of, or different from those imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court.  Facebook's specific responses incorporate the definitions and requirements set forth in the Federal Rules and the Local Rules of this Court.

2.     Facebook objects to the requests to the extent they seek documents and things that are protected from discovery by the attorney-client privilege, the work product doctrine, community of interest privilege, or any other applicable privilege or immunity. Nothing contained in these responses shall be deemed a waiver of any rights under such privileges and doctrines, and Facebook specifically reserves the right to assert such privileges

and doctrines with respect to any document or thing or any matter contained therein produced in response to these requests.

3.    Facebook objects to Instruction No. 3 of the requests to the extent it imposes a greater requirement than Fed. R. Civ. P. 26(b)(5). Facebook will prepare a list or supplement its existing list of documents withheld on the grounds set forth above in compliance with Fed. R. Civ. P. 26(b)(5) and will exchange such list with Plaintiff at a mutually agreed date and place.

4.    Facebook objects to the requests to the extent they seek privileged documents and/or documents or things created on or after the date of commencement of this lawsuit. Given the burden and expense involved to Facebook in logging all documents withheld on the basis of privilege after the commencement date, Facebook objects to creating a privilege log for any privileged documents or things created on or after the date of commencement of this lawsuit.

5.    Facebook objects to the requests to the extent they seek the production of documents and things neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

6.    Facebook objects to the requests to the extent they employ terms and phrases that are vague, ambiguous and/or unintelligible.

7.    Facebook objects to the requests to the extent they are overly broad, unduly burdensome, and/or expensive.

8.    Facebook objects to the requests to the extent they seek the production of documents and things not in the possession, custody or control of Facebook.

9.    Facebook objects to the requests to the extent they seek the production of documents and things that are publicly or otherwise reasonably available to Plaintiff, or already in the possession of Plaintiff, on the grounds that production would be unduly burdensome and/or expensive.

10.     Facebook objects to the requests to the extent they seek all documents that "refer to," "relate to," or "comment upon" broad subject areas on the grounds that they are overly broad and unduly burdensome.  Subject to its General Objections and objections made to specific requests, Facebook will make a reasonably diligent effort to locate responsive material by searching in the files and records where material responsive to each of the requests would most likely be kept in the ordinary course of Facebook's business.

11.     Facebook objects to the requests to the extent they seek confidential third-party information that Facebook is under an obligation to maintain in confidence.

12.     Facebook objects to the requests to the extent that disclosing the information sought would violate the privacy rights of its users or other third parties.

13.     Facebook objects to the time and method of production specified in the requests.  Facebook will make documents available for inspection.

## OBJECTION TO DEFINITIONS

1.     Facebook objects to the requests to the extent they incorporate the terms "Online Community Creation System and/or Created Online Community" on the ground that Plaintiff's definition of those terms is vague and ambiguous.  Plaintiff's definition of these terms is also overly broad and unduly burdensome in that:  a) it encompasses systems and communities completely unrelated to Facebook or its services; b) it imposes on Facebook an improper and impossible burden of providing information that far exceeds the accused functionality at issue in this case; and c) seeks information neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.  Facebook's responses to defendant's requests are made with the understanding that "Online Community Creation System and/or Created Online Community" refers to the "Groups" application of the Facebook website.  By doing so, Facebook does not agree that Facebook Groups meets the definition of "Online Community Creation System and/or Created Online Community" proffered by Plaintiff.

2.    Facebook objects to the requests to the extent they purport to incorporate Plaintiff's definition of "Document" to the extent that it seeks to impose an obligation broader than the obligation imposed by the Federal Rules of Civil Procedure.

## SPECIFIC OBJECTIONS AND RESPONSES

### REQUEST NO. 1

Each document that refers to, relates, to, or comments upon each Online Community Creation System and/or Created Online Community made, used, licensed, offered for licensing, offered for sale or sold by Facebook, including, but not limited to all source codes, specification sheets, software data and hardware components as well as all specifications, technical manuals, use instructions, videotapes, and data sheets.

### RESPONSE TO REQUEST NO. 1

In addition to its General Objections, Facebook objects to this request on the ground that it is overly broad and unduly burdensome and seeks documents and things that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Facebook objects to the use of the terms "software data," and "hardware components" as vague, ambiguous, overly broad and unduly burdensome. Facebook objects to the use of the terms "Online Community Creation System" and "Created Online Community" as vague, ambiguous, overly broad and unduly burdensome, and will assume for the purpose of responding to this request that Plaintiff is referring to Facebook's Groups application.

Subject to and without waiving its General Objections and the objections set forth above, and subject to the entry of an appropriate protective order, Facebook will make available for inspection non-privileged, responsive documents sufficient to describe the functionality of Facebook's Groups application.

### REQUEST NO. 2

Each document that refers to, relates to or comments upon the development by, or on behalf of Facebook of each Online Community Creation System and/or Created Online

Community made, used, owned, licensed, offered for licensing, offered for sale or sold by

Facebook or any person acting on Facebook's behalf.

## RESPONSE TO REQUEST NO. 2

In addition to its General Objections, Facebook objects to this request on the

ground that it is overly broad and unduly burdensome.  Facebook objects to the use of the terms

"Online Community Creation System" and "Created Online Community" as vague, ambiguous,

overly broad and unduly burdensome, and will assume for the purpose of responding to this

request that Plaintiff is referring to Facebook's Groups application.  Facebook objects to this

request to the extent that it seeks documents protected from discovery by the attorney-client

privilege, the work product doctrine or other applicable privilege or immunity.

Subject to and without waiving its General Objections and the objections set forth

above, and subject to the entry of an appropriate protective order, Facebook will make available

for inspection all non-privileged, responsive documents sufficient to describe the development of

Facebook's Groups application.

## REQUEST NO. 3

Each document that refers to, relates to, or comments upon the advertising,

marketing, distribution, licensing, offer for licensing, sale, offer for sale, of each Online

Community Creation System and/or Created Online Community made, used, owned, licensed,

offered for licensing, offered for sale, or sold by Facebook, including, but not limited to products

test studies, catalogs, price lists, licensing contracts, sales contracts, bulletins, memoranda, press,

trade releases, invoices, product specification sheets, purchase orders, receipts, promotional

literature or brochures.

## RESPONSE TO REQUEST NO. 3

In addition to its General Objections, Facebook objects to this request on the

ground that it is overly broad and unduly burdensome.  Facebook objects to the use of the terms

"products test studies" and "press" as vague and ambiguous.  Facebook objects to the use of the

terms "Online Community Creation System" and "Created Online Community" as vague,

ambiguous, overly broad and unduly burdensome, and will assume for the purpose of responding to this request that Plaintiff is referring to Facebook's Groups application.  Facebook objects to this request to the extent it seeks documents that are publicly or otherwise reasonably available to Plaintiff, on the grounds that production would be unduly burdensome and expensive. Facebook objects to this request to the extent that it seeks documents protected from discovery by the attorney-client privilege, the work product doctrine or other applicable privilege or immunity.

Subject to and without waiving its General Objections and the objections set forth above, and subject to the entry of an appropriate protective order, Facebook will make available for inspection all non-privileged, responsive documents concerning Facebook's Groups application.

**REQUEST NO. 4**

Each document that refers to, relates to, or comments upon the production or manufacture of each Online Community Creation System and/or Created Online Community made, used, licensed, offered for licensing, offered for sale or sold by Facebook.

**RESPONSE TO REQUEST NO. 4**

In addition to its General Objections, Facebook objects to this request on the ground that it is overly broad and unduly burdensome.  Facebook objects to the use of the terms "production" and "manufacture" as vague and ambiguous.  Facebook objects to the use of the terms "Online Community Creation System" and "Created Online Community" as vague, ambiguous, overly broad and unduly burdensome, and will assume for the purpose of responding to this request that Plaintiff is referring to Facebook's Groups application.

Subject to and without waiving its General Objections and the objections set forth above, and subject to the entry of an appropriate protective order, Facebook will make available for inspection non-privileged, responsive documents sufficient to describe the development of Facebook's Groups application.

**REQUEST NO. 5**

Each document that refers to, relates to, or comments upon the testing of each Online Community Creation System and/or Created Online Community made, used, licensed, offered for licensing, offered for sale and/or sold by Facebook.

