CROSS ATLANTIC CAPITAL PARTNERS, INC. v. FACEBOOK, INC. et al                                              Doc. 42 Att. 3

# EXHIBIT F



DUFFY & KEENAN

Attorneys at Law

Patrick J. Keenan
Direct Dial: 215.238.8707

October 30, 2007

*Via Facsimile and Regular Mail*

Heidi L. Keefe, Esquire
White & Case
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, CA 94306

RE:    **Cross Atlantic Capital Partners, Inc. v. Facebook, Inc. and Thefacebook, LLC**
         **U.S.D.C., E.D.Pa. 2:07-cv-02768-JP**

Dear Ms. Keefe:

In responding to plaintiff's request for production of documents, your clients have not produced any documents and have, instead, asserted that they will make responsive documents available for inspection "subject to the entry of an appropriate protective order…." You have made this assertion even after it was agreed that until the parties signed a protective order, any documents produced would be considered "attorneys' eyes only" confidential. Additionally, on October 18, 2007, you were sent by e-mail a proposed protective order that is agreeable to our client. Since then, I have not heard from you.

Enclosed is a signed protective order. Please provide: (a) dates and times over the next seven business days during which your clients' responsive documents can be inspected and copied, (b) the location of the responsive documents, and (c) the approximate number of responsive documents.

It appears that your clients are unnecessarily delaying their discovery obligations. Therefore, if your clients do not make all responsive documents available for copying within that time, we will be required to seek the court's assistance.

Please feel free to contact me with any questions.

Sincerely,

PATRICK J. KEENAN

PJK/mk
Enclosure

Cc:    Frederick A. Tecce, Esquire
         Charles J. Bloom, Esquire

The Curtis Center, Suite 1150
Independence Square West
Philadelphia PA 19106
215.238.8700 *tel*    215.238.8710 *fax*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CROSS ATLANTIC CAPITAL      :
PARTNERS, INC.      :      **CIVIL ACTION**
     Plaintiff,      :      **NO.: 07-CV-2768 JP**
     vs.      :
FACEBOOK, INC.      :
     AND      :
THEFACEBOOK, LLC      :
     Defendants.      :

## PROTECTIVE ORDER

WHEREAS, the parties, intending to be legally bound and in contemplation of Federal

Rule of Civil Procedure 26 and Local Rule 26.1, and for good cause shown, have stipulated to

the signing and entry of this Protective Order ("Protective Order" or "Order"), IT IS HEREBY

AGREED that each of the parties shall be governed by the following terms and conditions

concerning confidential information in connection with the above-captioned action:

1.      The parties to this litigation may designate as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" any of the following, in accordance with

Paragraph 2: (a) documents produced by them at any time in this litigation; (b) documents

produced by a non-party in this litigation; (c) interrogatory answers, responses to document

requests, and responses to requests for admissions; (d) deposition transcripts or any part thereof

at the deposition, or within 14 days of receiving the official transcript; and (e) access to premises

for inspection or information.

2.      This Order shall not apply to information or tangible items obtained by means

independent of voluntary production by another party, discovery or other proceedings in this

1

action, provided that the acquisition of the information or tangible item has been through lawful

means. The restrictions set forth in this Protective Order shall not apply to information or

tangible items which at or prior to disclosure in this action, are or were within public knowledge

through lawful means, or which, after disclosure, come within public knowledge other than by

acts or omissions of the one receiving the Confidential Information or its agents, consultants or

attorneys. This Order has no effect upon, and shall not apply to any producing party's use of its

own "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

information or materials, for any purpose.

     3.    Information may be designated as "CONFIDENTIAL" based upon a good faith

belief that the information constitutes or contains information of the designating party which is

not available to the general public, including, but not limited to, trade secrets, know-how,

proprietary data or other technical, commercial, business, or financial information. Such

CONFIDENTIAL information may include documents, photographs, charts, drawings, electronic

or computer data, sound recordings and video tapes produced by any party in this matter or

depositions taken in this action.

