IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CROSS ATLANTIC CAPITAL PARTNERS, INC., | **CIVIL ACTION** |
| Plaintiff, | **NO. 07-CV- 02768-JP** |
| v. | |
| FACEBOOK, INC. and THEFACEBOOK, LLC, | **JURY TRIAL DEMANDED** |
| Defendants. | |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

**I.      INTRODUCTION**

The Motion to Compel filed by plaintiff Cross-Atlantic Capital Partners, Inc. ("XACP") should be denied in its entirety. XACP has failed to file a certification under Local Rule 26.1(f) that it made reasonable efforts to resolve the alleged disputes set forth in its motion prior to filing. This was not a mere omission or oversight. No certification could have been filed because, as explained in detail below, XACP did not engage in a meaningful meet and confer process on the matters raised in its motion. Rather, XACP filed the instant motion based on several clear misrepresentations. For example:

a.      Facebook agreed in writing to supplement the interrogatory responses that are the subject of its motion by December 10 – almost two weeks before XACP filed its motion. XACP's claim that Facebook "refused" to supplement is false. XACP already has the additional information it purportedly seeks.

b.      Facebook also agreed to produce responsive documents before the filing of this motion. Again, XACP falsely claims in its motion that Facebook refused to produce.

c.      Facebook agreed to multiple forms of production of electronically stored information before the filing of XACP's motion, all of which comply with Federal Rule of Civil

Procedure 34. In fact, Facebook agreed to make a fully searchable computer database of native files available for XACP's inspection at counsel's office. XACP committed to test that database, but never showed up. Days later and without any explanation or warning, XACP filed its motion to compel, making no mention of Facebook's offer or XACP's acceptance. In its motion, XACP falsely claims Facebook refuses to agree to a compliant form of production.

Simply put, this motion came as a surprise to Facebook. Even after XACP filed its motion, Facebook provided a detailed explanation of why the majority of XACP's motion is moot and why negotiation on the remaining issues had not run its course. Nevertheless, XACP refused to withdraw or even narrow its motion. Accordingly, because XACP did not comply with Local Rule 26.1(f), and because the issues it has raised are either moot or unripe, this motion should be summarily denied.

## II. FACTS

### A. Background

Plaintiff Cross Atlantic Capital Partners, Inc. ("XACP") filed the instant action for patent infringement against Defendants Facebook, Inc. and Thefacebook, LLC (collectively "Facebook") on July 3, 2007. Facebook filed its Answer and Counterclaims for a declaration of non-infringement and invalidity on September 4, 2007. On September 17, 2007, XACP served on Facebook its First Set of Interrogatories, as well as its First Request For Production of Documents and Things. On October 17, 2007, Facebook timely served its responses to both sets of requests.

XACP's version of the events leading up to this motion is inaccurate and omits numerous relevant communications. Tellingly, XACP did not attach a single communication from Facebook to its motion. As demonstrated by the full record of the communication between the parties, as set forth below, Facebook has made every effort to comply with all reasonable requests by XACP. Indeed, the majority of the issues raised by XACP were moot even before XACP's motion was filed, as Facebook had agreed to XACP's demands. The few remaining

issues have not been resolved because XACP filed the instant motion without attempting to resolve the dispute as required by Local Rule 26.1(f), and without any prior notice to Facebook. Had they met and conferred, this entire motion would likely have been moot.

### B. This Motion is Moot With Respect to Facebook Interrogatories and Documents Responsive to Request Numbers 23, 24, 38 and 56

As reflected in the correspondence between the parties, Facebook agreed to supplement its responses to all of the interrogatories, and the vast majority of the document requests, that are the subject of XACP's motion – and it made those commitments almost two weeks prior to XACP's filing of the instant motion. XACP's statement that Facebook refused to supplement its response is patently false, as the record clearly demonstrates.

On November 8, 2007, XACP sent a letter to Facebook requesting that it supplement its responses to XACP Interrogatory Nos. 3, 5 & 11 and to confirm that it will produce documents responsive to Document Request Nos. 18, 23, 24, 38, 55-57 – the same requests that are the subject of the instant motion. Declaration of Mark Weinstein ("Weinstein Decl."), Ex. A. Less than a week later, Facebook agreed in writing to supplement its responses to XACP Interrogatory Nos. 3, 5, and 11 and to produce documents responsive to Document Request Nos. 23, 24, 55 and 56. Weinstein Decl., Ex. B. Facebook further agreed to serve its supplementation of its interrogatories by December 10, 2007, which Facebook did. Declaration of Heidi L. Keefe ("Keefe Decl.") at ¶ 5. Thus, XACP's claim in its motion that "defendants have refused to supplement their interrogatory responses as required by Rule 26(e)(2)," Motion at 8, is patently untrue.

