# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CROSS ATLANTIC CAPITAL PARTNERS, INC., | **CIVIL ACTION** |
| Plaintiff, | **NO. 07-CV- 02768-JP** |
| v. | **JURY TRIAL DEMANDED** |
| FACEBOOK, INC. and THEFACEBOOK, LLC, | |
| Defendants. | |

## DECLARATION OF MARK R. WEINSTEIN IN SUPPORT OF FACEBOOK'S OPPOSITION TO CROSS ATLANTIC'S MOTION TO COMPEL

I, Mark R. Weinstein, declare:

1.      I am an attorney with White & Case LLP, counsel of record in this action for defendants Facebook, Inc. and Thefacebook, LLC (collectively "Facebook"). I make this declaration in support of Facebook's Opposition to Cross Atlantic Capital Partners, Inc.'s ("XACP") Motion to Compel Full and Complete Interrogatory Responses and Documents. I have personal knowledge of the facts contained within this declaration, and if called as a witness, could testify competently to the matters contained herein.

2.      On November 27, 2007, I sent a letter to Frederick Tecce, counsel for XACP asking XACP to withdraw it motion to compel. Attached hereto as Exhibit C is a true and correct copy of that letter.

3.      On December 4, 2007, I had a telephonic conference with Mr. Tecce to discuss Facebook's issues concerning XACP's discovery responses. During that conference, I mentioned to Mr. Tecce that I had never received a response to my letter of November 27, 2007

and asked him whether XACP intended to withdraw its motion to compel. Mr. Tecce agreed to discuss the issue the following day.

4. On December 6, 2007, I spoke with Mr. Tecce about XACP's motion to compel and told him that it was premature and that it raised issues that the parties had already resolved. Mr. Tecce said he was not inclined to withdraw XACP's motion, but said he would take Facebook's position under advisement.

5. I confirmed my conversation with Mr. Tecce by email dated December 6, 2007. On December 7, 2007, I received a reply to my email from Mr. Tecce, wherein XACP declined to withdraw its motion. Attached hereto as Exhibit E is a true and correct copy of the above-referenced email exchange.

6. Attached hereto as Exhibit A is a true and correct copy of a letter dated November 8, 2007, received by Heidi Keefe, counsel for Facebook, from Patrick Keenan, counsel for XACP.

7. Attached hereto as Exhibit B is a true and correct copy of a letter dated November 14, 2007, sent by me to Patrick Keenan.

8. Attached hereto as Exhibit K is the proposed Source Code Protective Order referenced in Facebook's opposition.

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 13, 2007, at Palo Alto, California.


Dated: December 13, 2007

_/s/ Mark R. Weinstein_
Mark R. Weinstein

EXHIBIT A

# DUFFY & KEENAN
### Attorneys at Law

PATRICK J. KEENAN
DIRECT DIAL 215.238.8707

November 8, 2007

***Via Facsimile and Regular Mail***

Heidi L. Keefe, Esquire
White & Case
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, CA  94306

RE:   **Cross Atlantic Capital Partners, Inc. v. Facebook, Inc. and Thefacebook, LLC**
      **U.S.D.C., E.D.Pa. 2:07-cv-02768-JP**

Dear Ms. Keefe:

As a follow up to my letter dated October 30, 2007, to which you have not responded, this is to bring to your attention at least two other deficiencies in your clients' discovery responses.

First, in response Plaintiff's First Set of Interrogatories Nos. 3, 5 and 11, you have asserted several baseless objections and claimed that your clients cannot respond until plaintiff has produced its claim construction and infringement contentions.  At the Court's Scheduling Conference on September 24, 2007, you were given an explanation of plaintiff's infringement contentions and a written summary of those contentions.  On October 17, 2007, plaintiff served your clients with an interrogatory answer that detailed its infringement contentions including where each element of the asserted claims could be found on Facebook's website.  On October 26, 2007, plaintiff served your clients with its proposed claim construction in accordance with the Court's Scheduling Order.  Fed. R. Civ. 26(e) requires supplementation of discovery responses.  Since your clients have had ample information and time to answer Interrogatories Nos. 3, 5 and 11, please confirm by Monday that your clients will be promptly providing supplemental answers to these Interrogatories.

Second, in response to Plaintiff's First Request for Production of Documents and Things Nos. 18, 38, 55, 56 and 57, you asserted baseless grounds for your clients' complete refusal to produce the requested documentation.  In Request No. 18, you have been requested to produce the source code for Facebook's website and groups application.  "[D]iscovery requests may be deemed relevant if there is any possibility that the information may be relevant to the general subject matter of the action." *Caruso v. The Coleman Company*, 157 F.R.D. 344, 347 (E.D. Pa. 1994).  Certainly, Facebook's source code is relevant to the determination of whether Facebook infringes the asserted claims.  In Request No. 38, you have indicated that Facebook will not produce its tax returns. Corporate tax returns are discoverable if relevant. *Flaherty v. M.A. Bruder & Sons, Inc.*, 202 F.R.D. 137 (E.D. Pa. 2001); *Barbine v. Keystone Quality Transp*, 2004 U.S. Dist. LEXIS 11840 (E.D. Pa. June 7, 2004); *Packer v. Hansen*, 1999 U.S. Dist. LEXIS 17618 (E.D. Pa. Nov. 12, 1999). Facebook's tax returns are relevant to determining plaintiff's recoverable damages.

