## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CROSS ATLANTIC CAPITAL PARTNERS, INC., | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO.: 07-CV-02768 |
| | : | |
| vs. | : | |
| | : | |
| FACEBOOK, INC. and THEFACEBOOK, LLC, | : | |
| | : | |
| Defendants. | : | |

## ORDER

AND NOW, this _____ day of _____, 200__, upon consideration of Plaintiff's

Request for Leave to File Reply Brief, **IT IS HEREBY ORDERED** that the Plaintiff's request

is **GRANTED**. It is further hereby **ORDERED** that this Court will accept as filed the Reply

Brief attached as Exhibit "A" to Plaintiff's request.

**BY THE COURT:**

_____

**HON. JOHN R. PADOVA**
United States District Court Judge

CROSS ATLANTIC CAPITAL PARTNERS, INC. v. FACEBOOK, INC. et al        Doc. 51

Dockets.Justia.com

IN THE UNITED STATES DISTRICT COURTS
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CROSS ATLANTIC CAPITAL PARTNERS, INC., | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO.: 07-CV-02768 |
| | : | |
| vs. | : | |
| | : | |
| FACEBOOK, INC. and THEFACEBOOK, LLC, | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S MOTION FOR LEAVE TO
FILE A REPLY BRIEF IN SUPPORT OF ITS
MOTION TO COMPEL FULL AND COMPLETE
INTERROGATORY RESPONSES AND DOCUMENTS**

COMES NOW, plaintiff Cross Atlantic Capital Partners, Inc. ("XACP"), by and through its undersigned counsel, and pursuant to this Court's August, 2005 Notice to Counsel, Section IV, hereby requests leave to file a reply brief in support of Plaintiff's Motion to Compel Full And Complete Interrogatory Responses And Documents. Plaintiff seeks leave to respond to the arguments made by Defendants Face Book, Inc. and Thefacebook, LLC (collectively "Facebook") in opposition to Plaintiff's Motion to Compel Full And Complete Interrogatory Responses And Documents. In support of this request, Plaintiff avers as follows:

1.      On November 25, 2007, XACP filed its Motion to Compel Full And Complete Interrogatory Responses And Documents (D.E. # 42).

2.      On December 13, 2007, the Facebook defendants filed their response in opposition to plaintiff's motion to compel (D.E. # 46).

3.      In their response, Facebook raised issues to which plaintiff seeks leave to respond.

4. Attached hereto as Exhibit "A" is a copy of Plaintiff's proposed reply brief.

**WHEREFORE**, Plaintiff respectfully requests that it be granted leave to file the attached

Reply to Defendants' Response in Opposition to Plaintiff's Motion to Compel Full And

Complete Interrogatory Responses And Documents and that the Court accept this brief as filed.

Respectfully submitted,

_/s/ Patrick J. Kennan_____
Thomas J. Duffy, Esquire (PA ID # 34729)
Patrick J. Keenan, Esquire (PA ID # 53775)
**Duffy & Keenan**
The Curtis Center, Suite 1150
Independence Square West
Philadelphia, Pennsylvania 19106
(215) 238-8700
(215) 238-8710 (Fax)

Frederick A. Tecce, Esquire
**McShea\Tecce, P.C.**
The Bell Atlantic Tower - 28th Floor
1717 Arch Street
Philadelphia, Pennsylvania 19103
(215) 599-0800
(215) 599-0888 (Fax)

Counsel for plaintiff
Cross Atlantic Capital Partners, Inc.

Dated: December 20, 2007

## CERTIFICATE OF SERVICE

This is to hereby certify that on this 20th day of December, 2007, I caused a true and correct copy of the foregoing Plaintiff's Request For Leave to File Reply Brief in Support of Its Motion to Compel Full And Complete Interrogatory Responses And Documents to be served *via* this Court's Electronic Filing ("ECF") System and regular mail, upon the following:

Heidi L. Keefe, Esquire
Mark R. Weinstein, Esquire
Sam C. O'Rourke, Esquire
**White & Case LLP**
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, California 94306

Alfred W. Zaher, Esquire
Dennis P. McCooe, Esquire
Joel L. Dion, Esquire
Blank Rome
One Logan Square
130 North 18th Street
Philadelphia, PA 19103

Counsel for defendants
Face Book, Inc. and Thefacebook, LLC

    /s/ Patrick J. Keenan, Esquire
Patrick J. Keenan, Esquire

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CROSS ATLANTIC CAPITAL PARTNERS, INC., | : | **CIVIL ACTION** |
| | : | |
| Plaintiff, | : | **NO.: 07-CV-02768-JP** |
| | : | |
| vs. | : | **HON. JOHN R. PADOVA** |
| | : | |
| FACEBOOK, INC. and THE FACEBOOK, LLC, | : | |
| | : | |
| Defendants. | : | |

## PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL FULL & COMPLETE INTERROGATORY RESPONSES AND DOCUMENTS

Pending before the Court is the motion to compel of plaintiff Cross Atlantic Capital Partners, Inc. ("XACP"). In its opposition to the motion, defendants Facebook, Inc. and The Facebook, LLC ("Facebook") have distorted the record in order to shift its admitted failure to comply with its discovery obligations into an issue about whether XACP has "run the course" on negotiating Facebook's compliance. Facebook's tact, both presently and throughout the discovery process, has been one of persistent delay, since they know that XACP's inability to obtain meaningful discovery information from Facebook seriously undermines its ability to effectively prepare and prosecute this action within the deadlines set by the Court. Significantly, the following salient facts are not in dispute:

- The deadline for XACP to produce its expert reports is February 28, 2008;

- The discovery that is the subject of the present motion is needed by XACP's experts to prepare their reports, including, but not limited to, Facebook's current financial records, tax returns, discovery provided by Facebook in a theft of trade secrets case (*ConnectU v. Facebook, Inc.*), the source code for its website, information describing how the website

(particularly, the Groups application) operates from a technical/software perspective, information describing how Facebook targets advertisements on its website to users from a technical/software perspective; and electronically stored information ("ESI") in its native form;

- XACP has been entitled to and waiting for this discovery since at least October 30, 2007;

- As is detailed in its motion, XACP's counsel has sent at least four letters to Facebook's counsel and had at least two telephone conversations with Facebook's counsel in an effort to obtain this discovery before filing this motion;

- Facebook denies that XACP is entitled to Facebook's source code, tax returns, or ESI in its native form;

- Facebook admits that XACP is entitled to Facebook's current financial records, discovery provided by Facebook in a theft of trade secrets case (*ConnectU v. Facebook, Inc.*), information describing how the website (particularly, the Groups application) operates from a technical/software perspective, and information describing how Facebook targets advertisements on its website to users from a technical/software perspective; and

- None of this discovery has been produced as of this date.

A.    **Plaintiff has Complied with Local Rule 26.1(f)**

Facebook erroneously argues that XACP's motion should be denied because a formal certification under Local Rule 26.1(f) was not filed with its motion. Local Rule 26.1(f) states:

> No motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute.

Loc.R.Civ.P. 26.1(f).   Local Rule 26.1(f) "imposes a substantial obligation on counsel to resolve

discovery problems before bringing them to the attention of the Court." *Gardella v. Prodex Int'l, Inc.*, 2007 WL 710289 (E.D.Pa., March 5, 2007, Surrick, J.) (*citing, DiSantis v. Kool Vent Aluminum Prods., Inc.*, No. Civ. 97-5434, 1998 WL 472753 at *1 (E.D.Pa., Aug. 12, 1998)). Further, the courts have found that there must be such serious differences between counsels that further efforts of negotiation are pointless. *Id.* (*citing, Crown, Cork & Seal Co. v. Chemed Corp.*, 101 F.R.D. 105, 106 (E.D. Pa. 1984)).

Although XACP's motion lacks a formal certification, the motion details in the "Facts" section of the supporting memorandum of law the reasonable efforts XACP's counsel has made to resolve this discovery dispute since at least October 30, 2007. Additionally, a formal certification is attached hereto as Exhibit "1." Under similar circumstance, where it is clear from the moving papers or supporting memorandum that the moving party's counsel attempted in good faith to resolve the dispute before requesting intervention of the court, the court has addressed the merits of the motion despite the lack of a formal certification under Local Rule 26.1(f). *Veritext/PA Reporting Co., LLC v. E-Reporting Stenographic Affiliates of Pennsylvania, Inc.*, 2004 WL 2746141 at *2 (E.D.Pa., Nov. 23, 2004); *Evans v. American Honda Motors Co., Inc.*, 2003 WL 22844186 (E.D.Pa. Nov. 26, 2003)[1]; *Get-A-Grip, II, Inc. v. Hornell Brewing Co., Inc.*, 1999 WL 1285825 (E.D.Pa. Dec. 21 1999) (U.S. Magistrate Judge Reuter noted that "a court may also excuse plaintiff's certification requirement and address the merits of a motion to compel discovery."); *Lane v. ABS, a/k/a Advance Building Systems, Inc.*, 1999 WL 820196 at *1 n.1 (E.D.Pa. Sept. 30, 1999). The issue is whether or not the movant party has stated any facts or

---

[1] In *Evans*, although the district court dismissed the matter for failure to include the proper 26.1(f) certification, it did so because upon review of the motion and supporting memorandum there was no evidence that counsel had made an effort to confer prior to filing the motion. 2003 WL 22844186 at *1.

