IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CROSS ATLANTIC CAPITAL : | |
| PARTNERS, INC. : | CIVIL ACTION |
|     Plaintiff : | |
| : | |
| v. : | |
| : | |
| FACEBOOK, INC. AND : | |
| THEFACEBOOK, LLC : | |
|     Defendants : | No. 07-CV-02768 |

### ORDER

AND NOW, this 20th day of December, 2007, upon consideration of Plaintiff's Motion to Compel Full and Complete Interrogatory Responses and Documents and Defendants' Opposition to Plaintiff's Motion to Compel, IT IS HEREBY ORDERED that:

1.   Defendants' motion to dismiss based on plaintiff's failure to file a certification pursuant to Local Rule 26.1(f) is DENIED.  Although plaintiff omitted the certification, the pleadings and attached exhibits establish that the parties have complied with the Rule's requirement that they engage in reasonable efforts to resolve the discovery dispute.  The record is replete with correspondence and electronic mail messages attempting to resolve the issues in plaintiff's motion.  Moreover, my informal telephone conference with all counsel on December 18, 2007, inquiring about the possibility of an informal resolution of the discovery dispute, established the issues require judicial resolution.

2.   Plaintiff's motion for production of all electronically stored information responsive to plaintiff's request for production of documents in its native form is GRANTED.  Pursuant to Fed. R. Civ. P. 34(b), "[i]f a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is

ordinarily maintained or in a reasonably usable form or forms." Rule 34(b)(2)(E)(ii). The import of Rule 34(b), as amended in 2006, is to ensure that the format in which electronically stored information is provided does not make it "more difficult or burdensome for the requesting party to use the information efficiently in the litigation." Id. (advisory committee notes, 2006). If, as in this case, defendant ordinarily maintains the information in a searchable format, "the information should not be produced in a form that removes or significantly degrades this feature." Id.

Production of voluminous documents in TIFF, i.e., "tagged image file format," contravenes the spirit of the rule because the documents were converted from a searchable form into a non-searchable form. Defendants' proposals to remedy the problem are illusory. First, plaintiff cannot search voluminous documents in TIFF. Second, even if plaintiff opted to purchase software at its own expense that could search TIFF documents, such software may not reveal all relevant information that can be obtained from a search of documents in native format. Compare Williams v. Sprint/United Mgmt Co., 230 F.R.D. 640, 646 (D. Kan. 2005) (requiring production of metadata establishing how, when, and by whom information was collected, created, accessed, modified, and formatted) with Kentucky Speedway, LLC v. Nat'l Assoc. of Stock Car Auto Racing, Inc., 2006 WL 5097354 at *8, *9 (E.D. Ky. Dec. 18, 2006) (requiring showing of particularized need for discovery of metadata absent an initial demand for such specific content). Finally, it is unreasonable and burdensome to require plaintiff's counsel to work from defense counsel's office to identify relevant documents. Such a process also risks an intrusion on plaintiff's work product privilege

3. Plaintiff's requests for full and complete answers to interrogatories 3, 5, and 11, and for documents, nos. 23, 24, 55, and 56, are GRANTED. To the extent defendants maintain the request is moot based on previous compliance, defendants are directed to provide the

supplemental information demanded by plaintiffs, including information on the asserted defenses of non-infringement and invalidity. All requested information may lead to admissible evidence. See generally Fed. R. Civ. P. 26(b)(1) (relevant information encompasses evidence reasonably calculated to lead to discovery of admissible evidence); Pacitti v. Macy's, 193 F.3d 766, 777 (3d Cir. 1999) (discovery rules should be liberally applied).

4. Plaintiff's request for documents, nos. 18 and 57, is GRANTED. To the extent the requested information includes defendants' source code for Facebook's website and "groups application," however, production is contingent on plaintiff negotiating a protective order to ensure that such sensitive information is not publicly disseminated. Contrary to defendants' claim, plaintiff has established the relevance of whether defendants' software operates to create the electronic communities in a manner that falls within the scope of the contested patent (the "'629 patent"). The source code is relevant to determining a full understanding of how defendants' software operates, which may lead to evidence of alleged infringement. See generally Fed. R. Civ. P. 26(b)(1); Pacitti, 193 F.3d at 777. Defendants acknowledge they perform targeted advertising through a collaboration with Microsoft and plaintiff is entitled to discovery of any relevant evidence that could determine whether targeted advertising is accomplished in a manner covered by the contested patent.

5. Plaintiff's request for tax return information, no. 38, is DENIED. Balancing the privacy interests inherent in tax return information with the plaintiff's need for the tax information, plaintiff's request is overbroad. See DeMasi v. Weiss, 669 F.2d 114, 119 (3d Cir. 1982) (public policy favors non-disclosure of tax return information (citing Cooper v. Hallgarten & Co., 34 F.R.D. 482, 483 (S.D.N.Y. 1964))). Although defendant's assets are relevant to computing potential damages, other less-intrusive means exist for plaintiff to obtain relevant

financial information.

6. The parties shall fully comply with this order forthwith, but no later than January 3, 2008.

BY THE COURT:

\s\ TIMOTHY R. RICE
TIMOTHY R. RICE
U.S. MAGISTRATE JUDGE