# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CROSS ATLANTIC CAPITAL PARTNERS, INC., | **CIVIL ACTION** |
| Plaintiff, | **NO. 07-CV- 02768-JP** |
| v. | |
| FACEBOOK, INC. and THEFACEBOOK, LLC, | **JURY TRIAL DEMANDED** |
| Defendants. | |

## ORDER APPROVING PROTECTIVE ORDER

The joint Protective Order submitted by the parties and attached hereto as Exhibit A is hereby approved and adopted.

IT IS SO ORDERED.

Dated: _____        By: _____

Timothy R. Rice
United States Magistrate Judge

CROSS ATLANTIC CAPITAL PARTNERS, INC. v. FACEBOOK, INC. et al        Doc. 59 Att. 2

Dockets.Justia.com

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CROSS ATLANTIC CAPITAL | : | |
| PARTNERS, INC. | : | **CIVIL ACTION** |
| Plaintiff, | : | **NO.: 07-CV-2768 JP** |
| vs. | : | |
| FACEBOOK, INC. | : | |
| AND | : | |
| THEFACEBOOK, LLC | : | |
| Defendants. | : | |

## PROTECTIVE ORDER

WHEREAS, the parties, intending to be legally bound and in contemplation of Federal Rule of Civil Procedure 26 and Local Rule 26.1, and for good cause shown, have stipulated to the signing and entry of this Protective Order ("Protective Order" or "Order"), IT IS HEREBY AGREED that each of the parties shall be governed by the following terms and conditions concerning confidential information in connection with the above-captioned action:

1.    The parties to this litigation may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" any of the following: (a) documents produced by them at any time in this litigation; (b) documents produced by a non-party in this litigation; (c) interrogatory answers, responses to document requests, and responses to requests for admissions; (d) deposition transcripts or any part thereof at the deposition, or within 14 days of receiving the official transcript; and (e) access to premises for inspection or information. The parties to this litigation may also designate materials produced in discovery as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE," provided that the materials are computer source code.

2. This Order shall not apply to information or tangible items obtained by means independent of voluntary production by another party, discovery or other proceedings in this action, provided that the acquisition of the information or tangible item has been through lawful means. The restrictions set forth in this Protective Order shall not apply to information or tangible items which at or prior to disclosure in this action, are or were within public knowledge through lawful means, or which, after disclosure, come within public knowledge other than by acts or omissions of the one receiving the confidential Information or its agents, consultants or attorneys. This Order has no effect upon, and shall not apply to any producing party's use of its own "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or materials, for any purpose.

3. Information may be designated as "CONFIDENTIAL" based upon a good faith belief that the information constitutes or contains information of the designating party which is not available to the general public, including, but not limited to, trade secrets, know-how, proprietary data or other technical, commercial, business, or financial information. Such CONFIDENTIAL information may include documents, photographs, charts, drawings, electronic or computer data, sound recordings and video tapes produced by any party in this matter or depositions taken in this action.

4. Information may be designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it constitutes or contains information that meets the requirements for designation as "CONFIDENTIAL" as set forth in Paragraph 3 above and is extremely sensitive in nature, including for example confidential business plans and financial, revenue, pricing, marketing, competitive, technical and research information relating to the producing party or the producing party's products or services or planned products or services.

2

5.    Information may be designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" if it constitutes or contains information that meets the requirements for designation as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as set forth in Paragraph 4, and is computer source code.

6.    CONFIDENTIAL information shall not be revealed, disclosed, or described, in whole or in part, to any person other than:

(a)    outside counsel of record for any of the parties in this litigation and employees of such attorneys who are working under such attorneys' supervision in connection with this action;

(b)    independent experts, consultants, and advisors retained by a party or its attorneys to assist in the prosecution or defense of this action who have signed the "Acknowledgement and Consent to Be Bound by Protective Order" (Exhibit A) pursuant to Paragraph 11 herein;

(c)    the Court and its personnel, including court reporters;

(d)    deposition reporters, videographers and their employees, in connection with this action;

(e)    the parties to this action and their officers, directors, employees or agents (including in-house counsel)

who are directly involved with the prosecution or defense of this action;

(f)     independent photocopying or document reproduction services retained in connection with the prosecution or defense of this action.

