# EXHIBIT A

## to

## Declaration of Heidi Keefe in Support of Facebook's Motion for Leave to Amend

Cross Atlantic Capital Partners, Inc. v Facebook, Inc. and Thefacebook, LLC

USDC ED PA Case No. 07-CV-02768-JP

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CROSS ATLANTIC CAPITAL PARTNERS, INC., <br><br> Plaintiff, <br><br> v. <br><br> FACEBOOK, INC. and THEFACEBOOK, LLC, <br><br> Defendants. | [PROPOSED] <br><br> CIVIL ACTION <br><br> NO. 07-CV- 02768-JP <br><br> JURY TRIAL DEMANDED |

## FIRST AMENDED ANSWER AND COUNTERCLAIMS

[REDACTED VERSION FOR PUBLIC FILING]

Defendants and Counterclaimants FACEBOOK, INC. and THEFACEBOOK, LLC ("Facebook"), by and through its undersigned counsel, hereby submits the following First Amended Answer and Counterclaims to the Complaint for Patent Infringement filed by plaintiff CROSS ATLANTIC CAPITAL PARTNERS, INC. ("XACP"):

## JURISDICTION AND VENUE

1. Facebook admits that this is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, but denies that it has committed any act of patent infringement as alleged by XACP.

2. Admitted.

3. Facebook admits that it is subject to jurisdiction in this judicial district. While Facebook admits that venue in this judicial district is authorized pursuant to 28 U.S.C. §§ 1391 and 1400(b), Facebook denies Paragraph 3 to the extent it suggests that this judicial district is convenient or the most appropriate forum for this dispute. Facebook denies that any acts of patent infringement are occurring within this judicial district.

## THE PARTIES

4. Facebook lacks sufficient information to admit or deny the allegations set forth in paragraph 4 of the Complaint and therefore denies them.

5. Facebook admits that it is a Delaware corporation and that its principal place of business is located at 156 University Avenue, Palo Alto, CA 94301. Facebook denies the remaining allegations of paragraph 5 of the Complaint.

6. Admitted.

7. Facebook admits that it owns and operates an Internet website called Facebook® with a domain name of "facebook.com." Facebook also admits that the site was formerly known as "thefacebook.com." Except as otherwise admitted, Facebook denies all of the allegations set forth in paragraph 7 of the Complaint.

8.  Facebook lacks sufficient information to admit or deny the allegations set forth in paragraph 8 of the Complaint and therefore denies them.

## FACTS

9.  Facebook admits that United States Patent No. 6,519,629 B2 ("'629 patent") bears a title of "System for Creating a Community for Users with Common Interests to Interact In." Facebook lacks sufficient information to admit or deny the remaining allegations of paragraph 9 of the Complaint and therefore denies them.

10. Facebook admits that the '629 patent, on its face, states that United States Patent Application No. 09/513,844 was filed with the United States Patent and Trademark Office ("PTO") on February 25, 2000. Facebook further admits that the '629 patent, on its face, states that United States Patent Application No. 09/513,844 is a continuation-in-part of United States Patent Application No. 09/264,988, which it states was filed on September 15, 1998. Facebook admits that Jamey Harvey, Andrew Fegly, Matt Hulan and Robert Dekelbaum are listed as inventors on the face of the '629 patent. Facebook lacks sufficient information to admit or deny the remaining allegations set forth in paragraph 10 of the Complaint and therefore denies them.

11. Facebook admits that iKimbo, Inc. is listed as "Assignee" on the face of the '629 patent. Facebook lacks sufficient information to admit or deny the remaining allegations set forth in paragraph 11 of the Complaint and therefore denies them.

12. Facebook admits that the face of the '629 patent lists Jamey Harvey, Andrew Fegly, Matt Hulan and Robert Dekelbaum as inventors and identifies iKimbo, Inc. as assignee. Facebook admits that the '629 patent issued on February 11, 2003.

13. Denied.

14. Facebook lacks sufficient information to admit or deny the allegations set forth in paragraph 14 of the Complaint and therefore denies them.

15. Denied.

16. Admitted.

17. Admitted.

18. Facebook admits that Facebook, Inc. was formed not later than July 29, 2004. Facebook denies the remaining allegations of paragraph 18 of the Complaint.

19. Facebook admits that Thefacebook, LLC was formed not later than June 19, 2006. Facebook denies the remaining allegations of paragraph 19 of the Complaint.

