# EXHIBIT D

## to

## Declaration of Heidi Keefe in Support of Facebook's Motion for Leave to Amend

Cross Atlantic Capital Partners, Inc. v Facebook, Inc. and Thefacebook, LLC

USDC ED PA Case No. 07-CV-02768-JP

Dockets.Justia.com

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF COLUMBIA

CROSS ATLANTIC CAPITAL PARTNERS, INC.,

V.

FACEBOOK, INC. and THEFACEBOOK, LLC

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 07-CV-02768-JP
Eastern District of
Pennsylvania

TO: Andrew Fregly

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  White & Case, LLP, 701 Thirteenth Street, NW, Washington, DC 20005 | DATE AND TIME  1/3/2008 9:00 am |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Notice of Deposition.

| PLACE   White & Case, LLP, 701 Thirteenth Street, NW, Washington, DC 20005 | DATE AND TIME  12/27/2007 9:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] | 12/11/07 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Heidi L. Keefe, White & Case, LLP, 3000 El Camino Real, Five Palo Alto Square, 9th Floor, Palo Alto, CA 94306
(650) 213-0308

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
  (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
  (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
  (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
  (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) If a subpoena
    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
  (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
  (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
  (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
  (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
  (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

```
 1  HEIDI L. KEEFE (pro hac vice)
    MARK WEINSTEIN (pro hac vice)
 2  SAM O'ROURKE (pro hac vice)
    WHITE & CASE LLP
 3  3000 El Camino Real
 4  5 Palo Alto Square, 9th Floor
    Palo Alto, California 94306
 5  Telephone: 650/213-0300
    Facsimile:  650/213-8158
 6
 7  Attorneys for Defendants
    FACEBOOK, INC. and THEFACEBOOK, LLC
 8
 9              IN THE UNITED STATES DISTRICT COURT
10             FOR THE EASTERN DISTRICT OF PENNSYLVANIA
11
12
13  CROSS ATLANTIC CAPITAL PARTNERS,  )   Case No. 07- CV-02768-JP
14  INC.,                             )
                                      )   NOTICE OF DEPOSITION OF ANDREW
15           Plaintiff,               )   FREGLY PURSUANT TO FED. R. CIV.
                                      )   P. 45
16      vs.                           )
17                                    )
    FACEBOOK, INC. and THEFACEBOOK,   )
18  LLC,                              )
                                      )
19           Defendants.              )
20  _____    )
21
22
23  TO: PLAINTIFF, CROSS ATLANTIC CAPITAL PARTNERS, INC. AND ITS
        COUNSEL OF RECORD:
24
        PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure,
25
    the testimony of ANDREW FREGLY will be taken upon oral examination by counsel for defendants
26
    FACEBOOK, INC. and THEFACEBOOK, LLC ("Facebook") before an officer duly authorized by
27
    law to administer oaths, at the law offices of White & Case LLP, 701 Thirteenth Street, NW,
28
```

1  Washington, DC 20005, on January 3, 2008 at 9:00 a.m., or as soon thereafter as is mutually
2  convenient and continuing from day to day until such testimony is complete.
3      The testimony will be recorded stenographically and by videotape. The deposition will be
4  taken for the purposes of discovery and all other purposes permitted by the Federal Rules of Civil
5  Procedure.
6      **PLEASE TAKE NOTICE** that, pursuant to Rule 45 of the Federal Rules of Civil Procedure,
7  ANDREW FREGLY is directed to produce for inspection and copying, at the law offices of White
8  & Case LLP, 701 Thirteenth Street, NW, Washington, DC 20005, on December 27, 2007 at 9:00
9  a.m., the documents listed below.

10 **I.    DEFINITIONS**

11     A.    "Document" as used herein shall have the broadest possible construction
12 under Rule 34(a) of the Federal Rules of Civil Procedure and Federal Rule of Evidence 1001 and
13 includes, without limiting the generality of the foregoing, the original and all copies, drafts, and
14 translations of any document in any written, recorded, or graphic form, including film, video,
15 computer data and programs, memoranda and notes of oral conversations, as well as compilations,
16 catalogs and summaries of information or data, whether typed, handwritten, printed, recorded, or
17 otherwise produced or reproduced, and any other retrievable data (whether email, discs, tapes, cards,
18 or coded electrostatically, electromagnetically, optically or otherwise). "Document" also means any
19 nonidentical copy thereof and all associated metadata about the creation, modification and storage of
20 the document. Designated documents are to be taken as including all attachments, exhibits,
21 enclosures, appendices and other documents that relate to or refer to such designated documents.
22 The enumeration of various specific items as included within the definition of the word "documents"
23 shall not be taken to limit the generality of this word, and the requests herein are directed and
24 intended to obtain all "documents" in the broadest and most comprehensive sense and meaning of
25 this word.
26     B.    "Any" shall be understood to include and encompass "all."
27     C.    The singular shall always include the plural and the present tense shall also
28 include the past tense.

