# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CROSS ATLANTIC CAPITAL PARTNERS, INC., | CIVIL ACTION |
| Plaintiff, | NO. 07-CV-02768-JP |
| v. | |
| FACEBOOK, INC. and THEFACEBOOK, LLC, | JURY TRIAL DEMANDED |
| Defendants. | |

### DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO AMEND ANSWER AND COUNTERCLAIMS

[REDACTED VERSION FOR PUBLIC FILING]

## I. INTRODUCTION

On July 3, 2007, Cross Atlantic Capital Partners, Inc. ("XACP") brought suit against Defendants Facebook, Inc. and TheFacebook, LLC (collectively, "Facebook") for infringement of United States Patent No. 6,519,629 (the "'629 patent"). On September 4, 2007, Facebook filed its Answer and Counterclaims for a declaration of non-infringement and invalidity. *See* Exhibit B to Keefe Decl., at ¶ 3.

Through the course of diligent discovery, Facebook recently learned that the '629 patent was procured through inequitable conduct. Documents and testimonial evidence recently provided by named inventors of the '629 patent confirm that the inventors knew about prior art references that were highly material to the purported validity of '629 patent but, in an effort to bolster the value of their company to investors, withheld these prior art references from the U.S. Patent and Trademark Office ("PTO") to procure the patent-in-suit.

Having made this determination, and having learned enough facts to meet the pleading standard of Federal Rule of Civil Procedure 9, Facebook immediately contacted XACP and asked for a stipulation to allow Facebook to amend its Amended Answer and Counterclaims to include an affirmative defense and counterclaim of unenforceability as a result of inequitable conduct. *See* Amended Answer and Counterclaims, attached hereto as Exhibit A to the Declaration of Heidi Keefe ("Keefe Decl."), at ¶ 2. A copy of Facebook's proposed amendment was provided. XACP never responded to Facebook's request.

All of the requirements of Federal Rule of Civil Procedure 15(a) are clearly met. The discovery record, as set forth below, demonstrates that Facebook did not delay bringing this motion and at all times acted in good faith. Because all of the evidence regarding Facebook's inequitable conduct allegations is in the hands of XACP and the named inventors, the amendment will not result in undue prejudice to XACP. Finally, Facebook's amended pleading is not futile, because it contains detailed allegations demonstrating the merit of its inequitable conduct defense and counterclaim.

For the reasons set forth in this motion, and in the interest of resolving all disputes

between the parties, Facebook respectfully requests that the Court grant it leave to file its Amended Answer and Counterclaims, submitted concurrently herewith.

## II. ARGUMENT

### A. Applicable Law.

Under Federal Rule of Civil Procedure 15 ("Rule 15"), leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Courts liberally allow amendments under Rule 15. *See Foman v. Davis*, 371 U.S. 178, 182, 183 S.Ct 227, 230 (1962) (stating that Rule 15's liberal "mandate is to be heeded"); *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) ("[C]ourts have shown a strong liberality in allowing amendments under Rule 15(a)") (internal citations omitted). Although the district court has discretion whether to grant leave to amend, "[t]his liberal amendment philosophy limits the district court's discretion to deny leave to amend." *See Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984).

The district court should deny leave to amend only if there is undue delay, bad faith, or undue prejudice to the opposing party, or when the amendment would be futile. *See Foman v. Davis*, 371 U.S. at 182, 83 S.Ct at 230; *Arthur v. Maersk*, 434 F.3d 196, 204-5 (3d Cir. 2006); *Adams*, 739 F.2d at 864. The simple passage of time, however, is not necessarily "delay." Indeed, courts have held that parties should wait to make accusations of inequitable conduct until after they have obtained evidence of culpable acts. *See, e.g., Biovail Laboratories Intern. SRL v. Andrx Pharmaceuticals, LLC.*, slip copy, 2007 WL 3231684, at *2 (D. Del. 2007) (in granting defendant's leave to amend answer to add inequitable conduct defense, stating "a contrary ruling would tend to encourage knee jerk, thoughtless, and poorly grounded assertions of inequitable conduct by defendants in patent infringement actions").

### B. Facebook's Motion For Leave Is Timely, Made In Good Faith And Would Cause No Prejudice To XACP.

#### 1. The Litigation Timeline Demonstrates Facebook's Timeliness.

Facebook diligently sought discovery about the inventors and the development of the alleged invention of the '629 patent from the outset of discovery. Following diligent third

2

party discovery, including a deposition in late January, Facebook now has sufficient evidence to allege inequitable conduct. Facebook drafted its proposed Amended Answer and Counterclaims, attempted to get a stipulation from XACP, and filed the instant motion within two weeks of obtaining the transcript of the deposition demonstrating inequitable conduct.

