IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CROSS ATLANTIC CAPITAL PARTNERS, INC., | CIVIL ACTION |
| Plaintiff, | NO. 07-CV- 02768-JP |
| v. | |
| FACEBOOK, INC. and THEFACEBOOK, LLC, | JURY TRIAL DEMANDED |
| Defendants. | |

### DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO COMPEL FURTHER RESPONSES TO FACEBOOK INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

**I.     INTRODUCTION**

This motion is made necessary by Cross Atlantic Capital Partners, Inc.'s ("XACP") failure to adequately respond to interrogatories and document requests served by defendants Facebook, Inc. and Thefacebook, LLC ("Facebook"), as well as XACP's utter refusal to meet and confer concerning the deficiencies of its responses. XACP's failure to meet its discovery obligations is prejudicing Facebook's ability to defend itself against XACP's allegations, as the requested materials are relevant to fundamental issues in this litigation.

XACP asserts that Facebook infringes United States Patent No. 6,519,629 B2 ("the '629 patent"). The document requests and interrogatories to which XACP has failed to adequately respond seek essential information for several threshold issues such as: the validity (or invalidity) of the '629 patent; the enforceability (or unenforceability) of the '629 patent; the damages (if any) and the applicable royalty rate (if any); the priority and invention dates of the '629 patent; XACP's support (if any) for its claim of willful infringement as alleged in the Complaint; and documents that purportedly support numerous of the allegations XACP makes in its Complaint. To date, XACP has produced only 7,163 pages of documents in response to all of

Facebook's requests for production. XACP originally committed to respond to these requests, and should be ordered to do so now.

XACP has also failed to provide adequate responses to Facebook's Interrogatory Nos. 2 and 5. Interrogatory No. 5 requests that XACP provide particularized support for its contention that all asserted claims of the '629 patent are supported by the original September 1998 patent application. Because XACP's original and supplementary response to this interrogatory failed to provide such support, Facebook seeks Court intervention requiring a specific citation of the alleged support in the original application or a statement for each claim or alternatively an admission that the claim is not supported.

Interrogatory No. 2 calls for information concerning the dates and circumstances of the invention of the '629 patent, including the invention's precise date of conception and reduction to practice, the date of first sale and the dates of other important events. XACP initially claimed to lack personal knowledge to respond because it claimed that it had no relationship with the named inventors of the '629 patent. However, XACP's counsel now represents all of the inventors in this matter and XACP has retained the principal inventor as a consultant in this case, yet XACP has failed to supplement its response to this interrogatory.

For the reasons set forth herein, Facebook respectfully requests that the Court enter an order compelling: (1) the production of documents responsive to Facebook Request for Production Nos. 3-5, 8-10, 12-15, 17-24, 30-32, 34, 41-45 and 50-58, and (2) complete responses to Facebook Interrogatory Nos. 2 and 5.[1]

## II. BACKGROUND

### A. Interrogatory Nos. 2 and 5

Facebook served its First Set of Interrogatories on XACP, which contained Interrogatory No. 2, on September 14, 2007, and its Second Set of Interrogatories, which

---

[1] The Appendix to this Memorandum of Points and Authorities sets forth in full Request for Production Nos. 3-5, 8-10, 12-15, 17-24, 30-32, 34, 41-45 and 50-58 of Facebook's First Request for Production of Documents, and Interrogatory Nos. 2 and 5 from Facebook's First and Second Set of Interrogatories, and XACP's responses to these requests and interrogatories.

2

contained Interrogatory No. 5, on September 26, 2007.  *See* Keefe Decl. at ¶¶ 2 & 3.  On October 17, 2007, XACP served its response to Facebook's First Set of Interrogatories and on October 29, 2007, XACP served its response to Facebook's Second Set of Interrogatories.  *See* Keefe Decl. at ¶¶ 5-6.  XACP's response to Interrogatory No. 2 consisted largely of a claim that XACP lacks personal knowledge and a refusal to provide a response.  *See* Keefe Decl. at ¶ 5. XACP's response to Interrogatory No. 5 failed to identify any specific support for its contention that all claims of the '629 patent are supported by the September 15, 1998 application (U.S. Patent Application Ser. No. 09/264,988), or provide any other meaningful response.  *See* Keefe Decl. at ¶ 6.

