# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| CROSS ATLANTIC CAPITAL PARTNERS, INC., | **CIVIL ACTION** |
| Plaintiff, | **NO.  07-CV- 02768-JP** |
| v. | |
| FACEBOOK, INC. and THEFACEBOOK, LLC, | **JURY TRIAL DEMANDED** |
| Defendants. | |

## APPENDIX TO MOTION TO COMPEL FURTHER RESPONSES TO FACEBOOK INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

## (DISPUTED FACEBOOK REQUESTS FOR PRODUCTION AND XACP RESPONSES)

# INDEX

**Requests for Production of Documents**:

Request No. 3................................................................................................................................ 1

Response To Request No. 3........................................................................................................... 1

Request No. 4................................................................................................................................ 1

Response To Request No. 4........................................................................................................... 1

Request No. 5................................................................................................................................ 2

Response To Request No. 5........................................................................................................... 2

Request No. 8................................................................................................................................ 2

Response To Request No. 8........................................................................................................... 2

Request No. 9................................................................................................................................ 3

Response To Request No. 9........................................................................................................... 3

Request No. 10.............................................................................................................................. 3

Response To Request No. 10......................................................................................................... 4

Request No. 12.............................................................................................................................. 4

Response To Request No. 12......................................................................................................... 4

Request No. 13.............................................................................................................................. 4

Response To Request No. 13......................................................................................................... 4

Request No. 14.............................................................................................................................. 5

Response To Request No. 14......................................................................................................... 5

Request No. 15.............................................................................................................................. 5

Response To Request No. 15......................................................................................................... 5

Request No. 17.............................................................................................................................. 6

Response To Request No. 17 ................................................................................................ 6

Request No. 18 .................................................................................................................... 6

Response To Request No. 18 ................................................................................................ 6

Request No. 19 .................................................................................................................... 7

Response To Request No. 19 ................................................................................................ 7

Request No. 20 .................................................................................................................... 7

Response To Request No. 20 ................................................................................................ 8

Request No. 21 .................................................................................................................... 8

Response To Request No. 21 ................................................................................................ 8

Request No. 22 .................................................................................................................... 9

Response To Request No. 22 ................................................................................................ 9

Request No. 23 .................................................................................................................... 9

Response To Request No. 23 ................................................................................................ 9

Request No. 24 .................................................................................................................... 9

Response To Request No. 24 .............................................................................................. 10

Request No. 30 .................................................................................................................. 10

Response To Request No. 30 .............................................................................................. 10

Request No. 31 .................................................................................................................. 10

Response To Request No. 31 .............................................................................................. 11

Request No. 32 .................................................................................................................. 11

Response To Request No. 32 .............................................................................................. 12

Request No. 34 .................................................................................................................. 12

Response To Request No. 34 .............................................................................................. 12

Request No. 41 ...................................................................................................................... 11

Response To Request No. 41 ................................................................................................. 11

Request No. 42 ...................................................................................................................... 12

Response To Request No. 42 ................................................................................................. 12

Request No. 43 ...................................................................................................................... 12

Response To Request No. 43 ................................................................................................. 12

Request No. 44 ...................................................................................................................... 12

Response To Request No. 44 ................................................................................................. 12

Request No. 45 ...................................................................................................................... 12

Response To Request No. 45 ................................................................................................. 13

Request No. 50 ...................................................................................................................... 13

Response To Request No. 50 ................................................................................................. 13

Request No. 51 ...................................................................................................................... 14

Response To Request No. 51 ................................................................................................. 14

Request No. 52 ...................................................................................................................... 14

Response To Request No. 52 ................................................................................................. 14

Request No. 53 ...................................................................................................................... 14

Response To Request No. 53 ................................................................................................. 15

Request No. 54 ...................................................................................................................... 15

Response To Request No. 54 ................................................................................................. 15

Request No. 55 ...................................................................................................................... 15

Response To Request No. 55 ................................................................................................. 16

Request No. 56 ...................................................................................................................... 16

Response To Request No. 56 ........................................................................................ 16

Request No. 57 ............................................................................................................. 16

