# EXHIBIT A

## to

## Declaration of Heidi Keefe in Support of Facebook's Motion to Compel Further Production of Documents and Complete Interrogatory Responses

**Cross Atlantic Capital Partners, Inc. v Facebook, Inc. and Thefacebook, LLC**

**USDC ED PA Case No. 07-CV-02768-JP**

Dockets.Justia.com



White & Case LLP
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, California 94306

Tel + 1 650 213 0300
Fax + 1 650 213 8158
www.whitecase.com

Direct Dial + 650.213.0308     Direct Facsimile + 650.213.8158     mweinstein@whitecase.com

November 7, 2007

**VIA E-MAIL AND FIRST CLASS MAIL**

Frederick A. Tecce
MCSHEA \ TECCE PC
1717 Arch Street, 28th Floor
Philadelphia, PA 19103

Dear Mr. Tecce:

We write regarding deficiencies in Cross-Atlantic Capital Partners, Inc.'s ("XACP") responses to Facebook's interrogatories:

### Facebook's Interrogatory No. 2

Interrogatory No. 2 seeks the circumstances surrounding the alleged invention of the '629 patent, including among other things the precise date of conception, the date of actual or constructive reduction to practice, the date and circumstances of first public disclosure and the date and circumstances of the first offer to sell or sale. XACP's response to this interrogatory is grossly deficient.

The only information XACP has provided that was not copied verbatim from the face of the '629 patent is a set of self-serving assertions, made on "information and belief," that the invention was initially conceived and reduced to practice "sometime before September 15, 1998" (the filing date of the first iKimbo patent application) and that "one or more aspects of the invention were initially disclosed to the public sometime after February 25, 1999," one year before the filing of the iKimbo continuation-in-part application. No additional facts or details are provided.

It is clear that XACP has additional responsive information that it has failed to provide in response to Interrogatory No. 2. Facebook Request for Admission Nos. 28 through 32, for example, asked XACP to admit that the alleged invention of the '629 patent was not conceived prior to certain dates in 1996-1997. XACP responded with an unqualified denial and did not, as it did with its responses to other Facebook RFAs, assert that it lacked information to admit or deny the request. Additionally, as noted above, XACP apparently has information regarding the circumstances of the first public disclosure of the alleged invention, but has failed to provide

ALMATY  ANKARA  BANGKOK  BEIJING  BERLIN  BRATISLAVA  BRUSSELS  BUDAPEST  DRESDEN  DÜSSELDORF  FRANKFURT  HAMBURG
HELSINKI  HONG KONG  ISTANBUL  JOHANNESBURG  LONDON  LOS ANGELES  MEXICO CITY  MIAMI  MILAN  MOSCOW  MUNICH
NEW YORK  PALO ALTO  PARIS  PRAGUE  RIYADH  SÃO PAULO  SHANGHAI  SINGAPORE  STOCKHOLM  TOKYO  WARSAW  WASHINGTON, DC

PALOALTO 84668 (2K)

them. XACP's assertion in its response that it lacks personal knowledge is belied by its ability to selectively provide information that XACP believes benefits its position.

Facebook demands that XACP immediately supplement its response to this interrogatory to provide all responsive information.

### Facebook's Interrogatory No. 5

The '629 patent resulted from a divisional of a patent application filed on February 25, 2000, which in turn was a continuation-in-part of an application filed on September 15, 1998. As you know, a continuation-in-part (CIP) application "contains subject matter from a prior application and may also contain additional matter not disclosed in the prior application." Augustine Medical, Inc. v. Gaymar Industries, Inc., 181 F.3d 1291, 1302 (Fed. Cir. 1999). "Subject matter that arises for the first time in the CIP application does not receive the benefit of the filing date of the parent application." Id. As such, "[d]ifferent claims of such an application may therefore receive different effective filing dates." Id.

The '629 patent is therefore entitled to the benefit of the filing date of the earlier '988 Application *only* to the extent the earlier application discloses the claimed subject matter. We have carefully reviewed the '988 Application and have been unable to find anything in the earlier application that discloses the subject matter claimed in the '629 patent. Any claim to the contrary is questionable considering that the continuation-in-part application is two and a half times longer than the original application.