**RESPONSE TO REQUEST NO. 5**

In addition to its General Objections, Facebook objects to this request on the ground that it is overly broad and unduly burdensome. Facebook objects to the use of the terms "Online Community Creation System" and "Created Online Community" as vague, ambiguous, overly broad and unduly burdensome, and will assume for the purpose of responding to this request that Plaintiff is referring to Facebook's Groups application.

Subject to and without waiving its General Objections and the objections set forth above, and subject to the entry of an appropriate protective order, Facebook will make available for inspection non-privileged, responsive documents sufficient to describe the testing of Facebook's Groups application.

**REQUEST NO. 6**

Each patent and each patent application, whether U.S. or foreign, owned by or assigned to Facebook, that concerns any Online Community Creation System and/or Created Online Community or any feature thereof.

**RESPONSE TO REQUEST NO. 6**

In addition to its General Objections, Facebook objects to this request to the extent that it seeks documents protected from discovery by the attorney-client privilege, the work product doctrine or other applicable privilege or immunity. Facebook objects to this request to the extent that it seeks documents relating to pending patent applications that are confidential pursuant to United States and/or foreign patent office rules. Facebook objects to this request on the ground that it seeks documents and things neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Facebook objects to this request to the extent it seeks documents that are publicly or otherwise reasonably available

to Plaintiff, on the grounds that production would be unduly burdensome and expensive. Facebook objects to the use of the terms "Online Community Creation System" and "Created Online Community" as vague, ambiguous, overly broad and unduly burdensome, and will assume for the purpose of responding to this request that Plaintiff is referring to Facebook's Groups application.

Subject to and without waiving its General Objections and the objections set forth above, and subject to the entry of an appropriate protective order, Facebook will make available for inspection all responsive patents and published patent applications owned or assigned to Facebook that concern the functionality of Facebook's Groups application.

**REQUEST NO. 7**

Each document that refers to, relates to, or comments upon the '629 Patent.

**RESPONSE TO REQUEST NO. 7**

In addition to its General Objections, Facebook objects to this request to the extent that it seeks documents protected from discovery by the attorney-client privilege, the work product doctrine or other applicable privilege or immunity. Facebook objects to this request on the ground that it is overly broad and unduly burdensome.

Subject to and without waiving its General Objections and the objections set forth above, and subject to the entry of an appropriate protective order, Facebook will make available for inspection, non-privileged documents responsive to this request.

**REQUEST NO. 8**

Each document that refers to, relates to, or comments upon any opinion concerning the scope, validity, invalidity, infringement, non-infringement, enforceability and/or unenforceability of the '629 Patent.

**RESPONSE TO REQUEST NO. 8**

In addition to its General Objections, Facebook objects to this request to the extent that it seeks documents protected from discovery by the attorney-client privilege, the work product doctrine or other applicable privilege or immunity.

Subject to and without waiving its General Objections and the objections set forth above, and subject to the entry of an appropriate protective order, should Facebook decide to rely on an opinion of counsel, it will produce responsive documents at that time. Facebook will provide the identification of expert witnesses it intends to call to testify on matters related to the scope, invalidity, infringement, non-infringement, enforceability and/or unenforceability of the '629 Patent in accordance with Federal Rule of Civil Procedure 26 and the Court's Pretrial Scheduling Order. Facebook has not made any such decisions at this time.

**REQUEST NO. 9**

Each document that refers to, relates to, or comments upon any prior art search concerning the '629 Patent or the subject matter disclosed or claimed therein, including, but not limited to, every prior art document uncovered by such search.

**RESPONSE TO REQUEST NO. 9**

In addition to its General Objections, Facebook objects to this request to the extent that it seeks documents protected from discovery by the attorney-client privilege, the work product doctrine or other applicable privilege or immunity.

Subject to and without waiving its General Objections and the objections set forth above, and subject to the entry of an appropriate protective order, Facebook will make available for inspection all non-privileged, responsive prior art documents upon which Facebook intends to rely once it has had a reasonable opportunity to consider Plaintiff's disclosures and responses to discovery requests concerning the '629 Patent, the identity of the claims Plaintiff is asserting, the nature of the alleged infringement of the '629 Patent, the construction of the asserted claims of the '629 Patent Plaintiff is proposing, and the invention and priority dates of the '629 Patent upon which Plaintiff is relying. Until Facebook is provided with, and has had a reasonable time to consider this information, it cannot respond to this request.

**REQUEST NO. 10**

Each document that refers to, relates to, or comments upon XACP and/or iKimbo.

**RESPONSE TO REQUEST NO. 10**

In addition to its General Objections, Facebook objects to this request to the extent that it seeks documents protected from discovery by the attorney-client privilege, the work product doctrine or other applicable privilege or immunity. Facebook objects to this request on the ground that it is overly broad and unduly burdensome.

Subject to and without waiving its General Objections and the objections set forth above, and subject to the entry of an appropriate protective order, Facebook will make available for inspection all responsive, non-privileged documents that refer to, relate to or comment on XACP and/or iKimbo.

**REQUEST NO. 11**

Each document that refers to, relates to, or comments upon this civil action, that is Civil Action No.: 07-CV-2768 ("Civil Action") currently pending in the United States District Court for the Eastern District of Pennsylvania.

**RESPONSE TO REQUEST NO. 11**

In addition to its General Objections, Facebook objects to this request to the extent that it seeks documents protected from discovery by the attorney-client privilege, the work product doctrine or other applicable privilege or immunity. Facebook objects to this request as unduly burdensome to the extent that it seeks documents equally available to Plaintiff.

Subject to and without waiving its General Objections and the objections set forth above, and subject to the entry of an appropriate protective order, Facebook will make available for inspection all responsive, non-privileged documents.

**REQUEST NO. 12**

Each document that refers to, relates to, or comments upon any offer or agreement by Facebook to in any way indemnify any person for any liability or damages, including, but not limited to legal expenses, due to a claim of patent infringement with respect to the '629 Patent or any Online Community Creation System and/or Created Online Community.

**RESPONSE TO REQUEST NO. 12**

In addition to its General Objections, Facebook objects to this request to the extent that it seeks documents protected from discovery by the attorney-client privilege, the work product doctrine or other applicable privilege or immunity. Facebook objects to this request on the ground that it is overly broad and unduly burdensome. Facebook objects to this request to the extent that it requires Facebook to breach its duties and/or obligations to hold the information of third parties in confidence. Facebook objects to the use of the terms "Online Community Creation System" and "Created Online Community" as vague, ambiguous, overly broad and unduly burdensome, and will assume for the purpose of responding to this request that Plaintiff is referring to Facebook's Groups application.

Subject to and without waiving its General Objections and the objections set forth above, and subject to the entry of an appropriate protective order, Facebook will make available for inspection all responsive, non-privileged agreements by Facebook to indemnify any person for any liability or damages due to a claim of patent infringement with respect to the '629 Patent.

**REQUEST NO. 13**

Each document that refers to, relates to, or comments upon any request made to Facebook for indemnification for any liability or damages, including, but not limited to, legal expenses, due to any claim of patent infringement with respect to the '629 Patent; XACP and/or iKimbo; or any Online Community Creation System and/or Created Online Community.

**RESPONSE TO REQUEST NO. 13**

In addition to its General Objections, Facebook objects to this request to the extent that it seeks documents protected from discovery by the attorney-client privilege, the work product doctrine or other applicable privilege or immunity. Facebook objects to this request on the ground that it is overly broad and unduly burdensome. Facebook objects to this request to the extent that it requires Facebook to breach its duties and/or obligations to hold the information of third parties in confidence. Facebook objects to the use of the terms "Online Community Creation System" and "Created Online Community" as vague, ambiguous, overly broad and

unduly burdensome, and will assume for the purpose of responding to this request that Plaintiff is referring to Facebook's Groups application.

Subject to and without waiving its General Objections and the objections set forth above, and subject to the entry of an appropriate protective order, Facebook will make available for inspection all responsive, non-privileged requests for indemnification made to Facebook due to any claim of patent infringement with respect to the '629 Patent.