     4.    Information may be designated as "HIGHLY CONFIDENTIAL – ATTORNEYS'

EYES ONLY" if it constitutes or contains information that meets the requirements for

designation as "CONFIDENTIAL" as set forth in Paragraph 3 above and is extremely sensitive in

nature, including for example confidential business plans and financial, revenue, pricing,

marketing, competitive, technical and research information relating to the producing party or the

producing party's products or services or planned products or services.

2

5. CONFIDENTIAL information shall not be revealed, disclosed, or described, in whole or in part, to any person other than:

    (a)    Outside Counsel for any of the parties in this litigation and employees of such attorneys who are working under such attorneys' supervision in connection with this action;

    (b)    independent experts, consultants, and advisors retained by a party or its attorneys to assist in the prosecution or defense of this action who have signed the "Acknowledgement and Consent to Be Bound by Protective Order" (Exhibit A) pursuant to Paragraph 10 herein;

    (c)    the Court and its personnel, including court reporters;

    (d)    deposition reporters, videographers and their employees, in connection with this action;

    (e)    the parties to this action and their officers, directors, employees or agents (including in-house counsel) who are directly involved with the prosecution or defense of this action;

(f)    independent photocopying or document reproduction services retained in connection with the prosecution or defense of this action.

6.    HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information shall not be revealed, disclosed, or described, in whole or in part, to any person other than:

(a)    Outside Counsel for any of the parties in this litigation and employees of such attorneys who are working under such attorneys' supervision in connection with this action;

(b)    independent experts, consultants, and advisors retained by a party or its attorneys to assist in the prosecution or defense of this action who have signed the "Acknowledgement and Consent to Be Bound by Protective Order" (Exhibit A) pursuant to Paragraph 10 herein;

(c)    the Court and its personnel, including court reporters;

(d)    deposition reporters, videographers and their employees, in connection with this action;

(e)    designated officers, directors, employees or agents of a party to this action, who is directly involved with the prosecution or defense of this action,

4

agrees to be bound by the terms of this Protective

Order, and is identified to the other party at least

five days in advance of the disclosure;

(f)     independent photocopying or document

reproduction services retained in connection with

the prosecution or defense of this action.

7.     Designation of CONFIDENTIAL or HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY documents and other items and depositions shall be made by

placing one of the following legends on the face of the document or other item and on each page

so designated before the document is distributed to the parties:

- CONFIDENTIAL (hereinafter referred to as the "Confidential Legend").

- HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY (hereinafter referred

  to as the "Highly Confidential Legend").

9.     Before a party may reveal, disclose or describe, in whole or in part, any

CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information to

any of the above identified authorized persons, that party must inform the person receiving such

information of the CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY nature of the information, the existence of this Protective Order and his or her duty to

abide by its terms and to maintain the confidentiality of the information.

10.     Prior to disclosing any CONFIDENTIAL and/or HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY information to persons identified in paragraphs 5(b) and 6(b)

above (independent experts, consultants, and advisors), that person shall fully execute the

5

"Acknowledgement and Consent to Be Bound by Protective Order" form attached hereto as

Exhibit A.  At the conclusion of the case, either party may request the other party to produce any

"Acknowledgement and Consent to Be Bound by Protective Order" forms signed by such

persons, and the requested party shall produce the forms to the requesting party within seven (7)

business days of the request.  If the person identified in paragraphs 5(b) and 6(b) above is an

independent expert whose identity is disclosed by a party pursuant to Fed. R. Civ. P. 26(a)(2), the

disclosing party shall produce a copy of the signed form at the time of the production of the

expert's report.  Unless the party seeking to make the disclosure obtains permission from the

Court based on a showing of exceptional circumstances, CONFIDENTIAL and/or HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY information shall not be disclosed to any

person identified in paragraphs 5(b) and 6(b) above who is unable to sign the "Acknowledgement

and Consent to Be Bound by Protective Order" form because he or she is in a business or

involved in a business endeavor that competes with the other party's business.