With respect to Document Request No. 38 which seeks Facebook's tax returns, Facebook indicated that it would not produce its tax returns, but agreed to produce other documents that would reveal the same underlying financial information. With respect to Document Request Nos. 18 and 57, Facebook indicated that it would not produce its source code. Weinstein Decl., Ex. B. Facebook later clarified that it would produce other documents responsive to those requests, but not its source code. Weinstein Decl., Ex. C.

### C. Production Of Electronically Stored Information

Facebook also agreed to produce its electronically stored information in a form that complies with Fed. R. Civ. P. 34 (and in fact produced over 100,000 pages) a week before XACP filed the instant motion. Weinstein Decl., Ex. B. In fact, as explained below, Facebook made multiple proposals for production that would comply with Fed. R. Civ.P. 34, all of which were unreasonably rejected by XACP. McCooe Decl. at ¶ 8. Rather than accept any reasonable proposal, XACP insists that Facebook provide its entire production to XACP in native format, which it neither needs nor can justify. Weinstein Decl., Ex. E; McCooe Decl., Ex. D.

XACP has also refused to engage in a meaningful meet and confer concerning the scope of Facebook production. Due to the extraordinary breadth of XACP's document requests, Facebook has collected over 200 gigabytes of data containing well over a million separate documents (which likely amounts to tens-of-millions of pages).[1] To ease the burden on both parties, Facebook suggested the parties work out and formulate a list of search terms acceptable to XACP that would yield the greatest number of truly relevant documents, without burdening the parties with the millions of pages of marginally responsive yet completely irrelevant documents. McCooe Decl. at ¶¶ 4, 7. With such narrowing, Facebook would not be forced to needlessly review tens-of-millions of pages of documents for privilege, responsiveness and confidentiality levels, and XACP would not have to wade through a huge production of unimportant documents. XACP has repeatedly refused to engage in a constructive meet and confer on this issue.

Weeks before the filing of this motion, Facebook also sought to reach an agreement on the form of production, as none was designated in XACP's original requests pursuant to Fed. R. Civ. P. 34(b). McCooe Decl. at ¶¶ 2, 4, 8. Facebook explained that native production of electronically stored information in the manner suggested by XACP was not feasible. Among other problems, individual pages of native documents cannot be bates labeled

---

[1] Because documents vary widely in number of pages, an accurate page estimation is not feasible.

or designated for confidentiality. For this reason, TIFF image files are used when documents are actually provided to the other side. Native files are converted to TIFF image files, which permits each page to be individually labeled and designated.

In an attempt to accommodate XACP's request for native production, Facebook offered to set up a computer with a fully searchable database of native documents at its counsel's office for XACP to review. McCooe Decl. at ¶ 8, Ex. F. XACP would be permitted as much time as it needed to electronically flag each native document it wanted to have produced. *Id*. Facebook would then print (or convert to TIFF) those documents, bates label and designate them for confidentiality, and provide them to XACP. *Id*. In the alternative, if XACP wanted possession of all of the documents, Facebook offered to produce all documents in TIFF format and to make them searchable at XACP's option and expense.[2] McCooe Decl. at ¶ 8. As a further alternative, Facebook offered to produce all documents in TIFF format and to categorize them according to XACP's document requests. McCooe Decl. at ¶ 8, Ex. F. XACP agreed to take these options under consideration and, later that day, informed Facebook that it was "agreeable to examining and testing the database in your office prior to next Wednesday November 21st." McCooe Decl. at ¶ 8, Ex. G.

In the absence of a firm agreement as to the form of production going forward, on November 16, 2007, Facebook delivered to XACP over 100,000 pages of documents in TIFF format as previously promised. McCooe Decl., Ex. H. On November 19, 2007, Facebook informed XACP that the searchable database would be available for inspection in Facebook's counsel's office in California beginning on November 21, 2007 and an identical database could be made available at Facebook's Philadelphia counsel's office the following week. McCooe

---

[2] Although not obligated to do so, Facebook agreed to pay to convert the native files to TIFF format, a significant cost. However, there is an additional cost of approximately $0.05 per page to "OCR" TIFF images, a process that makes them text searchable. This is a significant expense when large volumes of documents are at issue. Facebook is not obligated to incur either of these costs, because it has offered to make the documents available for inspection in compliance with Fed.R.Civ.P. 34.