## DUFFY&KEENAN

Heidi L. Keefe
November 8, 2007
Page 2

In Request No. 55, Facebook was requested to produce documents in the ConnectU case. Sworn testimony, verified discovery responses and verified statements made by Facebook in that action relating to the conception, design and implementation of the Facebook website are certainly relevant to the issues of infringement and validity in this action. Your assertion of confidentiality relating to the pleadings, discovery and testimony provided *by Facebook* in that action is frivolous and not a good faith objection. Request No. 56 seeks documents relating to Facebook's relationship with Microsoft. These documents are relevant for at least two reasons. First, Microsoft is a source of revenue for the accused Facebook website, which is relevant to plaintiff's determination of damages. Second, Facebook and Microsoft have an advertising partnership relating to the Facebook website, and the manner in which that advertising is done is relevant to the asserted claims including, but not limited to, claims 6, 8, 14, 16, 22, 24, 30 and 32. For the same reason, your refusal to produce documents responsive to Request No. 57, relating to targeted advertising, is also baseless.

In response to Requests Nos. 23 and 24, you have asserted several baseless objections and claimed that your clients cannot respond until plaintiff has produced its claim construction and infringement contentions. For the reasons discussed before, this objection is baseless since plaintiff has provided this information. Therefore, please confirm by Monday that your clients will be promptly providing the documents requested in Plaintiff's First Request for Production of Documents and Things Nos. 18, 23, 24, 38, 55, 56 and 57.

Please feel free to contact me with any questions.

Sincerely,

PATRICK J. KEENAN

PJK/mk

Cc:    Frederick A. Tecce, Esquire

# DUFFY & KEENAN

Attorneys at Law
The Curtis Center, Suite 1150
Independence Square West
Philadelphia, PA 19106
215.238.8700 tel   215.238.8710 fax

# FAX

| DATE: | November 8, 2007 | PAGES: | 3 |
|---|---|---|---|
| TO: | Heidi L. Keefe<br>Frederick A. Tecce | FROM: | Patrick J. Keenan |
| FAX: | 650-213-8158<br>215-599-0888 | PHONE: | 215-238-8707 |
| RE: | Cross Atlantic Capital Partners v. Facebook, Inc. | | |
| NOTE: | PLEASE ADVISE IF ALL PAGES AS SPECIFIED ABOVE ARE NOT RECEIVED. | | |
| FILE #: | | | |

MESSAGE:

NOTICE: The information contained in this telefacsimile is transmitted by an attorney. It is privileged and/or confidential, and it is intended only for the use of the individual or entity to whom it is addressed. If the reader of this message is not the intended recipient, you are hereby notified that any consideration, dissemination, distribution, duplication and/or copying of this communication and/or the information contained in it is strictly prohibited. If this communication has been received in error, please contact the sender immediately by telephone at 215-238-8700 (call collect if necessary) and return the original communication to the address below via the U.S. Postal Service. We will reimburse you for postage. Thank you.

# EXHIBIT B

White & Case LLP
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, California 94306

Tel   + 1 650 213 0300
Fax  + 1 650 213 8158
www.whitecase.com

Direct Dial + 650.213.0308      Direct Facsimile + 650.213.8158      mweinstein@whitecase.com

November 14, 2007

<u>VIA E-MAIL AND FIRST CLASS MAIL</u>

Patrick J. Keenan
Duffy & Keenan
The Curtis Center, Suite 1150
Independence Square West
Philadelphia, PA 19106

<u>RE:  Cross Atlantic Capital Partners, Inc. v. Facebook</u>

Dear Mr. Keenan:

I write in response to your letter of November 8:

**<u>Interrogatory Nos. 3, 5 and 11</u>**

Facebook has already agreed to provide supplemental responses to these interrogatories once it has had a reasonable opportunity to consider Plaintiff's disclosures and responses to discovery requests concerning the '629 Patent, the identity of the claims Plaintiff is asserting, the nature of the alleged infringement of the '629 Patent, the construction of the asserted claims of the '629 Patent Plaintiff is proposing, and the invention and priority dates of the '629 Patent upon which Plaintiff is relying.

To date, you have only provided adequate information on the identity of claims you are asserting and your proposed claim construction.  As detailed in my letter to Mr. Tecce of November 7, your response to Facebook interrogatories requesting your infringement contentions, and the invention and priority dates of the '629 Patent, are clearly inadequate.  Your refusal to provide adequate discovery responses, coupled with your baseless assertion of all 32 claims of the patent makes it virtually impossible for Facebook to provide you with supplemental responses.