3

presented any evidence to show that they made a reasonable, good faith effort to resolve the dispute before bringing the dispute to the attention of the court. *DiSantis v. Kool Vent Aluminum Prods., Inc.*, 1998 WL 472753 (E.D.Pa., Aug. 12, 1998)) (*Green, S.J.*).

In the instant matter, XACP made more than a reasonable effort to resolve this dispute with Facebook, as is outlined in its supporting memorandum of law and attached certification. In arguing that XACP has not made a reasonable effort to resolve the dispute, Facebook claims the following:

- By letter dated November 14, 2007, Facebook stated: (a) it would supplement its answers to Interrogatories Nos. 3, 5 and 11 on December 10, 2007; (b) would *not* produce its source code; (c) would *not* produce its tax returns; (d) would produce, at an unspecified time, documents responsive to XACP's Document Request Nos. 55 and 56 "to the extent they are relevant to this action;" (e) would *not* produce documents responsive to XACP's Document Request Nos. 57 relating to its method for targeting advertising; and (f) would produce, at an unspecified time, documents responsive to XACP's Document Request Nos. 23 and 24.

- While Facebook will not produce ESI in their native form, and Facebook has only produced ESI as non-searchable TIFF images, it would make a searchable database of documents available by appointment for inspection at XACP's counsel's office.

- "XACP committed to test that database, but never showed up."

Facebook's claims are baseless. First, ***XACP's counsel never received the November 14, 2007 letter before this motion was filed.*** The letter states that it was sent by email. At the outset of the case, XACP's counsel (Patrick J. Keenan and Frederick Tecce) both told Facebook's counsel (Heidi Keefe and then local counsel, Charles Bloom) that they did not agree to accept any letters or documents in this case by email since it was an unreliable means of service due to

4

the quantity of emails both attorneys receive, the quantity of communications being exchanged between the parties, the number of different attorneys representing Facebook, the use of spam filters, and the fact that their support staff (which handles their mail and facsimiles) do not have access to their emails. For this very reason, ECF's transmissions by the Court are sent to XACP's counsel *and* their secretaries. Despite this request not to use email and instead use regular mail and facsimile, Facebook's counsel has persisted in sending emails to XACP's counsel, including the subject letter.[2]

Even if the letter had been received, Facebooks' position in the letter was and remains unreasonable. XACP is entitled to its source code, tax returns and method for targeted advertising, and the Court should compel Facebook to produce them. Furthermore, while Facebook says it will, on some unspecified date, produce documents responsive to XACP's Document Request Nos. 23, 24, 55 and 56, the fact is that they have not done so to date (with the limited exception of some prior art references received by XACP on December 13, 2007). Thus, Facebook needs to be compelled by the Court to do so.

Finally, when the November 14th letter was brought to XACP's attention by Facebook after the motion was filed, XACP granted Facebook an extension to file its answer to this motion until after it produced supplemental answers to XACP's Interrogatories Nos. 3, 5 and 11. Unfortunately, as is later addressed, Facebook's answer to Interrogatory No. 5 remains deficient.

Concerning Facebook's offer to make a searchable database of discoverable documents available at its counsel's office, the offer was made on November 14, 2007. This was nearly a month after Facebook attempted to avoid producing discoverable documents based on the lack of

---

[2] Fed.R.C.P. 5(b)(2)(D) permits service of legal papers by "electronic means" only if a party consents in writing.

a confidentiality agreement, while at the same time failing to work with XACP on drafting one, and two weeks after XACP requested dates to inspect and copy the discoverable documents. On November 14th, XACP explained to Facebook's counsel that their "offer" was not workable and did not comply with their discovery obligations under Fed.R.C.P 34(b). This was reiterated in a reply-email to Facebook's counsel on December 7, 2007. *See* Exhibit "2." It is unreasonable and impractical for XACP's counsel and out of state consultants and experts to have to make an appointment and then travel to opposing counsel's office every time they seek to obtain discoverable information. As required under the rules, the ESI should be produced in its native file format so that XACP can perform the searches in the offices of its counsel, consultants and experts.