7.     HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information shall not be revealed, disclosed, or described, in whole or in part, to any person other than:

(a)     outside counsel of record for any of the parties in this litigation and employees of such attorneys who are working under such attorneys' supervision in connection with this action;

(b)     independent experts, consultants, and advisors retained by a party or its attorneys to assist in the prosecution or defense of this action who have signed the "Acknowledgement and Consent to Be Bound by Protective Order" (Exhibit A) pursuant to Paragraph 11 herein;

(c)     the Court and its personnel, including court reporters;

(d)     deposition reporters, videographers and their employees, in connection with this action;

(e)     three (3) designated officers, directors or employees of a party to this action, who are directly involved

4

with the prosecution or defense of this action, who agree in writing to be bound by the terms of this Protective Order, and who are identified in writing to the other party along with a copy of their written agreement to be bound by the Protective Order, at least five days in advance of the disclosure. Any party may object to such disclosure by filing a motion with the Court and no disclosure shall be made until the motion has been resolved;

(f)     independent photocopying or document reproduction services retained in connection with the prosecution or defense of this action.

8.     HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE materials shall not be revealed, disclosed, or described, in whole or in part, to any person other than:

(a)     outside counsel of record for any of the parties in this litigation and employees of such attorneys who are working under such attorneys' supervision in connection with this action;

(b)     at any one time, no more than two (2) independent experts, consultants, and/or advisors retained by a party or its attorneys to assist in the prosecution or defense of this action who are qualified to access

"HIGHLY CONFIDENTIAL – ATTORNEYS'
EYES ONLY" information under Paragraph 7(b) of
the Protective Order and who have signed the
"Acknowledgement and Consent to Be Bound by
Protective Order" and "Acknowledgement and
Consent to Be Bound by Protective Order – Source
Code" (Exhibits A and B) pursuant to Paragraph 11
herein, provided that such experts and/or
consultants (i) are not presently substantively
involved in the preparation or prosecution of patents
for or on behalf of XACP (or any XACP
subsidiaries or affiliates, or any company in which
XACP or any XACP subsidiary or affiliate has
made an investment) (hereafter referred to as the
"Excluded Parties"); and (ii) will not be
substantively involved in the preparation or
prosecution of patents for or on behalf of any
Excluded Party during this litigation or for two
years following the conclusion of the trial in this
action (or the conclusion of the litigation, whichever
is sooner).

(c)     the Court and its personnel, including court
reporters;

(d)     deposition reporters, videographers and their employees, in connection with this action;

(e)     the same three (3) designated officers, directors or employees of a party to this action identified pursuant to Paragraph 7(e), who are directly involved with the prosecution or defense of this action, have agreed in advance to disclosure to be bound by the terms of this Protective Order by signing the "Acknowledgement and Consent to Be Bound by Protective Order – Source Code" (Exhibit B) pursuant to Paragraph 11 herein, and are identified to the other party at least five days in advance of the disclosure;

(Collectively, the persons described above in Paragraphs 8(a) through 8(e) are hereinafter referred to as "Authorized Persons"). Experts and/or consultants may be replaced for purposes of the numeric limit of Paragraph 8(b) above, and the numeric limit set forth therein may be expanded, upon good cause shown, either by written agreement or stipulation of the parties or upon further order of the Court. An expert and/or consultant may use and disclose materials, items, things, and/or information designated as "Confidential – Attorneys' Eyes Only – Source Code" solely in connection with this litigation, and not for any business or other purpose whatsoever, including but not limited to the preparation and/or prosecution of any patent applications. All materials, items, things, and/or information designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" shall be subject to all

clauses and restrictions applicable to materials designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" under the Protective Order, and subject to the additional source code-specific restrictions set forth in Paragraphs 20-27 below.