20. Facebook admits that its website is accessible to residents of Pennsylvania. Facebook denies the remaining allegations of paragraph 20 of the Complaint.

21. Facebook admits that it has entered into a commercial agreement with Comcast Interactive Media LLC whose principal place of business is in Pennsylvania. Facebook denies the remaining allegations of paragraph 21 of the Complaint.

## COUNT I – PATENT INFRINGEMENT

22. In response to paragraph 22 of the Complaint, Facebook realleges its response to the allegations set forth in paragraphs 1 through 21 above.

23. Facebook denies all of the allegations set forth in paragraph 23 of the Complaint.

24. Facebook denies all of the allegations set forth in paragraph 24 of the Complaint.

25. Facebook denies all of the allegations set forth in paragraph 25 of the Complaint.

26. Facebook denies all of the allegations set forth in paragraph 26 of the Complaint.

27. Facebook denies all of the allegations set forth in paragraph 27 of the Complaint.

28. Facebook denies all of the allegations set forth in paragraph 28 of the Complaint.

29. Facebook denies all of the allegations set forth in paragraph 29 of the Complaint.

30. Facebook denies all of the allegations set forth in paragraph 30 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense: Non-Infringement

31. The Complaint and each of the allegations therein do not entitle Plaintiff to relief on the grounds that defendants have not infringed (literally or by equivalents) any claims of the '629 patent.

### Second Affirmative Defense: Invalidity

32. Each claim of the '629 patent is invalid for failure to meet one or more of the conditions of patentability specified in 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Third Affirmative Defense: Laches

33. The Complaint and each of the allegations therein do not entitle Plaintiff to relief on the grounds that Plaintiff's claims are barred by the doctrine of laches.

### Fourth Affirmative Defense: Estoppel

34. The Complaint and each of the allegations therein do not entitle Plaintiff to relief on the grounds that Plaintiff's claims are barred by the doctrine of estoppel.

### Fifth Affirmative Defense: No Injunctive Relief

35. The Complaint and each of the allegations therein do not entitle Plaintiff to injunctive relief on the grounds that the circumstances set forth in Plaintiff's Complaint do not warrant injunctive relief and, should Plaintiff prevail, it could be adequately compensated by money damages.

### Sixth Affirmative Defense: Unclean Hands – Inequitable Conduct

36. Each claim of the '629 patent is invalid and unenforceable due to unclean hands and inequitable conduct. As more particularly explained below, at least one of the four named inventors of the '629 patent deliberately failed to disclose information material to patentability to the PTO during the prosecution of the application that matured into the '629 patent.

37. Jamey Harvey, the first named inventor on the '629 patent, founded iKimbo, Inc. ("iKimbo") in 1999 and became its CEO. iKimbo initially focused its efforts on the development of an online community creation system for use on the Internet.



38. In broad overview, the '629 patent purports to cover a method and system for creating an on-line community with varying applications in which others could be invited to join the community.



**Redacted**

39. On February 25, 2000, shortly after completing the competitive analysis discussed above, Mr. Harvey and iKimbo filed U.S. Patent Application Ser. No. 09/513,844. Mr. Harvey was the patent's primary inventor and the inventor most responsible for the prosecution of the application. This application was the first iKimbo patent application to disclose a method and system for creating on-line communities.

**Redacted**

In October 2, 2001, iKimbo filed the application for the '629 patent, as a continuation of the February 25, 2000 application. The '629 patent issued on February 11, 2003, naming Mr. Harvey as the first inventor and iKimbo as assignee.

40. On November 9, 2001, well after Mr. Harvey had reviewed the prior art websites described above, the applicants filed an Information Disclosure Statement with the PTO, citing certain prior art references. These were the only references cited by the applicants during prosecution of the '629 patent. However, these sources were far less relevant than the prior art websites that Mr. Harvey had failed to cite to the PTO.

41. Each of the websites discussed above was highly material to the patentability of the alleged invention claimed in the '629 patent. At no time during the prosecution of the '629 patent did Mr. Harvey, iKimbo, the prosecutors, or the other inventors disclose *any* of the community creation systems identified in the October 1999 Business Plan. A reasonable patent examiner would at all times have considered these systems material in deciding whether to allow the '629 patent to issue. The sources were far more relevant, and not cumulative to, the prior art references cited during prosecution of the '629 patent.