D.     "And" as well as "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of this request all documents or things that might otherwise be construed to be outside its scope.

E.     "Person" and "persons" mean both natural persons and legal entities, including, without limitation corporations, companies, firms, partnerships, joint ventures, proprietorships, associations, and governmental bodies or agencies. Unless noted otherwise, references to any person, entity or party herein include its, his or her agents, attorneys, employees, employers, officers, directors, or others acting on behalf of said person, entity, or party.

F.     "Relate" or "refer" or any variants thereof, when used in connection with any document, shall be understood to apply if the document directly or indirectly evidences, mentions, discusses, constitutes, concerns, supports, contradicts, refers to, or in any other way deals with the subject matter described in the request in which the term appears.

G.     "Communication" means any contact, oral or documentary, formal or informal, at any place or under any circumstances whatsoever whereby information of any nature is transmitted or transferred, including, without limitation, a single person seeing or hearing any information by any means.

H.     "XACP" means Cross Atlantic Capital Partners, Inc., its directors, officers, parents, subsidiaries, predecessors, successors, assigns, agents, servants, employees, investigators, attorneys, and all other persons and entities representing it or acting on its behalf, including without limitation iKimbo, Inc.

I.     "Facebook" means Facebook, Inc. and Thefacebook, LLC.

J.     "'629 Patent" means United States Patent No. 6,519,629 B2.

K.     "You" and "your" means Andrew Fregly.

L.     "iKimbo" means iKimbo, Inc., its directors, officers, parents, subsidiaries, predecessors, successors, assigns, agents, servants, employees, investigators, attorneys, and all other persons and entities representing it or acting on its behalf.

M.     "Litigation" means the action commenced in the Eastern District of Pennsylvania (No. 07-CV-02768-JP) and any actions between the parties.

1  N.  "Prior Art" means any document, action, or information that satisfies, or
2  potentially satisfies, any of the prior art provisions of 35 U.S.C. § 100, et seq., e.g., §§ 102, 103.
3  II.  **INSTRUCTIONS**
4  1.  The place You are required to produce responsive documents is listed on the
5  face of the subpoena. If more convenient, You or your attorney may contact the Issuing Officer
6  listed on the face of the subpoena and arrange for the production of materials on or before the date
7  required at the Issuing Officer's address.
8  2.  In responding to the following requests for production of documents, You are
9  required to furnish such information as is available to You, including but not limited to information
10 in the possession of your investigators, employees, agents, representatives, guardians, attorneys,
11 investigators for your attorneys, or any other person or persons acting on your behalf.
12 3.  Produce documents referring or relating to source code in native form.
13 4.  If You cannot fully produce the documents requested below after exercising
14 due diligence to secure them, respond to the extent possible, specify the portion of any request for
15 production of documents to which You are unable fully to respond, state the facts upon which You
16 base your contention that You are unable fully to respond to such portion, and state any knowledge,
17 information, or belief You have concerning such portion.
18 5.  If You object to the production of any document on the grounds that it is
19 protected from disclosure by the attorney-client privilege, work-product doctrine, or any other
20 privilege, You are requested to identify each document for which the privilege is claimed and give
21 all information required by applicable case law, including but not limited to the following:
22  a. the name of the writer, sender, or initiator of each copy of the document;
23  b. the name of the recipient, addressee, or party to whom any copy of the
24  document was sent;
25  c. the date of each copy of the document, if any, or an estimate of its date;
26  d. a statement of the basis for the claim of privilege; and
27  e. a description of the document sufficient for the Court to rule on the
28  applicability and appropriateness of the claimed privilege.

-4-

6. If in answering these requests You claim any ambiguity in either a request or a definition or instruction applicable thereto, identify in your response the language You consider ambiguous and state the interpretation You are using in responding.

7. In the event that multiple copies of a document exist, produce every copy on which appear any notations or markings of any sort not appearing on any other copy.

8. If You or your attorneys know of the existence, past or present, of any document described in any of these requests, but such document is not presently in your possession, custody, or control or in the possession, custody, or control of your agents, representatives, or attorneys, You shall so state in response to the request, identify such document in response to the request, and identify the individual in whose possession, custody, or control the document was last known to reside. If any responsive documents have been destroyed or otherwise removed from your custody or control, please state when, how, and why such document was destroyed or removed from your custody.