The time line of events is as follows. Discovery opened on September 14, 2007. On that day, Facebook served on XACP its First Set of Interrogatories, seeking, among other things, information about the inventors and invention process leading to the issuance of the '629 patent. *See* Keefe Decl., at ¶ 4. On September 28, Facebook served a comprehensive First Set of Requests for Production of Documents, seeking all documents in any way related to the process leading up to the issuance of the '629 patent. *Id.*

On October 17, 2007, XACP provided a response to Facebook's interrogatories claiming a "lack of personal knowledge" about any aspect of the alleged invention of the '629 patent or the activities leading up to its issuance by the PTO. XACP asserted that XACP is merely the assignee of the patent and the "inventors [of the '629 patent] are not and have never been employees or agents of plaintiff." *Id.* at ¶ 5.

After being told that XACP had no relationship or knowledge concerning the activities of the named inventors of the patent in suit, Facebook began to attempt to locate and contact the named inventors of the '629 patent. After numerous attempts, Facebook was finally able to locate and contact two of the four named inventors. Facebook contacted Jamey Harvey on November 13, 2007 and Andrew Fregly[1] on November 16, 3007. At that time, neither inventor was represented by counsel. *Id.* at ¶ 6. After a series of unsuccessful attempts to gain information from the inventors informally, Facebook personally served subpoenas on Mr. Harvey and Mr. Fregly on December 13, 2007. *See* Exhibits C & D to Keefe Decl., at ¶ 7. Mr. Harvey was noticed for deposition on January 4, 2008 and for production of documents on December 28, 2007, and Mr. Fregly was noticed for deposition on January 3, 2008 and for

---

[1] Mr. Fregly's name was misspelled on the patent as "Fegly."

3

production of documents on December 27, 2007. *Id.*

On December 21, 2007, counsel for XACP informed Facebook that they had been retained to represent all four named inventors. *See* Exhibit E to Keefe Decl., at ¶ 8. The letter also stated that Mr. Harvey and Mr. Fregly would submit to depositions and would produce documents, but not on the dates noticed. *Id.* Counsel for XACP did not provide documents from Mr. Harvey until January 16, 2008, and from Mr. Fregly until January 22. *See* Heidi Decl. at ¶ 9. Facebook deposed Mr. Harvey on January 25. *See* Keefe Decl., at ¶ 10.

Upon reviewing the Harvey and Fregly documents, Facebook discovered documents indicating that one or more of the inventors of the '629 patent had committed inequitable conduct by withholding material prior art from the PTO during the prosecution of the patent. *See* Keefe Decl., at ¶ 10. Facebook confirmed its suspicion through the January 25, 2008 deposition of Mr. Harvey. *Id.* at ¶ 10. On February 5, 2008, Facebook sent its proposed Amended Answer and Counterclaims to XACP with a request that XACP stipulate to allowing the amendment. *Id.* at ¶ 11. XACP never responded to Facebook. *Id.*

### 2. Facebook's Amendment is Made in Good Faith and Does Not Unduly Prejudice XACP.

Facebook acted diligently and brought this motion promptly after discovering evidence of inequitable conduct from the '629 patent inventors. Under the circumstances, Granting Facebook's motion for leave to amend would in no way unduly prejudice XACP. To defeat a motion for leave to amend, the non-moving party "must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments been timely." *Bechtel*, 886 F.2d at 652, *quoting Heyl & Patterson Int'l*, 663 F.2d at 426. Here, all of the evidence supporting Facebook's claims of inequitable conduct has at all times been exclusively in the possession of the inventors, XACP and its counsel. XACP's counsel now represents all of the named inventors, including Mr. Harvey whose acts form the basis for Facebook's allegations.

Even if XACP could somehow make a case that it needs discovery from

4

Facebook regarding the inequitable conduct allegations, XACP may do so through ordinary discovery, which does not close until April 9, 2008. There is more than sufficient time for XACP to explore Facebook's claims of inequitable conduct.

### C. An Amendment To Add Claims Of Inequitable Conduct Would Not Be Futile.

Facebook's proposed Amended Answer and Counterclaims pleads detailed facts supporting the claim of inequitable conduct. As these pleadings demonstrate, Facebook has a substantial likelihood of succeeding on these claims. Thus, they are far from futile.