In a letter dated November 7, 2007, Facebook requested that XACP supplement its responses to Facebook's Interrogatory Nos. 2 and 5.  *See* Keefe Decl. at ¶ 8, Ex. A.  Facebook reiterated that request in a letter dated November 9, 2007.  *See* Keefe Decl. at ¶ 9, Ex. B.  XACP responded on November 12, 2007 that the information Facebook sought in Interrogatory No. 2 was not within its knowledge, because XACP was not associated with the inventors of the '629 Patent.  XACP also refused to supplement Interrogatory No. 5.  *See* Keefe Decl. at ¶ 10, Ex. C. In letters dated November 14 and November 28, 2007, Facebook again requested adequate responses to Interrogatory Nos. 2. and 5.  *See* Keefe Decl. at ¶ 11, Exs. D & E.  In a letter dated November 30, 2007 XACP stated that its November 12 letter responded to Facebook's November 7 and November 28 letters and that it had nothing further to add.  *See* Keefe Decl. at ¶ 12, Ex. F.

The parties met and conferred telephonically over several outstanding discovery issues on December 4 and December 6, 2007, but could reach no agreement as to Interrogatory Nos. 2 and 5.  *See* Keefe Decl. at ¶ 13.  In an email dated December 7, 2007, however, XACP finally agreed to supplement its response to Interrogatory No. 5 by December 21, 2007.  *See* Keefe Decl. at ¶ 14, Ex. G.  In a letter dated December 28, 2007 Facebook notified XACP that the promised interrogatory supplement had not been received.  *See* Keefe Decl. at ¶ 17, Ex. I.  In an email dated January 7, 2008, Facebook again reminded XACP of the unfulfilled promise to

supplement the response to Interrogatory No. 5 by December 21, 2007.  *See* Keefe Decl. at ¶ 16, Ex. J.  In a letter dated January 9, 2008 Facebook again requested that XACP supplement its response to Interrogatory No. 5.  *See* Keefe Decl. at ¶ 18, Ex. K.

On January 15, 2008, almost three months after the initial response was due, XACP finally served a Supplemental Response to Facebook's Interrogatory No. 5.  *See* Keefe Decl. at ¶ 19.  However, for the reasons set forth below, that supplement was deficient.  In a letter dated February 5, 2008 Facebook notified XACP of the deficiencies in its responses to Interrogatory Nos. 2 and 5 and asked it to inform Facebook by February 7, 2008 of when it intended to further supplement its answers to those interrogatories as well as its production of documents.  *See* Keefe Decl. at ¶ 20, Ex. L.  In a letter dated February 11, 2008, XACP refused to further supplement its response to Interrogatory No. 5 (ignoring yet again the request to supplement its response to Interrogatory No. 2).  *See* Keefe Decl. at ¶ 21, Ex. M.

### B. Requests for Production of Documents

Facebook served its First Set of Requests for Production of Documents on September 28, 2007.  *See* Keefe Decl. at ¶ 4.  On October 31, 2007, XACP served its written response, stating that it would make available for inspection non-privileged, responsive documents.  *See* Keefe Decl. at ¶ 7.  Despite indicating that it would provide responsive documents, XACP has failed to produce or make available any documents in response to Request Nos. 3-5, 8-10, 12-15, 17-24, 30-32, 34, 41-45 and 50-58.  XACP to date has produced a mere 7,163 pages in response to Facebook's requests.  *See* Keefe Decl. at ¶ 23.

In a letter dated February 5, 2008, Facebook notified XACP of the deficiencies in its document production and asked XACP to respond by February 7, 2008 notifying Facebook of when it intended to supplement its production or to confirm that no such document exists.  *See* Keefe Decl. at ¶ 20, Ex. L.  XACP never responded to this letter, other than to state that it would not further supplement its response to Interrogatory No. 5, as set forth above.  *See* Keefe Decl. at ¶¶ 21-22, Ex. M.

4

## III. ARGUMENT

### A. Applicable Law

Federal Rule of Civil Procedure ("FRCP") 26(b)(1) establishes a broad scope of discovery, stating "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). The rule further advises that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Case law has similarly stressed that discovery is expansive. *See Caruso v. The Coleman Company,* 157 F.R.D. 344, 347 (E.D. Pa. 1994) ("discovery requests may be deemed relevant if there is any possibility that the information may be relevant to the general subject matter of the action"); *Speller v. United States,* 14 Cl. Ct. 170, 172 (1988) ("Relevance in a discovery context is construed more broadly than is relevance for trial"); *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978) ("discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues"). The documents sought herein are absolutely calculated to lead to the discovery of admissible evidence.