Response To Request No. 57 ........................................................................................ 17

Request No. 58 ............................................................................................................. 17

Response To Request No. 58 ........................................................................................ 17

**<u>Interrogatories</u>**:

Interrogatory No. 2 ...................................................................................................... 18

Response To Interrogatory No. 2 ................................................................................. 18

Interrogatory No. 5 ...................................................................................................... 19

Response To Interrogatory No. 5 ................................................................................. 19

Supplemental Response To Interrogatory No. 5 .......................................................... 19

**Disputed Requests For Production Of Documents:**

<u>REQUEST NO. 3</u>

All documents that contain, refer, relate or reflect any communications to or from XACP to or from any other person regarding Facebook.

<u>RESPONSE TO REQUEST NO. 3</u>

Plaintiff objects to this Request as overly broad. Plaintiff further objects to this request to the extent it seeks or may be construed to seek documents protected by the attorney-client privilege or the work-product privilege.

Subject to and without waiving its General Objections and the objections set forth above, plaintiff will make available for inspection non-privileged, responsive documents, or otherwise seeks documents that are beyond the scope of discovery permitted under Fed.R.Civ.P. 26(b)(3) and 4(B).

<u>REQUEST NO. 4</u>

All documents that contain, refer, relate or reflect any communications to or from XACP to or from any other person regarding this Litigation.

<u>RESPONSE TO REQUEST NO. 4</u>

Plaintiff objects to this Request as overly broad. Plaintiff further objects to this request to the extent it seeks or may be construed to seek documents protected by the attorney-client privilege or the work-product privilege, or otherwise seeks documents that are beyond the scope of discovery permitted under Fed.R.Civ.P. 26(b)(3) and 4(B).

Subject to and without waiving its General Objections and the objections set forth above, plaintiff will make available for inspection non-privileged, responsive documents.

REQUEST NO. 5

All documents that refer or relate to the decision by XACP to commence litigation against Facebook.

RESPONSE TO REQUEST NO. 5

Plaintiff objects to this request to the extent it seeks or may be construed to seek documents protected by the attorney-client privilege or the work-product privilege, or otherwise seeks documents that are beyond the scope of discovery permitted under Fed.R.Civ.P. 26(b)(3) and 4(B).

Subject to and without waiving its General Objections and the specific objection set forth above, plaintiff will make available for inspection non-privileged, responsive documents.

REQUEST NO. 8

All documents referring, relating to, or comprising any actual or potential Prior Art to the '629 Patent, including all patents, publications, written descriptions, products or other Prior Art which XACP is aware that concern, disclose, describe or claim any alleged invention disclosed, described or claimed in the '629 Patent.

RESPONSE TO REQUEST NO. 8

Plaintiff objects to this Request since the phrases "actual or potential Prior Art" and "concern, disclose, describe or claim" are overly broad, vague and ambiguous. Plaintiff further objects to this Request to the extent it seeks or may be construed to seek documents protected by the attorney-client privilege or the work-product privilege, or otherwise seeks documents that are beyond the scope of discovery permitted under Fed.R.Civ.P. 26(b)(3) and 4(B).

Subject to and without waiving its General Objections and the specific objection set forth above, plaintiff will make available for inspection non-privileged, responsive documents.

REQUEST NO. 9

All documents referring or relating to the conception, design, research, experimental work, development, reduction to practice, examination, analysis, testing or evaluation of any product, system, process or method related to the alleged invention of the '629 Patent, including, without limitation, meeting notes, memoranda, correspondence, data sheets, test data, test results, analyses, drawings, design diagrams, design reviews, technical files, notes, engineering notebooks, invention disclosure forms, laboratory notebooks, reports, graphs, charts, articles, presentation materials, workbooks, and/or electronic mail, the first drawing or sketch and the first written description of each such product and/or system, and such other documents sufficient to identify each person involved in any way to such conception, design, research, experimental work, development, reduction to practice, examination, analysis, testing, or evaluation.