Accordingly, we propounded Interrogatory No. 5, which states: "For each claim of the '629 patent that you contend is entitled to the benefit of the filing date of U.S. Patent Application Ser. No. 09/264,988 (filed September 15, 1998) ("'988 Application'), identify with particularity any and all portions of the '988 Application that you contend disclose each limitation of each such claim." This information is obviously relevant to invalidity, claim construction and other issues.

XACP's response provides no information beyond the self-serving statement that "the application expressly and/or inherently discloses each of the claims in the '629 Patent," which does not provide the information called for by the interrogatory. As you know, a contention that the claimed subject matter is somehow "inherently" disclosed by unidentified portions of the earlier application is insufficient under 35 U.S.C. § 112(1). Facebook demands that XACP supplement its response to provide all responsive information, including a recitation of all portions of the '988 Application that, as you claim, "expressly" disclose the claimed subject matter, or provide an acknowledgement that you cannot identify any such portions.

### XACP's Infringement Contentions [Interrogatory No. 1]

Interrogatory No. 1 asks XACP to identify "any Facebook apparatus, product, device, process, method, act and/or other instrumentality ('Accused Instrumentality'), identify each Accused Instrumentality and provide a chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality . . . ."

2

XACP responded by asserting every claim in the patent, and as to many of those claims, its response parrots the language from the claims and the '629 specification, and pleads critical limitations on "information and belief" with no identification of any facts on which the belief is based. *See, e.g.*, XACP's Response to Interrogatory No. 1 as to claims 2, 4, 5, 6, 7, 8, 9, 10, 12, 13, 14, 15, 16, 18, 20, 21, 22, 23, 24, 25, 26, 28, 29, 30, 31, 32; see e.g., Connectel, LLC v. Cisco Systems, Inc., 391 F. Supp. 2d 526, 528 (E.D. Tex. 2005) (infringement contentions that are vague or that merely mimic claim language are insufficient).

Federal Circuit law is clear that a plaintiff asserting patent infringement must have a Rule 11 basis as to every individual patent claim it asserts. See, e.g., Antonious v. Spalding & Evenflo Companies, Inc., 275 F.3d 1066, 1075 (Fed. Cir. 2002); see Fed. R. Civ. P. 26(g) (applying Rule 11 standards to discovery responses). The inescapable conclusion from XACP's responses is that XACP either lacks any factual basis to assert many of the claims identified in its response, or that it is withholding responsive information. We demand that you either supplement your response to provide all responsive information, or withdraw your assertion of those claims.

Please let us know by no later than close of business on November 13, 2007 whether XACP will agree to supplement its responses.

Best regards,

*Mark R. W——*

Mark R. Weinstein

MRW:mk

cc:  Alfred Zaher (via e-mail)

# EXHIBIT B

## to

## Declaration of Heidi Keefe in Support of Facebook's Motion to Compel Further Production of Documents and Complete Interrogatory Responses

Cross Atlantic Capital Partners, Inc. v Facebook, Inc. and Thefacebook, LLC

USDC ED PA Case No. 07-CV-02768-JP

White & Case LLP
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, California 94306

Tel + 1 650 213 0300
Fax + 1 650 213 8158
www.whitecase.com

November 9, 2007

<u>VIA FACSIMILE and US MAIL</u>

Patrick J. Keenan, Esq.
Duffy & Keenan
The Curtis Center, Suite 1150
Independence Square West
Philadelphia, PA 19106

Re: Cross-Atlantic Capital Partners, Inc. v Facebook, Inc. and Thefacebook LLC
USDC ED PA 2:07-CV-02768-JP

Dear Mr. Keenan:

I write in response to your letter of November 8. We have attempted to respond to the issues raised in your letter of October 30 with several phone calls to Mr. Tecce, which have not been returned.

With respect to the new issues raised in your letter of yesterday, we are unable to give you a timetable for our discovery response supplementation until we see your response to Mr. Weinstein's letter of November 7. As detailed in that letter, your answers to the bulk of Facebook's interrogatories are wholly deficient. As communicated to you (and to the Court), adequate responses concerning asserted claims and the claimed priority date of the asserted patent are critical to our ability to respond to your requests. We will therefore respond to your letter after we have had a chance to review your response to our letter of November 7.