**REQUEST NO. 14**

From the period January 1, 2004 to the present, with respect to each Online Community Creation System and/or Created Online Community that was made, sold, licensed, offered for licensing, offered for sale, or used by Facebook, each document that refers to, relates to, or comments upon any of the following, or from which any of the following may be determined:

(a)    the number of registered users of such Online Community Creation System and/or Created Online Community;

(b)    the annual and quarterly dollar volume of revenue and profits generated from the licensing and/or sales of such Online Community Creation System and/or Created Online Community; the annual and quarterly dollar volume of revenue and profits generated from advertising placement (advertising banners, sponsored links, etc.) directed and/or targeted to the registered users of such Online Community Creation System;

(c)    the annual and quarterly dollar volume of revenue and profits generated from fees and other costs paid by registered users of such Online Community Creation System and/or Created Online Community;

(d)    the annual and quarterly dollar volume of revenue and profits generated from charges, fees and costs paid by advertisers, developers and any other third parties relating to such Online Community Creation System and/or Created Online Community; and

(e)    the annual and quarterly dollar volume of revenue and profits generated from such Online Community Creation System and/or Created Online Community.

**RESPONSE TO REQUEST NO. 14**

In addition to its General Objections, Facebook objects to this request on the ground that it is overly broad and unduly burdensome. Facebook objects to the use of the terms "Online Community Creation System" and "Created Online Community" as vague, ambiguous, overly broad and unduly burdensome, and will assume for the purpose of responding to this request that Plaintiff is referring to Facebook's Groups application.

Subject to and without waiving its General Objections and the objections set forth above, and subject to the entry of an appropriate protective order, Facebook will make available for inspection non-privileged, responsive documents sufficient to establish the number of registered users of the Facebook website, as well as information sufficient to disclose revenue and profit information kept in the ordinary course of its business.

**REQUEST NO. 15**

Each document that refers to, relates to, or comments upon any investigation, study or analysis aimed at ascertaining any market for any Online Community Creation System and/or Created Online Community, including, but not limited to, any projections or estimates concerning licensing and/or sales, or the profitability associated with the licensing and/or sale, of any such Online Community Creation System and/or Created Online Community; the licensing and/or sale of advertising placement (advertising banners, sponsored links, etc.) directed and/or targeted to registered users of such Online Community Creation System and/or Created Online Community; and/or other methods of generating revenue from such Online Community Creation System and/or Created Online Community.

**RESPONSE TO REQUEST NO. 15**

In addition to its General Objections, Facebook objects to this request on the ground that it is overly broad and unduly burdensome. Facebook objects to this request as overly broad and unduly burdensome in that it is duplicative of requests made elsewhere in Plaintiff's Cross Atlantic Capital Partner Inc.'s First Set of Requests For Production of Documents and Things. Facebook objects to this request to the extent that it seeks documents protected from

discovery by the attorney-client privilege, the work product doctrine or other applicable privilege or immunity. Facebook objects to the use of the terms "Online Community Creation System" and "Created Online Community" as vague, ambiguous, overly broad and unduly burdensome, and will assume for the purpose of responding to this request that Plaintiff is referring to Facebook's Groups application.

Subject to and without waiving its General Objections and the objections set forth above, and subject to the entry of an appropriate protective order, Facebook will make available for inspection responsive, non-privileged market analyses related to Facebook's Groups application.

**REQUEST NO. 16**

Any document relating to, referring to or commenting upon the organizational structure of Facebook and all of their subsidiaries or related companies, at any time from its inception to the present including, but not limited to, any organizational charts, and including, but not limited to, all past and present members of Facebook's board of directors.

**RESPONSE TO REQUEST NO. 16**

In addition to its General Objections, Facebook objects to this request on the ground that it is overly broad and unduly burdensome. Facebook objects to the use of the term "related companies" as vague and ambiguous.

Subject to and without waiving its General Objections and the objections set forth above, and subject to the entry of an appropriate protective order, Facebook will make available for inspection responsive, non-privileged documents sufficient to disclose the past and present organizational structure of Facebook.

**REQUEST NO. 17**

Each document for which identification was requested, or which forms the basis for Facebook's response to each interrogatory addressed by XACP to Facebook.

**RESPONSE TO REQUEST NO. 17**

In addition to its General Objections, Facebook objects to this request to the extent that it seeks documents protected from discovery by the attorney-client privilege, the work product doctrine or other applicable privilege or immunity. Facebook objects to the phrase "for which identification was requested" as vague and ambiguous.

Subject to and without waiving its General Objections and the objections set forth above, and subject to the entry of an appropriate protective order, Facebook responds that it will make available for inspection all non-privileged, responsive documents on which Facebook has based its responses to Plaintiff Cross Atlantic Capital Partner Inc.'s First Set of Interrogatories Directed to Defendants.

**REQUEST NO. 18**

Each document that refers to, relates to or comments upon the conception, reduction to practice, research or development of each Online Community Creation System and/or Created Online Community developed, made, used, licensed, offered for licensing, offered for sale, or sold by Facebook, or on Facebook's behalf, including, but not limited to, any code, notebooks, test devices, test equipment, or testing samples.

**RESPONSE TO REQUEST NO. 18**

In addition to its General Objections, Facebook objects to this request to the extent that it seeks documents protected from discovery by the attorney-client privilege, the work product doctrine or other applicable privilege or immunity. Facebook objects to this request on the ground that it is overly broad and unduly burdensome. Facebook objects to the use of the terms "Online Community Creation System" and "Created Online Community" as vague, ambiguous, overly broad and unduly burdensome, and will assume for the purpose of responding to this request that Plaintiff is referring to Facebook's Groups application. Facebook objects to the use of the term "testing samples" as vague and ambiguous. Facebook objects to this request to the extent that it seeks Facebook source code. Facebook objects to this request to the extent it

seeks confidential third-party information that Facebook is under an obligation to maintain in confidence.

Subject to and without waiving its General Objections and the objections set forth above, and subject to the entry of an appropriate protective order, Facebook will make available for inspection non-privileged, responsive documents sufficient to describe the conception, reduction to practice, research and development of Facebook's Groups application. Facebook will not produce source code.

**REQUEST NO. 19**

Each document that refers to, relates to or comments upon each test, analysis or evaluation, by or for Facebook, of each Online Community Creation System and/or Created Online Community made, used, licensed, offered for licensing, sold or offered for sale by or for Facebook.

**RESPONSE TO REQUEST NO. 19**

In addition to its General Objections, Facebook objects to this request to the extent that it seeks documents protected from discovery by the attorney-client privilege, the work product doctrine or other applicable privilege or immunity. Facebook objects to this request on the ground that it is overly broad and unduly burdensome. Facebook objects to this request as overly broad and unduly burdensome in that it is duplicative of requests made elsewhere in Plaintiff's Cross Atlantic Capital Partner Inc.'s First Set of Requests For Production of Documents and Things. Facebook objects to the use of the terms "Online Community Creation System" and "Created Online Community" as vague, ambiguous, overly broad and unduly burdensome, and will assume for the purpose of responding to this request that Plaintiff is referring to Facebook's Groups application.

Subject to and without waiving its General Objections and the objections set forth above, and subject to the entry of an appropriate protective order, Facebook will make available for inspection non-privileged, responsive documents sufficient to disclose any testing, analysis or evaluation of Facebook's Groups application.

**REQUEST NO. 20**

All documents referring to, relating to or commenting upon any oral or written communications between Facebook and any third party concerning the present litigation, the '629 Patent, the subject matter thereof, or any Online Community Creation System and/or Created Online Community.

**RESPONSE TO REQUEST NO. 20**

In addition to its General Objections, Facebook objects to this request to the extent that it seeks documents protected from discovery by the attorney-client privilege, the work product doctrine or other applicable privilege or immunity. Facebook objects to this request on the ground that it is overly broad and unduly burdensome. Facebook objects to this request to the extent that disclosing the information sought would violate the privacy rights of its users or other third parties. Facebook objects to the use of the terms "Online Community Creation System" and "Created Online Community" as vague, ambiguous, overly broad and unduly burdensome, and will assume for the purpose of responding to this request that Plaintiff is referring to Facebook's Groups application.

Subject to and without waiving its General Objections and the objections set forth above, and subject to the entry of an appropriate protective order, Facebook will make available for inspection all non-privileged, responsive written communications between Facebook and any third party concerning the present litigation and/or the '629 Patent.

**REQUEST NO. 21**

All documents which Facebook has provided to any third party concerning each Online Community Creation System and/or Created Online Community made, used, licensed, offered for licensing, sold or offered for sale by Facebook concerning any feature, advantage, or performance of each such Online Community Creation System and/or Created Online Community and each document which refers to, relates to or comments upon any such document.