   11.  Any party or person filing with the Court any CONFIDENTIAL and/or HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY information, or any pleading, motion, brief, or

other paper which discloses any information designated CONFIDENTIAL and/or HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY, shall file such document or other item by

enclosing it in a sealed envelope or container on the face of which shall be marked the caption of

this action and the following legend:

[CONFIDENTIAL] [HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY] MATERIAL
   This envelope contains material that is filed under seal
    and unless ordered by the United States District Court
   for the Eastern District of Pennsylvania, the contents shall not be
    reproduced for or shown to persons other than the persons

specified in the Protective Order entered in
<u>Cross Atlantic Capital Partners, Inc. v. Facebook, Inc. et al.</u>
E.D. Pa. Docket No. 07-CV-2768

Such material filed with the Court shall not be made available to anyone other than those persons entitled to view such information pursuant to paragraphs 4 and 5 above except as the Court may otherwise order. Where possible, only CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY portions of filings with the Court shall be filed under seal.

     12.    Except upon further order by this Court, CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information shall be used solely in the course of and for the resolution of this action, including all appeals herein.

     13.    Unless otherwise agreed between counsel for the party designating information as CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and counsel for the party in possession of information designated as CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, all information designated CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under this Protective Order and all copies thereof shall be returned to the producing party or its counsel promptly upon request, but in no event more than 90 days after final adjudication or other resolution of this litigation, including all appeals herein. Counsel who received the CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information shall certify within a reasonable period of time that they have returned all CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information, including copies, to the party producing it, and that any expert, consultant or advisor

7

to whom CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information has been disclosed has done the same.

14.    No party concedes that any material designated by any other party as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" does in fact contain or reflect trade secrets, proprietary or confidential information, or has been properly designated as CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. Any party may at any time move for relief from the provisions of this Order with respect to specific material which that party believes has been improperly designated as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The Court retains the right to allow disclosure of any subject covered by the stipulation or to modify this Order at any time in the interest of justice and is not bound by any party's "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation.

15.    Nothing in this Order shall effect in any way any party's rights to introduce CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information into evidence during trial or at any hearing in the above-captioned matter.

16.    This Protective Order shall not be construed as a waiver by any party of any legally cognizable privilege to withhold any document or other items or information, or of any right that any party may have to assert such privilege at any stage of the proceedings. Nor shall this Protective Order be construed as a limitation on the right of any party to discovery to which it is entitled under the applicable rules of civil procedure. Nothing contained within this

Protective Order shall be construed as a concession by any party of the relevance or lack of relevance of any information or documents or other items.

17.    The provisions of this Protective Order, insofar as they restrict the communication and use of CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY documents or other items or testimony of any sort (or transcripts thereof) designated as CONFIDENTIAL shall, absent written permission of the producing party or further order of the Court, continue to be binding after the conclusion of this action, including all appeals herein.

18.    Persons attending depositions taken in this action at which CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information is identified, discussed or disclosed shall be limited to the deponent, counsel for the deponent, and any other persons authorized to view a particular category of information pursuant to Paragraphs 4 or 5 above.  Any persons present at a deposition who are not authorized to view CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information shall be required to leave the room while such information is being identified, discussed or disclosed.

19.    The parties agree promptly to submit this Protective Order to the Court for approval, and further agree that, pending approval by the Court, this Protective Order shall be effective as if approved and, specifically, that any violation of its terms shall be subject to the same sanctions and penalties as if this Protective Order had been entered by the Court.

20.    This Protective Order may be executed by multiple counterparts.

BY: _____                BY: _____
    Thomas J. Duffy, Esquire                          Heidi L. Keefe, Esquire
    Duffy & Keenan                                    White & Case
    The Curtis Center, Suite 1150                     3000 El Camino Real
    Independence Square West                          5 Palo Alto Square, 9th Floor
    Philadelphia, PA. 19106                           Palo Alto, CA 94306


    Frederick A. Tecce, Esquire                       Charles J. Bloom, Esquire
    McSHEA\TECCE, P.C.                                Stevens & Lee, PC
    The Bell Atlantic Tower - 28th Floor              620 Freedom Business Center
    1717 Arch Street                                  Suite 200
    Philadelphia, PA 19103                            King of Prussia, PA   19406