Decl., Ex. I. Facebook prepared and set up the searchable database in its Palo Alto, California office. Keefe Decl. at ¶ 2. However, Facebook never received a further response from XACP. Keefe Decl. at ¶ 3. Instead, XACP filed the instant motion over the Thanksgiving holiday weekend with no prior notice to Facebook, without completing the meet and confer process and without filing the certification required by Local Rule 26.1(f).

### D. Post Motion Correspondence

Given the correspondence between the parties, Facebook was surprised to learn that XACP had filed the instant motion to compel. XACP moved on issues that had already been resolved, and failed to complete the meet and confer process on the remaining issues. Facebook had agreed to almost all of XACP's demands with regard to supplementation of its interrogatory responses. Facebook had agreed to provide almost all categories of documents provided. Facebook had made available to XACP numerous options as to the form of Facebook's document production, any of which comply with the requirements of Fed.R.Civ.P. 34.

Accordingly, on November 27, 2007 Facebook sent a detailed letter to XACP asking it to withdraw its motion. This letter detailed how the majority of the issues raised in XACP's motion had either been resolved or were in the process of being resolved. Weinstein Decl., Ex. C. Facebook also noted XACP's failure to comply with Local Rule 26.1(f). *Id*. Facebook received no response to this letter. Weinstein Decl., ¶ 3. On December 4, 2007, while meeting and conferring on the inadequacies of XACP's discovery responses, counsel for Facebook asked XACP whether it intended to withdraw its premature motion to compel. Weinstein Decl., ¶ 3. XACP agreed to discuss the issue on the following day. Weinstein Decl., ¶ 3. On December 6, 2007, the parties had a telephone conference wherein Facebook once again detailed how XACP's motion was premature and raised many issues that had already been resolved. Weinstein Decl., ¶ 4, Ex. E. XACP said it would take Facebook's position under advisement, but did not agree to withdraw it motion. *Id*. On December 7, XACP advised

Facebook by email that it would not withdraw its motion, making this opposition necessary. Weinstein Decl., Ex. E.

**III. ARGUMENT**

    **A. XACP's Motion Should Be Summarily Denied For Failure to Comply With Civil Local Rule 26.1(f)**

Eastern District of Pennsylvania Local Rule 26.1(f) states:

> No motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute.

No such certification was filed by XACP as required by Local Rule 26.1(f), nor could XACP have filed one. As detailed above, XACP failed to make a reasonable effort to meet and confer before filing its motion. The majority of the issues raised in XACP's motion were resolved weeks before this motion was filed. The parties were also in the midst of resolving the dispute over the form of Facebook's production of electronically stored information when Facebook was blindsided by this motion. XACP committed to "examining and testing" the searchable database that Facebook had made available, just days before filing this motion. XACP never followed through with that commitment, and filed this improper motion instead.

Courts in this district have held that a certification under Rule 26.1(f) is "an absolute prerequisite to filing a Motion to Compel," and have repeatedly denied motions where such a certification has not been filed. *Secureinfo Corp. v. Bukstel*, No. Civ.A. 03-CV-679, 2003 WL 23112409, at *3 (E.D. Pa. 2003) (denying motion to compel for failure to file certification under Local Rule 26.1(f)); *Evans v. American Honda Motors Co., Inc.*, No. Civ.A 00CV2061, 2003 WL 22844186, at *1 (E.D. Pa. 2003) (same); *Disantis v. Kool Vent Aluminum Products., Inc.*, No. Civ. A. 97-5434, 1998 WL 472753, at *1 (E.D. Pa. 1998) (same); *Crown Cork & Seal Co., Inc. v. Chemed Corp.*, 101 F.R.D. 105 (E.D. Pa. 1984) (same). As the Court noted in *Evans*, "Local Rule 26.1(f) imposes a substantial obligation on counsel to resolve discovery problems before bringing them to the attention of the court." *Id.* (quotation omitted; citation omitted).

"We therefore cautioned that before bringing a discovery dispute to the Court's attention, '[t]here must exist such serious differences between counsel that further efforts of negotiation are pointless.'" *Id.* (quoting *Disantis*, 1998 WL 472753, at *1). This Court has further held "the duty prescribed by Local Rule [26.1(f)] is a professional obligation which counsel owe to this court." *Id.* (quoting *Crown Cork & Seal Co.*, 101 F.R.D. at 107). XACP did not comply with this obligation before it filed the instant motion.