As you know, the purported priority date is necessary to determining the universe of prior art. We have served interrogatories and numerous requests for admission concerning the priority and invention date of the '629 Patent.  Your responses to those discovery requests are inconsistent and cannot be reconciled.  Your November 12 response to my letter of November 7 only serves to make your position even more ambiguous.  As I explained in my letter, Facebook Request for Admission Nos. 28 through 32 asked XACP to admit that the alleged invention of the '629

ALMATY  ANKARA  BANGKOK  BEIJING  BERLIN  BRATISLAVA  BRUSSELS  BUDAPEST  DRESDEN  DÜSSELDORF  FRANKFURT  HAMBURG
HELSINKI  HONG KONG  ISTANBUL  JOHANNESBURG  LONDON  LOS ANGELES  MEXICO CITY  MIAMI  MILAN  MOSCOW  MUNICH
NEW YORK  PALO ALTO  PARIS  PRAGUE  RIYADH  SÃO PAULO  SHANGHAI  SINGAPORE  STOCKHOLM  TOKYO  WARSAW  WASHINGTON, DC

PALOALTO 84790 (2K)

patent was not conceived prior to certain dates in 1996-1997. XACP responded with an unqualified denial and did not, as it did with its responses to other Facebook RFAs, assert that it lacked information to admit or deny the request. In your November 12 letter, you claim that XACP has no information other than what is available in the public record. If that assertion is true, you should amend your responses to Facebook's requests for admission to withdraw your unqualified denials.

Your discovery response concerning your basis for asserting every claim of the '629 patent is also inadequate, as detailed in my letter of November 7. Your infringement contentions for claims 2, 4, 5, 6, 7, 8, 9, 10, 12, 13, 14, 15, 16, 18, 20, 21, 22, 23, 24, 25, 26, 28, 29, 30, 31 and 32 demonstrate that you have no basis to assert these claims. It appears that you chose to assert all claims of the patent in order to circumvent the Court's instruction that XACP would not be permitted to supplement its discovery responses to assert additional claims unless it can show good cause. A plaintiff asserting patent infringement must have a Rule 11 basis as to every individual patent claim it asserts. *See, e.g., Antonious v. Spalding & Evenflo Companies, Inc.*, 275 F.3d 1066, 1075 (Fed. Cir. 2002); see Fed. R. Civ. P. 26(g) (applying Rule 11 standards to discovery responses). In your letter of November 12, you indicate that you are not withholding any information. This amounts to an admission that you have no Rule 11 basis to assert the above list of claims.

Despite your refusal to meet your discovery obligations, Facebook is interested in moving this case forward. Accordingly, please confirm that XACP has no information that would allow it to claim a priority date other than the date on the face of the '629 patent. With regard to the asserted claims, because you refuse to narrow the number of claims you are asserting, Facebook is forced to include all claims of the '629 Patent in its invalidity and non-infringement analyses. Because of the substantial amount of time and resources that will have to be dedicated to this effort, Facebook will endeavor to provide supplemental responses to XACP Interrogatory Nos. 3, 5 and 11 by December 10. Facebook reserves its right to supplement these interrogatories due to XACP's refusal to reasonably narrow the scope of this litigation.

## Document Request Nos. 18, 38, 55, 56 and 57

Request No. 18 requests Facebook source code. You have not made any showing or offered any explanation for how Facebook source code has any relevance to this litigation. You have made representations to the court that you are able to make your infringement case out by reference to Facebook's website. Moreover, your responses to Facebook's interrogatories indicate that your infringement contentions are based entirely on the publicly discernible functionality of Facebook's website. Given your lack of showing and the extremely sensitive nature of these materials, Facebook will not produce source code.

Request No. 38 requests Facebook tax returns, which you assert are relevant to determining your alleged damages. Facebook has agreed to produce financial documents indicating its financial condition. You have made no showing of a compelling need for these documents. *See Sherif v. AstraZeneca*, L.P., 2001 WL 527807 at *2 (E.D. Pa.)(holding that tax returns are discoverable

only if (1) the returns are relevant and (2) there is "a compelling need for the returns because the information contained the therein is not otherwise readily obtainable").

With regard to Request Nos. 55 and 56, Facebook will produce responsive documents to the extent they are relevant to this action. Facebook will not produce documents responsive to Request No. 57 as there has been no showing on your part as to how such documents are relevant to this action.

Facebook intends to produce documents in its possession responsive to Request Nos. 23 and 24 that are not subject to privilege or work product protection, and that are not premature in light of the deadlines set forth in the Court's Pretrial Scheduling Order.

Best regards,

Mark R. Weinstein - Partner

MRW:mk

cc:     Alfred Zaher (via e-mail)

EXHIBIT C

W... & Case LLP
3... ...Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, California 94306

Tel  + 1 650 213 0300
Fax + 1 650 213 8158
www.whitecase.com

Direct Dial + 650.213.0308      Direct Facsimile + 650.213.8158      mweinstein@whitecase.com

November 27, 2007

<u>VIA E-MAIL AND FIRST CLASS MAIL</u>

Frederick Tecce
McShea\Tecce, P.C.
The Bell Atlantic Tower – 28th Floor
1717 Arch Street
Philadelphia, PA  19103

RE:  Cross Atlantic Capital Partners, Inc. v. Facebook

Dear Mr. Tecce:

I write to address the motion to compel XACP filed, without prior notice, over the holiday weekend. We were obviously surprised that plaintiff filed a motion to compel because many of the issues addressed in the motion have already been resolved, and the parties were in the process of negotiating the remaining issues. As I am sure you are aware, XACP is required to meet and confer in good faith prior to moving to compel. Because you failed to do so, or to provide the certification required by Local Rule 26.1(f), XACP's motion is ineffective at the outset.