Nonetheless, as a measure of good faith, and based on Facebook's leading XACP to believe that the database was up and running at its local counsel's office, XACP did offer in a letter on November 15th to exam and test the database if it could be made available before November 21, 2007. *See* Exhibit "3." This time frame was critical in order to limit the further prejudice caused to XACP by Facebook's tactical delays and the impending deadline for production of expert reports, as well as XACP's counsel (Patrick Keenan) being unavailable to inspect the database after that date due to a pre-arranged vacation. Facebook responded by informing XACP that the database was not presently available at its local counsel's office but might be available by the week of November 26th. With no meaningful discovery having been produced, and no prospect of it occurring in the immediate future, XACP was forced to file the present motion on November 25th in order to limit the prejudice that it has already suffered by Facebook's dilatory behavior.

**B.     XACP's Motion Regarding Document Requests
        Nos. 55 and 56 is Not Moot and Should be Granted**

Facebook does not dispute that XACP is entitled the documents requested in XACP's

Document Requests Nos. 55 (discovery in the *ConnectU v. Facebook* case) and 56 (document

relating to Facebook's relationship with Microsoft).   However, Facebook claims to have

complied with this request by producing two computer disks that contain about 107,000 non-

searchable TIFF images and no index.  In other words, Facebook expects XACP to search for the

proverbial needles in a haystack by opening up and viewing each of the 107,000 TIFF images

until it comes across those responsive to Document Requests Nos. 55 and 56.

The Federal Rules do not allow such tactics.  Rule 34(b) requires that "a party who

produces documents for inspection shall produce them as they are kept in the usual course of

business or shall organize and label them to correspond with the categories in the request."

Fed.R.C.P. 34(b).   Facebook has not produced documents responsive to Document Requests

Nos. 55 and 56 as they are kept in the normal course of business.  Instead, Facebook converted

them to TIFF images and buried them within over a 100,000 other non-searchable documents.

Facebook has also failed to provide a label or index of the documents.  Thus, the Court is

respectfully requested to compel Facebook to produce this discovery in compliance with Rule

34(b).

**C.     XACP's Motion Regarding Document Requests
        Nos. 18, 38 and 57 is Not Moot and Should be Granted**

*Nos. 18 and 57(Source Code, etc.)*

Facebook claims that it "has agreed' to produce the documents requested in XACP's

Document Requests Nos. 18 and 57. ***However, as of this date, Facebook has not done so and***

***has not even informed the Court when it will.***   Again, XACP has had a right to this information

7

since at least October 17, 2007, and its expert reports are due on February 28, 2008. Thus, the Court should compel their immediate production.

Facebook's refusal to produce its source code has no basis in fact or the law. XACP has already signed a Confidentiality Agreement that protects Facebook's source code from disclosure to anyone who is a competitor or who refuses to be bound by the Confidentiality Agreement, and that agreement was sent to Facebook on October 30, 2007. *See* Exhibit "F" attached to XACP Motion to Compel. Furthermore, Facebook has not cited a single case that has held that a defendant's source code is not discoverable in a patent infringement case involving a claim that the source code and its use infringe the plaintiff's patent. To the contrary, the Courts have uniformly held otherwise. *See Northern Telecom, Inc. v. Datapoint Corporation,* 908 F.2d 931, 943 (Fed. Cir. 1990); *American Video Graphics, L.P. v. Electronic Arts, Inc.,* 359 F.Supp. 2d 558, 560 (E.D. Tex. 2005); *3Com Corp. v. D-Link Systems, Inc.,* 2007 U.S. Dist. LEXIS 26540 (N.D. Cal. March 27, 2007). Thus, the Court is respectfully requested to compel its production.

Additionally, Facebooks's proposed Source Code Protective Order is yet another attempt to delay, burden and restrict XACP's right to discovery. This was never discussed by Facebook prior to its response to the motion. First, the Proposed Source Code Protective Order is unreasonable since it limits access to the source code to three experts. *See* Source Code Protective Order ¶ 1(b). XACP has a right to have as many liability experts as it desires assist it with its infringement analysis, which requires an examination of the source code. Second, it restricts access to the source code to Facebook's offices or its counsel. *See* Source Code Protective Order ¶ 5. XACP is entitled to a copy of the source code, and XACP has already signed a Confidentiality Agreement that covers the source code. XACP's counsel, consultants

8

and experts are also entitled to exam the source code a times and places convenient to them.