9.      Designation of CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE documents and other items and depositions shall be made by placing one of the following legends on the face of the document or other item and on each page so designated before the document is distributed to the parties:

- CONFIDENTIAL (hereinafter referred to as the "Confidential Legend").

- HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY (hereinafter referred to as the "Highly Confidential Legend").

- HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE ((hereinafter referred to as the "Source Code Legend").

10.     Before a party may reveal, disclose or describe, in whole or in part, any CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE information to any of the above identified authorized persons, that party must inform the person receiving such information of the CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE nature of the information, the existence of this Protective Order and his or her duty to abide by its terms and to maintain the confidentiality of the information.

11.     Prior to disclosing any CONFIDENTIAL and/or HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY information to persons identified in Paragraphs 6(b) and 7(b)
above (independent experts, consultants, and advisors), that person shall fully execute the
"Acknowledgement and Consent to Be Bound by Protective Order" form attached hereto as
Exhibit A.  Prior to disclosing any HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY
– SOURCE CODE materials or information to persons identified in Paragraph 8(b) above
(independent experts, consultants, and advisors), that person shall fully execute the
"Acknowledgement and Consent to Be Bound by Protective Order" form attached hereto as
Exhibit A and "Acknowledgement and Consent to Be Bound by Protective Order – Source
Code" form attached hereto as Exhibit B.

     At the conclusion of the case, either party may request the other party to produce any
"Acknowledgement and Consent to Be Bound by Protective Order" and/or "Acknowledgement
and Consent to Be Bound by Protective Order – Source Code" forms signed by such persons,
and the requested party shall produce the forms to the requesting party within seven (7) business
days of the request.  If the person identified in Paragraphs 6(b), 7(b) and 8(b) above is an
independent expert whose identity is disclosed by a party pursuant to Fed. R. Civ. P. 26(a)(2),
the disclosing party shall produce a copy of the signed form at the time of the production of the
expert's report.  CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
ONLY information shall not be disclosed to any person identified in Paragraphs 6(b) and 7(b)
above who is unable to sign the "Acknowledgement and Consent to Be Bound by Protective
Order" form for any reason.  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY –
SOURCE CODE" information shall not be disclosed to any person identified in Paragraphs 8(b)
above who is unable to sign the "Acknowledgement and Consent to Be Bound by Protective

Order" and "Acknowledgement and Consent to Be Bound by Protective Order – Source Code"
forms for any reason.

12.     Any party or person filing with the Court any CONFIDENTIAL, HIGHLY
CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY – SOURCE CODE material or information, or any pleading,
motion, brief, or other paper which discloses any information designated CONFIDENTIAL,
HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY – SOURCE CODE, shall file such document or other item by
enclosing it in a sealed envelope or container on the face of which shall be marked the caption of
this action and the following legend:

[CONFIDENTIAL] [HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY] [HIGHLY
CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE] MATERIAL
This envelope contains material that is filed under seal
and unless ordered by the United States District Court
for the Eastern District of Pennsylvania, the contents shall not be
reproduced for or shown to persons other than the persons
specified in the Protective Order entered in
Cross Atlantic Capital Partners, Inc. v. Facebook, Inc. et al.
E.D. Pa. Docket No. 07-CV-2768

Such material filed with the Court shall not be made available to anyone other than those persons
entitled to view such information pursuant to  Paragraphs 6,7 and 8 above except as the Court
may otherwise order.  Where possible, only CONFIDENTIAL, HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
ONLY – SOURCE CODE portions of filings with the Court shall be filed under seal.

13.     Except upon further order by this Court, CONFIDENTIAL, HIGHLY
CONFIDENTIAL – ATTORNEYS' EYES ONLY and/or HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY – SOURCE CODE information shall be used solely in the course

of and for the resolution of this action, including all appeals herein, and shall not be used for any business or other purpose whatsoever.