42. Starting in mid- to late- 2000, iKimbo developed and started selling Omniprise, a team collaboration enterprise software application that allowed users to create on-

- 6 -

line communities.

43. [Redacted]

44. Mr. Harvey and iKimbo had ample motive to withhold all of the material prior art mentioned above from the PTO.

[Redacted]

45. On May 10, 2000, all the named inventors submitted a declaration under penalty of perjury to the PTO in which they acknowledged their duty "to disclose all information known to us to be material to the patentability of this application defined in 37 C.F.R. § 1.56." Mr. Harvey understood that he had a duty to disclose to the PTO relevant prior art, but breached this duty by failing to disclose any of the community creation websites and team collaboration software applications he studied during his analyses. This failure was in direct contravention of the rules of the PTO, the inventor's duty of candor, and was with the intent to deceive the PTO.

As a result of this inequitable conduct, the '629 patent is unenforceable and XACP is barred from recovering for any alleged infringement thereof.

## COUNTERCLAIMS

Defendants and counterclaimants FACEBOOK, INC. and THEFACEBOOK, LLC (collectively "Facebook"), by and through their undersigned counsel, hereby allege the following Counterclaims against plaintiff and counterclaim defendant CROSS ATLANTIC CAPITAL PARTNERS, INC. ("XACP"):

## THE PARTIES

1. Counterclaimant Facebook, Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 156 University Avenue, Palo Alto, CA 94301-1605.

2. Facebook is informed and believes and on that basis alleges that Counterclaim defendant XACP is a corporation organized and existing under the laws of the State of Delaware and has its principal place of business at 100 Matsonford Road, Building 5, Suite 555, Radnor, PA 19087.

## JURISDICTION AND VENUE

3. This is a civil action regarding allegations of patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, in which Facebook seeks relief under the Declaratory Judgment Act. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

4. The Court has personal jurisdiction over XACP because it consented to personal jurisdiction by filing the Complaint in this action. Venue in this judicial district is authorized under 28 U.S.C. §§ 1391 and 1400.

## COUNT I

**DECLARATORY JUDGMENT OF
NON-INFRINGEMENT, INVALIDITY AND UNENFORCEABILITY
OF U.S. PATENT NO. 6,519,629 B2**

5. Facebook realleges and incorporates by reference all previous paragraphs of its Counterclaim as if set forth fully herein.

6. XACP claims to be the assignee of the complete interest in United States Patent No. 6,519,629 B2 ("'629 patent"), entitled "System for Creating a Community for Users with Common Interests to Interact In." XACP has alleged in this litigation that Facebook has infringed and is infringing the '629 patent.

7. Facebook does not infringe, either directly or indirectly, any claim of the '629 patent and therefore is not liable for infringement thereof. In addition, the '629 patent and each claim thereof is invalid for failing to comply with the provisions of the patent laws, including one or more of 35 U.S.C. §§ 101, 102, 103 and/or 112. Furthermore, XACP's claims under the '629 patent are barred and/or unenforceable for the reasons set forth in Facebook's Affirmative Defenses set forth above.

8. An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Facebook and XACP. Facebook seeks a declaration that it does not infringe the '629 patent, that the '629 patent is invalid, and that XACP's claims under the '629 Patent are barred.

### PRAYER FOR RELIEF

WHEREFORE, Facebook prays that this Court enter judgment:

A. In favor of Facebook, and against XACP, thereby dismissing XACP's Complaint in its entirely, with prejudice, with XACP taking nothing by way of its claims;

B. Declaring and adjudging that Facebook does not infringe the '629 patent;

C. Declaring and adjudging that the '629 patent is invalid and/or unenforceable;

D. Ordering Plaintiff to pay all costs incurred by Facebook in responding to this action, including Facebook's reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

E. Awarding Facebook all other relief the Court deems just and proper under the circumstances.

## JURY DEMAND

Facebook demands a trial by jury as to all issues so triable.

Dated: February 12, 2008

By: /s/ Heidi L. Keefe
Heidi L. Keefe
Mark R. Weinstein
Sam O'Rourke
WHITE & CASE LLP
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, CA 94306

Alfred W. Zaher
Dennis P. McCooe
BLANK ROME LLP
130 N 18th St
Philadelphia, PA 19103

Attorneys for FACEBOOK, INC. and
THEFACEBOOK, LLC