9. The documents produced in response to these requests shall be: (i) organized and designated to correspond to the categories in these requests or, if not, (ii) produced as they are maintained in the normal course of business, and in either case:

    a. all documents that cannot be legibly copied shall be produced in their original form; otherwise, You may produce photocopies (but Facebook reserves the right to inspect the originals); and

    b. each page shall be given a discrete production number.

10. If any of the documents cannot be produced in full, You are requested to produce them to the extent possible, specifying the reasons for the inability to produce the remainder and stating whatever information, knowledge or belief You have concerning the un-produced portion.

## III. DOCUMENT REQUESTS

1. All documents referring or relating to the sale, offer for sale, demonstration or public disclosure of any iKimbo product, service, method or system (including without limitation Omniprise).

2. All documents referring or relating to any actual or attempted development, commercialization, licensing or promotion of the alleged invention disclosed in the '629 Patent.

3. All documents reflecting communications with any foreign or domestic patent office concerning any patent application of which You are a named inventor, including without limitation the '629 Patent, U.S. Patent No. 6,487,583 and any foreign counterpart(s) thereof.

4. All documents referring or relating to the conception of the alleged invention of each claim of the '629 Patent, including the precise date of conception, the persons involved and the nature of their involvement.

5. All documents referring or relating to the date of actual or constructive reduction to practice of the alleged invention of each claim of the '629 Patent, including all documents relating to any steps constituting diligence from conception to actual or constructive reduction to practice.

6. All documents referring or relating to the date and circumstances of first experimental use or test use of any alleged invention of the '629 Patent.

7. All documents referring or relating to any public disclosure of any product, service, method or system that enables the creation of on-line communities, including without limitation any product that would be covered by any claim of the '629 Patent.

8. All documents referring or relating to the date and circumstances of the first offer to sell or sale of any alleged invention of the '629 Patent.

9. All documents referring or relating to the design, research, experimental work, development, examination, analysis, testing or evaluation of any product, system, process or method related to the alleged invention of the '629 Patent, including, without limitation, meeting notes, memoranda, correspondence, data sheets, test data, test results, analyses, drawings, design diagrams, design reviews, technical files, notes, engineering notebooks, invention disclosure forms, laboratory notebooks, reports, graphs, charts, articles, presentation materials, workbooks, and/or electronic mail, the first drawing or sketch and the first written description of each such product and/or system, and such other documents sufficient to identify each person involved in any way in such design, research, experimental work, development, examination, analysis, testing, or evaluation.

-6-

PALOALTO 85142 v1 (2K)

NOTICE OF DEPOSITION - ANDREW FREGLY
Case No. 07 CV 2768 JP

10. All documents referring to, relating to, or comprising any actual or potential Prior Art to the '629 Patent, including all patents, publications, written descriptions, products or other Prior Art of which You are aware that concern, disclose, describe or claim any alleged invention disclosed, described or claimed in the '629 Patent.

11. All documents referring or relating to communications between You and XACP, including all past and present agreements between You and XACP.

12. All documents referring or relating to any prior relationship and/or employment with iKimbo.

13. All documents referring or relating to the preparation, drafting, or prosecution of the '629 Patent, including all applications listed on the face of the '629 Patent.

December 11, 2007                    WHITE & CASE LLP

                                     By _____Heidi L. Keefe_____
                                           Heidi L. Keefe

                                     Attorney for FACEBOOK, INC. and
                                     THE FACEBOOK, LLC

U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Cross Atlantic Capital Partners, Inc.

vs.

Facebook, Inc., et al.

No. 07-CV-02768-JP

**AFFIDAVIT OF SERVICE**

to wit: Washington, DC

I, ROBERT PROFFITT, having been duly authorized to make service of the Deposition Subpoena Duces Tecum and Notice of Deposition of Andrew Fregly Pursuant to Fed. R. Civ. P. 45 in the above entitled case, hereby depose and say:

That my date of birth / age is 11-26-1955.

That my place of business is 1827 18th Street, N.W., Washington, D.C. 20009 (202) 667-0050.

That service was made by a private process server.

That I am not a party to or otherwise interested in this suit.

That at 8:30 pm on December 13, 2007, I served Andrew Fregly at 13404 Darnestown Road, Gaithersburg, Maryland 20878 by serving Andrew Fregly, personally. Described herein:

```
    SEX-   MALE
    AGE-   54
 HEIGHT-   5'10"
   HAIR-   BALD
 WEIGHT-   190
   RACE-   WHITE
```

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Affidavit of Service is true and correct.

Executed on 12-14-07
            Date

ROBERT PROFFITT
1827 18th Street, NW
Washington, DC 20009
Our File#- 198698