Inequitable conduct is an equitable defense to patent infringement, occurring when a patent applicant breaches his or her duty to the PTO of "candor, good faith, and honesty." *Bristol-Myers Squibb Co. v. Rhone-Poulenc Rorer, Inc.*, 326 F.3d 1226, 1233 (Fed. Cir. 2003) (quoting *Molins PLC v. Textron, Inc.*, 48 F.3d 1172, 1178 (Fed. Cir. 1995)). An applicant commits inequitable conduct by failing "to disclose material information" during the prosecution of a patent with an intent to deceive the PTO. *Refac Intern., LTD v. Lotus Dev. Corp.*, 81 F.3d 1576, 1581 (Fed. Cir. 1996). "The more material the omission or misrepresentation, the less intent that must be shown to reach a conclusion of inequitable conduct." *Id.* at 1581. "Information is 'material' when there is a substantial likelihood that a reasonable examiner would have considered the information important in deciding whether to allow the application to issue as a patent." *Molins*, 48 F.3d at 1179. When a court determines that inequitable conduct has occurred, even as to a single claim, all claims of the patent are rendered unenforceable. *See Pharmacia Corp. v. Par Pharm. Inc.*, 417 F.3d 1369, 1374-75 (Fed. Cir. 2005).

Facebook's proposed Amended Answer and Counterclaims pleads detailed facts supporting a claim of inequitable conduct and the specificity requirements of Federal Rule of Civil Procedure 9(b).[2] Rule 9(b) states: "In alleging fraud or mistake, a party must state with

---

[2] Inequitable conduct must be pleaded with particularity under Rule 9(b) of the Federal Rules of Civil Procedure. *See, e.g., EMC Corp. v. Storage Technology Corp.*, 921 F.Supp. 1261, 1263 (D.Del. 1996); *see also Heraeus Electro-Nite Co. v. Midwest Instrument Co., Inc.*, 2006 WL 3004877 at *4 (E.D. Pa. 2006).

5

particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. Proc. 9(b). At the pleading stage, the party pleading inequitable conduct need only "plead enough facts to survive Rule 9(b)" and is under "no duty of offer evidence, prove its case or surpass a clear and convincing evidence standard." *Eisai Co., Ltd. v. Teva Pharm. USA, Inc.*, --- F.R.D. ----, 2007 WL 4443873 at *5 (D.N.J. 2007). For example, if a pleading discloses "the name of the relevant prior art and discloses the acts of the alleged fraud," it fulfills the particularity requirements of Rule 9(b). *Heraeus Electro-Nite Co. v. Midwest Instrument Co., Inc.*, 2006 WL 3004877 at *4 (E.D. Pa. 2006); *see also Eisai*, at --- F.R.D. ----, 2007 WL 4443873 at *4 (a party is not required "to plead the date, time, or place of the inequitable conduct, so long as the pleadings supply the adverse party with notice of the precise misconduct alleged.").

Facebook's proposed Amended Answer and Counterclaims alleges that the primary inventor of the '629 patent, Jamey Harvey, failed to disclose material prior art to the USPTO during the prosecution of the patent. *See* ¶¶ 36-45 of Amended Answer and Counterclaims, Exhibit A to Keefe Decl.

**Redacted**

6

Redacted

understood the claimed invention was functionally equivalent to the third party products that were already available in the marketplace, yet he withheld them from the PTO. *Id.* at ¶¶ 42-43.

Facebook's proposed Amended Answer and Counterclaims also demonstrates that Mr. Harvey had intent to deceive the PTO. Many of the references he withheld either anticipate the '629 patent or render it obvious, rendering the patent invalid. *Id.* at ¶¶ 37-43. Thus, the information withheld from the USPTO has an extremely high level of materiality. Under such circumstances, the applicable case law states that intent to deceive the USPTO may be inferred. *See Critikon, Inc. v. Becton Dickinson Vascular Access, Inc.*, 120 F.3d 1253, 1256 (Fed. Cir. 1997) ("The more material the omission or misrepresentation, the lower the level of intent required to establish inequitable conduct."); *see also Bristol-Myers Squibb*, 326 F.3d at 1239 ("Intent to mislead does not require direct evidence, and is typically inferred from the facts...[W]here withheld information is material and the patentee knew or should have known of

Redacted

7

that materiality, he or she can expect to have great difficulty in established subjective good faith sufficient to overcome an inference of intent to mislead.").

However, intent need not be inferred in this case.

# Redacted

### III. CONCLUSION

For the foregoing reasons, Defendant Facebook respectfully requests that this Court grant leave for Facebook to file its proposed Amended Answer and Counterclaims.

Dated: February 12, 2008        By:   /s/ Heidi L. Keefe

                                                Heidi L. Keefe
                                                Mark R. Weinstein
                                                Sam O'Rourke
                                                WHITE & CASE LLP
                                                3000 El Camino Real
                                                5 Palo Alto Square, 9th Floor
                                                Palo Alto, CA 94306

                                                Alfred W. Zaher
                                                Dennis P. McCooe
                                                BLANK ROME LLP
                                                130 N 18th St
                                                Philadelphia, PA 19103

                                                Attorneys for FACEBOOK, INC. and
                                                  THEFACEBOOK, LLC