When a party fails to respond to interrogatories served under FRCP 33 or documents requests served under FRCP 34, the party that served those requests may move to compel such responses pursuant to FRCP 37(a). "[A]n evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(3). XACP's failure to produce documents or to provide adequate interrogatory responses has necessitated this motion under FRCP 37(a).

### B. Discovery Concerning the Alleged Invention of the '629 Patent

Facebook served a number of document requests and interrogatories related to all aspects of the alleged invention set forth in the '629 patent. XACP has failed to produce any responsive documents concerning numerous issues fundamental to this case, and has provided incomplete and inadequate answers to threshold interrogatories. These deficiencies are set forth more specifically below.

1. Requests for Production of Documents

In its First Request of Production of Documents, Facebook requested documents and things regarding the following:

- Prior art related to the '629 patent (Request No. 8);
- Design and research concerning, and the conception of, the alleged invention of the '629 Patent (Request No. 9);
- Any use of the alleged invention of the '629 Patent, including use by XACP (Request No. 20);
- The sale of any product embodying any invention described by the claims of the '629 Patent, including by XACP (Request No. 21);
- The first use, display or demonstration of any invention described by the claims of the '629 Patent (Request No. 22);
- Any publications relating to the invention claimed in the '629 Patent (Request No. 23); and
- Communications with the USPTO relating to the '629 patent (Request No. 34).

*See* Appendix at pp. 2, 3, 7, 8, 9, and 12.

The requested documents and things are relevant or reasonably calculated to lead to the discovery of admissible evidence concerning a number of issues that are central in this litigation, including: the validity (or lack thereof) of the '629 patent (Request Nos. 8, 9, 20, 21, 22, 23 and 34); the enforceability (or lack thereof) of the '629 patent (Request Nos. 8, 9, 20, 21, 22, 23 and 34); the priority date to which the '629 patent is entitled (Request Nos. 9 and 34);[2] the dates of conception and reduction to practice of the alleged invention of the '629 patent (Request Nos. 9, 20, 21, 22 and 23);[3] the damages XACP claims to have suffered (Request Nos. 20, 21 and 22); and the availability of injunctive relief to XACP (Request Nos. 20, 21 and 22).

---

[2] *McKesson Information Solutions LLC v. Epic Systems Corp.,* 242 F.R.D. 689, 692 (N.D. Georgia, 2007) (holding that documents pertaining to the priority date of a patent are relevant and must be produced).

[3] *See Mixing Equipment Co., Inc. v. Innova-Tech, Inc.,* 1986 WL 5707, at *5 (E.D. Pa. 1986) (finding that information on the reduction to practice date is relevant to a patent infringement action).

Facebook respectfully submits that all of the requested documents and things are relevant and discoverable. XACP should be ordered to either produce these materials or confirm that no responsive materials exist.

2. Interrogatories

Facebook also served interrogatories requesting information concerning the validity, conception, reduction to practice, design, development and the proper priority date of the invention claimed in the '629 patent. The parties have met and conferred repeatedly on these interrogatories, yet XACP refuses to remedy its incomplete and evasive responses to these threshold inquiries.

a. *Facebook Interrogatory No. 5*

Facebook Interrogatory No. 5 states:

> For each claim of the '629 Patent that you contend is entitled to the benefit of the filing date of U.S. Patent Application Ser. No. 09/264,988 (filed September 15, 2998) ("'988 Application"), identify with particularity any and all portions of the '988 Application that you contend disclose each limitation of each such claim.

*See* Appendix at p. 19.

The '629 patent issued on February 11, 2003 from a continuation in part ("CIP") application filed on February 25, 2000. A "'CIP' application is a continuing application containing a portion or all of the disclosure of an earlier application *together with added matter not present in that earlier application*." *See Transco Products Inc.* v. *Performance Contracting, Inc.*, 38 F.3d 551, 555 (Fed. Cir. 1994) (emphasis added); *see also* Manual of Patent Examining Procedure (MPEP) § 201.08 (8th ed. rev. 2007). The original patent application, U.S. Patent Application Serial Number 09/264,988 ("the '988 Application"), which is the parent of the CIP application, was filed on September 15, 1998. If the claims of the '629 patent are supported by the original 1998 application, XACP is entitled to claim that filing date as its priority date. If, however, the claims are not properly supported by the contents of the original application (as Facebook contends), then the later February 25, 2000 date is the priority date. *See Go Medical Industries Pty., Ltd.* v. *Inmed Corp.*, 471 F.3d 1264, 1270 (Fed. Cir. 2006) (explaining that a

7

patent claim in a CIP application based on "[n]ew subject matter does not receive the benefit of the earlier priority date"). Accordingly, Facebook served Interrogatory No. 5 to determine if XACP would attempt to rely on the original application filing date as the priority date for the asserted claims and, if so, how XACP intended to support such a contention.