RESPONSE TO REQUEST NO. 9

Plaintiff objects to this Request as overly broad and unduly burdensome. Plaintiff further objects to this request to the extent it seeks or may be construed to seek documents protected by the attorney-client privilege or the work-product privilege, or otherwise seeks documents that are beyond the scope of discovery permitted under Fed.R.Civ.P. 26(b)(3) and 4(B).

Subject to and without waiving its General Objections and the objections set forth above, plaintiff will make available for inspection non-privileged, responsive documents.

REQUEST NO. 10

All documents discussing, referring or relating to any lawsuit, arbitration or other legal proceedings involving the '629 Patent or any patents related thereto.

RESPONSE TO REQUEST NO. 10

Plaintiff objects to this Request to the extent it seeks or may be construed to seek documents protected by the attorney-client privilege or the work-product privilege, or otherwise seeks documents that are beyond the scope of discovery permitted under Fed.R.Civ.P. 26(b)(3) and 4(B).

Subject to and without waiving its General Objections, plaintiff will make available for inspection non-privileged, responsive documents, if any.

REQUEST NO. 12

All documents that refer or relate to any alleged infringement by any third party of the '629 Patent including, but not limited to, any infringement analyses.

RESPONSE TO REQUEST NO. 12

Plaintiff objects to this Request as overly broad. Plaintiff further objects to this request to the extent it seeks or may be construed to seek documents protected by the attorney-client privilege or the work-product privilege, or otherwise seeks documents that are beyond the scope of discovery permitted under Fed.R.Civ.P. 26(b)(3) and 4(B).

Subject to and without waiving its General Objections and the objections set forth above, plaintiff will make available for inspection non-privileged, responsive documents.

REQUEST NO. 13

All documents relating to any claimed infringement of the '629 Patent by Facebook, including, but not limited to, any infringement analyses.

RESPONSE TO REQUEST NO. 13

Plaintiff objects to this Request to the extent it seeks or may be construed to seek documents protected by the attorney-client privilege or the work-product privilege, or otherwise

seeks documents that are beyond the scope of discovery permitted under Fed.R.Civ.P. 26(b)(3) and 4(B). Plaintiff further objects to this Request as seeking information covered by the Court's Scheduling Order.

REQUEST NO. 14

All documents supporting your contention that "Facebook, Inc. has been using and marketing, through the Facebook website, systems and methods for creating online communities covered by one or more claims of the '629 Patent since the defendant's formation, which was not later than July 24, 2004," as set forth in the Compliant at ¶ 18.

RESPONSE TO REQUEST NO. 14

Plaintiff objects to this Request to this request to the extent it seeks or may be construed to seek documents protected by the attorney-client privilege or the work-product privilege, or otherwise seeks documents that are beyond the scope of discovery permitted under Fed.R.Civ.P. 26(b)(3) and 4(B).

Subject to and without waiving its General Objections and the specific objection set forth above, plaintiff will make available for inspection non-privileged, responsive documents.

REQUEST NO. 15

All documents supporting your contention that "Thefacebook, LLC has been using and marketing, through the Facebook website, systems and methods for creating online communities covered by one or more claims of the '629 Patent since the defendant's formation, which was not later than June 19, 2006," as set forth in the Complaint at ¶ 19.

RESPONSE TO REQUEST NO. 15

Plaintiff objects to this Request to the extent it seeks or may be construed to seek documents protected by the attorney-client privilege or the work-product privilege, or otherwise

seeks documents that are beyond the scope of discovery permitted under Fed.R.Civ.P. 26(b)(3) and 4(B).

Subject to and without waiving its General Objections and the specific objection set forth above, plaintiff will make available for inspection non-privileged, responsive documents.

REQUEST NO. 17

All documents that refer to, relate to, or reflect any investigation of the '629 Patent.

RESPONSE TO REQUEST NO. 17

Plaintiff objects to this Request as overly broad, vague and ambiguous. Plaintiff further objects to this request to the extent it seeks or may be construed to seek documents protected by the attorney-client privilege or the work-product privilege, or otherwise seeks documents that are beyond the scope of discovery permitted under Fed.R.Civ.P. 26(b)(3) and 4(B).

Subject to and without waiving its General Objections and the objections set forth above, plaintiff will make available for inspection non-privileged, responsive documents.