Very truly yours,

Heidi L. Keefe

cc: Frederick A. Tecce
    Dennis P. McCooe

PALOALTO 84706 v1 (2K)

# EXHIBIT C

## to

## Declaration of Heidi Keefe in Support of Facebook's Motion to Compel Further Production of Documents and Complete Interrogatory Responses

**Cross Atlantic Capital Partners, Inc. v Facebook, Inc. and Thefacebook, LLC**

**USDC ED PA Case No. 07-CV-02768-JP**

# DUFFY & KEENAN

Attorneys at Law

PATRICK J. KEENAN
DIRECT DIAL 215.238.8707

November 12, 2007

*Via Facsimile and Regular Mail*

Heidi L. Keefe, Esquire
White & Case
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, CA  94306

RE:   Cross Atlantic Capital Partners, Inc. v. Facebook, Inc. and Thefacebook, LLC
       U.S.D.C., E.D.Pa. 2:07-cv-02768-JP

Dear Ms. Keefe:

This letter responds to your associate's letter to Mr. Tecce dated November 7, 2007. Since you have identified yourself to the Court as lead counsel, your review and adoption of the letter before it was sent is assumed. Considering your clients' complete refusal to provide *any* meaningful discovery to date, the assertions in your letter are rather curious. In fact, it appears that you have spent more time criticizing our 24 pages of answers to four interrogatories than providing substantive responses to plaintiff's discovery requests.

Concerning Facebook's Interrogatory No. 2, you certainly understand that our client, Cross Atlantic Capital Partners, Inc. ("XACP"), is not the inventor of the '629 Patent, nor were the inventors associated with XACP when the invention was invented. Thus, the information you have sought in this interrogatory is not within our client's knowledge, but would be within the knowledge of the inventors. You have been given the identity of the inventors. The only exception relates to the time of conception and reduction to practice of the invention, which our client is able to determine from the publicly available prosecution history of the '629 Patent. Those records indicate that the invention was conceived and reduced to practice prior to the September 15, 1998 filing of United States Patent Application Ser. No. 09/264,988, within which the invention is disclosed. As you know, this public record would not disclose the first public disclosure of the invention, and the statement in your letter that "XACP apparently has information regarding" that fact is wrong. Moreover, since the '629 Patent is presumed valid as a matter of law, and your client has not made any showing of invalidity despite discovery requests directed to that issue, our client has no reason to investigate the issue of invalidity.

Concerning Facebook's Interrogatory No. 5, you are improperly attempting to shift Facebook's undisputed burden on its affirmative invalidity defense to XACP. Despite this burden, you have failed to answer plaintiff's Interrogatory No. 5 which concerns your clients' invalidity defense. Your letter also makes the broad and self-serving statement that you "have been unable to find anything

The Curtis Center, Suite 1150
Independence Square West
Philadelphia PA  19106
215.238.8700 *tel*   215.238.8710 *fax*

DUFFY&KEENAN

Heidi L. Keefe, Esquire
November 12, 2007
Page 2

in the earlier application that discloses the subject matter claimed in the '629 patent." To use your word, this statement is "questionable" considering that the '629 Patent is a continuation-in-part of that earlier application. Since your client finds it sufficient to limit its invalidity contentions to the broad and self-serving contention that nothing in the earlier c-i-p application discloses the asserted claims, it's difficult to understand how you can criticize XACP's assertion that the application, read in its entirety, discloses the asserted claims.

Finally, your assertions regarding plaintiff's answer to Interrogatory No. 1 are ridiculous, which may explain why you made this first interrogatory the last issue in your letter. Only because of your clients' failure to comply with its discovery obligations, presumably at your direction, plaintiff made a good faith effort to answer a relatively small portion of Interrogatory No. 1 based on information and beliefs derived from publicly available information. The statement in your letter that plaintiff is "withholding responsive information" regarding the design and operation of the Facebook website shows significant ignorance or arrogance. In either event, plaintiff will not supplement its answer to this interrogatory until Facebook fully responds to plaintiff's discovery requests for information and documentation concerning the design and operation of its website and groups application, including its source code. Additionally, plaintiff continues to reserve the right to supplement its answer through expert disclosures on or before the deadlines set forth in the Court's Scheduling Order.

Please feel free to contact me with any questions.