**RESPONSE TO REQUEST NO. 21**

In addition to its General Objections, Facebook objects to this request on the ground that it is overly broad and unduly burdensome. Facebook objects to this request as overly broad and unduly burdensome in that it is duplicative of requests made elsewhere in Plaintiff's Cross Atlantic Capital Partner Inc.'s First Set of Requests For Production of Documents and Things. Facebook objects to this request to the extent that it seeks documents protected from discovery by the attorney-client privilege, the work product doctrine or other applicable privilege or immunity. Facebook objects to this request to the extent that disclosing the information sought would violate the privacy rights of its users or other third parties. Facebook objects to the use of the terms "Online Community Creation System" and "Created Online Community" as vague, ambiguous, overly broad and unduly burdensome, and will assume for the purpose of responding to this request that Plaintiff is referring to Facebook's Groups application.

Subject to and without waiving its General Objections and the objections set forth above, Facebook is willing to meet and confer with Plaintiff to reduce the extraordinary burden and expense that this request will impose on Facebook and to exclude documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 22**

All documents referring to, relating to or commenting upon any evaluation, investigation, study or test concerning the infringement of any claim the '629 Patent by any Online Community Creation System and/or Created Online Community made, used, licensed, offered for licensing, sold, or offered for sale by Facebook, including, but not limited to, oral or written opinions of counsel and all documents referring to, relating to or providing the basis for, any contention by Facebook, that any Online Community Creation System and/or Created Online Community made, used, licensed, offered for licensing, sold, or offered for sale by Facebook is not within the scope of any claim of the '629 Patent.

**RESPONSE TO REQUEST NO. 22**

In addition to its General Objections, Facebook objects to this request on the ground that it is overly broad and unduly burdensome. Facebook objects to this request to the extent that it seeks documents protected from discovery by the attorney-client privilege, the work product doctrine or other applicable privilege or immunity. Facebook objects to the use of the terms "Online Community Creation System" and "Created Online Community" as vague, ambiguous, overly broad and unduly burdensome, and will assume for the purpose of responding to this request that Plaintiff is referring to Facebook's Groups application. Facebook objects to the use of the phrase "concerning the infringement of any claim the '629 Patent" as vague and ambiguous.

Subject to and without waiving its General Objections and the objections set forth above, and subject to the entry of an appropriate protective order, Facebook will make available for inspection all non-privileged, responsive documents, if any, providing the basis for any contention by Facebook that the Facebook Groups application does not infringe any claim of the '629 Patent.

**REQUEST NO. 23**

All documents referring to, relating to or commenting upon any evaluation, investigation, study or test concerning the validity, invalidity or enforceability of the '629 Patent including, but not limited to, oral or written opinions of counsel, all prior art references referred to or commented upon therein and all documents providing the basis therefore.

**RESPONSE TO REQUEST NO. 23**

In addition to its General Objections, Facebook objects to this request to the extent that it seeks documents protected from discovery by the attorney-client privilege, the work product doctrine or other applicable privilege or immunity. Facebook objects to this request on the ground that it is premature to the extent that it requires Facebook to disclose expert reports prior to the deadline set forth in the Court's Pretrial Scheduling Order.

Subject to and without waiving its General Objections and the objections set forth above, should Facebook decide to rely on an opinion of counsel, it will produce responsive documents at that time subject to the entry of an appropriate protective order. Facebook will provide documents related to expert witnesses it intends to call to testify on matters related to the invalidity and/or unenforceability of the '629 Patent in accordance with Federal Rule of Civil Procedure 26 and the Court's Pretrial Scheduling Order. Facebook has not made any such decisions at this time. Facebook will make available for inspection non-privileged, responsive documents related to the invalidity of the '629 Patent once it has had a reasonable opportunity to consider Plaintiff's disclosures and responses to discovery requests concerning the '629 Patent, the identity of the claims Plaintiff is asserting, the nature of the alleged infringement of the '629 Patent, the construction of the asserted claims of the '629 Patent Plaintiff is proposing, and the invention and priority dates of the '629 Patent upon which Plaintiff is relying. Until Facebook is provided with, and has had a reasonable time to consider this information, it cannot respond to this request. In addition to the necessity of these disclosures and discovery responses, Facebook cannot respond to the portion of this request concerning unenforceability until it has obtained information through discovery concerning the named inventors, patent applicants and prosecuting attorneys involved in all applications that resulted in the issuance of the '629 Patent.

**REQUEST NO. 24**

All documents referring to, relating to or commenting upon Facebook's possible infringement of any patents concerning any Online Community Creation System and/or Created Online Community or the validity or enforceability of any such patents, including, but not limited to, oral or written opinions of counsel.

**RESPONSE TO REQUEST NO. 24**

In addition to its General Objections, Facebook objects to this request on the ground that it is overly broad and unduly burdensome. Facebook objects to this request as overly broad and unduly burdensome in that it is duplicative of requests made elsewhere in Plaintiff's Cross Atlantic Capital Partner Inc.'s First Set of Requests For Production of Documents and

Things. Facebook objects to this request to the extent that it seeks documents protected from discovery by the attorney-client privilege, the work product doctrine or other applicable privilege or immunity. Facebook objects to the use of the terms "Online Community Creation System" and "Created Online Community" as vague, ambiguous, overly broad and unduly burdensome, and will assume for the purpose of responding to this request that Plaintiff is referring to Facebook's Groups application. Facebook objects to this request on the ground that it is premature, to the extent it requires Facebook to disclose expert reports and/or evaluations prior to the deadlines set forth in the Court's Pretrial Scheduling Order.

Subject to and without waiving its General Objections and the objections set forth above, should Facebook decide to rely on an opinion of counsel, it will produce responsive documents at that time subject to the entry of an appropriate protective order. Facebook will provide documents related to expert witnesses it intends to call to testify on matters related to the non-infringement and/or unenforceability of the '629 Patent in accordance with Federal Rule of Civil Procedure 26 and the Court's Pretrial Scheduling Order. Facebook has not made any such decisions at this time. Facebook will make available for inspection all non-privileged, responsive documents related to the noninfringement, invalidity and/or unenforceability of the '629 Patent once it has had a reasonable opportunity to consider Plaintiff's disclosures and responses to discovery requests concerning the '629 Patent, the identity of the claims Plaintiff is asserting, the nature of the alleged infringement of the '629 Patent, the construction of the asserted claims of the '629 Patent Plaintiff is proposing, and the invention and priority dates of the '629 Patent upon which Plaintiff is relying. Until Facebook is provided with, and has had a reasonable time to consider this information, it cannot respond to this request.

**REQUEST NO. 25**

One sample of each type of webpage template used by Facebook for each Online Community Creation System and/or Created Online Community made, used, licensed, offered for licensing, sold, or offered for sale by Facebook.

**RESPONSE TO REQUEST NO. 25**

In addition to its General Objections, Facebook objects to the use of the term "webpage template" as vague and ambiguous. Facebook objects to this request on the ground that it is overly broad and unduly burdensome. Facebook objects to the use of the terms "Online Community Creation System" and "Created Online Community" as vague, ambiguous, overly broad and unduly burdensome, and will assume for the purpose of responding to this request that Plaintiff is referring to Facebook's Groups application.

Subject to and without waiving its General Objections and the objections set forth above, and subject to the entry of an appropriate protective order, Facebook will make available for inspection one sample of each type of webpage template currently used by Facebook for its Groups application.

**REQUEST NO. 26**

All documents which refer to, relate to or comment upon any publication or technical paper authored by Facebook or any employee or person associated therewith, referring to, relating to, or commenting upon any Online Community Creation System and/or Created Online Community.

**RESPONSE TO REQUEST NO. 26**

In addition to its General Objections, Facebook objects to this request on the ground that it is overly broad and unduly burdensome. Facebook objects to this request to the extent that it seeks documents protected from discovery by the attorney-client privilege, the work product doctrine or other applicable privilege or immunity. Facebook objects to the use of the terms "Online Community Creation System" and "Created Online Community" as vague, ambiguous, overly broad and unduly burdensome, and will assume for the purpose of responding to this request that Plaintiff is referring to Facebook's Groups application.

Subject to and without waiving its General Objections and the objections set forth above, and subject to the entry of an appropriate protective order, Facebook will make available

for inspection publications or published technical papers authored by Facebook or by any Facebook employee concerning Facebook's Groups application.

**REQUEST NO. 27**

All documents referring to, relating to or commenting upon Facebook's first knowledge or awareness of the '629 Patent, any foreign patents corresponding to the '629 Patent, any applications for the '629 Patent, or any foreign applications corresponding to the applications for the '629 Patent.