    Attorneys for Plaintiff                           Attorneys for Defendants



Date: _____                Date: _____


10

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CROSS ATLANTIC CAPITAL            :
PARTNERS, INC.                    :        CIVIL ACTION
         Plaintiff,        :        NO.: 07-CV-2768 JP
     vs.                          :
FACEBOOK, INC.                    :
    AND                           :
THEFACEBOOK, LLC                  :
         Defendants.       :

**EXHIBIT A**

**ACKNOWLEDGMENT AND CONSENT TO BE BOUND BY
PROTECTIVE ORDER**

I, the undersigned, have read and understand the terms and conditions of the Protective

Order in <u>Cross Atlantic Capital Partners, Inc. v. Facebook, Inc. et al.</u>, E.D. Pa. Docket No. 07-

CV-2768 and consent to be bound by its terms, as follows:

(1)    I understand that I will be authorized to receive materials designated

CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, that are

subject to various restrictions of use and disclosure, including the restriction that they are to be

used solely in connection with this litigation, and not for any business or other purpose

whatsoever and that they are not to be disclosed except as provided by the Protective Order.  I

agree that I will make no further disclosure of such confidential material and will personally

protect the confidentiality of all documents and other items received by me from the attorneys or

party who presented this Consent.

(2)    I further agree to submit to the jurisdiction of the United States District Court for

the Eastern District of Pennsylvania for the purpose of enforcing my compliance with the

Protective Order.

(3)     I declare under the penalty of perjury that I am not involved in a business or a business endeavor that I know to compete with the party who originally produced the confidential information or documents in this action.

(4)     I agree to return all confidential documents and other items to the attorneys who presented this Consent to me within ninety (90) days of the date that the materials were provided to me or, if later, within sixty (60) days after the conclusion of the captioned case whether by dismissal, final judgment, or settlement.

Signature:_____

Printed Full Name:_____

Date:_____

# EXHIBIT G



DUFFY & KEENAN

Attorneys at Law

PATRICK J. KEENAN
DIRECT DIAL 215.238.8707

November 8, 2007

*Via Facsimile and Regular Mail*

Heidi L. Keefe, Esquire
White & Case
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, CA  94306

RE:    **Cross Atlantic Capital Partners, Inc. v. Facebook, Inc. and Thefacebook, LLC
       U.S.D.C., E.D.Pa. 2:07-cv-02768-JP**

Dear Ms. Keefe:

As a follow up to my letter dated October 30, 2007, to which you have not responded, this is to bring to your attention at least two other deficiencies in your clients' discovery responses.

First, in response Plaintiff's First Set of Interrogatories Nos. 3, 5 and 11, you have asserted several baseless objections and claimed that your clients cannot respond until plaintiff has produced its claim construction and infringement contentions.  At the Court's Scheduling Conference on September 24, 2007, you were given an explanation of plaintiff's infringement contentions and a written summary of those contentions.  On October 17, 2007, plaintiff served your clients with an interrogatory answer that detailed its infringement contentions including where each element of the asserted claims could be found on Facebook's website.  On October 26, 2007, plaintiff served your clients with its proposed claim construction in accordance with the Court's Scheduling Order.  Fed. R. Civ. 26(e) requires supplementation of discovery responses.  Since your clients have had ample information and time to answer Interrogatories Nos. 3, 5 and 11, please confirm by Monday that your clients will be promptly providing supplemental answers to these Interrogatories.

Second, in response to Plaintiff's First Request for Production of Documents and Things Nos. 18, 38, 55, 56 and 57, you asserted baseless grounds for your clients' complete refusal to produce the requested documentation.  In Request No. 18, you have been requested to produce the source code for Facebook's website and groups application.  "[D]iscovery requests may be deemed relevant if there is any possibility that the information may be relevant to the general subject matter of the action."  *Caruso v. The Coleman Company*, 157 F.R.D. 344, 347 (E.D. Pa. 1994).  Certainly, Facebook's source code is relevant to the determination of whether Facebook infringes the asserted claims.  In Request No. 38, you have indicated that Facebook will not produce its tax returns. Corporate tax returns are discoverable if relevant.  *Flaherty v. M.A. Bruder & Sons, Inc.*, 202 F.R.D. 137 (E.D. Pa. 2001); *Barbine v. Keystone Quality Transp*, 2004 U.S. Dist. LEXIS 11840 (E.D. Pa. June 7, 2004); *Packer v. Hansen*, 1999 U.S. Dist. LEXIS 17618 (E.D. Pa. Nov. 12, 1999).  Facebook's tax returns are relevant to determining plaintiff's recoverable damages.