Facebook is at a loss to understand why XACP's motion addresses issues that had already been resolved. It is even more puzzling why XACP has refused to withdraw or narrow its motion now that those resolutions, as well as its failure to comply with Local Rule 26.1(f), have been brought to its attention. XACP's motion should be summarily denied for failure to satisfy Local Rule 26.1(f) or comply with the requirements of the Federal Rules.

### B. XACP's Discussion Of The Protective Order Issue Is A Red Herring

XACP dedicates a substantial portion of its motion to addressing the parties' negotiation of a protective order. Facebook is not withholding any documents based on the lack of a final protective order. The parties have an interim agreement to treat everything produced as outside counsel's eyes only until a formal protective order is worked out and entered. Indeed, Facebook has already produced more than 100,000 pages of documents based on this interim agreement. Accordingly, XACP's discussion of the protective order is irrelevant to this motion.

### C. XACP's Motion Concerning Interrogatory Nos. 3, 5, and 11 and Document Request Nos. 23 and 24 is Moot.

Facebook has already supplemented its responses to Interrogatory Nos. 3, 5, and 11 and produced documents responsive to Document Requests Nos. 23 and 24. Keefe Decl., ¶ 5. Accordingly, XACP's motion on these discovery requests is moot.

XACP claims in its motion that "defendants have refused to supplement their interrogatory responses as required by Rule 26(e)(2)." Motion at 8. This statement is false. Facebook agreed in writing to supplement its discovery responses on November 14, nearly two weeks before this motion was filed. Weinstein Decl., Ex. B.

### D. XACP's Motion Concerning Document Request Nos. 55 and 56 is Moot.

XACP's motion claims that Facebook has also refused to produce documents responsive to Document Request Nos. 56 and 57. Motion at 9. This statement is also false. Facebook committed in writing on November 14 to produce documents responsive to these requests. Weinstein Decl., Ex. B. Facebook then produced documents responsive to these requests on November 16. McCooe Decl., Ex. H. Nevertheless, XACP inexplicably included these document requests in its motion to compel. There is no dispute concerning Request Nos. 55 and 56.

### E. XACP's Motion Concerning Document Request Nos. 18, 38 and 57 Should Be Denied.

#### 1. Facebook Has Agreed to Produce Documents Responsive to Document Request Nos. 18 and 57.

Facebook has agreed to produce documents responsive to XACP Document Request Nos. 18 and 57. Weinstein Decl., Ex. C. Therefore, to the extent that these requests call for documents there is no dispute.

The only materials that Facebook did not agree to produce in response to these requests is its source code. Source code is extremely sensitive to any company, but even more so to a company such as Facebook whose entire business is upon its software. The unauthorized disclosure of its source code could have ruinous effects on the company. XACP has provided no valid explanation for how the source code it is requesting is necessary for the current matter, especially given that the same information contained therein can be obtained from publicly available sources (*e.g.* www.facebook.com), or other materials being produced by Facebook.

In particular, during the initial case management conference held on September 26, 2007, XACP represented to the Court that it was able to prove its case by reference solely to the Facebook website. Keefe Decl., ¶ 6. XACP now asserts that it needs Facebook's source code to substantiate those claims. There are several reasons why this position must be rejected.

Federal Circuit law is clear that a plaintiff asserting patent infringement must have a Rule 11 basis as to every individual patent claim it asserts. *See, e.g., Antonious v. Spalding &*

*Evenflo Companies, Inc.*, 275 F.3d 1066, 1075 (Fed. Cir. 2002); *see* Fed. R. Civ. P. 26(g) (applying Rule 11 standards to discovery responses). A plaintiff may not, therefore, simply assert claims based on pure conjecture and then conduct a fishing expedition to attempt to substantiate those claims. In this case, XACP is doing exactly that, attempting to require Facebook to produce its source code in hopes that these highly sensitive materials will somehow support its claims. Second, even if XACP were able to make a showing substantiating a Rule 11 basis for asserting particular claims, it would then be required to provide an analysis demonstrating that source code is actually necessary to proving infringement of those particular claims. XACP has done neither and, therefore, Facebook has refused to produce its extremely valuable and sensitive source code.

Finally, even if XACP is able to make the requisite showing that would necessitate the production of source code, any such production must be afforded the protection of a specific source code protective order with at least the safeguards contained in the sample Source Code Protective Order attached as Exhibit K to the Declaration of Mark Weinstein.[3]

### 2. XACP Has Made No Showing Of A Compelling Need For Tax Documents (XACP Document Request No. 38)

Request No. 38 requests that Facebook produce "All state and federal tax returns for Facebook for the years 2004 to the present." XACP's motion to compel Facebook's tax returns should be denied.