We suggest that the parties complete the process of working through the discovery issues that remain unresolved on both sides before resorting to premature filings that do not reflect the true status of the case. In order to facilitate our discussion, set forth below is a recitation of the status of each discovery issue discussed in XACP's motion.

**<u>Motion to Compel Section III(A) – Interrogatory Nos. 3, 5 and 11 and Document Request Nos. 23 and 24</u>**

XACP's motion claims "defendants have refused to supplement their interrogatory responses as required by Rule 26(e)(2)." Motion at 8. This statement is false. XACP's claim that Facebook refused to produce documents responsive to Request Nos. 23 and 24 is likewise false. In my letter of November 14, 2007, which you failed to include with your moving papers, I stated that Facebook would provide supplemental responses to XACP Interrogatory Nos. 3, 5 and 11 by December 10. I also stated that Facebook intends to produce documents responsive to Request Nos. 23 and 24 on the same date.

ALMATY   ANKARA   BANGKOK   BEIJING   BERLIN   BRATISLAVA   BRUSSELS   BUDAPEST   DRESDEN   DÜSSELDORF   FRANKFURT   HAMBURG
HELSINKI   HONG KONG   ISTANBUL   JOHANNESBURG   LONDON   LOS ANGELES   MEXICO CITY   MIAMI   MILAN   MOSCOW   MUNICH
NEW YORK   PALO ALTO   PARIS   PRAGUE   RIYADH   SÃO PAULO   SHANGHAI   SINGAPORE   STOCKHOLM   TOKYO   WARSAW   WASHINGTON, DC

PALOALTO 84974 (2K)

Facebook agreed to supplement, despite the inadequacy of XACP's infringement contentions, and despite XACP's refusal to provide invention and priority dates in response to several requests that XACP supplement its discovery responses. I noted that supplementation would have been much less burdensome on Facebook had XACP narrowed the number of claims it is asserting to those for which it has a Rule 11 basis, rather than maintaining the baseless assertion of all 32 claims of the patent. Finally, I stated that XACP's positions on the priority and invention dates for the asserted patent were necessary prerequisites for defining the universe of prior art. I further stated that because XACP has now refused to provide those dates on multiple occasions, Facebook will assume that XACP has no basis to claim a conception or invention date prior to the presumptive date on the face of the patent. To date, you have not contradicted that understanding.

In spite of XACP's persistent refusal to comply with its discovery obligations, Facebook still intends to supplement Interrogatory Nos. 3, 5 and 11 on December 10. Facebook will also produce documents responsive to Request Nos. 23 and 24, to the extent they are not subject to privilege or work product protection, and are not premature in light of the deadlines set forth in the Court's Pretrial Scheduling Order. Facebook reserves its right to further supplement these responses once XACP has fulfilled its discovery obligations regarding the above-mentioned outstanding discovery requests.

Accordingly, there is no dispute concerning Interrogatory Nos. 3, 5 and 11 or Document Request Nos. 23 and 24.

## Motion to Compel Section III(B) – Document Request Nos. 18, 38, 55, 56 and 57

XACP's motion claims "Defendants have refused to produce documents and information sought by plaintiff's request for production Nos. 18, 38, 55, 56 and 57." Motion at 9. This statement is also false. In my letter of November 14, 2007, I expressly stated that Facebook will produce documents responsive to Request Nos. 55 and 56 to the extent they are relevant to this action. Indeed, the production Facebook provided on November 16, 2007, contained documents responsive to these requests. Thus, there is no dispute concerning Request Nos. 55 and 56.

With regard to Request No. 38, in my November 14 letter we cited case law establishing that tax returns are discoverable only if (1) the returns are relevant and (2) there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable. *See Sherif v. AstraZeneca, L.P. et. al.*, 2001 WL 527807 at *2 (E.D. Pa. 2001). We also informed you that Facebook would produce documentation of its finances containing the same information that would be found in its tax returns. You never responded to my November 14 letter and you have made no showing as to why Facebook should be required to produce its tax returns. Even in your motion, you provide nothing beyond the statement that "Facebook's tax returns are relevant to determining plaintiff's recoverable damages." This does not explain why the information is "not otherwise readily obtainable," as required by the applicable case law.

With regard to Request Nos. 18 and 57, we are producing responsive documents. However, to the extent these requests call for the production of source code, we will not produce. You made a representation to the Court that your client was able to prove infringement by reference to the

publicly-available Facebook website. Now you claim that production of source code is necessary for plaintiff to support its claims of infringement. You have made no showing that your claims implicate the source code for Facebook Groups. Absent such showing, we will not produce such extremely sensitive documents.