Third, the Proposed Source Code Protective Order (¶ 10) improperly requires XACP to disclose its consultants who are assisting it in the preparation of the case but who have not yet been selected to testify at trial. Fed.R.C.P. 26(b)(4)(B) requires disclosure of experts and consultants employed in preparation for trial and who are not expected to testify at trial only "upon a showing of *exceptional circumstances*...." Paragraph 10 is unacceptable since it contravenes this rule, and Facebook does not even attempt to prove exceptional circumstances. Recognizing that Facebook would not want someone in competition with it to have access to confidential information (including the source code), the Confidentiality Agreement that XACP signed provides that XACP will only disclose confidential information to experts who *declare under the penalty of perjury* that they do not compete with Facebook and agree to be bound by the Confidentiality Agreement. *See* Exhibit "F" to XACP's Motion to Compel at ¶ 10. Additionally, XACP agreed to provide Facebook a copy of the expert's signed Consent to Be Bound by the Confidentiality Agreement form on the date that the expert's report is produced to Facebook or the end of the case for those experts who are not expected to testify at trial. *Id.* Under the circumstances, the Court should deny Facebook's request for the overly restrictive protective order.

### No. 38 (Tax Returns)

Once again Facebook claims that XACP's request for tax returns is unnecessary since it has "already agreed to produce financial documents that contain the same underlying information that could be found in the tax returns." **However, as of this date, Facebook has not produced that documentation and has not even informed the Court when it will.** Furthermore, XACP is entitled to no less than a reasonable royalty on Facebook's infringing sales, and this necessarily

requires XACP to know the income Facebook has derived for its unauthorized use of XACP's

invention. *See Rite-Hite Corp. v. Kelley Co.,* 56 F.3d 1538, 1554 (Fed. Cir. 1995); *Monsanto Co.*

*v. McFarling*, 488 F.3d 973, 978 (Fed. Cir. 2007). The most reliable evidence of Facebook's

income is its tax returns, for which Facebook can be criminally punished if the information in

them is knowingly and materially false. Thus, Facebook should be compelled to produce them.

### D. XACP's Motion Regarding Electronically Stored Information Should be Granted

Facebook erroneously claims that it has complied with Rule 34(b) by converting

electronically stored information ("ESI") from their searchable native form to non-searchable

TIFF images, or by making a belated offer to provide limited availability of the searchable native

files in its counsel's office. Not surprisingly, Facebook does not cite a single case interpreting

Rule 34(b) in that manner. To the contrary, Rule 34(b) mandates that ESI be produced as they

are normally maintained (i.e., in their native file format). *See* Fed. R. Civ. 34(b), 2006

Amendment, Advisory Committee's Note ("If the responding party ordinarily maintains the

information it is producing in a way that makes it searchable by electronic means, the

information should not be produced in a form that removes or significantly degrades this

feature."); *Nova Measuring Instruments Ltd v. Nanometrics, Inc.*, 417 F.Supp. 2d 1121 (N.D.

Cal. 2006); *Verisign, Inc. Securities Litigation*, 2004 U.S. Dist LEXIS 22467 (March 10, 2004).

Furthermore, ESI which is searchable in its native form should be produced in a manner that

XACP's counsel and out of state experts can search the information at their own offices and at

times of their choosing without having to make an appointment with opposing counsel.

Accordingly, XACP respectfully requests the Court to enter the proposed order.

### E. Facebook's Answer to XACP's Interrogatory No. 5 Remains Deficient

On December 10, 2007, Defendants supplemented their response to Plaintiff's Interrogatory No. 5, which concerns Defendants' invalidity positions. Defendants' response remains deficient in several respects. First, Defendants have failed to identified which references they contend invalidate the claims for anticipation under 35 U.S.C. § 102. A prior art reference anticipates a claim only if the reference discloses, either expressly or inherently, **every limitation of the claim.** *Rowe v. Dror,* 112 F.3d 473, 478 (Fed. Cir. 1997); *Verdegaal Bros., Inc. v. Union Oil Co., Inc.*, 814 F.2d 628, 631 (Fed. Cir. 1987).