14.     Unless otherwise agreed between counsel for the party designating information as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE and counsel for the party in possession of information designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE, all information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE under this Protective Order and all copies thereof shall be returned to the producing party or its counsel promptly upon request, but in no event more than 90 days after final adjudication or other resolution of this litigation, including all appeals herein. Counsel who received the CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE information shall certify within a reasonable period of time that they have returned all CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE information, including copies, to the party producing it, and that any expert, consultant or advisor to whom CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE information has been disclosed has done the same.

15.     No party concedes that any material designated by any other party as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and/or

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE does in fact contain or reflect trade secrets, proprietary or confidential information, or has been properly designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE. Any party may at any time move for relief from the provisions of this Order with respect to specific material which that party believes has been improperly designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE. The Court retains the right to allow disclosure of any subject covered by the stipulation or to modify this Order at any time in the interest of justice and is not bound by any party's CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE designation.

16. Nothing in this Order shall effect in any way any party's rights to introduce CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE information into evidence during trial or at any hearing in the above-captioned matter.

17. This Protective Order shall not be construed as a waiver by any party of any legally cognizable privilege to withhold any document or other items or information, or of any right that any party may have to assert such privilege at any stage of the proceedings. Nor shall this Protective Order be construed as a limitation on the right of any party to discovery to which it is entitled under the applicable rules of civil procedure. Nothing contained within this Protective Order shall be construed as a concession by any party of the relevance or lack of relevance of any information or documents or other items.

12

18.     The provisions of this Protective Order, insofar as they restrict the communication

and use of CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE

documents or other items or testimony of any sort (or transcripts thereof) designated as

CONFIDENTIAL shall, absent written permission of the producing party or further order of the

Court, continue to be binding after the conclusion of this action, including all appeals herein.

19.     Persons attending depositions taken in this action at which CONFIDENTIAL,

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and/or HIGHLY CONFIDENTIAL

– ATTORNEYS' EYES ONLY – SOURCE CODE information is identified, discussed or

disclosed shall be limited to the deponent, counsel for the deponent, and any other persons

authorized to view a particular category of information pursuant to Paragraphs 6, 7 and 8 above.

Any persons present at a deposition who are not authorized to view CONFIDENTIAL, HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY and/or HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY – SOURCE CODE information shall be required to leave the

room while such information is being identified, discussed or disclosed.

20.     No person other than an Authorized Person is permitted to create copies of

materials, items, things, and/or information designated "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY – SOURCE CODE" by the producing party.  The parties shall

restrict the number of copies of such materials to that which is necessary for this lawsuit, and

copies of such materials shall be provided only to those Authorized Persons with a need-to-know

the content of such materials in order to perform his or her function related to this lawsuit.  Any

such copy must be created and maintained in accordance with the terms of Paragraphs 21-27

below. Any copy transmitted to an expert and/or consultant must be returned to outside counsel

13

of record immediately upon replacement of such expert and/or consultant pursuant to Paragraph 8 above.

21.     Permitted experts and/or consultants may create copies of materials, items, things, and/or information designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" solely for the purpose of including such materials in any expert report, declaration, or other document prepared for outside counsel of record.  For purposes of this paragraph, simply loading such material onto a permitted computer and using such permitted computer to analyze such material shall not constitute impermissible copying.  Printed copies of portions of materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" are permitted solely in connection with this litigation and shall be treated in accordance with this Order and shall be limited to only those portions of the materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" for which a printed copy is needed at the time.  Any printed copies shall either be printed on red (or other non-white) color paper or each page shall be marked as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE."  Any printed copies shall be destroyed as soon as they are no longer needed.

22.     Materials, items, things, and/or information designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" shall be maintained at the office of the Authorized Person in a secure location with restricted access, under lock and key, in such a manner as to prevent misappropriation of such materials.  The Authorized Person shall be responsible for maintaining the confidentiality of such materials regardless of the physical storage location.  Outside counsel of record may remove materials designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" from the

14

identified secure location for use in this litigation, provided that such outside counsel of record at all times exercises reasonable precautions to ensure that access to such materials is restricted to persons entitled to have such access.