In its response, XACP stated "[i]n its entirety, the [original] application expressly and/or inherently discloses each of the claims in the '629 Patent." *See* Appendix at 19. XACP provided no information whatsoever supporting that general statement and did not point to specific passages of the original application as support for each of the asserted claims. After a litany of correspondence and several meet and confers, XACP agreed to supplement its response to Interrogatory No. 5. In its supplemental response, XACP maintained that every claim of the '629 patent is supported by the original application, yet it failed to furnish any evidence to substantiate that broad averment. While the XACP supplemental response purports to provide support for some of the asserted claims, the response remains inadequate in the following two respects:

- For claims for which support is purportedly provided, XACP qualifies its response with a statement that the support is "[r]epresentative (but not exclusive) support." [*See* Appendix at p. 20.] If XACP has additional support for any of the asserted claims, it is obligated to provide it in its response; and

- XACP does not cite or otherwise identify any portions of the original application that allegedly support claims 7, 8, 15, 16, 23, 24, 31 and 32, all of which have been asserted by XACP in this litigation. *See* Keefe Decl. at ¶ 19, Ex. N. XACP must provide specific citations to the support for these claims or withdraw its contention that these claims are supported by the original application.

Interrogatory No. 5 seeks threshold information concerning whether the asserted claims of the '629 patent are entitled to the filing date of the original application or the CIP application. Facebook has reviewed the original application and does not believe that any claims of the '629 patent are supported by the original application, which describes a completely different invention. By contrast, XACP, without any evidentiary support, contends that the original application supports all claims of the '629 patent. This issue must be resolved in order

8

to determine the scope and content of the prior art, which in turn will bear on the invalidity of the '629 patent. Absent this information, the universe of prior art will remain undefined. Facebook is entitled to a complete and non-evasive response to its interrogatory.

### b. *Facebook Interrogatory No. 2*

Facebook Interrogatory No. 2 states:

> Identify and describe the circumstances surrounding any alleged invention of United States Patent No. 6,519,629 B2, including the precise date of conception, the persons involved and the nature of their involvement, the date of actual or constructive reduction to practice, the date and circumstances of first experimental or test use, the date and circumstances of first public disclosure, the date and circumstances of the first offer to sell or sale, and the steps constituting diligence from conception to actual or constructive reduction to practice.

*See* Appendix at p. 18.

In its response to Interrogatory No. 2, XACP objected based on a purported lack of personal knowledge. XACP asserted that "the inventors are not and have never been employees or agents of the plaintiff." In the very same response, however, XACP completely contradicts that statement by claiming that "the invention was initially conceived and reduced to practice sometime before September 15, 1998 and one or more aspects of the invention were initially disclosed to the public sometime after February 25, 1999."[4] *Id.* If XACP truly lacked personal knowledge, this self-serving response was manufactured and lacking in any factual support. XACP cannot have it both ways. Either it has knowledge of the activities leading to the issuance of the '629 patent, or it does not. It is disingenuous to claim ignorance, yet offer up self-serving dates.

Putting aside XACP's internally inconsistent statements, events that have transpired since XACP's original response that unequivocally demonstrate that XACP now possesses personal knowledge to provide a complete response to this interrogatory. On December 21, 2007, XACP's counsel notified Facebook that it now represents all named

---

[4] XACP's selection of dates for this response is a transparent self-serving attempt to provide no useful or binding information, while preserving its ability to later claim an earlier conception date "sometime before September 15, 1998," and to avoid invalidity (pursuant to 35 U.S.C. § 102(b)) by baselessly claiming a lack of public disclosure more than a year prior to the CIP application filing date (February 25, 2000).

inventors of the '629 patent. *See* Keefe Decl. at ¶ 15, Ex. H. Facebook has also discovered that Jamey Harvey (the primary inventor) has been hired by XACP as a consultant for the purpose of this litigation.