REQUEST NO. 18

All documents supporting your contention that "Facebook, Inc. and Thefacebook, LLC have targeting and continue to directly target the Facebook website to, and knowingly interact with, residents of Pennsylvania, including, but not limited to, students at the approximately 125 colleges and universities and the hundreds of high schools in this judicial district, as well as elsewhere in Pennsylvania," as set froth in the Compliant at ¶ 20.

RESPONSE TO REQUEST NO. 18

Plaintiff objects to this Request as overly broad. Plaintiff further objects to this request to the extent it seeks or may be construed to seek documents protected by the attorney-client privilege or the work-product privilege, or otherwise seeks documents that are beyond the scope

of discovery permitted under Fed.R.Civ.P. 26(b)(3) and 4(B).   Plaintiff further objects to this Request as seeking documents which are in the possession or control of the Defendants.

Subject to and without waiving its General Objections and the objections set forth above, plaintiff will make available for inspection non-privileged, responsive documents.

REQUEST NO. 19

All documents supporting your contention that "Facebook, Inc. and Thefacebook, LLC have entered into and continue to enter in commercial agreements, collaborations, joint ventures and/or partnerships relating to the use and operation of the Facebook website with residents of Pennsylvania, including, but not limited to, Comcast Interactive Media, LLC," as set forth in the Complaint at ¶ 21.

RESPONSE TO REQUEST NO. 19

Plaintiff objects to this Request as overly broad. Plaintiff further objects to this request to the extent it seeks or may be construed to seek documents protected by the attorney-client privilege or the work-product privilege, or otherwise seeks documents that are beyond the scope of discovery permitted under Fed.R.Civ.P. 26(b)(3) and 4(B). Plaintiff further objects to this Request to the extent it seeks documents which are in the possession or control of the defendants.

Subject to and without waiving its General Objections and the objections set forth above, plaintiff will make available for inspection non-privileged, responsive documents.

REQUEST NO. 20

All documents that refer to or relate to any use of the alleged invention described in the '629 Patent, including any use by XACP.

RESPONSE TO REQUEST NO. 20

Plaintiff objects to this Request as overly broad, vague, ambiguous, and unduly burdensome. To the extent that the invention described in the '629 Patent is being used by defendants, plaintiff further objects to this request to the extent it seeks or may be construed to seek documents protected by the attorney-client privilege or the work-product privilege, or otherwise seeks documents that are beyond the scope of discovery permitted under Fed.R.Civ.P. 26(b)(3) and 4(B). Subject to and without waiving its General Objections, plaintiff will make available for inspection non-privileged, responsive documents.

REQUEST NO. 21

All documents that refer to or relate to any research, design, development, testing, evaluation, production, or sales of any product, device, technology, system or prototype that allegedly uses or embodies, in whole or in part, any invention described in any specification or any claim or claims of the '629 Patent, including any use by XACP.

RESPONSE TO REQUEST NO. 21

Plaintiff objects to this Request as overly broad, vague, ambiguous, and unduly burdensome. To the extent that the invention described in the '629 Patent is being used by defendants, plaintiff further objects to this request to the extent it seeks or may be construed to seek documents protected by the attorney-client privilege or the work-product privilege, or otherwise seeks documents that are beyond the scope of discovery permitted under Fed.R.Civ.P. 26(b)(3) and 4(B).

Subject to and without waiving its General Objections and the specific objection set forth above, plaintiff will make available for inspection non-privileged, responsive documents.

REQUEST NO. 22

All documents discussing, referring or relating to the first use, first disclosure, display, or demonstration, and/or first sale or offer for sale of each of the alleged inventions disclosed, described or claimed in the '629 Patent, or of services utilizing any alleged invention of the '629 Patent, prior to February 25, 2000, including but not limited to sales and/or marketing presentations, product launch documents, catalogues, trade show exhibits or displays, photographs, film or video clips, videotapes, data sheets, specifications, price lists, brochures, advertisements and/or product literature, and/or any other materials describing any aspect of the alleged invention of the '629 Patent.