Sincerely,

PATRICK J. KEENAN

PJK/mk

cc:    Frederick A. Tecce, Esquire

# DUFFY & KEENAN

Attorneys at Law
The Curtis Center, Suite 1150
Independence Square West
Philadelphia, PA 19106
215.238.8700 tel   215.238.8710 fax

# FAX

| DATE: | November 12, 2007 | PAGES: | 3 |
|---|---|---|---|
| TO: | Heidi L. Keefe<br>Frederick A. Tecce | FROM: | Patrick J. Keenan |
| FAX: | 650-213-8158<br>215-599-0888 | PHONE: | 215-238-8707 |
| RE: | Cross Atlantic Capital Partners v. Facebook, Inc. | | |

| NOTE: | PLEASE ADVISE IF ALL PAGES AS SPECIFIED ABOVE ARE NOT RECEIVED. |
|---|---|
| FILE #: | |

**MESSAGE:**

NOTICE: The information contained in this telefacsimile is transmitted by an attorney. It is privileged and/or confidential, and it is intended only for the use of the individual or entity to whom it is addressed. If the reader of this message is not the intended recipient, you are hereby notified that any consideration, dissemination, distribution, duplication and/or copying of this communication and/or the information contained in it is strictly prohibited. If this communication has been received in error, please contact the sender immediately by telephone at 215-238-8700 (call collect if necessary) and return the original communication to the address below via the U.S. Postal Service. We will reimburse you for postage. Thank you.

# EXHIBIT D

## to

## Declaration of Heidi Keefe in Support of Facebook's Motion to Compel Further Production of Documents and Complete Interrogatory Responses

Cross Atlantic Capital Partners, Inc. v
Facebook, Inc. and Thefacebook, LLC

USDC ED PA Case No. 07-CV-02768-JP

White & Case LLP
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, California 94306

Tel  + 1 650 213 0300
Fax  + 1 650 213 8158
www.whitecase.com

Direct Dial + 650.213.0308     Direct Facsimile + 650.213.8158     mweinstein@whitecase.com

November 14, 2007

<u>VIA E-MAIL AND FIRST CLASS MAIL</u>

Patrick J. Keenan
Duffy & Keenan
The Curtis Center, Suite 1150
Independence Square West
Philadelphia, PA 19106

<u>RE:  Cross Atlantic Capital Partners, Inc. v. Facebook</u>

Dear Mr. Keenan:

I write in response to your letter of November 8:

**Interrogatory Nos. 3, 5 and 11**

Facebook has already agreed to provide supplemental responses to these interrogatories once it has had a reasonable opportunity to consider Plaintiff's disclosures and responses to discovery requests concerning the '629 Patent, the identity of the claims Plaintiff is asserting, the nature of the alleged infringement of the '629 Patent, the construction of the asserted claims of the '629 Patent Plaintiff is proposing, and the invention and priority dates of the '629 Patent upon which Plaintiff is relying.

To date, you have only provided adequate information on the identity of claims you are asserting and your proposed claim construction.  As detailed in my letter to Mr. Tecce of November 7, your response to Facebook interrogatories requesting your infringement contentions, and the invention and priority dates of the '629 Patent, are clearly inadequate.  Your refusal to provide adequate discovery responses, coupled with your baseless assertion of all 32 claims of the patent makes it virtually impossible for Facebook to provide you with supplemental responses.

As you know, the purported priority date is necessary to determining the universe of prior art.  We have served interrogatories and numerous requests for admission concerning the priority and invention date of the '629 Patent.  Your responses to those discovery requests are inconsistent and cannot be reconciled.  Your November 12 response to my letter of November 7 only serves to make your position even more ambiguous.  As I explained in my letter, Facebook Request for Admission Nos. 28 through 32 asked XACP to admit that the alleged invention of the '629

ALMATY  ANKARA  BANGKOK  BEIJING  BERLIN  BRATISLAVA  BRUSSELS  BUDAPEST  DRESDEN  DÜSSELDORF  FRANKFURT  HAMBURG  HELSINKI  HONG KONG  ISTANBUL  JOHANNESBURG  LONDON  LOS ANGELES  MEXICO CITY  MIAMI  MILAN  MOSCOW  MUNICH  NEW YORK  PALO ALTO  PARIS  PRAGUE  RIYADH  SÃO PAULO  SHANGHAI  SINGAPORE  STOCKHOLM  TOKYO  WARSAW  WASHINGTON, DC

PALOALTO 84790 (2K)

patent was not conceived prior to certain dates in 1996-1997. XACP responded with an unqualified denial and did not, as it did with its responses to other Facebook RFAs, assert that it lacked information to admit or deny the request. In your November 12 letter, you claim that XACP has no information other than what is available in the public record. If that assertion is true, you should amend your responses to Facebook's requests for admission to withdraw your unqualified denials.