**RESPONSE TO REQUEST NO. 27**

In addition to its General Objections, Facebook objects to this request to the extent that it seeks documents protected from discovery by the attorney-client privilege, the work product doctrine or other applicable privilege or immunity.

Subject to and without waiving its General Objections and the objections set forth above, and subject to the entry of an appropriate protective order, Facebook will make available for inspection non-privileged documents responsive to this request.

**REQUEST NO. 28**

All documents referring to, relating to or commenting upon Facebook's first knowledge or awareness of any patent obtained by XACP and/or iKimbo concerning any Online Community Creation System and/or Created Online Community.

**RESPONSE TO REQUEST NO. 28**

In addition to its General Objections, Facebook objects to this request to the extent that it seeks documents protected from discovery by the attorney-client privilege, the work product doctrine or other applicable privilege or immunity. Facebook objects to this request as overly broad and unduly burdensome in that it is duplicative of requests made elsewhere in Plaintiff's Cross Atlantic Capital Partner Inc.'s First Set of Requests For Production of Documents and Things. Facebook objects to the use of the terms "Online Community Creation System" and "Created Online Community" as vague, ambiguous, overly broad and unduly

burdensome, and will assume for the purpose of responding to this request that Plaintiff is referring to Facebook's Groups application.

Subject to and without waiving its General Objections and the objections set forth above, and subject to the entry of an appropriate protective order, Facebook will make available for inspection non-privileged documents responsive to this request.

## REQUEST NO. 29

All documents referring to, relating to or commenting upon the prices, revenues, profits, net profits, net profit margins, costs, gross profits or gross profit margins for each Online Community Creation System and/or Created Online Community made, used, licensed, offered for licensing, sold, or offered for sale by Facebook including, but not limited to, such information associated with advertising placement (advertising banners, sponsored links, etc.).

## RESPONSE TO REQUEST NO. 29

In addition to its General Objections, Facebook objects to this request on the ground that it is overly broad and unduly burdensome.  Facebook objects to the use of the terms "Online Community Creation System" and "Created Online Community" as vague, ambiguous, overly broad and unduly burdensome, and will assume for the purpose of responding to this request that Plaintiff is referring to Facebook's Groups application.

Subject to and without waiving its General Objections and the objections set forth above, and subject to the entry of an appropriate protective order, Facebook will make available for inspection non-privileged documents sufficient to show prices, revenues, profits, net profits, net profit margins, costs, gross profits or gross profit margins associated with Facebook's Groups application.

## REQUEST NO. 30

All documents referring to, relating to or commenting upon projections of sales, prices, profitability and profit margins for each Online Community Creation System and/or Created Online Community licensed, offered for licensing, sold, manufactured, or offered for

sale by Facebook including, but not limited to, such information associated with advertising placement (advertising banners, sponsored links, etc.).

**RESPONSE TO REQUEST NO. 30**

In addition to its General Objections, Facebook objects to this request on the ground that it is overly broad and unduly burdensome. Facebook objects to this request as overly broad and unduly burdensome in that it is duplicative of requests made elsewhere in Plaintiff's Cross Atlantic Capital Partner Inc.'s First Set of Requests For Production of Documents and Things. Facebook objects to the use of the terms "Online Community Creation System" and "Created Online Community" as vague, ambiguous, overly broad and unduly burdensome, and will assume for the purpose of responding to this request that Plaintiff is referring to Facebook's Groups application.

Subject to and without waiving its General Objections and the objections set forth above, and subject to the entry of an appropriate protective order, Facebook will make available for inspection non-privileged documents sufficient to show projections of sales, prices, profitability and profit margins associated with Facebook's Groups application.

**REQUEST NO. 31**

All documents referring to, relating to or commenting upon the quantity of advertising placement (advertising banners, sponsored links, etc.) associated with Online Community Creation Systems and/or Created Online Communities made, licensed, offered for licensing, sold, used, or offered for sale by Facebook, in total units and total dollar advertising sales, for all time periods available (e.g. monthly, quarterly and yearly) and segregated by customer for the period January 1, 2004 until the present.

**RESPONSE TO REQUEST NO. 31**

In addition to its General Objections, Facebook objects to this request on the ground that it is overly broad and unduly burdensome. Facebook objects to the use of the terms "Online Community Creation System" and "Created Online Community" as vague, ambiguous, overly broad and unduly burdensome, and will assume for the purpose of responding to this

request that Plaintiff is referring to Facebook's Groups application. Facebook objects to the use of the term "total dollar advertising sales" as vague and ambiguous. Facebook objects to the request that the information called for in this request be "segregated by customer," pursuant to Fed. R. Civ. P. 34 which only obligates Facebook to produce documents as they are kept in the usual course of business.

Subject to and without waiving its General Objections and the objections set forth above, and subject to the entry of an appropriate protective order, Facebook will make available for inspection non-privileged, responsive documents sufficient to show the quantity of advertising in total units and total dollar amounts associated with Facebook's Groups application.

## REQUEST NO. 32

All documents referring to, relating to or commenting upon the quantity of Online Community Creation Systems and/or Created Online Communities made, licensed, offered for licensing, sold, used, or offered for sale by Facebook, in total units and total dollar sales, for all time periods available (e.g. monthly, quarterly and yearly) and segregated by customer for the period January 1, 2004 until the present.

## RESPONSE TO REQUEST NO. 32

In addition to its General Objections, Facebook objects to this request on the ground that it is overly broad and unduly burdensome. Facebook objects to the use of the terms "Online Community Creation System" and "Created Online Community" as vague, ambiguous, overly broad and unduly burdensome, and will assume for the purpose of responding to this request that Plaintiff is referring to Facebook's Groups application. Facebook objects to the request that the information called for in this request be "segregated by customer," pursuant to Fed. R. Civ. P. 34 which only obligates Facebook to produce documents as they are kept in the ordinary course of its business.

Subject to and without waiving its General Objections and the objections set forth above, and subject to the entry of an appropriate protective order, Facebook will make available

for inspection non-privileged, responsive documents sufficient to show the quantity of Facebook "Groups" made, licensed, offered for licensing, sold, used, or offered for sale by Facebook, in total units and total dollar sales.

## REQUEST NO. 33

All documents referring or relating to any discount given to any customer for any Online Community Creation System and/or Created Online Community made, used, licensed, offered for licensing, sold, or offered for sale by Facebook.

## RESPONSE TO REQUEST NO. 33

In addition to its General Objections, Facebook objects to this request on the ground that it is overly broad and unduly burdensome. Facebook objects to the use of the terms "Online Community Creation System" and "Created Online Community" as vague, ambiguous, overly broad and unduly burdensome, and will assume for the purpose of responding to this request that Plaintiff is referring to Facebook's Groups application.

Subject to and without waiving its General Objections and the objections set forth above, and subject to the entry of an appropriate protective order, Facebook will make available for inspection non-privileged, responsive documents sufficient to show discounts given to customers associated with any Facebook "Group" made, used, licensed, offered for licensing, sold, or offered for sale by Facebook.

## REQUEST NO. 34

All documents referring or relating to any discount given to any advertising customer relating to advertising placement (advertising banners, sponsored links, etc.) associated with any Online Community Creation System and/or Created Online Community made, used, licensed, offered for licensing, sold, or offered for sale by Facebook.

## RESPONSE TO REQUEST NO. 34

In addition to its General Objections, Facebook objects to this request on the ground that it is overly broad and unduly burdensome. Facebook objects to the use of the terms "Online Community Creation System" and "Created Online Community" as vague, ambiguous,

overly broad and unduly burdensome, and will assume for the purpose of responding to this request that Plaintiff is referring to Facebook's Groups application.

Subject to and without waiving its General Objections and the objections set forth above, and subject to the entry of an appropriate protective order, Facebook will make available for inspection non-privileged, responsive documents sufficient to show discounts given to advertising customers relating to advertising placement associated with Facebook's Groups application.

**REQUEST NO. 35**

For the period January 1, 2004 until the present, all documents referring to, relating to or commenting upon the costs related to each Online Community Creation System and/or Created Online Community made, licensed or sold by Facebook for all time periods available (e.g. monthly, quarterly and yearly) including, but not limited to, fixed costs, variable costs, standard costs, detailed manufacturing costs such as labor, materials and overhead, projections of manufacturing costs, and detailed costs such as general and administrative, selling, advertising, accounting, research and development, and depreciation costs.