DUFFY & KEENAN

Heidi L. Keefe
November 8, 2007
Page 2

In Request No. 55, Facebook was requested to produce documents in the ConnectU case. Sworn testimony, verified discovery responses and verified statements made by Facebook in that action relating to the conception, design and implementation of the Facebook website are certainly relevant to the issues of infringement and validity in this action. Your assertion of confidentiality relating to the pleadings, discovery and testimony provided _by Facebook_ in that action is frivolous and not a good faith objection. Request No. 56 seeks documents relating to Facebook's relationship with Microsoft. These documents are relevant for at least two reasons. First, Microsoft is a source of revenue for the accused Facebook website, which is relevant to plainitff's determination of damages. Second, Facebook and Microsoft have an advertising partnership relating to the Facebook website, and the manner in which that advertising is done is relevant to the asserted claims including, but not limited to, claims 6, 8, 14, 16, 22, 24, 30 and 32. For the same reason, your refusal to produce documents responsive to Request No. 57, relating to targeted advertising, is also baseless.

In response to Requests Nos. 23 and 24, you have asserted several baseless objections and claimed that your clients cannot respond until plaintiff has produced its claim construction and infringement contentions. For the reasons discussed before, this objection is baseless since plaintiff has provided this information. Therefore, please confirm by Monday that your clients will be promptly providing the documents requested in Plaintiff's First Request for Production of Documents and Things Nos. 18, 23, 24, 38, 55, 56 and 57.

Please feel free to contact me with any questions.

Sincerely,

PATRICK J. KEENAN

PJK/mk

Cc:    Frederick A. Tecce, Esquire

# Exhibit H



# DUFFY & KEENAN

Attorneys at Law

PATRICK J. KEENAN
Direct Dial  215.238.8707

November 13, 2007

**Via Facsimile & First Class Mail**

Dennis P. McCooe
Blank Rome
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998

Re:    **Cross Atlantic Capital Partners, Inc. v. Facebook, Inc.**

Dear Mr. McCooe:

You have indicated in an e-mail that Facebook, Inc. intends to produce documents responsive to Plaintiff's Request for Production of Documents and Things only in TIFF format. This is unacceptable. Fed. R. Civ. P. 34(b) requires Facebook to produce documents "as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request." Plaintiff, therefore, expects that Facebook's production will comply with Rule 34(b), and that documents will be produced as they are maintained in the usual course of business and that electronic documents will be produced in their native format.

You also incorrectly suggest in your e-mail that plaintiff has agreed to essentially waive any objections to Facebook's documents request except those related to privilege. This is of course untrue. Plaintiff's document production will be made in good faith but without waiving any of its timely objections, including, but not limited to, those based on attorney-client privilege, the work product doctrine, and Fed. R. Civ. P. 26(a)(2)(3), (b)(3) and (b)(4).

Finally, your comment about "repeatedly" trying to discuss your client's discovery obligations with us strikes me as a self-serving and inaccurate effort to cover up Facebook's dilatoriness to date. After not receiving any response from Facebook's counsel to my e-mail of October 18th, and my letters dated October 30th and November 8th, you left *one* voicemail with Mr. Tecce before your appearance was entered in this case, and you faxed my office a letter at 7:02 p.m. on November 8th. On November 9th, I called you and concluded our conversation with the understanding that Facebook would be producing responsive documents this week in good faith. This commitment by Facebook was conspicuously absent from your e-mail following our conversation, replaced with a request for another meeting without any explanation for its necessity other than to further delay matters. Your client's effort to hamper our discovery efforts by producing the documents in an unmanageable manner is not good faith and merely further evidences the probable need for the court's intervention.