The Third Circuit has noted that "[p]ublic policy favors the nondisclosure of income tax returns." *Sherif v. AstraZeneca, L.P.*, No. CIV. A. 00-3285, 2001 WL 527807 at *2 (E.D. Pa. 2001) (quoting *DeMasi v. Weiss*, 669 F.2d 114, 119 (3d Cir. 1982)). "Whether tax returns are discoverable is determined by a two-part balancing test: (1) the returns must be relevant to the subject matter of the action; and (2) there must be a compelling need for the

---

[3] Facebook requests that should the Court decide to order production of source code, it do so only after entering the attached Source Code Protective Order.

returns because the information contained therein is not otherwise readily obtainable." *Id.* No such showing has been made by XACP.

Before the filing of this motion, Facebook identified the above-referenced case law to XACP and asked XACP to explain why it has a compelling need for Facebook's highly sensitive tax documents. Weinstein Decl., Ex. B. XACP did not respond. In its motion, XACP makes no attempt to show a compelling need for these materials beyond the conclusory statement that "Facebook's tax returns are relevant to determining plaintiff's recoverable damages," nor could XACP make such a showing. Facebook had already agreed to produce financial documents that contain the same underlying information that could be found in its tax returns. Because XACP has failed to make the showing required by the relevant case law, its motion to compel Facebook's tax returns should be denied.

### F. Facebook's Production Of Electronically Stored Information

To date Facebook has made several proposals concerning the form of its production of electronically stored information, all of which are sufficient to meet Facebook's obligations under the Federal Rules. Fed.R.Civ.P. 34(b)(2)(E) states in relevant part:

> Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information:
>
> (i) A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request;
>
> (ii) If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms . . .

Facebook made several proposals that comply with this rule. Facebook offered to produce documents in TIFF image format at its own expense, and to make those images text-searchable at XACP's expense. As an alternative, Facebook offered to produce documents in TIFF image format and to categorize them according to XACP's Document Requests. Finally,

Facebook offered to make available for inspection a searchable database of native files[4] that XACP could be flagged and Facebook would then label, designate and produce to XACP. All of these proposals comply with Fed.R.Civ.P. 34(b)(2)(E) and all have been rejected by XACP.

Accordingly, because Facebook has offered multiple options to XACP, all of which are in compliance with the Federal Rules, Facebook respectfully requests that the Court deny XACP's motion and permit Facebook to make its production in the form of one of the above proposals, at Facebook's option.

## IV.     CONCLUSION

For the foregoing reasons, Defendant Facebook respectfully requests that this Court deny Plaintiff's Motion to Compel.

Dated: December 13, 2007         By:      /s/ Heidi L. Keefe

    Heidi L. Keefe
    Mark R. Weinstein
    Sam O'Rourke
    WHITE & CASE LLP
    3000 El Camino Real
    5 Palo Alto Square, 9th Floor
    Palo Alto, CA  94306

    Alfred W. Zaher
    Dennis P. McCooe
    BLANK ROME LLP
    130 N 18th St
    Philadelphia, PA 19103

    Attorneys for FACEBOOK, INC. and
     THEFACEBOOK, LLC

---

[4]     XACP's requests did not specify a form of production for Facebook's electronically stored information. Therefore, Facebook is entitled to produce that information in a reasonably usable form pursuant to Fed.R.Civ.P. 34(b)(2)(E)(ii). Nevertheless, in an effort to accommodate XACP, Facebook agreed to make native files available for inspection.

**CERTIFICATE OF SERVICE**

This is to hereby certify that on this 13th day of December, 2007, I caused a true and correct copy of the foregoing documents: Defendant's Opposition to Plaintiff's Motion to Compel, Declaration of Heidi L. Keefe, Declaration of Mark R. Weinstein, Declaration of Dennis P. McCooe and [Proposed] Order to be served via this Court's Electronic Filing ("ECF") System, upon the following:

>Frederick A. Tecce, Esq.
>McShea/Tecce, P.C.
>The Bell Atlantic Tower – 28th Floor
>1717 Arch Street
>Philadelphia, PA  19103
>ftecce@mcshea-tecce.com
>
>Thomas J. Duffy, Esq.
>Patrick J. Keenan, Esq.
>Duffy & Keenan
>The Curtis Center, Suite 1150
>Independence Square West
>Philadelphia, PA  19106
>pjk@duffykeenan.com
>
>Counsel for plaintiff
>Cross Atlantic Capital Partners, Inc.

      /s/ Heidi L. Keefe
      Heidi L. Keefe