## XACP's Violation of the Parties' Confidentiality Agreement

The most surprising aspect of plaintiff's motion is that it reveals plaintiff's complete disregard of parties' interim confidentiality agreement. The parties clearly agreed to treat all documents as outside attorneys' eyes only until a more formal agreement could be reached. Indeed the motion you signed and filed references that agreement and includes it as Exhibit B. That confirmation states:

> This is to confirm our conversation from earlier today that, pending entry of a protective order, the discovery responses served today will be treated by all parties as ATTORNEYS' EYES ONLY (and therefore not shared with anyone except **outside counsel of record**).

We produced documents and provided written discovery responses based on your representation that plaintiff would abide by this agreement. We served these materials only on the Duffy & Keenan firm for this very reason. Because you are an employee of XACP, and not outside counsel, you are not permitted to view this information. Accordingly, you have breached this agreement.

Please immediately confirm that from this day forward you will abide by the agreement between the parties, and neither you, nor anyone other than outside counsel, will in any way access Facebook information. If you fail to provide these assurances, we will have no choice but to take your violation to the Court.

## Motion to Compel Section III(B) – Form of the Production of Documents

As you know, Plaintiff's First Request for Production did not specify the form for producing electronically stored information. Accordingly, in compliance with its obligations to produce electronic documents in a form that is "reasonably usable," Fed. R. Civ. P. 34(b)(ii), Facebook made its initial production of documents in TIFF. Your accusations notwithstanding, we did not simply take a searchable form of documents and make it unsearchable – we used TIFF formatting as a necessary step to Bates labeling and designating each page of Facebook's production. XACP can make these TIFFs searchable, or we can do it for you at XACP's expense.

As we initially offered by letter dated November 15, 2007, and as we reiterated by letter dated November 19, Facebook will provide XACP with access to a searchable database in Facebook counsel's Philadelphia or California office. Although your letter of Friday, November 16, indicated that you wished to avail yourself of this opportunity, we have heard nothing further from you in this regard. The provision of a searchable database of responsive electronic documents more than satisfies our obligation to produce electronic documents in a format that is

"reasonably usable." Certainly, the offer to make available a searchable database of responsive documents belies the assertions in your motion that Facebook has not met its obligations under the Federal Rules.

A few brief comments are in order regarding your demand for documents in "native" format. Given the limitations of native format for discovery purposes (not the least of which is that the pages cannot be individually Bates labeled or designated when produced in electronic form) and given the lack of any showing by you that the production of electronic documents in their native format is either reasonable at this early stage of the litigation or required under the Rules, we must reject this newfound and wholly improper demand.[1]

Finally, it bears noting that, despite your argument that only native format is acceptable, XACP has produced all of its documents to date in paper format.

We ask that you consider the above-response to the discovery matters raised by your motion. If after the parties meet and confer, we are still unable to resolve the issues in dispute, we will make arrangements with the Court to hold a telephonic conference at which the remaining issues may be discussed.

Best regards,

Mark R. Weinstein

MRW:mk

cc:     Alfred Zaher (via e-mail)

---

[1]     Our offer to allow you access to a native file database in Facebook counsel's office, to which you have not responded, would satisfy your request to review native files. You would be able to search a native file database, select the documents you wish to have produced, and Facebook would be able to bates label and designate those documents for production to you.



EXHIBIT E

**From:** Frederick A. Tecce [mailto:ftecce@mcshea-tecce.com]
**Sent:** Friday, December 07, 2007 8:24 AM
**To:** Weinstein, Mark R.
**Cc:** pjk@duffykeenan.com; tjd@duffykeenan.com; McCooe, Dennis P.; Keefe, Heidi L.; O'Rourke, Sam
**Subject:** RE: FACEBOOK/XACP -- Follow up re Meet-and-Confer and Motion to Compel

Mark:

Thank you for your time yesterday and efforts to resolve the discovery issues between the parties. I apologize for not getting back to you yesterday as promised.

We have reviewed the below and respond to each numbered paragraph.

(1) You're correct that I have absolutely no affiliation with XACP. Please confirm that my office has been served with all discovery and correspondence which defendants previously provided to Duffy & Keenan.

(2) I checked with co-counsel. For the reasons set forth in plaintiff's motion, we believe that defendants must produce the documents as maintained. As such, although we appreciate your effort to make the database available, that's not a workable solution for a number of reasons, not the least of which is, it limits plaintiff's access and ability to search electronically the documents. As such, we do not consider this matter resolved.

(3) For the reasons set forth herein, XACP will not withdraw its motion. However, as indicated, we did agree to continue the time within which defendants must respond. If you would like to take until December 13, 2007 that fine. This will also provide the plaintiff with time to review defendants' anticipated December 10, 2007 supplemental interrogatory responses to determine if the issues are further narrowed. You may advise the court accordingly.