Facebook, as the party asserting that the claims of the '629 Patent are anticipated by the references identified in their interrogatory responses, must demonstrate and establish *for each reference,* identity of invention. *Rowe,* 112 F.3d at 478 (*citing Kalman v. Kimberly-Clark Corp.*, 713 F.2d 760, 771 (Fed. Cir. 1983), *cert. denied,* 465 U.S. 1026 (1984). Moreover, *it is not enough* that every element of the claim be in the identified prior art reference. Facebook's response must provide the factual basis supporting the contention that all of the claim limitations are shown in a single prior art reference. *Richardson v. Suzuki Motor Co., Ltd.*, 868 F.2d 1226, 1236 (*citing Perkin-Elmer Corp. v. Computervision Corp.*, 732 F.2d 888, 894 (Fed. Cir.), *cert. denied*, 496 U.S. 857 (1984); *Kalman v. Kimberly-Clark Corp,* 713 F.2d 760, 771-772 (Fed. Cir. 1983), *cert. denied*, 465 U.S. 1026 (1984)). That is, Facebook's response must reveal the basis supporting their contention that the identical invention is shown in as complete detail as is contained in the patent claim. *Id. (citing Jamesbury Corp. v. Litton Industrial Products, Inc.*, 756 F.2d 1556, 1560 (Fed. Cir. 1985)). Other district courts addressing this issue have found that "[i]t is not sufficient that each element be found somewhere in the reference, the elements must be *'arranged as in the claim.'"* *Novo Nondisk v. Becton Dicksinson & Co.*, 96 F. Supp.2d

309, 312 (S.D.N.Y. 2000), *aff'd on the grounds,* 304 F.3d 1216 (Fed Cir. 2002) (*citing,*

*Lindemann Machinenfabrik GMBH v. American Hoist and Derrick Co.,* 730 F.2d 1452, 1458

(Fed. Cir. 1984) (emphasis added)).

Therefore, in responding to XACP's interrogatories regarding anticipation and invalidity,

Facebook's response should have specifically identified the elements of the claims on a ***claim by***

***claim basis*** and identify corresponding elements disclosed in the allegedly anticipating reference.

*Lindemann Mashinenfabrik GMBH v. American Hoist & Derrick Co.,* 730 F.2d 1452, 1458

(*citing SSIH Equip. SA v. USITC,* 718 F.2d 365, 381 (Fed. Cir. 1983)). Facebook's responses

fail to do this.

Second, Facebook's responses also failed to identify which references and combination

of references supported Facebook's invalidity contentions under 35 U.S.C. § 103. Further,

Facebook's response fails to set forth the complete legal and factual basis for its contentions

including the framework for applying the statutory language of 35 U.S.C. § 103 set forth in

*Graham v. John Deere Co. of Kansas City,* 383 U.S. 1, 17. *See also, KSR International Co., v.*

*Teleflex, Inc.,*__ U.S. __, 127 S. Ct. 1727, 1739-1740 (2007). This also includes Facebook's

legal and factual contentions regarding any secondary considerations that "would prove

instructive." *Id.* (*citing Graham,* 383 U.S. at 17)). Accordingly, the Court is respectfully

requested to compel Facebook to fully answer XACP's Interrogatory No. 5.

Respectfully submitted,


 /s/ Thomas J. Duffy_____
Thomas J. Duffy, Esquire (PA ID # 34729)
Patrick J. Keenan, Esquire (PA ID # 53775)
**Duffy & Keenan**
The Curtis Center, Suite 1150
Independence Square West
Philadelphia, Pennsylvania 19106
(215) 238-8700
(215) 238-8710 (Fax)

and

Frederick A. Tecce, Esquire
**McShea\Tecce, P.C.**
The Bell Atlantic Tower - 28th Floor
1717 Arch Street
Philadelphia, Pennsylvania 19103
(215) 599-0800
(215) 599-0888 (Fax)

Counsel for plaintiff,
Cross Atlantic Capital Partners, Inc.

Dated: December 20, 2007

## CERTIFICATE OF SERVICE

This is to hereby certify that on this 20th day of December, 2007, I caused true and correct copies of the foregoing Plaintiff's Reply Memorandum in Support of Its Motion to Compel Full and Complete Interrogatory Responses and Documents *via* this Court's Electronic Filing ("ECF") System and regular mail, upon the following:

> Alfred W. Zaher, Esquire
> **Blank Rome, LLP**
> 130 N. 18[th] Street
> Philadelphia, Pennsylvania 19103
>
> and
>
> Heidi L. Keefe, Esquire
> **White & Case LLP**
> 3000 El Camino Real
> 5 Palo Alto Square, 9[th] Floor
> Palo Alto, California 94306
>
> Counsel for defendants,
> Face Book, Inc. and Thefacebook, LLC

> /s/ Patrick J. Keenan
> Patrick J. Keenan, Esquire

# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CROSS ATLANTIC CAPITAL        :
PARTNERS, INC.,                     :     **CIVIL ACTION**
                                   :
           **Plaintiff,**          :     **NO.: 07-CV-02768-JP**
                                   :
       **vs.**                   :     **HON. JOHN R. PADOVA**
                                   :
FACEBOOK, INC. and            :
THE FACEBOOK, LLC,          :
                                   :
           **Defendants.**        :

## LOCAL RULE 26.1(f) CERTIFICATION

I, Patrick J. Keenan, Esquire, on behalf of Plaintiff, Cross Atlantic Capital Partners, Inc.