23.     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" received by an Authorized Person in electronic form shall additionally be subject to all of the following conditions:

a.     All electronic copies of such materials (including any summary or derivative works that replicate or summarize, in whole in part, such materials) must, except when in use, be password-protected and encrypted by using symmetric key encryption with a key length of at least 128-bits.

b.     Authorized Persons shall use reasonable efforts to remove from a computer any intermediary or temporary files created on a computer as a result of any analysis of the materials, by deleting and then overwriting such files with a random or pseudorandom pattern. For purposes of this paragraph, "reasonable efforts" includes periodically running software that overwrites the free space (including the Microsoft Windows swap file, if applicable) on the computer's disk drive(s).

c.     All such electronic copies shall be loaded and maintained on only one desktop computer (and not a laptop or notebook computer) at the offices of the Authorized Person receiving such electronic copies, provided that the computer (i) is at all times subject to the access restrictions set forth elsewhere in this order; and (ii) is not connected to any computer network while an electronic copy is loaded and maintained on it (except for the purpose of transmitting materials pursuant to Paragraph 25).

24.     When an Authorized Person is required to encrypt materials pursuant to
Paragraph 23 above, such encryption may be accomplished by using PGP, Jetico BestCrypt or
TrueCrypt or other encryption software that permits symmetric key encryption with a key length
of at least 128-bits or other encryption software that permits symmetric key encryption with a
key length of at least 128-bits.  When an Authorized Person is required to overwrite files or free
space pursuant to Paragraph 23 above, such overwriting may be accomplished by using PGP
Wipe, Eraser, BC Wipe, or other software that can be used to overwrite files with a random or
pseudorandom pattern.

25.     Outside counsel of record may transmit materials designated "HIGHLY
CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" to another Authorized
Person by e-mail or overnight courier, provided that (a) such materials are transmitted only in
electronic form and are encrypted in accordance with Paragraph 23(a) above; and (b) the
encryption password required to access the designated materials is not included in the message or
package containing such materials.  Further, if such materials are transmitted by overnight
courier, outside counsel of record shall obtain and maintain a delivery confirmation from the
overnight courier.

26.     Outside counsel of record shall maintain a log identifying each Authorized Person
(except outside counsel of record) that has been furnished with any materials that have been
designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE"
by the producing party.  The log shall include the name of the Authorized Person, a precise
description of the materials provided, the date the materials were delivered to the Authorized
Person, the address to which the materials were delivered to the Authorized Person, the method
by which the materials were delivered to the Authorized Person, the location at which the

16

materials are maintained by the Authorized Person, and the date on which the person returned the materials to outside counsel of record. This log shall be made available to the producing party upon request at the conclusion of this litigation.

27. At the final conclusion of this action (including any appeals) and unless the Court otherwise orders, any materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE," any copies of such materials, and all work product reflecting such materials, shall be returned to the producing party or, in the alternative, such materials and any copies thereof shall be certified in writing to have been destroyed. Outside counsel of record and all Authorized Persons who have obtained or otherwise been exposed to any materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" shall provide to the producing party a certification, signed under penalty of perjury, that no copies of any such materials to be returned or destroyed have been retained.

28. The parties agree promptly to submit this Protective Order to the Court for approval, and further agree that, pending approval by the Court, this Protective Order shall be effective as if approved and, specifically, that any violation of its terms shall be subject to the same sanctions and penalties as if this Protective Order had been entered by the Court.