Under similar circumstances, parties have been compelled to provide the same information Facebook seeks through this interrogatory. In *Invacare Corp. v. Sunrise Medical Holdings Inc.*, plaintiff responded to an interrogatory requesting the date of conception, stating that date was "sometime prior to August 1997." 2005 WL 1750271, at *3 (N.D. Ohio 2005). Plaintiff stated that it had responded to this interrogatory as best it could because much of the information was available only through the patent inventor. *Id.* at *4. The court noted that since there was a consulting agreement between the plaintiff and the inventor, "the information held by the inventor is within plaintiff's control and plaintiff should be fully capable of providing a fixed date of conception and reduction to practice." *Id.* The court also noted that "sometime prior to August 1997" is essentially a "non-response" because it entirely leaves open the critical time period. *Id.*; *see also Transcontinental Fertilizer Co. v. Samsung Co.*, 108 F.R.D. 650, 653 (E.D. Pa. 1985) ("A party cannot plead ignorance to information that is from sources within its control"); *Hitachi, Ltd. v. AmTRAN Tech. Co. Ltd*, 2006 WL 2038248 at *3 (N.D. Cal. 2006) (holding that patentee must respond fully to interrogatory requiring information from patentee's licensing agent because patentee would be able to request information from the agent and the agent was already actively involved in the lawsuit).

The '629 inventors are within plaintiff XACP's control, and XACP is fully capable of providing the information required by this interrogatory. Thus, Facebook respectfully requests that the court compel XACP to provide a complete response to Facebook Interrogatory No. 2.[5]

---

[5] Courts routinely grant motions to compel and order plaintiffs to state the date of invention for their patents. *See, e.g.*, *Lamoureux v. Genesis Pharm. Servs.*, 226 F.R.D. 154, 160 (D. Conn. 2004) (granting motion to compel, stating: "The dates in question - when the plaintiffs conceived and reduced to practice the invention claimed with regard to the '760 Patent - are incontrovertibly relevant to defenses and counterclaims based upon statutes which turn almost exclusively on such dates. Frankly, the court is surprised that the plaintiffs would attempt to assert otherwise.").

### C. Discovery Concerning XACP's Alleged Damages

In its Complaint XACP alleges that it has suffered damages and is entitled to recover those amounts from Facebook. XACP, however, has failed to produce documents that would allow Facebook to evaluate and defend against those allegations. Specifically, Facebook served requests for production regarding:

- Damages allegedly suffered as the result of Facebook's alleged infringement (Request No. 41);
- Costs and/or expenditures XACP has incurred as the result of Facebook's alleged infringement (Request No. 42);
- Any available substitute or noninfringing alternatives to the technology claimed in the '629 Patent (Request 43) and the cost associated with implementing those alternatives (Request No. 44);
- Revenue XACP purports to have lost as a result of Facebook's alleged infringement (Request No. 58).

*See* Appendix at pp. 11, 12 and 17.

No responsive materials have been produced. All of these requests clearly relate to XACP's alleged damages and are reasonably calculated to lead to the discovery of admissible evidence related to XACP's alleged damages. There can be no dispute that Facebook is entitled to responsive documents so that it may defend itself and rebut XACP's allegations. Because all of the requested materials are relevant and discoverable, XACP should be ordered to either produce these materials or confirm that no responsive materials exist.

### D. Discovery Concerning XACP and Its Business Activities Related to the '629 Patent

XACP has failed to provide documents about XACP as an organization and the business activities it is, or has been, involved in with respect to the '629 patent, despite committing to do so in its formal responses to Facebook's requests. Specifically, Facebook made requests for the documents on the following topics:

- XACP's organizational structure (Request 45);

- Any lawsuit, arbitration or other legal proceeding involving the '629 Patent or any related patents (Request 10);

- All documents that refer or relate to any alleged infringement by any third party of the '629 Patent including, but not limited to, any infringement analyses (Request 12);

- The identity of customers to whom sales or offers to sell the alleged invention of the '629 Patent have been made (Request 24);

- All efforts to sell, assign, transfer, or license the '629 Patent (Request 30);

- All licenses granted under the '629 Patent (Request 31);

- All offers to sell any interest in the '629 Patent (Request 32); and

- Any investigation of the '629 Patent (Request 17).

*See* Appendix at pp. 3, 4, 6, 9, 10, 11, 12, and 13.

The requested documents and things are relevant and reasonably calculated to lead to the discovery of admissible evidence concerning a number of issues, including: the validity (or lack thereof) of the '629 patent (Request Nos. 10, 24 and 17), the enforceability (or lack thereof) of the '629 patent (Request Nos. 24), the amount of damages and/or reasonable royalty XACP is purportedly entitled to (Request Nos. 10, 24, 30, 31 and 32); the availability of injunctive relief (Request Nos. 10, 24, 30, 31 and 32).

Because all of the requested documents and things are relevant and discoverable, XACP should be ordered to either produce these materials or confirm that no responsive materials exist.