RESPONSE TO REQUEST NO. 22

Plaintiff objects to this Request as overly broad.

Subject to and without waiving its General Objections and the specific objection set forth above, plaintiff will make available for inspection non-privileged, responsive documents.

REQUEST NO. 23

All textbooks, articles, journals, patents or other publications of any kind which refer or relate to any of the alleged inventions disclosed, described or claimed in the '629 Patent.

RESPONSE TO REQUEST NO. 23

Subject to and without waiving its General Objections, plaintiff will make available for inspection non-privileged, responsive documents.

REQUEST NO. 24

All documents referring or relating to the identity of customers to whom sales or offers to sell the alleged invention of the '629 Patent, or services utilizing any alleged invention of the '629 Patent, have been made.

RESPONSE TO REQUEST NO. 24

Plaintiff objects to this Request as overly broad, vague, ambiguous, and unduly burdensome. To the extent that the invention described in the '629 Patent is being sold, offered for sale or used by defendants, plaintiff further objects to this request to the extent it seeks or may be construed to seek documents protected by the attorney-client privilege or the work-product privilege, or otherwise seeks documents that are beyond the scope of discovery permitted under Fed.R.Civ.P. 26(b)(3) and 4(B).

Subject to and without waiving its General Objections, plaintiff will make available for inspection non-privileged, responsive documents.

REQUEST NO. 30

All documents discussing, referring or relating to any consideration, efforts, or attempts to assign, sell, transfer or license the '629 Patent or any patents related thereto.

RESPONSE TO REQUEST NO. 30

Subject to and without waiving its General Objections, plaintiff will make available for inspection non-privileged, responsive documents.

REQUEST NO. 31

All documents memorializing, discussing, referring or relating to any license(s) granted under the '629 Patent or offers to grant a license under the '629 Patent, including but not limited to documents reflecting license fees obtained for the '629 Patent.

RESPONSE TO REQUEST NO. 31

Subject to and without waiving its General Objections, plaintiff will make available for inspection non-privileged, responsive documents, if any.

REQUEST NO. 32

All documents memorializing, discussing, referring or relating to any offer to sell any interest in the '629 Patent.

RESPONSE TO REQUEST NO. 32

Subject to and without waiving its General Objections, plaintiff will make available for inspection non-privileged, responsive documents.

REQUEST NO. 34

All communications with the United States Patent and Trademark Office relating to the '629 Patent.

RESPONSE TO REQUEST NO. 34

Plaintiff objects to this Request to the extent it seeks or may be construed to seek documents protected by the attorney-client privilege or the work-product privilege. Plaintiff further objects to this request to the extent that it seeks documents equally accessible to defendants as to plaintiff.

Subject to and without waiving its General Objections and the objections set forth above, plaintiff will make available for inspection non-privileged, responsive documents.

REQUEST NO. 41

All documents discussing, referring or relating to any damages or lost profits XACP claims to have suffered as a result of Facebook's alleged infringement of the '629 Patent.

RESPONSE TO REQUEST NO. 41

Subject to and without waiving its General Objections, plaintiff will make available for inspection non-privileged, responsive documents.

REQUEST NO. 42

All documents discussing, referring or relating to any costs or expenditures XACP claims to have incurred as a result of Facebook's alleged infringement of the '629 Patent.

RESPONSE TO REQUEST NO. 42

Subject to and without waiving its General Objections, plaintiff will make available for inspection non-privileged, responsive documents.

REQUEST NO. 43

All documents concerning all available or potentially available substitute or noninfringing alternatives (whether acceptable or unacceptable) to the technology claimed in the '629 Patent.

RESPONSE TO REQUEST NO. 43

Subject to and without waiving its General Objections, plaintiff will make available for inspection non-privileged, responsive documents, if any.

REQUEST NO. 44

All documents relating to the costs associated with implementing any available or potentially available substitute or non-infringing alternative to the technology claimed in the '629 Patent.

RESPONSE TO REQUEST NO. 44

Subject to and without waiving its General Objections, plaintiff will make available for inspection non-privileged, responsive documents, if any.