Your discovery response concerning your basis for asserting every claim of the '629 patent is also inadequate, as detailed in my letter of November 7. Your infringement contentions for claims 2, 4, 5, 6, 7, 8, 9, 10, 12, 13, 14, 15, 16, 18, 20, 21, 22, 23, 24, 25, 26, 28, 29, 30, 31 and 32 demonstrate that you have no basis to assert these claims. It appears that you chose to assert all claims of the patent in order to circumvent the Court's instruction that XACP would not be permitted to supplement its discovery responses to assert additional claims unless it can show good cause. A plaintiff asserting patent infringement must have a Rule 11 basis as to every individual patent claim it asserts. *See, e.g., Antonious v. Spalding & Evenflo Companies, Inc.*, 275 F.3d 1066, 1075 (Fed. Cir. 2002); see Fed. R. Civ. P. 26(g) (applying Rule 11 standards to discovery responses). In your letter of November 12, you indicate that you are not withholding any information. This amounts to an admission that you have no Rule 11 basis to assert the above list of claims.

Despite your refusal to meet your discovery obligations, Facebook is interested in moving this case forward. Accordingly, please confirm that XACP has no information that would allow it to claim a priority date other than the date on the face of the '629 patent. With regard to the asserted claims, because you refuse to narrow the number of claims you are asserting, Facebook is forced to include all claims of the '629 Patent in its invalidity and non-infringement analyses. Because of the substantial amount of time and resources that will have to be dedicated to this effort, Facebook will endeavor to provide supplemental responses to XACP Interrogatory Nos. 3, 5 and 11 by December 10. Facebook reserves its right to supplement these interrogatories due to XACP's refusal to reasonably narrow the scope of this litigation.

## Document Request Nos. 18, 38, 55, 56 and 57

Request No. 18 requests Facebook source code. You have not made any showing or offered any explanation for how Facebook source code has any relevance to this litigation. You have made representations to the court that you are able to make your infringement case out by reference to Facebook's website. Moreover, your responses to Facebook's interrogatories indicate that your infringement contentions are based entirely on the publicly discernible functionality of Facebook's website. Given your lack of showing and the extremely sensitive nature of these materials, Facebook will not produce source code.

Request No. 38 requests Facebook tax returns, which you assert are relevant to determining your alleged damages. Facebook has agreed to produce financial documents indicating its financial condition. You have made no showing of a compelling need for these documents. *See Sherif v. AstraZeneca, L.P.*, 2001 WL 527807 at *2 (E.D. Pa.)(holding that tax returns are discoverable

**WHITE & CASE**

only if (1) the returns are relevant and (2) there is "a compelling need for the returns because the information contained the therein is not otherwise readily obtainable").

With regard to Request Nos. 55 and 56, Facebook will produce responsive documents to the extent they are relevant to this action. Facebook will not produce documents responsive to Request No. 57 as there has been no showing on your part as to how such documents are relevant to this action.

Facebook intends to produce documents in its possession responsive to Request Nos. 23 and 24 that are not subject to privilege or work product protection, and that are not premature in light of the deadlines set forth in the Court's Pretrial Scheduling Order.

Best regards,

Mark R. Weinstein - Partner

MRW:mk

cc:     Alfred Zaher (via e-mail)

# EXHIBIT E

## to

## Declaration of Heidi Keefe in Support of Facebook's Motion to Compel Further Production of Documents and Complete Interrogatory Responses

**Cross Atlantic Capital Partners, Inc. v Facebook, Inc. and Thefacebook, LLC**

**USDC ED PA Case No. 07-CV-02768-JP**



White & Case LLP
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, California 94306

Tel  + 1 650 213 0300
Fax  + 1 650 213 8158
www.whitecase.com

---

Direct Dial + 650.213.0308      Direct Facsimile + 650.213.8158      mweinstein@whitecase.com

November 28, 2007

<u>VIA E-MAIL AND FIRST CLASS MAIL</u>

Patrick J. Keenan
Duffy & Keenan
The Curtis Center, Suite 1150
Independence Square West
Philadelphia, PA 19106

<u>RE:  Cross Atlantic Capital Partners, Inc. v. Facebook</u>

Dear Mr. Keenan:

I write to request a meet and confer on several interrogatory responses for which plaintiff has refused to provide adequate responses.  Please provide a date this week when you are available to discuss these matters.