**RESPONSE TO REQUEST NO. 35**

In addition to its General Objections, Facebook objects to this request on the ground that it is overly broad and unduly burdensome. Facebook objects to the use of the terms "Online Community Creation System" and "Created Online Community" as vague, ambiguous, overly broad and unduly burdensome, and will assume for the purpose of responding to this request that Plaintiff is referring to Facebook's Groups application.

Subject to and without waiving its General Objections and the objections set forth above, and subject to the entry of an appropriate protective order, Facebook will make available for inspection non-privileged, responsive documents sufficient to show costs associated with Facebook's Groups application.

**REQUEST NO. 36**

All documents referring to, relating to or commenting upon return on investment, return on sales, or other profit performance for each Online Community Creation System and/or Created Online Community made, used, licensed, offered for licensing, sold, or offered for sale by Facebook.

**RESPONSE TO REQUEST NO. 36**

In addition to its General Objections, Facebook objects to this request on the ground that it is overly broad and unduly burdensome. Facebook objects to the use of the terms "Online Community Creation System" and "Created Online Community" as vague, ambiguous, overly broad and unduly burdensome, and will assume for the purpose of responding to this request that Plaintiff is referring to Facebook's Groups application. Facebook objects to the use of the term "other profit performance" as vague and ambiguous.

Subject to and without waiving its General Objections and the objections set forth above, and subject to the entry of an appropriate protective order, Facebook will make available for inspection non-privileged, responsive documents sufficient to show the profit performance of Facebook's Groups application.

**REQUEST NO. 37**

All documents referring to, relating to or commenting upon budgets and comparisons of budget to actual sales, including but not limited to advertising sales, for each Online Community Creation System and/or Created Online Community made, used, licensed, offered for licensing, sold, or offered for sale by Facebook.

**RESPONSE TO REQUEST NO. 37**

In addition to its General Objections, Facebook objects to this request on the ground that it is overly broad and unduly burdensome. Facebook objects to the use of the terms "Online Community Creation System" and "Created Online Community" as vague, ambiguous, overly broad and unduly burdensome, and will assume for the purpose of responding to this request that Plaintiff is referring to Facebook's Groups application.

Subject to and without waiving its General Objections and the objections set forth above, and subject to the entry of an appropriate protective order, Facebook will make available for inspection non-privileged, responsive documents sufficient to show budgets related to Facebook's Groups application.

## REQUEST NO. 38

All state and federal tax returns for Facebook for the years 2004 to present.

## RESPONSE TO REQUEST NO. 38

In addition to its General Objections, Facebook objects to this request on the ground that it is overly broad and unduly burdensome. Facebook objects to this request on the ground that requiring the production of tax records is against public policy and Plaintiff has failed to make a showing of a compelling need for this information. Facebook objects to this request on the ground that it violated Facebook's privacy Facebook objects to this request on the ground that rights.

Facebook will not produce documents responsive to this request.

## REQUEST NO. 39

All annual reports, auditors reports, corporate evaluations, corporate filings, Securities and Exchange Commission filings and corporate appraisals of Facebook from 2004 to present.

## RESPONSE TO REQUEST NO. 39

In addition to its General Objections, Facebook objects to this request on the ground that it is overly broad and unduly burdensome. Facebook objects to the extent such filings or other documents are confidential pursuant to the rules of the government entity.

Subject to and without waiving its General Objections and the objections set forth above, and subject to the entry of an appropriate protective order, Facebook will make available for inspection non-privileged, responsive documents concerning the financial condition of Facebook.

**REQUEST NO. 40**

All periodic (e.g. monthly or quarterly) management or operating reports referring to, relating to or commenting upon any Online Community Creation System and/or Created Online Community made, licensed, offered for licensing, sold, used, or offered for sale by Facebook, including but not limited to, income statements, balance sheets and operating statistics as well as budgetary information between Facebook and any subsidiaries.

**RESPONSE TO REQUEST NO. 40**

In addition to its General Objections, Facebook objects to this request on the ground that it is overly broad and unduly burdensome in that it seeks documents and things neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence and it does not maintain documents in the manner described. Facebook objects to the use of the terms "Online Community Creation System" and "Created Online Community" as vague, ambiguous, overly broad and unduly burdensome, and will assume for the purpose of responding to this request that Plaintiff is referring to Facebook's Groups application.

Subject to and without waiving its General Objections and the objections set forth above, and subject to the entry of an appropriate protective order, Facebook will make available for inspection non-privileged, responsive documents sufficient to show the financial condition of Facebook and its subsidiaries.

**REQUEST NO. 41**

All documents referring to, relating to or commenting upon any agreement, understanding, negotiations or contract between Facebook and any third party concerning any Online Community Creation System and/or Created Online Community including, but not limited to, possible licenses, patent licenses, advertising placement (advertising banners, sponsored links, etc.), manufacturing agreements, assignments, and covenants not to sue with respect to any such Online Community Creation System and/or Created Online Community.

**RESPONSE TO REQUEST NO. 41**

In addition to its General Objections, Facebook objects to this request on the ground that it is overly broad and unduly burdensome. Facebook objects to this request to the extent that it seeks documents protected from discovery by the attorney-client privilege, the work product doctrine or other applicable privilege or immunity. Facebook objects to this request to the extent it seeks confidential third-party information that Facebook is under an obligation to maintain in confidence. Facebook objects to the use of the terms "Online Community Creation System" and "Created Online Community" as vague, ambiguous, overly broad and unduly burdensome, and will assume for the purpose of responding to this request that Plaintiff is referring to Facebook's Groups application.

Subject to and without waiving its General Objections and the objections set forth above, Facebook is willing to meet and confer with Plaintiff to reduce the extraordinary burden and expense that this request will impose on Facebook and to exclude documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 42**

All documents referring to, relating to or commenting upon any royalty payments, license fees paid or received, by Facebook for any Online Community Creation System and/or Created Online Community or patent rights relating thereto.

**RESPONSE TO REQUEST NO. 42**

In addition to its General Objections, Facebook objects to this request on the ground that it is overly broad and unduly burdensome. Facebook objects to this request to the extent that it seeks documents protected from discovery by the attorney-client privilege, the work product doctrine or other applicable privilege or immunity. Facebook objects to this request to the extent it seeks confidential third-party information that Facebook is under an obligation to maintain in confidence. Facebook objects to the use of the terms "Online Community Creation System" and "Created Online Community" as vague, ambiguous, overly broad and unduly

burdensome, and will assume for the purpose of responding to this request that Plaintiff is referring to Facebook's Groups application.

Subject to and without waiving its General Objections and the objections set forth above, and subject to the entry of an appropriate protective order, Facebook will make available for inspection non-privileged, responsive documents concerning Facebook's Groups application.

**REQUEST NO. 43**

All documents referring to, relating to or commenting upon the present market share, estimated market share or projected market share of any Online Community Creation System and/or Created Online Community.

**RESPONSE TO REQUEST NO. 43**

In addition to its General Objections, Facebook objects to this request on the ground that it is overly broad and unduly burdensome. Facebook objects to the use of the terms "Online Community Creation System" and "Created Online Community" as vague, ambiguous, overly broad and unduly burdensome, and will assume for the purpose of responding to this request that Plaintiff is referring to Facebook's Groups application.

Subject to and without waiving its General Objections and the objections set forth above, and subject to the entry of an appropriate protective order, Facebook will make available for inspection non-privileged, responsive documents sufficient to establish Facebook's estimated present market share and estimated projected market share.

**REQUEST NO. 44**

All documents referring to, relating to or commenting upon market studies, surveys, or analyses of Facebook's competitors related to any Online Community Creation System and/or Created Online Community.

**RESPONSE TO REQUEST NO. 44**

In addition to its General Objections, Facebook objects to this request on the ground that it is overly broad and unduly burdensome. Facebook objects to this request to the extent that it seeks documents protected from discovery by the attorney-client privilege, the work

product doctrine or other applicable privilege or immunity. Facebook objects to the use of the terms "Online Community Creation System" and "Created Online Community" as vague, ambiguous, overly broad and unduly burdensome, and will assume for the purpose of responding to this request that Plaintiff is referring to Facebook's Groups application.

Subject to and without waiving its General Objections and the objections set forth above, and subject to the entry of an appropriate protective order, Facebook will make available for inspection non-privileged, responsive documents concerning market studies, surveys, or analyses of Facebook's competitors in relation to Facebook's Groups application.