The Curtis Center, Suite 1150
Independence Square West
Philadelphia PA 19106
215.238.8700 *tel*    215.238.8710 *fax*

DUFFY & KEENAN

Dennis P. McCooe
November 13, 2007
Page 2

If you have any questions or would like to discuss this matter, please feel free to contact me.

Sincerely,

Patrick J. Keenan

cc:      Frederick A. Tecce, Esquire

# Exhibit I

*Microsoft*

## Reach the Net Generation by the Millions on Facebook

Facebook provides the ideal medium to advertise to a naturally viral environment of collegiate and high-school students as well as company employees. The leading online social directory, Facebook offers users an interactive format to build personal profiles, blogs, share interests and photos, and connect with others users. Microsoft is the exclusive provider of banner advertising on Facebook.



### Facebook Site Profile

- 6th most trafficked site in the U.S.[1]
- 2nd most trafficked social networking site[1]
- 17 million registered users in 40,000+ geographic, work-related, collegiate, and high school networks[2]
- 530% growth in one year

### Facebook Audience

Among male and female users ages 18-24, Facebook topped the list of favorite sites in Youth Trends' most recent quarterly survey, and it is now the first choice of nearly 70% of females

- 55% female / 45% male[1]
- 35% ages 18-24[1]
- 80% have purchased online in the past 6 months[1]





**Top 10 Web Sites Among US Females Ages 17-25, 2007**
(% of Respondents)

| | |
|---|---|
| facebook | 69% |
| myspace.com | 38% |
| YouTube | 22% |
| Google | 13% |
| CNN | 10% |
| The New York Times | 8% |
| AOL | 8% |
| msn | 8% |
| Pink is the New Blog | 7% |
| WWTDD | 7% |

Note: Respondents named three favorite sites on an unaided basis
Source: Youth Trends, February 2007; eMarketer, 2007

**Top 10 Web Sites Among US Males Ages 17-25, 2007**
(% of Respondents)

| | |
|---|---|
| facebook | 56% |
| YouTube | 19% |
| YAHOO! | 17% |
| Google | 17% |
| ESPN | 16% |
| myspace.com | 14% |
| CNN | 8% |
| CNN | 8% |
| amazon.com | 6% |
| CNET | 6% |

Note: Respondents named three favorite sites on an unaided basis
Source: Youth Trends, February 2007; eMarketer, 2007



**Microsoft Digital Advertising Solutions**

 msn · Windows Live · XBOX · Office

advertising.microsoft.com

## Audience Engagement

This technology-driven culture considers time spent on Facebook integral to their lifestyles and a vital way to participate in the media they consume. Facebook users take an active interest in seeking out specific content, allowing you to engage them with a meaningful message at the moment of interest.

- Accessed by 2,200 college campuses[1]
- 60 page views per day per unique user[1]
- 18.9 average minutes a day spent on Facebook per unique user[1]
- 150.4 minutes per month spent on Facebook per unique user[2]
- 40% of registered users log on daily[2]
- 85% of registered users log in monthly[2]

## Benefits

Microsoft delivers innovative ad technologies to help you connect with your target audience in a relevant way and reach your marketing goals. The massive Facebook population can be targeted by age, gender, and DMA.

- Reach an engaged, emotive audience
- Grow your online presence with the elusive 18-24 year old audience
- Communicate with the highest composition of 18-24 year olds on the Web

Source: [1] ComScore Media Metrix January 2006
[2] Internal Facebook Site Data
[3] eMarketer, 2007

## Product Types & Specifications



| Product type | Dimensions | Accepted file formats | Targeting |
|---|---|---|---|
| Banner | 728 × 90 | DHTML, Flash, GIF, HTML, Javascript/jscript, JPEG | Age, DMA, Gender, BT |
| Skyscraper | 120 × 600 | DHTML, Flash, GIF, HTML, Javascript/jscript, JPEG | Age, DMA, Gender, BT |





**facebook**

**Microsoft** Digital Advertising Solutions

  

advertising.microsoft.com