(4) I understood from our conversation that Facebook contends that not a single element of the asserted claims is supported by the original application (U.S. Application No. 09/264,988 filed September 15, 1998). I further understand that Facebook will set forth and verify this position in its supplemental interrogatory responses. As you know, defendants must support their invalidity contentions by clear and convincing evidence, including establishing the effective filing date for each of the asserted claims. To the extent defendants have not provided the complete legal and factual basis in support of their contentions in response to XACP's interrogatories, plaintiff will move to strike any invalidity defense that relies upon the effective filing date in accordance with the automatic exclusion provisions of Rule

37(c). This includes any response by the defendants beyond that contained in your December 10, 2007 supplementation or in later response to XACP's supplemental interrogatory responses on this issue.

Regardless, XACP will supplement its interrogatory responses concerning the effective filing dates by Friday December 21, 2007.

We have continued to attempt to reach Jamey Harvey. He has yet to return our phone calls. We suspect he and his wife may have just had a baby and have other things on their minds besides this litigation.

Lastly, in addition to the issues addressed above and as discussed, the parties have agreed to disagree on the defendants' refusal to produce its tax returns and source code. Accordingly, there are still issues between the parties that require the Court's intervention.

As always, if you have any questions, please feel free to call.

Regards,


Frederick A. Tecce, Esquire
McShea\Tecce, P.C.
The Bell Atlantic Tower - 28th Floor
1717 Arch Street
Philadelphia, PA 19103
215-599-0800
215-599-0888 (Fax)
www.mcshea-tecce.com


-----Original Message-----
**From:** Weinstein, Mark R. [mailto:mweinstein@paloalto.whitecase.com]
**Sent:** Thursday, December 06, 2007 1:26 PM
**To:** Frederick A. Tecce
**Cc:** pjk@duffykeenan.com; tjd@duffykeenan.com; McCooe, Dennis P.; Keefe, Heidi L.; O'Rourke, Sam
**Subject:** FACEBOOK/XACP -- Follow up re Meet-and-Confer and Motion to Compel

Fred:

This is a quick follow-up to our productive conversation this morning:

(1) Thank you for informing us that you are not the Frederick Tecce who works for XACP (rather, that he is your father). Therefore, we are not aware of any violation of the parties' interim agreement to treat discovery materials as outside counsel only.

(2) As I mentioned this morning, we believe all issues in your pending motion to compel were previously resolved with the exception of production of source code and tax returns. With respect to the manner of Facebook's document production, we offered before XACP's motion was filed to make a searchable database (with native files) available for inspection at Blank Rome's offices. We believe this resolves the issues in XACP's motion relating to the manner of production. You indicated that you would check with your co-counsel to determine whether there remains any dispute about this issue.

(3)  You also indicated that, in the event XACP does not agree to withdraw its motion to compel, Facebook would be given extra time to respond to the pending motion while we work through the manner-of-production issue.  At this point, based on our conversation, we have temporarily stopped working on preparation of the opposition brief until we hear from you on the manner-of-production issue discussed above.  We would appreciate knowing by the close of business on December 10 whether XACP intends to withdraw its motion, and if not, what issues remain for us to address in our opposition.

We would like XACP's agreement that the opposition can by filed by December 13.  Assuming XACP does not withdraw its motion, we would need this agreement from XACP before the opposition is due on December 10 so we can inform the Court that the parties have agreed to extend the time for Facebook to oppose.

(4)  On XACP's supplementation of the Facebook interrogatory relating to priority/filing dates, I confirmed that Facebook's supplemental responses to be served December 10 would indicate that Facebook cannot find support for the limitations of the issued claims in the original application. You indicated that you would check to see if XACP could supplement its response within a week of service of Facebook's supplementation.

You indicated that you would get back to us later this afternoon on the issues above.  We look forward to hearing from you.

Best regards,
Mark R. Weinstein


**WHITE & CASE**
3000 El Camino Real, 5 Palo Alto Square, 9th Floor
Palo Alto, CA  94306  650.213.0308  mweinstein@whitecase.com

This email communication (and any attachments) are confidential and are intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning 650-213-0300. Please then delete the email and any copies of it. This information may be subject to legal professional or other privilege or may otherwise be protected by work product immunity or other legal rules. Thank you


EXHIBIT K

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CROSS ATLANTIC CAPITAL PARTNERS, INC.,     **CIVIL ACTION**

Plaintiff,

          **NO. 07-CV- 02768-JP**

v.

FACEBOOK, INC. and THEFACEBOOK, LLC,     **JURY TRIAL DEMANDED**

Defendants.

## [PROPOSED] SOURCE CODE PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, each of the parties shall be governed by the following terms and conditions concerning source code provided for inspection in connection with the above-captioned action:

1.      Any materials, items, things, and/or information produced or provided for inspection by any party or non-party as part of discovery in this action may be designated by such party or non-party as "Confidential – Attorneys' Eyes Only – Source Code Materials," provided that the materials so designated relate to computer source code or software and comprise "trade secret or other confidential research, development, or commercial information" within the meaning of Federal Rule of Civil Procedure 26(c)(7). Except as provided in Paragraph 2 below, all materials, items, things, and/or information designated as "Confidential – Attorneys' Eyes Only – Source Code Materials" shall not be disclosed to or discussed with any person except:

(a)      outside counsel appearing in this matter for the non-designating party (including law firm personnel) ("Outside Counsel");

(b)     at any one time, no more than three (3) experts and/or consultants retained by the non-designating party who are qualified to access "Confidential – Attorneys' Eyes Only" information under Paragraph 9 of this Source Code Protective Order;

(c)     the Court and court personnel with a need to review such materials, items, things, and/or information for purposes of this matter;

(d)     any court reporters or videographers retained to record and/or transcribe testimony in this action; and

(e)     other persons only upon consent of the producing party or upon order of the Court.