("XACP"), make the following certification pursuant to Local Rule 26.1(f):

      1.       I am counsel of record for Plaintiff XACP.

      2.       Plaintiff XACP filed this Motion to Compel Full & Complete Interrogatory

Responses and Documents against Defendants Facebook, Inc. and The Facebook, LLC on

November 25, 2007.

      3.       Prior to filing this Motion, XACP made a reasonable effort to resolve the dispute

that is the subject of the Motion.

      4.       The reasonable efforts that XACP made to resolve this dispute are set forth in: (a)

the "Facts" section of XACP's Memorandum in Support of Its Motion to Compel Full &

Complete Interrogatory Responses and Documents, (b) the section entitled "A. Plaintiff has

Complied with Local Rule 26.1(f)" in XACP's Reply Memorandum in Support of Its Motion to

Compel Full & Complete Interrogatory Responses and Documents, and (c) the Exhibits attached

to those Memoranda.

5.    The statements made in those Memoranda filed by XACP are true and correct.

I declare under the penalty of perjury that the statements made herein are true and correct.

/s/ Patrick J. Keenan_____
Patrick J. Keenan, Esquire

# EXHIBIT 2

## Patrick J. Keenan

| | |
|---|---|
| **From:** | "Frederick A. Tecce" <ftecce@mcshea-tecce.com> |
| **To:** | "Weinstein, Mark R." <mweinstein@paloalto.whitecase.com> |
| **Cc:** | <pjk@duffykeenan.com>; <tjd@duffykeenan.com>; "McCooe, Dennis P." <McCooe@BlankRome.com>; "Keefe, Heidi L." <hkeefe@paloalto.whitecase.com>; "O'Rourke, Sam" <sorourke@paloalto.whitecase.com> |
| **Sent:** | Friday, December 07, 2007 11:24 AM |
| **Subject:** | RE: FACEBOOK/XACP -- Follow up re Meet-and-Confer and Motion to Compel |

Mark:

Thank you for your time yesterday and efforts to resolve the discovery issues between the parties. I apologize for not getting back to you yesterday as promised.

We have reviewed the below and respond to each numbered paragraph.

(1) You're correct that I have absolutely no affiliation with XACP. Please confirm that my office has been served with all discovery and correspondence which defendants previously provided to Duffy & Keenan.

(2) I checked with co-counsel. For the reasons set forth in plaintiff's motion, we believe that defendants must produce the documents as maintained. As such, although we appreciate your effort to make the database available, that's not a workable solution for a number of reasons, not the least of which is, it limits plaintiff's access and ability to search electronically the documents. As such, we do not consider this matter resolved.

(3) For the reasons set forth herein, XACP will not withdraw its motion. However, as indicated, we did agree to continue the time within which defendants must respond. If you would like to take until December 13, 2007 that fine. This will also provide the plaintiff with time to review defendants' anticipated December 10, 2007 supplemental interrogatory responses to determine if the issues are further narrowed. You may advise the court accordingly.

(4) I understood from our conversation that Facebook contends that not a single element of the asserted claims is supported by the original application (U.S. Application No. 09/264,988 filed September 15, 1998). I further understand that Facebook will set forth and verify this position in its supplemental interrogatory responses. As you know, defendants must support their invalidity contentions by clear and convincing evidence, including establishing the effective filing date for each of the asserted claims. To the extent defendants have not provided the complete legal and factual basis in support of their contentions in response to XACP's interrogatories, plaintiff will move to strike any invalidity defense that relies upon the effective filing date in accordance with the automatic exclusion provisions of Rule 37 (c). This includes any response by the defendants beyond that contained in your December 10, 2007 supplementation or in later response to XACP's supplemental interrogatory responses on this issue.

Regardless, XACP will supplement its interrogatory responses concerning the effective filing dates by Friday December 21, 2007.

We have continued to attempt to reach Jamey Harvey. He has yet to return our phone calls. We suspect he and his wife may have just had a baby and have other things on their minds besides this litigation.

Lastly, in addition to the issues addressed above and as discussed, the parties have agreed to disagree on the defendants' refusal to produce its tax returns and source code. Accordingly, there are still issues between the parties that require the Court's intervention.

As always, if you have any questions, please feel free to call.