29. This Protective Order may be executed by multiple counterparts.

BY: _Thomas J. Duffy_          BY: _Heidi L. Keefe_
Thomas J. Duffy, Esquire          Heidi L. Keefe, Esquire
Duffy & Keenan          White & Case
The Curtis Center, Suite 1150          3000 El Camino Real
Independence Square West          5 Palo Alto Square, 9th Floor
Philadelphia, PA 19106          Palo Alto, CA 94306


Frederick A. Tecce, Esquire          Alfred W. Zaher, Esquire
McShea\Tecce, P.C.          Blank Rome, LLP
The Bell Atlantic Tower - 28th Floor          130 North 8th Street
1717 Arch Street          Philadelphia, PA 19103
Philadelphia, PA 19103

Attorneys for Plaintiff          Attorneys for Defendants


Date: 01-7-08          Date: 1-8-08

18

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CROSS ATLANTIC CAPITAL PARTNERS, INC. | : | **CIVIL ACTION** |
| Plaintiff, | : | **NO.: 07-CV-2768 JP** |
| vs. | : | |
| FACEBOOK, INC. | : | |
| AND | : | |
| THEFACEBOOK, LLC | : | |
| Defendants. | : | |

## EXHIBIT A

## ACKNOWLEDGMENT AND CONSENT TO BE BOUND BY
## PROTECTIVE ORDER

I, the undersigned, have read and understand the terms and conditions of the Protective Order in <u>Cross Atlantic Capital Partners, Inc. v. Facebook, Inc. et al.</u>, E.D. Pa. Docket No. 07-CV-2768 and consent to be bound by its terms, as follows:

(1)     I understand that I will be authorized to receive materials designated CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, that are subject to various restrictions of use and disclosure, including the restriction that they are to be used solely in connection with this litigation, and not for any business or other purpose whatsoever and that they are not to be disclosed except as provided by the Protective Order.  I agree that I will make no further disclosure of such confidential material and will personally protect the confidentiality of all documents and other items received by me from the attorneys or party who presented this Consent.

(2)     I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of Pennsylvania for the purpose of enforcing my compliance with the Protective Order.

(3)     I declare under the penalty of perjury that I am not involved in a business or a business endeavor that competes with the party who originally produced or created the confidential information or documents in this action.  I further declare that I am not involved in a business or business endeavor which is involved with or utilizes social networking, the sharing of photos or videos over the Internet or World Wide Web, key word advertising on the Internet or World Wide Web, directed advertising on the Internet or World Wide Web or targeted advertising on the Internet or World Wide Web.

(4)     I agree to return all confidential documents and other items to the attorneys who presented this Consent to me within ninety (90) days of the date that the materials were provided to me or, if later, within sixty (60) days after the conclusion of the captioned case whether by dismissal, final judgment, or settlement.

Signature:_____

Printed Full Name:_____

Date:_____

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CROSS ATLANTIC CAPITAL PARTNERS, INC. | : | CIVIL ACTION |
| Plaintiff, | : | NO.: 07-CV-2768 JP |
| vs. | : | |
| FACEBOOK, INC. | : | |
| AND | : | |
| THEFACEBOOK, LLC | : | |
| Defendants. | : | |

## EXHIBIT B

### ACKNOWLEDGMENT AND CONSENT TO BE BOUND BY PROTECTIVE ORDER – SOURCE CODE

I, the undersigned, have read and understand the terms and conditions of the Protective Order in <u>Cross Atlantic Capital Partners, Inc. v. Facebook, Inc. et al.</u>, E.D. Pa. Docket No. 07-CV-2768. I have executed Exhibit A to the Protective Order, entitled "Acknowledgment And Consent To Be Bound By Protective Order" and further consent to be bound by its terms, as follows:

I, _____, understand that I will be authorized to receive materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" that are subject to various restrictions of use and disclosure, including the restriction that they are to be used solely in connection with this litigation, and not for any business or other purpose whatsoever, including but not limited to the preparation and/or prosecution of any patent applications, and that they are not to be disclosed except as provided by the Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of Pennsylvania for the purpose of enforcing my compliance with the Protective Order.

_____ (initials) I am not presently substantively involved in the preparation or prosecution of patents for or on behalf of XACP or any competitor of Facebook, Inc., and I agree to refrain from substantive involvement in the preparation or prosecution of patents for or on behalf of any Excluded Party for two years following the conclusion of the trial in this action (or the conclusion of this litigation, whichever is sooner).

Signature:_____

Printed Full Name:_____

Date:_____