### E. Documents Supporting XACP's Contentions in Its Complaint

Facebook served a series of document requests seeking documents supporting various contentions XACP made in its Complaint. No responsive materials have been provided, despite XACP's formal response agreeing to produce such materials. Specifically, XACP has failed to produce materials regarding:

- XACP's contention that it is entitled to a permanent injunction against Facebook (Request 57);

12

- XACP's contention that Facebook has been using and marketing systems and methods for creating online communities covered by the claims of the '629 Patent (Requests 14 and 15);

- XACP's contention that the Facebook website targets Pennsylvania residents (Request 18);

- XACP's contention that Facebook has entered into commercial agreements, collaborations, joint ventures, and/or partnerships with residents of Pennsylvania (Request 19);

- XACP's contention that Facebook has willfully infringed the '629 Patent (Request 50);

- XACP's contention that Facebook had notice of the '629 Patent prior to the filing of the Complaint (Request 51);

- XACP's contention that notice of the '629 Patent had been given to Facebook (Request 52);

- XACP's contention that Facebook has knowingly and intentionally induced others to infringe the '629 Patent (Requests 53 and 55);

- XACP's contention that Facebook is contributorily infringing the '629 Patent (Request 54); and

- XACP's contention that Facebook continues to aid and abet others to infringe the '629 Patent (Request 56).

*See* Appendix at pp. 5, 6, 7, 13, 14, 15, 16 and 17.

Under FRCP 11, XACP was required to have colorable basis to make the above referenced allegations at the time the Complaint was filed. Certainly, Facebook is entitled to discover what information, if any, XACP relied on in making these allegations. Thus, XACP should be compelled to produce materials substantiating these allegations or confirm that no such documents exist.

### F. Documents Concerning Facebook and the Present Litigation

Facebook served requests for production seeking documents in XACP's possession related to Facebook. No responsive materials have been provided, despite XACP's agreement to produce such materials. Specifically, XACP has failed to produce:

- All documents that contain, refer, relate or reflect any communications to or from

> XACP to or from any other person regarding Facebook (Request 3);

- All documents that contain, refer, relate or reflect any communications to or from XACP to or from any other person regarding this Litigation (Request 4);

- All documents that refer or relate to the decision by XACP to commence litigation against Facebook (Request 5);

- All documents relating to any claimed infringement of the '629 patent by Facebook, including, but not limited to, any infringement analyses (Request 13).

*See* Appendix at pp. 1, 2, and 4.

Documents related to the litigation, and those specifically related to Facebook, are *per se* relevant and reasonably likely to lead to the discovery of admissible evidence. Accordingly, XACP should be compelled to produce all responsive documents or to confirm that none exist.

## IV. CONCLUSION

For the foregoing reasons, defendants Facebook, Inc. and Thefacebook, LLC respectfully request that this Court grant its Motion to Compel.

Dated: February 15, 2008      By: /s/ Heidi L. Keefe

                                                  Heidi L. Keefe
                                                  Mark R. Weinstein
                                                  Sam O'Rourke
                                                  WHITE & CASE LLP
                                                  3000 El Camino Real
                                                  5 Palo Alto Square, 9th Floor
                                                  Palo Alto, CA  94306

                                                  Alfred W. Zaher
                                                  Dennis P. McCooe
                                                  BLANK ROME LLP
                                                  130 N 18th St
                                                  Philadelphia, PA 19103

                                                  Attorneys for FACEBOOK, INC. and
                                                   THEFACEBOOK, LLC

# CERTIFICATE OF SERVICE

This is to hereby certify that on this February 15, 2008, I caused a true and correct copy of the foregoing Defendants' Memorandum Of Points And Authorities In Support Of Its Motion To Compel Further Responses To Facebook Interrogatories And Requests For Production Of Documents to be served via this Court's Electronic Filing ("ECF") System, upon the following:

> Frederick A. Tecce, Esq.
> McShea/Tecce, P.C.
> The Bell Atlantic Tower – 28th Floor
> 1717 Arch Street
> Philadelphia, PA  19103
> ftecce@mcshea-tecce.com
>
> Thomas J. Duffy, Esq.
> Patrick J. Keenan, Esq.
> Duffy & Keenan
> One Liberty Place, 55th Floor
> 1650 Market Street
> Philadelphia, PA  19103
> pjk@duffykeenan.com
>
> Counsel for plaintiff
> Cross Atlantic Capital Partners, Inc.

                                             /s/ Heidi L. Keefe
                                                 Heidi L. Keefe