REQUEST NO. 45

All documents sufficient to identify the organizational structure and changes thereto of XACP, including but not limited to all divisions, departments, and personnel involved in any

way with licensing, research, design, development, testing, evaluation, production, or sales of any product, device, technology, system or prototype that allegedly uses or embodies, in whole or in part, any invention described in any specification or any claim or claims of the '629 Patent.

RESPONSE TO REQUEST NO. 45

Subject to and without waiving its General Objections, plaintiff will make available for inspection non-privileged, responsive documents.

REQUEST NO. 46

Transcripts of all trial or deposition testimony ever given in any proceeding by any person XACP expect to call as a witness (including both fact and expert witnesses) at any hearing or at trial in this litigation

RESPONSE TO REQUEST NO. 46

Plaintiff objects to this Request since it is overly broad and unduly burdensome, and it is beyond the scope of discovery permitted under Fed.R.Civ.P. 26(a)(2)(B).

REQUEST NO. 50

All documents supporting your contention of willful infringement.

RESPONSE TO REQUEST NO. 50

Plaintiff objects to this Request as it is overly broad. Plaintiff further objects to this Request to the extent it seeks or may be construed to seek documents protected by the attorney-client privilege or the work-product privilege, or otherwise seeks documents that are beyond the scope of discovery permitted under Fed.R.Civ.P. 26(b)(3) and 4(B).

Subject to and without waiving its General Objections and the specific objection set forth above, plaintiff will make available for inspection non-privileged, responsive documents.

REQUEST NO. 51

All documents supporting your contention that Facebook had notice of the '629 Patent prior to the filing of the complaint, including without limitation all documents supporting your contention that "[a]s of their formation, but not later than February 11, 2003, defendants have had knowledge of the existence of the '629 Patent," as set forth in the Complaint at ¶ 27.

RESPONSE TO REQUEST NO. 51

Plaintiff objects to this Request to the extent it seeks or may be construed to seek documents protected by the attorney-client privilege or the work-product privilege, or otherwise seeks documents that are beyond the scope of discovery permitted under Fed.R.Civ.P. 26(b)(3) and 4(B).

Subject to and without waiving its General Objections and the specific objection set forth above, plaintiff will make available for inspection non-privileged, responsive documents.

REQUEST NO. 52

All documents supporting your contention that notice of the '629 Patent had been given to Facebook, as set forth in the Complaint at ¶ 29.

RESPONSE TO REQUEST NO. 52

Plaintiff objects to this Request to the extent it seeks or may be construed to seek documents protected by the attorney-client privilege or the work-product privilege.

Subject to and without waiving its General Objections and the specific objection set forth above, plaintiff will make available for inspection non-privileged, responsive documents.

REQUEST NO. 53

All documents supporting your contention that Facebook has been knowingly and intentionally inducing others to infringe the '629 Patent.

<u>RESPONSE TO REQUEST NO. 53</u>

Plaintiff objects to this Request as it is overly broad. Plaintiff further objects to this Request to the extent it seeks or may be construed to seek documents protected by the attorney-client privilege or the work-product privilege, or otherwise seeks documents that are beyond the scope of discovery permitted under Fed.R.Civ.P. 26(b)(3) and 4(B).

Subject to and without waiving its General Objections and the specific objection set forth above, plaintiff will make available for inspection non-privileged, responsive documents.

<u>REQUEST NO. 54</u>

All documents supporting your contention that Facebook has been contributorily infringing the '629 Patent.

<u>RESPONSE TO REQUEST NO. 54</u>

Plaintiff objects to this Request as it is overly broad. Plaintiff further objects to this Request to the extent it seeks or may be construed to seek documents protected by the attorney-client privilege or the work-product privilege, or otherwise seeks documents that are beyond the scope of discovery permitted under Fed.R.Civ.P. 26(b)(3) and 4(B).

Subject to and without waiving its General Objections and the specific objection set forth above, plaintiff will make available for inspection non-privileged, responsive documents.

<u>REQUEST NO. 55</u>

All documents supporting your contention that "[t]hroughout the United States and this judicial district, defendants Facebook, Inc. and Thefacebook, LLC, through the Facebook website, have induced and continued to actively induce other to infringe one or more claims of the '629 Patent," as set forth in the Complaint at ¶ 25.