**Facebook Interrogatory No. 2**

You have refused to provide information concerning the dates and circumstances of the invention of the '629 patent.  As set forth in my letters of November 7 and 14, your response to Facebook Interrogatory No. 2, and communications from you on this issue, have been vague and noncommittal.  Either you have information that allows you to claim a date of invention prior to the filing date on the face of the patent, or you do not.  We are entitled to a definitive response one way or the other.

Please indicate whether XACP will immediately supplement its response to this interrogatory to provide all responsive information.

**Facebook Interrogatory No. 5**

You have also refuse to provide a response to Facebook Interrogatory No. 5, which states: "For each claim of the '629 patent that you contend is entitled to the benefit of the filing date of U.S. Patent Application Ser. No. 09/264,988 (filed September 15, 1998) ("'988 Application"), identify with particularity any and all portions of the '988 Application that you contend disclose each limitation of each such claim."  Your response provided no information other than a self-

---

ALMATY   ANKARA   BANGKOK   BEIJING   BERLIN   BRATISLAVA   BRUSSELS   BUDAPEST   DRESDEN   DÜSSELDORF   FRANKFURT   HAMBURG
HELSINKI   HONG KONG   ISTANBUL   JOHANNESBURG   LONDON   LOS ANGELES   MEXICO CITY   MIAMI   MILAN   MOSCOW   MUNICH
NEW YORK   PALO ALTO   PARIS   PRAGUE   RIYADH   SÃO PAULO   SHANGHAI   SINGAPORE   STOCKHOLM   TOKYO   WARSAW   WASHINGTON, DC

PALOALTO 84958 (2K)

serving statement that "the application expressly and/or inherently discloses each of the claims in the '629 Patent."

In my letter of November 7, I requested that you provide an adequate answer to this interrogatory by providing a recitation of all portions of the '988 Application that, as you claim, "expressly" disclose the claimed subject matter, or provide an acknowledgement that you cannot identify any such portions. In your November 12 response, you refused to provide an adequate response. Instead, you argued that Facebook was attempting to "shift the burden" to XACP of identifying support in your original application for the claims of '629 patent. Facebook's entitlement to this discovery, however, has nothing to do with ultimate burdens of proof at trial. We are entitled to know what portions of the original application you believe support the claims of the '629 patent–if any. If you cannot identify any portions, then you are required to so state. Again, we are entitled to a definitive response one way or the other.

## Facebook Interrogatory No. 1

You have refused to provide an adequate response to Facebook Interrogatory No. 1. As detailed in my letter of November 7, XACP's Response to Interrogatory No. 1 as to claims 2, 4, 5, 6, 7, 8, 9, 10, 12, 13, 14, 15, 16, 18, 20, 21, 22, 23, 24, 25, 26, 28, 29, 30, 31, 32 is insufficient in that your infringement contentions are vague or merely mimic claim language. In your November 12 response to our complaints, you claim to be unable to provide adequate responses because you have not yet had access to Facebook documents. This appears to be an admission that plaintiff lacks a Rule 11 basis to assert the above list of claims. We again request that you either supplement your response to provide all responsive information, or withdraw your assertion of those claims.

We would like to meet and confer on these issues this week. Accordingly, please provide us with a date that works for you. If you refuse to supplement your responses, or fail to respond to this letter, we will consider our meet and confer obligations fulfilled and will proceed with a motion seeking an order compelling adequate responses and other appropriate relief.

Best regards,

Mark R. Weinstein

MRW:mk

cc:    Alfred Zaher (via e-mail)

# EXHIBIT F

## to

## Declaration of Heidi Keefe in Support of Facebook's Motion to Compel Further Production of Documents and Complete Interrogatory Responses

**Cross Atlantic Capital Partners, Inc. v Facebook, Inc. and Thefacebook, LLC**

**USDC ED PA Case No. 07-CV-02768-JP**

# DUFFY&KEENAN

Attorneys at Law

PATRICK J. KEENAN
DIRECT DIAL 215.238.8707

November 30, 2007

***Via Facsimile and Regular Mail***

Mark Weinstein, Esquire
White & Case
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, CA  94306

**RE:    Cross Atlantic Capital Partners, Inc. v. Facebook, Inc. and Thefacebook, LLC
U.S.D.C., E.D.Pa. 2:07-cv-02768-JP**

Dear Mr. Weinstein:

Your letter dated November 28, 2007 adds nothing to your letter dated November 7, 2007, to which my letter dated November 12, 2007 already responded.