**REQUEST NO. 45**

All documents or things referring to, relating to or commenting upon any attempt by Facebook to increase its share of the Online Community Creation System and/or Created Online Community market including, but not limited to, correspondence, memoranda, notes, reports, market plans, strategic plans or market studies.

**RESPONSE TO REQUEST NO. 45**

In addition to its General Objections, Facebook objects to this request on the ground that it is overly broad and unduly burdensome. Facebook objects to this request to the extent that it seeks documents protected from discovery by the attorney-client privilege, the work product doctrine or other applicable privilege or immunity. Facebook objects to the use of the terms "Online Community Creation System" and "Created Online Community" as vague, ambiguous, overly broad and unduly burdensome, and will assume for the purpose of responding to this request that Plaintiff is referring to Facebook's Groups application.

Subject to and without waiving its General Objections and the objections set forth above, and subject to the entry of an appropriate protective order, Facebook will make available for inspection non-privileged, responsive documents concerning market plans, strategic plans or market studies in relation to Facebook's Groups application.

## REQUEST NO. 46

For each Online Community Creation System and/or Created Online Community made, used, licensed, offered for licensing, sold, or offered for sale by Facebook, all documents, including lists, indexes, logs and/or summaries, referring to, relating to, or commenting upon:

    (a)    proposals pertaining to the licensing or sale of such products;

    (b)    invoices pertaining to licensing or sale of such products;

    (c)    quotations pertaining to licensing or sale of such products;

    (d)    requests for quotations (RFQs) pertaining to licensing or sale of such products;

    (e)    purchase orders pertaining to licensing or sale of such products; and

    (f)    confirmations pertaining to licensing or sale of such products.

## RESPONSE TO REQUEST NO. 46

In addition to its General Objections, Facebook objects to this request on the ground that it is overly broad and unduly burdensome. Facebook objects to this request to the extent that it seeks documents protected from discovery by the attorney-client privilege, the work product doctrine or other applicable privilege or immunity. Facebook objects to the use of the terms "Online Community Creation System" and "Created Online Community" as vague, ambiguous, overly broad and unduly burdensome, and will assume for the purpose of responding to this request that Plaintiff is referring to Facebook's Groups application. Facebook objects to the use of the terms "confirmations," "indexes" and "logs" as vague, ambiguous, overly broad and unduly burdensome, and will assume for the purpose of responding to this interrogatory that Plaintiff is referring to Facebook's Groups application.

Subject to and without waiving its General Objections and the objections set forth above, and subject to the entry of an appropriate protective order, Facebook will make available for inspection non-privileged, responsive documents.

REQUEST NO. 47

Documents listing invoice number(s), the invoice date(s), product number(s), customer(s), quantity, purchase order number(s) and price(s) for each Online Community Creation System and/or Created Online Community made, used, licensed, offered for licensing, sold, or offered for sale by Facebook.

RESPONSE TO REQUEST NO. 47

In addition to its General Objections, Facebook objects to this request on the ground that it is overly broad and unduly burdensome. Facebook objects to this request as overly broad and unduly burdensome in that it is duplicative of requests made elsewhere in Plaintiff's Cross Atlantic Capital Partner Inc.'s First Set of Requests For Production of Documents and Things. Facebook objects to the use of the terms "Online Community Creation System" and "Created Online Community" as vague, ambiguous, overly broad and unduly burdensome, and will assume for the purpose of responding to this request that Plaintiff is referring to Facebook's Groups application.

Subject to and without waiving its General Objections and the objections set forth above, and subject to the entry of an appropriate protective order, Facebook will make available for inspection non-privileged, responsive documents.

REQUEST NO. 48

All documents referring to, relating to or commenting upon any price erosion in the Online Community Creation System and/or Created Online Community market including, but not limited to, all documents from Facebook which indicate that Facebook has priced any of its Online Community Creation System and/or Created Online Community products below any comparable Online Community Creation System and/or Created Online Community of any third party.

RESPONSE TO REQUEST NO. 48

In addition to its General Objections, Facebook objects to this request on the ground that it is overly broad and unduly burdensome. Facebook objects to the use of the terms

"Online Community Creation System" and "Created Online Community" as vague, ambiguous, overly broad and unduly burdensome, and will assume for the purpose of responding to this request that Plaintiff is referring to Facebook's Groups application.  Facebook objects to the use of the term "comparable" as vague and ambiguous.

Subject to and without waiving its General Objections and the objections set forth above, and subject to the entry of an appropriate protective order, Facebook will make available for inspection non-privileged, responsive documents.

**REQUEST NO. 49**

All documents referring to, relating to or commenting upon any product that Facebook contends to be a non-infringing substitute for the Online Community Creation System and/or Created Online Community products at issue in this litigation, the specifications of any such product, or the performance, advantages or disadvantages of any such product.

**RESPONSE TO REQUEST NO. 49**

In addition to its General Objections, Facebook objects to this request to the extent that it seeks documents protected from discovery by the attorney-client privilege, the work product doctrine or other applicable privilege or immunity.  Facebook objects to this request on the ground that it is overly broad and unduly burdensome.  Facebook objects to the use of the terms "Online Community Creation System" and "Created Online Community" as vague, ambiguous, overly broad and unduly burdensome, and will assume for the purpose of responding to this request that Plaintiff is referring to Facebook's Groups application.

Subject to and without waiving its General Objections and the objections set forth above, and subject to the entry of an appropriate protective order, Facebook will make available for inspection non-privileged, responsive documents.

**REQUEST NO. 50**

All documents referring to, relating to or commenting upon a need or a perceived need in the marketplace for Online Community Creation System and/or Created Online Community products.

**RESPONSE TO REQUEST NO. 50**

In addition to its General Objections, Facebook objects to this request on the ground that it is overly broad and unduly burdensome. Facebook objects to this request to the extent that it seeks documents protected from discovery by the attorney-client privilege, the work product doctrine or other applicable privilege or immunity. Facebook objects to the use of the terms "Online Community Creation System" and "Created Online Community" as vague, ambiguous, overly broad and unduly burdensome, and will assume for the purpose of responding to this request that Plaintiff is referring to Facebook's Groups application.

Subject to and without waiving its General Objections and the objections set forth above, and subject to the entry of an appropriate protective order, Facebook will make available for inspection non-privileged, responsive documents.

**REQUEST NO. 51**

All documents referring to, relating to or commenting upon Facebook's financial and marketing planning for Online Community Creation System and/or Created Online Community products, including, but not limited to, all forecasts, projections, and short-term and long-term financial, marketing and management plans.

**RESPONSE TO REQUEST NO. 51**

In addition to its General Objections, Facebook objects to this request on the ground that it is overly broad and unduly burdensome. Facebook objects to this request as overly broad and unduly burdensome in that it is duplicative of requests made elsewhere in Plaintiff's Cross Atlantic Capital Partner Inc.'s First Set of Requests For Production of Documents and Things. Facebook objects to this request to the extent that it seeks documents protected from discovery by the attorney-client privilege, the work product doctrine or other applicable privilege or immunity. Facebook objects to the use of the terms "Online Community Creation System" and "Created Online Community" as vague, ambiguous, overly broad and unduly burdensome, and will assume for the purpose of responding to this request that Plaintiff is referring to Facebook's Groups application.

Subject to and without waiving its General Objections and the objections set forth above, and subject to the entry of an appropriate protective order, Facebook will make available for inspection non-privileged, responsive documents sufficient to show Facebook's financial projections related to Facebook's Groups application.

## REQUEST NO. 52

Charts and other documents relating to Facebook's organization which list or identify the persons having responsibility for the functions relating to Facebook's making, using, licensing or selling of Online Community Creation System and/or Created Online Community products, including, but not limited to, chief executive officer, chief operating officer, manufacturing, marketing or distribution, advertising, sales, product design, and research and development.

## RESPONSE TO REQUEST NO. 52

In addition to its General Objections, Facebook objects to this request on the ground that it is overly broad and unduly burdensome.  Facebook objects to this request as overly broad and unduly burdensome in that it is duplicative of requests made elsewhere in Plaintiff's Cross Atlantic Capital Partner Inc.'s First Set of Requests For Production of Documents and Things.  Facebook objects to the use of the terms "Online Community Creation System" and "Created Online Community" as vague, ambiguous, overly broad and unduly burdensome, and will assume for the purpose of responding to this request that Plaintiff is referring to Facebook's Groups application.