(Collectively, the persons described above in Paragraphs 1(a) through 1(e) are hereinafter referred to as "Authorized Persons"). Experts and/or consultants may be replaced for purposes of the numeric limit of Paragraph 1(b) above, and the numeric limit set forth therein may be expanded, upon good cause shown, either by written agreement or stipulation of the parties or upon further order of the Court.

2.     Any Authorized Person may use and/or disclose materials, items, things, and/or information designated as "Confidential – Attorneys' Eyes Only – Source Code Materials" solely in connection with this litigation, and not for any business or other purpose whatsoever (including but not limited to the preparation and/or prosecution of any patent applications), and only pursuant to the terms and conditions of this Order.

3.     No person other than an Authorized Person is permitted to create copies of materials, items, things, and/or information designated "Confidential – Attorneys' Eyes Only – Source Code Materials" by the producing party. The parties shall restrict the number of copies of such materials to that which is necessary for this lawsuit, and copies of such materials shall be provided only to those Authorized Persons with a need-to-know the content of such materials in order to perform his or her function related to this lawsuit. Any such copy must be created and maintained in accordance with the terms of Paragraphs 4 through 6 below. Any copy transmitted

to any expert and/or consultant must be returned to the producing party immediately upon replacement of such expert and/or consultant pursuant to Paragraph 1 above.

4.      Permitted experts and/or consultants may create copies of materials, items, things, and/or information designated "Confidential – Attorneys' Eyes Only – Source Code Materials" solely for the purpose of including such materials in any expert report, declaration, or other document prepared for the purpose of trial. Printed copies of portions of materials designated "Confidential – Attorneys' Eyes Only – Source Code Materials" are permitted only as necessary to analyze the code for purposes of this matter or to reference them in depositions, court hearings, expert reports or court filings. Any printed copies shall be treated in accordance with this Order and shall be limited to only those portions of the materials designated "Confidential – Attorneys' Eyes Only – Source Code Materials" for which a printed copy is needed at the time. Any printed copies shall either be printed on red (or other non-white) color paper or each page shall be marked as "Confidential – Attorneys' Eyes Only – Source Code Materials." Any printed copies shall be returned to the producing party as soon as they are no longer needed.

5.      Materials, items, things, and/or information designated "Confidential – Attorneys' Eyes Only – Source Code Materials" may only be maintained at the office of the producing party or its counsel of record and made available for inspection at that location. If copying of such materials is permitted for use as an exhibit in a deposition or at a court hearing, Outside Counsel shall at all times exercise reasonable precautions to ensure that access to such materials is restricted to persons entitled to have such access.

6.      Copies of "Confidential – Attorneys' Eyes Only – Source Code Materials" in electronic form shall only be permitted by written consent of the producing party or a showing of good cause to the Court and, if permitted, shall be subject to all of the following conditions:

a.      All electronic copies of such materials (including any summary or derivative works that replicate or summarize, in whole in part, such materials) must, except when

in use, be password-protected and encrypted by using symmetric key encryption with a key length of at least 128-bits.

b.     Authorized Persons shall use reasonable efforts to remove from a computer any intermediary or temporary files created on a computer as a result of any analysis of the materials, by deleting and then overwriting such files with a random or pseudorandom pattern. For purposes of this paragraph, "reasonable efforts" includes periodically running software that overwrites the free space (including the Microsoft Windows swap file, if applicable) on the computer's disk drive(s).

c.     All such electronic copies shall be loaded and maintained on only one computer at the offices of the Authorized Person receiving such electronic copies, provided that the computer is a stand-alone computer that is not connected to any computer network.

7.     When an Authorized Person is required to encrypt materials pursuant to Paragraph 5 above, such encryption may be accomplished by using PGP 8.0 or other encryption software that permits symmetric key encryption with a key length of at least 128-bits. When an Authorized Person is required to overwrite files or free space pursuant to Paragraph 5 above, such overwriting may be accomplished by using PGP Wipe, Eraser, BC Wipe, or other software that can be used to overwrite files with a random or pseudorandom pattern.

8.     In the event that Outside Counsel is permitted to make electronic copies of "Confidential – Attorneys' Eyes Only – Source Code Materials," Outside Counsel may transmit materials designated  to another Authorized Person by e-mail or overnight courier, provided that (a) such materials are transmitted only in electronic form and are encrypted in accordance with Paragraph 5(a) above; and (b) the encryption password required to access the designated materials is not included in the message or package containing such materials. Further, if such materials are transmitted by overnight courier, Outside Counsel shall obtain and maintain a delivery confirmation from the overnight courier.