Regards,


Frederick A. Tecce, Esquire
McShea\Tecce, P.C.
The Bell Atlantic Tower - 28th Floor
1717 Arch Street
Philadelphia, PA 19103
215-599-0800
215-599-0888 (Fax)
www.mcshea-tecce.com


-----Original Message-----
**From:** Weinstein, Mark R. [mailto:mweinstein@paloalto.whitecase.com]
**Sent:** Thursday, December 06, 2007 1:26 PM
**To:** Frederick A. Tecce
**Cc:** pjk@duffykeenan.com; tjd@duffykeenan.com; McCooe, Dennis P.; Keefe, Heidi L.; O'Rourke, Sam
**Subject:** FACEBOOK/XACP -- Follow up re Meet-and-Confer and Motion to Compel

Fred:

This is a quick follow-up to our productive conversation this morning:

(1) Thank you for informing us that you are not the Frederick Tecce who works for XACP (rather, that he is your father). Therefore, we are not aware of any violation of the parties' interim agreement to treat discovery materials as outside counsel only.

(2) As I mentioned this morning, we believe all issues in your pending motion to compel were previously resolved with the exception of production of source code and tax returns. With respect to the manner of Facebook's document production, we offered before XACP's motion was filed to make a searchable database (with native files) available for inspection at Blank Rome's offices. We believe this resolves the issues in XACP's motion relating to the manner of production. You indicated that you would check with your co-counsel to determine whether there remains any dispute about this issue.

(3) You also indicated that, in the event XACP does not agree to withdraw its motion to compel, Facebook would be given extra time to respond to the pending motion while we work through the manner-of-production issue. At this point, based on our conversation, we have temporarily

# EXHIBIT 3



# DUFFY & KEENAN

Attorneys at Law

PATRICK J. KEENAN
215.238.8700 tel

November 15, 2007

**Via Facsimile & First Class Mail**

Dennis McCooe
Blank Rome
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998

Re:     **Cross Atlantic Capital Partners, Inc. v. Facebook, Inc.**

Dear Mr. McCooe:

If you feel compelled to "summarize" our conversations or events related to this case, I suggest that you do so in an accurate and not a self-serving manner.  Your letter of this date fails at this.

This is to further memorialize plaintiff's position with respect to Facebook's production of electronically stored information, none of which has occurred yet.  Plaintiff wants nothing more, and nothing less, than Facebook's compliance with Fed. R. Civ. P. 34(b).  Rule 34(b) permits plaintiff to specify the form(s) that electronically stored information is to be produced.  In my letter to you dated November 13, 2007, we specified that "documents will be produced as they are maintained in the usual course of business and that electronic documents will be produced in their native format."

Even if Facebook had a justified reason for not complying with our request, which it does not, it is still required by Rule 34(b) to "produce the information in a form or forms in which it is ordinarily maintained or in a form or forms that are reasonably useable."  The Advisory Notes to Rule 34(b) make clear that Facebook may not convert electronically stored information from a searchable form to a form that is not searchable, such as TIFF images.

> [T]he option to produce in a reasonably usable form does not mean that a responding party is free to convert electronically stored information from the form in which it is ordinarily maintained to a different form that makes it more difficult or burdensome for the requesting party to use the information efficiently in the litigation. If the responding party ordinarily maintains the information it is producing in a way that makes it searchable by electronic means, the information should not be produced in a form that removes or significantly degrades this feature.

Fed. R. Civ. 34(b), 2006 Amendment, Advisory Committee's Note.  Your conversion of searchable electronically stored information to non-searchable TIFF images does not comply with Rule 34(b).

The Curtis Center, Suite 1150
Independence Square West
Philadelphia PA 19106
215.238.8700 tel    215.238.8710 fax

Your proposal to make a searchable database available to plaintiff at your offices makes clear that defendants currently have the documents in machine readable form, in their native format or in some other form which permits electronic searches, and it also makes clear that defendants can export the documents from the database in a searchable format (*e.g.,* searchable PDF). Plaintiff therefore reiterates that defendants are obligated to produce electronically stored information in a searchable format. Defendants may do this by either providing plaintiff a copy of the database, or providing the information in a searchable format after exporting it from the database.

As a measure of good faith, we are agreeable to examining and testing the database in your office prior to next Wednesday, November 21st. If your client had not delayed in presenting its proposal, we could have afforded more time to explore it. However, your clients' delay in producing useable discovery is presently impeding our ability to complete discovery within the time allotted by the Court and prepare this case for trial. Please let me know as soon as possible whether you will make the database available to plaintiff in your office before Wednesday.

If you have any questions, please feel free to contact me.

Sincerely,

Patrick J. Keenan

cc:     Frederick A. Tecce, Esquire