<u>RESPONSE TO REQUEST NO. 55</u>

Plaintiff objects to this Request as it is overly broad. Plaintiff further objects to this Request to the extent it seeks or may be construed to seek documents protected by the attorney-client privilege or the work-product privilege, or otherwise seeks documents that are beyond the scope of discovery permitted under Fed.R.Civ.P. 26(b)(3) and 4(B).

Subject to and without waiving its General Objections and the specific objection set forth above, plaintiff will make available for inspection non-privileged, responsive documents.

<u>REQUEST NO. 56</u>

All documents supporting your contention that "[t]hroughout the United States and this judicial district, defendants Facebook, Inc. and Thefacebook, LLC, through the Facebook website, have and continue to aid and abet others to infringe one or more claims of the '629 Patent," as set forth in the Complaint at 1j 26.

<u>RESPONSE TO REQUEST NO. 56</u>

Plaintiff objects to this Request as it is overly broad. Plaintiff further objects to this Request to the extent it seeks or may be construed to seek documents protected by the attorney-client privilege or the work-product privilege, or otherwise seeks documents that are beyond the scope of discovery permitted under Fed.R.Civ.P. 26(b)(3) and 4(B).

Subject to and without waiving its General Objections and the specific objection set forth above, plaintiff will make available for inspection non-privileged, responsive documents.

<u>REQUEST NO. 57</u>

All documents supporting your contention that XACP is entitled to a permanent injunction against Facebook.

<u>RESPONSE TO REQUEST NO. 57</u>

Plaintiff objects to this Request as it is overly broad. Plaintiff further objects to this Request to the extent it seeks or may be construed to seek documents protected by the attorney-client privilege or the work-product privilege, or otherwise seeks documents that are beyond the scope of discovery permitted under Fed.R.Civ.P. 26(b)(3) and 4(B).

Subject to and without waiving its General Objections and the objections set forth above, plaintiff will make available for inspection non-privileged, responsive documents.

<u>REQUEST NO. 58</u>

All documents supporting your contention that "[t]he infringement by defendants Facebook, Inc., and Thefacebook, LLC of one or more claims of the '629 Patent has deprived plaintiff XACP of revenues which it otherwise would have made or caused to be made," as set forth in the Complaint at ¶ 28.

<u>RESPONSE TO REQUEST NO. 58</u>

Plaintiff objects to this Request as it is overly broad. Plaintiff further objects to this Request to the extent it seeks or may be construed to seek documents protected by the attorney-client privilege or the work-product privilege, or otherwise seeks documents that are beyond the scope of discovery permitted under Fed.R.Civ.P. 26(b)(3) and 4(B).

Subject to and without waiving its General Objections and the objections set forth above, plaintiff will make available for inspection non-privileged, responsive documents.

**Disputed Interrogatories:**

<u>INTERROGATORY NO. 2</u>

State whether Facebook has received any oral or written opinion concerning the '629 Patent, and, if the answer is anything other than an unqualified negative, separately for each such opinion:

(a)     Identify the system and/or product, if any, to which such opinion was directed, the author, the date on which it was rendered, the person to whom it was addressed, all persons to whom the opinion was shown or disclosed or to whom the substance of the opinion was communicated, the patent(s) to which the opinion pertains, the person who requested the opinion and circumstances under which the opinion was requested; and

(b)     State whether such opinion was written or oral; and if written, whether it memorialized an earlier oral opinion and, if so, the date of such oral opinion.

<u>RESPONSE TO INTERROGATORY NO. 2</u>

Objection.  This interrogatory is overly broad, unduly burdensome, vague ambiguous and seek materials subject to the attorney-client and work product privileges.  Without waiving and subject to this objection, the inventors of the invention disclosed in the United States Patent No. 6,519,626 B2 ("'629 Patent") are James Harvey, Andrew Fegly, Matt Hulan and Robert Dekelbaum.  The inventors are not and have never been employees or agents of plaintiff. Plaintiff is the assignee of the '629 Patent.  Plaintiff does not have personal knowledge concerning the dates of initial conception, reduction to practice, use, public disclosure, offering to sell, or sale of the invention se t forth in the '629 Patent.  On information and belief, the invention was initially conceived and reduced to practice sometime before September 15, 1998,

and one or more aspects of the invention were initially disclosed to the public sometime after February 25, 1999.