Concerning your request to discuss the issues in your letter, we are unavailable today or Monday. We can speak on Tuesday at 1:00 p.m. EST.  Let me know if you are available then.

Sincerely,

PATRICK J. KEENAN

PJK/mk

cc:    Frederick A. Tecce, Esquire

The Curtis Center, Suite 1150
Independence Square West
Philadelphia  PA  19106
215.238.8700 *tel*   215.238.8710 *fax*

# DUFFY & KEENAN

Attorneys at Law
The Curtis Center, Suite 1150
Independence Square West
Philadelphia, PA 19106
215.238.8700 tel   215.238.8710 fax

# FAX

| DATE: | November 30, 2007 | PAGES: | 2 |
|---|---|---|---|
| TO: | Mark Weinstein<br>Frederick A. Tecce | FROM: | Patrick J. Keenan |
| FAX: | 650-213-8158<br>215-599-0888 | PHONE: | 215-238-8707 |
| RE: | Cross Atlantic Capital Partners v. Facebook, Inc. | | |
| | | | |
| NOTE: | PLEASE ADVISE IF ALL PAGES AS SPECIFIED ABOVE ARE NOT RECEIVED. | | |
| FILE #: | | | |

**MESSAGE:**

**NOTICE:** *The information contained in this telefacsimile is transmitted by an attorney. It is privileged and/or confidential, and it is intended only for the use of the individual or entity to whom it is addressed. If the reader of this message is not the intended recipient, you are hereby notified that any consideration, dissemination, distribution, duplication and/or copying of this communication and/or the information contained in it is strictly prohibited. If this communication has been received in error, please contact the sender immediately by telephone at 215-238-8700 (call collect if necessary) and return the original communication to the address below via the U.S. Postal Service. We will reimburse you for postage. Thank you.*

# EXHIBIT G

## to

## Declaration of Heidi Keefe in Support of Facebook's Motion to Compel Further Production of Documents and Complete Interrogatory Responses

Cross Atlantic Capital Partners, Inc. v
Facebook, Inc. and Thefacebook, LLC

USDC ED PA Case No. 07-CV-02768-JP

## Neely, Patricia A.

**From:** Weinstein, Mark R.
**Sent:** Friday, December 07, 2007 11:00 AM
**To:** Neely, Patricia A.
**Subject:** FW: FACEBOOK/XACP – Follow up re Meet-and-Confer and Motion to Compel

See below; for the file.

---

**From:** Frederick A. Tecce [mailto:ftecce@mcshea-tecce.com]
**Sent:** Friday, December 07, 2007 8:24 AM
**To:** Weinstein, Mark R.
**Cc:** pjk@duffykeenan.com; tjd@duffykeenan.com; McCooe, Dennis P.; Keefe, Heidi L.; O'Rourke, Sam
**Subject:** RE: FACEBOOK/XACP -- Follow up re Meet-and-Confer and Motion to Compel

Mark:

Thank you for your time yesterday and efforts to resolve the discovery issues between the parties. I apologize for not getting back to you yesterday as promised.

We have reviewed the below and respond to each numbered paragraph.

(1) You're correct that I have absolutely no affiliation with XACP. Please confirm that my office has been served with all discovery and correspondence which defendants previously provided to Duffy & Keenan.

(2) I checked with co-counsel. For the reasons set forth in plaintiff's motion, we believe that defendants must produce the documents as maintained. As such, although we appreciate your effort to make the database available, that's not a workable solution for a number of reasons, not the least of which is, it limits plaintiff's access and ability to search electronically the documents. As such, we do not consider this matter resolved.

(3) For the reasons set forth herein, XACP will not withdraw its motion. However, as indicated, we did agree to continue the time within which defendants must respond. If you would like to take until December 13, 2007 that fine. This will also provide the plaintiff with time to review defendants' anticipated December 10, 2007 supplemental interrogatory responses to determine if the issues are further narrowed. You may advise the court accordingly.