Subject to and without waiving its General Objections and the objections set forth above, and subject to the entry of an appropriate protective order, Facebook will make available for inspection non-privileged, responsive documents sufficient to identify the persons having responsibility for the functions relating to Facebook's making, using, licensing or selling of Facebook's Groups application.

**REQUEST NO. 53**

For each person Facebook intends to use as a witness at trial or any pretrial hearing in this case or as a corporate designee for purposes of a deposition, all documents of such person referring or relating to this case, or any issues in this case, including any matters about which any such person will testify in this case in deposition, at trial or otherwise, all documents reviewed or consulted by or on behalf of such person as a part of any participation in this case, all graphs, charts, models, exhibits, drawings or physicals, upon which such person has relied or upon which any such person intends to rely in this case in deposition, at trial or otherwise, and all things provided to such person, by plaintiff or any agent of defendant (including counsel for defendant), in connection with this case.

**RESPONSE TO REQUEST NO. 53**

In addition to its General Objections, Facebook objects to this request on the ground that it is overly broad and unduly burdensome. Facebook objects to this request to the extent that it seeks documents protected from discovery by the attorney-client privilege, the work product doctrine or other applicable privilege or immunity. Facebook objects to this request on the ground that it is premature, as Facebook has not determined who it will use as a witness at trial or any pretrial hearing in this case or as a corporate designee for purposes of a deposition.

Subject to and without waiving its General Objections and the objections set forth above, and subject to the entry of an appropriate protective order, Facebook will make available for inspection non-privileged, responsive documents when determinations have been made as to who it will use as a witness at trial or any pretrial hearing in this case or as a corporate designee for purposes of a deposition.

**REQUEST NO. 54**

For each person Facebook intends to use as an expert witness in this case, all publications, articles, books or papers authored, co-authored, edited or otherwise generated by such person, all materials or things authored, co-authored, edited or otherwise generated by or on behalf of such person, and which refer or relate to any opinions or testimony of any such person

rendered or to be in this case, all transcripts, including all exhibits thereto, of any trial or

deposition testimony of such person in any prior litigation, all materials reviewed or consulted by

or on behalf of such person as a part of any participation in this case, all graphs, charts, models,

exhibits, drawings or physical objects, upon which such person has relied or upon which any

such person intends to rely in deposition, at trial or otherwise in this case, all materials upon

which any opinions or testimony of such person in this case are based, all documents or things

provided to such person, or any agent of such person, by Facebook or any agent of Facebook

(including Facebook's counsel), in connection with this case, and all resumes, curricula vitae or

other documents listing the education, experience or training of such person.

**RESPONSE TO REQUEST NO. 54**

In addition to its General Objections, Facebook objects to this request on the

ground that it is overly broad and unduly burdensome. Facebook objects to this request to the

extent that it seeks documents protected from discovery by the attorney-client privilege, the work

product doctrine or other applicable privilege or immunity. Facebook objects to this request on

the ground that it is premature, as Facebook is not obligated to disclose information related to

experts until the deadlines set forth in the Court's Pretrial Scheduling Order.

Subject to and without waiving its General Objections and the objections set forth

above, and subject to the entry of an appropriate protective order, Facebook will make available

for inspection responsive documents related to expert witnesses it intends to call to testify in

accordance with Federal Rule of Civil Procedure 26 and the Court's Pretrial Scheduling Order.

Facebook has not made any such decisions at this time.

**REQUEST NO. 55**

All documents, pleadings, discovery, depositions, interrogatories and answers

thereto, request for admissions and answers thereto, request for production of documents and

responses thereto, subpoenas and responses thereto, motions, and affidavits relating to any past

or pending litigation between Facebook and ConnectU LLC including, but not limited to, actions

commenced in the United States District Court for the District of Massachusetts (C.A. No. 2004-

11923) and in the United States District Court for Northern District of California (C.A. No. C07-01389).

## RESPONSE TO REQUEST NO. 55

In addition to its General Objections, Facebook objects to this request on the ground that it is overly broad and unduly burdensome. Facebook objects to this request to the extent that it seeks documents protected from discovery by the attorney-client privilege, the work product doctrine or other applicable privilege or immunity. Facebook objects to this request on the ground that it is overly broad and unduly burdensome and duplicative of other requests set forth in Plaintiff's Cross Atlantic Capital Partners Inc.'s First Set of Requests For Production of Documents and Things. Facebook objects to this request to the extent it seeks documents that are publicly or otherwise reasonably available to Plaintiff, on the grounds that production would be unduly burdensome and expensive. Facebook objects to this request to the extent that it seeks documents protected from discovery by the attorney-client privilege, the work product doctrine or other applicable privilege or immunity, protective orders governing the above mentioned cases, and to the extent prohibited from disclosure by any obligation to maintain such documents in confidence. Facebook objects to this request to the extent it seeks confidential third-party information that Facebook is under an obligation to maintain in confidence.

Subject to and without waiving its General Objections and pursuant to the objections set forth above, Facebook responds that it will not produce documents responsive to this request.

## REQUEST NO. 56

All documents, proposals, agreements, and contracts between Facebook and Microsoft Corporation identifying the terms, conditions and consideration of any joint ventures or alliance including, but not limited to, such documents relating to the marketing and sales of advertising placement (banner advertising, sponsored links, etc.) on Facebook.

**RESPONSE TO REQUEST NO. 56**

In addition to its General Objections, Facebook objects to this request on the ground that it is overly broad and unduly burdensome. Facebook objects to this request to the extent that it seeks documents protected from discovery by the attorney-client privilege, the work product doctrine or other applicable privilege or immunity. Facebook objects to this request to the extent it seeks confidential third-party information that Facebook is under an obligation to maintain in confidence.

Subject to and without waiving its General Objections and pursuant to the objections set forth above, Facebook responds that it will not produce documents responsive to this request.

**REQUEST NO. 57**

All documents that identify and describe any processes, applications, code, systems, methods, and/or devices made, licensed or used by Facebook, and/or its licensees and contractors, to target advertising to the registered users of its website, Online Community Creation Systems and/or Created Online Communities.

**RESPONSE TO REQUEST NO. 57**

In addition to its General Objections, Facebook objects to this request on the ground that it is overly broad and unduly burdensome. Facebook objects to the use of the terms "Online Community Creation System" and "Created Online Community" as vague, ambiguous, overly broad and unduly burdensome, and will assume for the purpose of responding to this request that Plaintiff is referring to Facebook's Groups application. Facebook objects to this request to the extent it requires the production of source code. Facebook objects to this request to the extent it seeks confidential third-party information that Facebook is under an obligation to maintain in confidence.

Subject to and without waiving its General Objections and pursuant to the objections set forth above, Facebook responds that it will not produce documents responsive to this request.

Dated: October 17, 2007                    By: _____
                                                Heidi L. Keefe
                                                Mark R. Weinstein
                                                Sam O'Rourke
                                                WHITE & CASE LLP
                                                3000 El Camino Real
                                                5 Palo Alto Square, 9th Floor
                                                Palo Alto, CA  94306

                                                Charles J. Bloom
                                                STEVENS & LEE, P.C.
                                                620 Freedom Business Center, Ste. 200
                                                King of Prussia, PA 19406

## CERTIFICATE OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SANTA CLARA

I am employed in the County of Santa Clara, State of California. I am over the age of 18 and not a party to the within action. My business address is 3000 El Camino Real, Five Palo Alto Square, 9th Floor., Palo Alto, CA 94306.

On October 17, 2007, I served the foregoing documents:

**DEFENDANTS FACEBOOK, INC. AND THEFACEBOOK, LLC.'S RESPONSES TO PLAINTIFF CROSS ATLANTIC CAPITAL PARTNERS, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS**

on the interested parties in this action by placing true and correct copies thereof enclosed in a sealed envelope addressed as follows:

Frederick A. Tecce, Esq.
McShea/Tecce, P.C.
The Bell Atlantic Tower – 28th Floor
1717 Arch Street
Philadelphia, PA  19103

Thomas J. Duffy, Esq.
Patrick J. Keenan, Esq.
Duffy & Keenan
The Curtis Center, Suite 1150
Independence Square West
Philadelphia, PA  19106

[ **X** ]    BY MAIL:  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Palo Alto, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this Court at whose directions the service was made.  I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on October 17, 2007 at Palo Alto, California.

_____
Judith Young