9.     Outside Counsel shall maintain a log identifying each Authorized Person (except Outside Counsel) that has been furnished with any materials that have been designated as

"Confidential – Attorneys' Eyes Only – Source Code Materials" by the producing party. The log shall include the name of the Authorized Person, a precise description of the materials provided, the date the materials were delivered to the Authorized Person, the address to which the materials were delivered to the Authorized Person, the method by which the materials were delivered to the Authorized Person, the location at which the materials are maintained by the Authorized Person, and the date on which the person returned the materials to Outside Counsel. This log shall be made available to the producing party upon request.

10.     Prior to the disclosure of any materials that have been designated as "Confidential – Attorneys' Eyes Only – Source Code Materials" by the producing party to any independent expert or consultant, that person shall fully execute the "Acknowledgement and Agreement to Be Bound" attached hereto as Exhibit A. In addition, at least five (5) business days prior to any disclosure to any such person by the non-producing party, the party shall disclose the following in writing to all other parties: (a) the identity of the expert, consultant or advisor; (b) a copy of the "Acknowledgement and Consent to Be Bound by Protective Order" signed by the expert or consultant; (c) a brief job history of the expert, consultant or advisor for the last three (3) years, which shall include a disclosure of any relationship with any competitor of either party; and (d) whether the expert, consultant or advisor has ever been employed by the party, its subsidiaries or affiliates on whose behalf the disclosure is made. A party may object to the disclosure of "Confidential – Attorneys' Eyes Only – Source Code Materials" within five (5) business days of receiving the information set forth in (a)-(d) above by stating specifically and in writing the reasons why that party believes the proposed expert or consultant should not receive such materials. In the event of such objection, no disclosure shall be made to the proposed expert or consultant for a period of five (5) business days following the objection to permit the objecting party to file a motion or other application for an order that disclosure not be made to such expert or consultant. The objecting party shall have the burden of showing that good cause exists for such an order and shall seek to have its motion or application heard at the earliest possible date. If no motion or application is filed within five (5) business days of an objection,

disclosure of "Confidential – Attorneys' Eyes Only – Source Code Materials" information may be made to the expert or consultant upon the conditions herein stated. If such a motion or application is filed and served, there shall be no disclosure to the proposed expert or consultant until the motion or application is ruled upon by the Court, and then only in accordance with the ruling so made.

11.    Any party or person filing with the Court any information designated as "Confidential – Attorneys' Eyes Only – Source Code Materials," or any pleading, motion, brief, or other paper which discloses any such information, shall file such document or other item by enclosing it in a sealed envelope or container on the face of which shall be marked the caption of this action and the following legend:

[HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY] MATERIAL
This envelope contains material that is filed under seal
and unless ordered by the United States District Court
for the Eastern District of Pennsylvania, the contents shall not be
reproduced for or shown to persons other than the persons
specified in the Protective Order entered in
Cross Atlantic Capital Partners, Inc. v. Facebook, Inc. et al.
E.D. Pa. Docket No. 07-CV-2768

Such material filed with the Court shall not be made available to anyone other than those persons entitled to view such information pursuant to paragraph 1 above except as the Court may otherwise order. Where feasible, parties shall file under seal only those portions that reveal "Confidential – Attorneys' Eyes Only – Source Code Materials" information and shall file publicly-available redacted versions omitting such information.

12.    At the final conclusion of this action (including any appeals) and unless the Court otherwise orders, any materials designated "Confidential – Attorneys' Eyes Only – Source Code Materials," any copies of such materials, and all work product reflecting such materials, shall be returned to the producing party or, in the alternative, such materials and any copies thereof shall be certified in writing to have been destroyed. Outside Counsel and all Authorized Persons who have obtained or otherwise been exposed to any materials designated

"Confidential – Attorneys' Eyes Only – Source Code Materials" shall provide to the producing party a certification, signed under penalty of perjury, that no copies of any such materials to be returned or destroyed have been retained.

**IT IS SO ORDERED**.

Dated: _____

_____

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CROSS ATLANTIC CAPITAL PARTNERS, INC.,

Plaintiff,

v.

FACEBOOK, INC. and THEFACEBOOK, LLC,

Defendants.

**CIVIL ACTION**

**NO. 07-CV- 02768-JP**

**EXHIBIT A TO SOURCE CODE PROTECTIVE ORDER**

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____, have received and read a copy of the Source Code Protective Order entered in this case, and I agree to abide by its terms. I understand that I will be authorized to receive materials designated "Confidential – Attorneys' Eyes Only – Source Code Materials" that are subject to various restrictions of use and disclosure, including the restriction that they are to be used solely in connection with this litigation, and not for any business or other purpose whatsoever, including but not limited to the preparation and/or prosecution of any patent applications, and that they are not to be disclosed except as provided by the Source Code Protective Order. I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of Pennsylvania for the purpose of enforcing my compliance with the Source Code Protective Order.

Date: _____          _____