<u>INTERROGATORY NO. 5</u>

For each claim of the '629 patent that you contend is entitled to the benefit of the filing date of U.S. Patent Application Ser. No. 09/264,988 (filed September 15, 1998) ("'988 Application"), identify with particularity any and all portions of the '988 Application that you contend disclose each limitation of each such claim.

<u>RESPONSE TO INTERROGATORY NO. 5</u>

Objection. This interrogatory improperly seeks the mental impressions, conclusions and opinions of plaintiff's counsel, as well as the litigation strategies of plaintiff's counsel.

Without waiving and subject to this objection, plaintiff contends that each of the claims of the '629 Patent is entitled to the benefit of the United States Patent Application Ser. No. 09/264,988. The '629 Patent is a continuation-in-part from the application, which was filed on September 15, 1998. Thus, the '629 Patent is presumptively entitled to the application date of September 15, 1998 as a matter of law. *State Industries, Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1233 (Fed. Cir. 1985). In its entirety, the application expressly and/or inherently discloses each of the claims in '629 Patent. Moreover, plaintiff anticipates that the priority date of the '629 Patent will be the subject of expert testimony, and plaintiff reserves the right to disclose that information within the deadline set by the Court for the disclosure of expert reports.

<u>SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5</u>

XACP adopts and incorporates by reference, its previously-provided specific objections. XACP further objects to the subject interrogatory as premature to the extent the response includes expert testimony, including, but not limited to, whether support for the claims of the

'629 Patent are inherently found in the '988 Application. The extent to which any inherent support from the '988 Application for the elements of the claims of the '629 Patent will be the subject of expert testimony, it will be disclosed by XACP on or before the February 28, 2008 deadline for expert disclosures set forth in the Court's Scheduling Order.

Lastly, XACP objects and reserves its right under Rule 37(c) to move to strike defendants' claims for failure to provide a substantive response to plaintiff's contention interrogatories regarding the validity of the claims of the '629 Patent.

Subject to these specific objections, and the General Objections set forth above, plaintiff supplements its response as follows:

Every element of every claim of the '629 patent is supported by the written description contained in the '988 application. Representative (but not exclusive) support is set forth in the attached Exhibit 1.

**[The referenced Exhibit 1 is not reproduced here, but is provided under Exhibit N to the Declaration of Heidi L. Keefe, submitted concurrently herewith.]**

Dated: February 15, 2008
By: ___/s/ Heidi L. Keefe_____

Heidi L. Keefe
Mark R. Weinstein
Sam O'Rourke
WHITE & CASE LLP
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, CA 94306

Alfred W. Zaher
Dennis P. McCooe
BLANK ROME LLP
130 N 18th St
Philadelphia, PA 19103

Attorneys for FACEBOOK, INC. and
THEFACEBOOK, LLC

## CERTIFICATE OF SERVICE

This is to hereby certify that on February 15, 2008, I caused a true and correct copy of the foregoing document: APPENDIX TO MOTION TO COMPEL FURTHER RESPONSES TO FACEBOOK INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS to be served via this Court's Electronic Filing ("ECF") System, upon the following:

Frederick A. Tecce, Esq.
McShea/Tecce, P.C.
The Bell Atlantic Tower – 28th Floor
1717 Arch Street
Philadelphia, PA 19103
ftecce@mcshea-tecce.com

Thomas J. Duffy, Esq.
Patrick J. Keenan, Esq.
Duffy & Keenan
One Liberty Place, 55th Floor
1650 Market Street
Philadelphia, PA 19103
pjk@duffykeenan.com

Counsel for plaintiff
Cross Atlantic Capital Partners, Inc.

/s/ Heidi L. Keefe

Heidi L. Keefe