(4) I understood from our conversation that Facebook contends that not a single element of the asserted claims is supported by the original application (U.S. Application No. 09/264,988 filed September 15, 1998). I further understand that Facebook will set forth and verify this position in its supplemental interrogatory responses. As you know, defendants must support their invalidity contentions by clear and convincing evidence, including establishing the effective filing date for each of the asserted claims. To the extent defendants have not provided the complete legal and factual basis in support of their contentions in response to XACP's interrogatories, plaintiff will move to strike any invalidity defense that relies upon the effective filing date in accordance with the automatic exclusion provisions of Rule 37(c). This includes any response by the defendants beyond that contained in your December 10, 2007 supplementation or in later response to XACP's supplemental interrogatory responses on this issue.

12/7/2007

Regardless, XACP will supplement its interrogatory responses concerning the effective filing dates by Friday December 21, 2007.

We have continued to attempt to reach Jamey Harvey. He has yet to return our phone calls. We suspect he and his wife may have just had a baby and have other things on their minds besides this litigation.

Lastly, in addition to the issues addressed above and as discussed, the parties have agreed to disagree on the defendants' refusal to produce its tax returns and source code. Accordingly, there are still issues between the parties that require the Court's intervention.

As always, if you have any questions, please feel free to call.

Regards,


Frederick A. Tecce, Esquire
McShea\Tecce, P.C.
The Bell Atlantic Tower - 28th Floor
1717 Arch Street
Philadelphia, PA 19103
215-599-0800
215-599-0888 (Fax)
www.mcshea-tecce.com


-----Original Message-----
**From:** Weinstein, Mark R. [mailto:mweinstein@paloalto.whitecase.com]
**Sent:** Thursday, December 06, 2007 1:26 PM
**To:** Frederick A. Tecce
**Cc:** pjk@duffykeenan.com; tjd@duffykeenan.com; McCooe, Dennis P.; Keefe, Heidi L.; O'Rourke, Sam
**Subject:** FACEBOOK/XACP -- Follow up re Meet-and-Confer and Motion to Compel

Fred:

This is a quick follow-up to our productive conversation this morning:

(1)  Thank you for informing us that you are not the Frederick Tecce who works for XACP (rather, that he is your father). Therefore, we are not aware of any violation of the parties' interim agreement to treat discovery materials as outside counsel only.

(2)  As I mentioned this morning, we believe all issues in your pending motion to compel were previously resolved with the exception of production of source code and tax returns. With respect to the manner of Facebook's document production, we offered before XACP's motion was filed to make a searchable database (with native files) available for inspection at Blank Rome's offices. We believe this resolves the issues in XACP's motion relating to the manner of production. You indicated that you would check with your co-counsel to determine whether there remains any dispute about this issue.

(3)  You also indicated that, in the event XACP does not agree to withdraw its motion to compel, Facebook would be given extra time to respond to the pending motion while we work through the manner-of-production issue. At this point, based on our conversation, we have temporarily

stopped working on preparation of the opposition brief until we hear from you on the manner-of-production issue discussed above. We would appreciate knowing by the close of business on December 10 whether XACP intends to withdraw its motion, and if not, what issues remain for us to address in our opposition.

We would like XACP's agreement that the opposition can by filed by December 13. Assuming XACP does not withdraw its motion, we would need this agreement from XACP before the opposition is due on December 10 so we can inform the Court that the parties have agreed to extend the time for Facebook to oppose.

(4) On XACP's supplementation of the Facebook interrogatory relating to priority/filing dates, I confirmed that Facebook's supplemental responses to be served December 10 would indicate that Facebook cannot find support for the limitations of the issued claims in the original application. You indicated that you would check to see if XACP could supplement its response within a week of service of Facebook's supplementation.

You indicated that you would get back to us later this afternoon on the issues above. We look forward to hearing from you.

Best regards,
Mark R. Weinstein


**WHITE & CASE**

3000 El Camino Real, 5 Palo Alto Square, 9th Floor
Palo Alto, CA 94306 650.213.0308 mweinstein@whitecase.com


This email communication (and any attachments) are confidential and are intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning 650-213-0300. Please then delete the email and any copies of it. This information may be subject to legal professional or other privilege or may otherwise be protected by work product immunity or other legal rules. Thank you

12/7/2007