# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CROSS ATLANTIC CAPITAL PARTNERS, INC., | : | |
| | : | **CIVIL ACTION** |
| | : | |
| Plaintiff, | : | **NO.: 07-CV-02768** |
| | : | |
| vs. | : | |
| | : | |
| FACEBOOK, INC. and THEFACEBOOK, LLC | : | |
| | : | |
| Defendants. | : | |

## <u>ORDER</u>

AND NOW this _____ day of March, 2008, upon consideration of defendants'
Motion to Compel Further Responses to Interrogatories and Requests For Production of
Documents (D.E. # 77), ("defendants' motion"), and the opposition thereto filed by
plaintiff, it is hereby **O R D E R E D** that defendants' motion is **DENIED**.

**BY THE COURT:**

_____

**HON. JOHN R. PADOVA**
U.S. District Court Judge

Dockets.Justia.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CROSS ATLANTIC CAPITAL | : | |
| PARTNERS, INC., | : | **CIVIL ACTION** |
| | : | |
| Plaintiff, | : | **NO.: 07-CV-02768** |
| | : | |
| vs. | : | **HON. JOHN R. PADOVA** |
| | : | |
| FACEBOOK, INC. and THEFACEBOOK, | : | |
| LLC | : | |
| Defendants. | : | |

## PLAINTIFF'S RESPONSE IN OPPOSITION
## TO DEFENDANTS' MOTION TO COMPEL
## FURTHER RESPONSES TO INTERROGATORIES
## AND REQUESTS FOR PRODUCTION OF DOCUMENTS

COMES NOW, the plaintiff, Cross Atlantic Capital Partners, Inc., by and through its undersigned counsel, and hereby requests this Court to deny the motion to Compel Further Responses to Interrogatories And Requests For Production of Documents (D.E. # 77) filed by defendants Facebook, Inc. and Thefacebook, LLC.

The grounds for this response are set forth in the accompanying brief, which is incorporated by reference as if fully set forth herein. In support of this response, plaintiff also submits the declarations of Frederick A. Tecce, Esquire and Patrick J. Keenan, Esquire, the averments of which are incorporated by reference as if fully set forth herein.

WHEREFORE, plaintiff respectfully requests that this Court deny defendants'

Motion to Compel Further Responses to Interrogatories and Requests For Production of

Documents.

Respectfully submitted,

Dated: March 3, 2008           /s/ Frederick A. Tecce
          Thomas J. Duffy, Esquire (PA ID # 34729)
          Patrick J. Kennan, Esquire (PA ID # 53775)
          **Duffy & Keenan**
          One Liberty Place - 55th Floor
          1635 Market Street
          Philadelphia, Pennsylvania 19103
          (215) 238-8700
          (215) 238-8710 (Fax)
          pjk@duffykeenan.com

          and

          Frederick A. Tecce, Esquire
          **MCSHEA\TECCE, P.C.**
          The Bell Atlantic Tower - 28th Floor
          1717 Arch Street
          Philadelphia, Pennsylvania 19103
          (215) 599-0800
          (215) 599-0888 (Fax)
          ftecce@mcshea-tecce.com

          Counsel for plaintiff,
          Cross Atlantic Capital Partners, Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CROSS ATLANTIC CAPITAL | : | |
| PARTNERS, INC., | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO.: 07-CV-02768-JP |
| | : | |
| vs. | : | HON. JOHN R. PADOVA |
| | : | |
| FACEBOOK, INC. and THEFACEBOOK, | : | |
| LLC | : | |
| Defendants. | : | |

## PLAINTIFF'S BRIEF IN SUPPORT OF ITS
## OPPOSITION TO DEFENDANTS MOTION
## TO COMPEL FURTHER INTERROGATORY
## RESPONSES AND PRODUCTION OF DOCUMENTS

I.     **INTRODUCTION**

Had defendants Facebook, Inc. and Thefacebook, LLC (collectively "Facebook")

complied with their obligations under Local Rule 26(f), they would have learned that to

the extent the instant motion to compel seeks the production of documents, that motion is

moot.

With respect to the issues raised in connection with the defendants' motion to

compel supplemental interrogatory responses, Facebook's motion must be denied.  The

interrogatory responses provided by plaintiff Cross Atlantic Capital Partners, Inc.

("XACP") are complete and proper.  Moreover, Facebook's motion is nothing more than

a thinly-veiled effort to shift the burden of proof from the defendants to the plaintiff in

connection with the requirement that the defendants establish any grounds of invalidity

by clear and convincing evidence and to avoid the consequences of having ignored their

discovery obligations and violated this Court's discovery order.

For these reasons, as well as those set forth below, Facebook's motion must be denied.

## II.    BACKGROUND

### A.    Procedural History

This case was commenced on July 3, 2007 when XACP filed its complaint for patent infringement alleging that Facebook infringes the claims of United States Patent No. 6,519,629 B2 ("'629 Patent"), entitled System for Creating a Community for Users with Common Interests to Interact In.

On September 26, 2007 this Court held a Preliminary Pre-Trial conference. (D.E. # 32). Following that scheduling conference, this Court issued its scheduling order on October 15, 2007. (D.E. #36). This Court's October 15, 2007 Scheduling Order required that all discovery be completed on or before March 26, 2008. On February 6, 2008, this Court amended its Scheduling Order (D.E. # 66) to take into account the later Markman hearing date.

### B.    Factual Background

The following facts are relevant in connection with this Court's determination of the instant motion.

On September 14, 2007, Facebook served XACP with Defendants First Set of Interrogatories. On September 17, 2007, plaintiff XACP served defendants with Plaintiff's First Set of Interrogatories and First Set of Request for Production of

Documents.  XACP's Interrogatory No. 5 sought Facebook's contention regarding defendants' invalidity contentions.  On September 26, 2007, Facebook served XACP with Defendants Second Set of Interrogatories.

On October 17, 2007, Facebook served its Responses and Objections to the Plaintiff XACP's First Set of Interrogatories.  (A copy of the relevant portions are attached hereto as Exhibit A).  Defendants' response to XACP's Interrogatory No. 5 regarding Facebook's invalidity contentions was inadequate.  On November 25, 2007, XACP was forced to file a motion to compel "full and complete responses" to, *inter alia*, Interrogatory No. 5.  (D.E. # 42).  On December 20, 2007, this Court granted XACP's motion and compelled Facebook to provide full and complete answers to enumerated interrogatories served by XACP, including Interrogatory No. 5.  (D.E. #53 at ¶ 3).

On January 3, 2008, Facebook served XACP with Defendants' Supplemental Responses to Plaintiff's Interrogatories Nos. 3, 5 & 12.  Copies of the relevant responses are attached hereto as Exhibit B.[1]

On February 15, 2008 the parties conducted a telephone conference to resolve various discovery disputes.  (*See*, Declaration of Frederick A. Tecce in Opposition to Defendants' Motion to Compel at ¶ 1 - Exhibit C; Declaration of Patrick J. Keenan in

---

[1]    Facebook's Second Supplemental Responses were designated "Attorneys Eyes Only."  The attached portions do not contain Facebook Confidential Material and are therefore not filed under seal.

Opposition to Defendants' Motion to Compel at ¶ 2 - Exhibit D).[2]  Although the primary purpose of that telephone conference was to address Facebook's objections to XACP's Rule 30(b)(6) deposition notice topics, various discovery issues were discussed.  (Tecce Decl. at ¶¶ 3 & 5; Keenan Decl. at ¶¶ 3 & 5).  At that time, both Mr. Tecce and Mr. Keenan inquired as to whether there were any other discovery issues which needed to be addressed between Facebook and XACP.  *Id.*  In response, Mr. Weinstein indicated that Facebook was still awaiting documents from some of the other named inventors including Robert Decklebaum.  (Tecce Decl. at ¶ 6; Keenan Decl. at ¶ 6).  Thereafter, XACP produced to Facebook documents from Mr. Decklebaum.  *Id.*  At that time, Mr. Weinstein raised no other issues concerning XACP's document production.  (Tecce Decl. at ¶ 7; Keenan Decl. at ¶ 7).

Had Facebook complied with its obligations to meet and confer, they would have learned that to the extent the instant motion seeks documents, it is moot.  For example and by no means exclusive, virtually every non-privileged document in XACP's possession which relates to iKimbo and the subject matter of this litigation has been produced.  (Tecce Decl. at ¶ 12).

---

[2]        Citations to the Declaration of Frederick A. Tecce, Esq. in Opposition to Defendants' Motion to Compel (Exhibit C) and the Declaration of Patrick J. Keenan in Opposition to Defendants' Motion to Compel (Exhibit D) will be "Tecce Decl. at ¶ __" and Keenan Decl. at ¶ __."

## ARGUMENT

### I. DEFENDANTS HAVE IGNORED THEIR OBLIGATIONS TO CONFER

In support of their motion to compel, Defendants submitted the Declaration of Heidi Keefe, Esquire. Noticeably absent from Ms. Keefe's declaration is any mention of the extended telephone conference between counsel for the parties specifically to address various discovery issues on the very day defendants filed the instant motion, February 15, 2008. Local Rule 26.1(f) states:

> No motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute.

LOC.R.CIV.P. 26.1(f). Local Rule 26.1(f) "imposes a substantial obligation on counsel to resolve discovery problems before bringing them to the attention of the Court." *Gardella v. Prodex Int'l, Inc.*, 2007 WL 710289 (E.D.Pa., March 5, 2007, Surrick, J.) (*citing*, *DiSantis v. Kool Vent Aluminum Prods., Inc.*, No. Civ. 97-5434, 1998 WL 472753 at *1 (E.D.Pa., Aug. 12, 1998)). Specifically, the courts have found that there must be such serious differences between counsels that further efforts of negotiation are pointless. *Id.* (*citing*, *Crown, Cork & Seal Co. v. Chemed Corp.*, 101 F.R.D. 105, 106 (E.D. Pa. 1984)).

At no time during the February 15, 2008 conference did Facebook's counsel ever raise a single issue regarding the documents sought in connection with the instant motion. (Tecce Decl. at ¶ 7; Keenan Decl. at ¶ 7). Had he done so, he would have been specifically advised that virtually every non-privilege document regarding iKimbo that

was in XACP's possession and control have been provided.  (Tecce Decl. at ¶ 9).  He would have been further advised the XACP is willing to produce documents relating to its corporate structure (Tecce Decl. at 13).  Those facts alone would have rendered moot Facebook's motion to the extent it seeks production of documents.

## II.   FACEBOOK'S MOTION TO COMPEL SUPPLEMENTAL RESPONSES TO INTERROGATORY NO. 5 MUST BE DENIED

### A.   Introduction

Facebook's motion seeks to compel XACP to provide a supplemental response to Interrogatory No. 5.  (Facebook Memo. at 7-9).  Facebook's Interrogatory No. 5 requested:

> For each claim of the '629 Patent that you contend is entitled to the benefit of the filing date of U.S. Patent Application Ser. No. 09/264,988 (filed September 15, 1998)("'988 Application"), identify with particularity any and all portions of the '988 Application that you contend disclose each limitation of each such claim.

*See*, Facebook Appendix at 19.

In so doing, Facebook raises two issues.  First, Facebook objects to XACP's "qualified response" to Interrogatory No. 5.  (Facebook Memo. at 8).  Secondly, Facebook contends that XACP does not cite or otherwise identify any portions of the original application that support claims 7, 8, 15, 16, 23, 24, 31 and 32.

For the set forth below, both of Facebook's contentions lack merit and must be denied.

-6-

### B.   XACP's Response is Appropriate

In its motion, Facebook objects to XACP's statement in its response that the evidence provided is "[r]epresentative (but not exclusive) support."  (Keefe Decl., Exhibit N at p. 3).  Defendants contend that XACP's response is improper and that "[I]f XACP has additional support for any of the asserted claims, it is obligated to provide it in its response."  (Facebook Memo. at 8).  This contention is wholly belied by Facebook's own discovery responses.

On December 20, 2007, this Court ordered Facebook to provide "full and complete" answers to Plaintiff's Interrogatories Nos. 3, 5 & 11.  (D.E. # 53 at ¶ 3).  XACP's Interrogatory No. 5 requested Facebook's invalidity contentions and the factual support for those contentions.  Facebook's response included the following language:

> With respect to claims 8, 16, 24 and 32, these claims are indefinite under 35 U.S.C. § 112 ¶ 2 because it cannot be determined from the claims in light of the written description, **for example** . . .

> The alleged invention of those claims is anticipated or obvious in view of **at least** the following prior art . . .

Facebook's January 3, 2008 Second Supplemental Response to XACP's Interrogatory No. 5 at 4 & 6 (emphasis added) - Exhibit B.  In addition, in Defendants' Prior Art Chart attached to their Second Supplemental Interrogatory Responses, Facebook cites to numerous non-exclusive contentions (designated as "**e.g.**") within the alleged prior art references for support of defendants' invalidity claims.

This Court ordered Facebook to provide "full and complete" interrogatory

responses. (December 20, 2007 Order at ¶ 3 (D.E. # 53)). In response to that Order, Facebook has provided "non-exclusive" responses. Having done so, their contention that XACP's response are inappropriate is baseless. Otherwise, Facebook and its counsel are in contempt of this Court's December 20, 2007 Order.[3]

For these reason, Facebook's motion to compel supplemental responses to Defendants' Interrogatory No. 5 must be denied.

### C. In Accordance With This Court's Scheduling Order And Federal Circuit Precedent, XACP's Response Is Complete

Facebook's second contention with regard to XACP's response to Defendants' Interrogatory No. 5 is that XACP does not cite or otherwise identify any portions of the original application that support claims 7, 8, 15, 16, 23, 24, 31 and 32. (Facebook Memo. at 8). Facebook's contentions ignore Federal Circuit precedent on this point, XACP's response and this Court's Scheduling Order.

On September 15, 1998, Jamey Harvey and others filed United States Patent Application Serial No. 09/264,988 ("'988 Application"). Thereafter, on February 25, 2000, iKimbo filed a related application as a continuation-in-part application. The continuation-in-part application was awarded Application Serial No. 09/513,844 ("'844 Application"). The disclosure in the subsequent '844 Application was more general and

---

[3] As this Court expressly recognized during a September 2007 telephone conference with the parties, the purpose of the discovery process is to allow the parties to state their contentions in their written discovery responses, conduct discovery surrounding those contentions, and amend or supplement their previous responses as necessary.

more detailed than the disclosure in the '988 Application. In order for the claims of the

'629 Patent to qualify for the benefit of the earlier effective filing date, 35 U.S.C. § 120

requires that the earlier filed patent application contains a disclosure which complies with

the provisions of 35 U.S.C. § 112, ¶ 1. *Studiengesellschaft Kohle, M.B.H. v. Shell Oil*

*Co.*, 112 F.3d 1561, 1564 (Fed. Cir. 1997).

In its Supplemental Response to Interrogatory No. 5, XACP provided Defendants

with a twenty-nine page recitation of the express support for the claim elements of the

'629 Patent in the original '988 Application filed in September 1998. However, the

support for the claim need not be expressly in the earlier filed application. *Tronzo v.*

*Biomet, Inc.*, 156 F.3d 1154, 1158 (Fed. Cir. 1998)(*citing, Vas-Cath, Inc. v. Mahurkar*,

935 F.2d 1555, 1563-64 (Fed. Cir. 1991)). A claim element may find support in an

earlier application, even if not expressly recited, if the subject matter was inherent:

> In order for a disclosure to be inherent, however, the missing descriptive matter
> must necessarily be present in the parent application's specification such that one
> skilled in the art would recognize such a disclosure.

*Tronzo*, 156 F.3d at 1159 (*citing Continental Can Co., USA v. Monsanto Co.*, 948 F.2d

1264, 1268 (Fed. Cir. 1991)). Specifically, in order to benefit from the earlier priority

date, the features of the invention that are not explicitly disclosed may be inherently

disclosed in the earlier application. *State Industries, Inc. v. A.O. Smith Corp.*, 751 F.2d

1226, 1233 (Fed. Cir. 1985); *In re Fisher*, 427 F.2d 833, 836 (C.C.P.A. 1970); *Chiron*

*Corporation v. Genentech*, 268 F.Supp. 2d 1148, 1165 n. 11 (E.D. Ca. 2002). "By

disclosing in a patent application a device that inherently performs a function or has a

property, operates according to a theory or has an advantage, a patent application

necessarily discloses that function, theory or advantage, even though it says nothing

explicit concerning it.  The application may later be amended to recite the function,

theory or advantage without introducing prohibited new matter."  *Manual of Patent*

*Examining Procedure* at 2163.07(a); *In re Smythe*, 480 F.2d 1376, 1384 (C.C.P.A. 1973).

An element or the entire invention is inherent if it is the "natural result flowing

from" the explicit disclosure of the parent application.  *Schering Corporation v. Geneva*

*Pharmaceuticals, Inc.*, 339 F.3d 1373, 1379 (Fed. Cir. 2003).  Recognition by a person of

ordinary skill in the art at the time of the earlier application is not required to show an

inherent disclosure. *See Schering Corporation*, 339 F.3d at 1379.  Rather, inherency may

be shown by evidence of "later recognition" of the inherent characteristics of the earlier

application.  *Id*.

As noted by the Federal Circuit in *Tronzo*, a disclosure is inherent if one of skill in

the art would recognize such a disclosure.  *Id*.[4] As such, XACP's expert – in response to

Facebook's expert opinion regarding the support in the original application, will provide

expert testimony regarding the inherent disclosure.  This was clearly stated in XACP's

---

[4]     This is consistent with the well settled law that inventors are typically persons
skilled in the field of the invention and that patents are addressed to and intended to be read by
others of skill in the pertinent art.  *Phillips v. AWH Corp.*, 415 F.3d 1303, 1313 (Fed.Cir.2005).
As this Court has previously held in connection with claim construction, "a person of ordinary
skill in the art is deemed to read the claim terms not only in the context of the particular claim, but
in the context of the entire patent, including the specification and the prosecution history. .'"
*Heraeus Electro-Nite Co. v. Midwest Instrument Company, Inc.*, 2007 WL 3274147 at *2 (E.D.
Pa., Nov. 1, 2007) (Padova, J)(*citing, Phillips v. AWH Corp.*, 415 F.3d 1303, 1313
(Fed.Cir.2005)).

supplemental response:

> XACP further objects to the subject interrogatory as premature to the extent the response includes expert testimony, including, but not limited to, whether support for the claims of the '629 Patent are inherently found in the '988 Application. The extent to which any inherent support from the '988 Application for the elements of the claims of the '629 Patent will be the subject of expert testimony, ***it will be disclosed by XACP on or before the February 28, 2008 deadline for expert disclosures set forth in the Court's Scheduling Order***.

*See*, Keefe Decl., Exhibit N at 2-3 (emphasis added).

This Court's February 6, 2008 Scheduling Order (D.E. # 66) requires that on or before March 10, 2008, the parties exchange expert witness reports on this issues upon which they bear the burden of proof.[5] The Scheduling Order further requires the parties to exchange rebuttal reports on or about March 24, 2008. In accordance with the Court's Order, XACP will provide its expert testimony regarding the inherent disclosure as to the enumerated claims.

Accordingly, the Defendants' motion to compel seeking this information, must be denied.

### D. Facebook's Motion is A Thinly-Veiled Effort to Shift The Burden of Proof And Avoid The Consequences of Defendants' Failure to Comply With Their Discovery Obligations and This Court's Order

In their motion, Defendants seek to compel XACP to provide "threshold information concerning whether the asserted claims of the '629 Patent are entitled to the

---

[5] Facebook agreed to extend this date for XACP's expert reports because of issues surrounding deposition scheduling.

filing date of the original application or the CIP application." (Facebook Memo. at 8).

As admitted by Facebook: "This issue must be resolved in order to determine the scope

and content of the prior art, which in turn *will bear on the invalidity of the '629 Patent*.

(Facebook Memo. at 8-9 (emphasis added)). The instant motion is an effort by the

Defendants to avoid the consequences of their refusal to comply with their discovery

obligations in responding to XACP's contention Interrogatory No. 5.[6] In addition,

Facebook is in violation of this Court's December 20, 2007 Order compelling a "full and

complete" response to Interrogatory No. 5.

### 1. Facebook Refused To Answer XACP's Contention Interrogatory No. 5

XACP served defendants with a specific contention interrogatory regarding

Facebook's invalidity contentions. XACP's Interrogatory No. 5 sought:

> If you contend that any claim of the '629 Patent is invalid or unenforceable for any reason, including, but not limited to, obviousness, provided the complete legal basis, including Facebook's proposed claim construction and factual basis for each such contention, including, but not limited to (if applicable), the level of ordinary skill in the art and the definition of the person of ordinary skill in the art at the time the invention was made and all prior art upon which Facebook relies, or intends to rely, in support of each such contention, including, but not limited to, a chart identifying specifically where each element of each claim of the '629 Patent is found in each prior art reference upon which Facebook intends to rely, and identify all documents in the possession, custody or control of, or available to,

---

[6] Facebook is aware of XACP's contentions regarding the inadequacy of their response. XACP's Supplemental Response to Facebook's related Interrogatory No. 5 specifically stated "Lastly, XACP objects and reserves its right under Rule 37(c) to move to strike defendants' claims for failure to provide a substantive response to plaintiff's contention interrogatories regarding the validity of the claims of the '629 Patent." *See*, Keefe Decl., Exhibit N at p. 2.

Facebook .or any of its agents, which relate thereto.

XACP Interrogatory No. 5 - Exhibit A at p. 6.[7]

In response to that Interrogatory, Facebook refused to supply full and complete facts or information in support of their allegation that no "claims of the '629 patent are supported by the original application[.]" (Facebook Memo. at 8).  This is true despite repeated requests from XACP's counsel as well as this Court's December 20, 2007 Order compelling Facebook to provide "full and complete answers" to, *inter alia*, XACP's Interrogatory No. 5.[8]

### 2.    Facebook Bears The Burden of Proof Of Establishing The Effective Filing Dates

Facebook, as the party seeking to invalidate each and every claim of the '629 Patent, bears the burden of establishing the effective filing date for each element of each claim of the '629.

The '629 Patent identifies that it is a "[d]ivision of application No. 09/513,844 filed on February 25, 2000, which is a continuation-in-part of application No. 09/264,988, filed on Sep. 15, 1998."  Thus, the '629 Patent is presumptively entitled to the application date of September 15, 1998.  *Ralston Purina Company v. Far-Mar-Co,*

---

[7]    XACP's Interrogatory No. 5 is not to be confused with Facebook's Interrogatory No. 5 at issue in the instant motion.

[8]    Although Facebook's Second Supplemental Responses served January 3, 2008 provided some additional information - those responses failed to provide the element-by-element analysis sufficient to support Facebook's burden at all, let alone by the required clear and convincing standard.

*Inc.*, 772 F.2d 1570, 1573-1574 (Fed. Cir. 1985); *State Industries, Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1233 (Fed. Cir. 1985); *Itron, Inc. v. Benghiat*, 2003 U.S. Dist. LEXIS 15039 at *8, 10-11 (D. Minn. Aug. 29, 2003).  As the party challenging the validity of the '629 Patent, Facebook has the burden of proving by **clear and convincing** evidence that the newly added matter in the C-I-P application was not adequately disclosed in the earlier application in the manner required by the first paragraph of §112. *Id.*[9]  "A party asserting invalidity based on 35 U.S.C. §112 bears no less a burden and no fewer responsibilities than any other patent challenger." *Ralston Purina Company*, 772 F.2d at 1574.

> In order to determine whether a prior application meets the "written description" requirement with respect to later-filed claims, the prior application need not describe the claimed subject matter in exactly the same terms; it must simply indicate to persons skilled in the art that as of the earlier date the applicant had invented what is now claimed.

*Eiselstein v. Frank*, 52 F.3d 1035, 1038 (Fed. Cir. 1995); *In re Edwards*, 568 F.2d 1349, 1351 (C.C.P.A. 1978)( "To comply with the description requirement it is not necessary that the application describe the claimed invention in *ipsi verbis*."); *Union Oil Company of California v. Atlantic Richfield Company*, 208 F.3d 989, 997 (Fed. Cir. 2000)("The written description does not require the applicant 'to describe exactly the subject matter claimed....'"); *Kennecott Corp. v. Kyocera International, Inc.*, 835 F.2d 1419, 1422 (Fed. Cir. 1987)("[A]n invention may be described in different ways and still be the same

---

[9]     Failure to support the claim element will not invalidate the claim.  It will, however, result in that claim element being provided an effective filing date of the later-filed application.

invention."); *Vas-Cath, Inc.*, 935 F.2d at 1563 ("The test for sufficiency of support in a parent application is whether the disclosure of the application relied upon 'reasonably conveys to the artisan that the inventor had possession at that time of the later claimed subject matter.'").  Any portion of the application may be relied upon to satisfy the disclosure requirement, including the words, structures and drawings.  *Vas-Cath, Inc.*, 935 F.2d at 1564; *Oakwood Laboratories, L.L.C. v. TAP Pharmaceutical Products, Inc.*, 2003 U.S. Dist. LEXIS 18712 at *45 (N.D. Ill. Oct. 23, 2003).

As such, Facebook was required to provide on an element-by-element basis all facts supporting its contention that each element of the claims of the '629 Patent are only entitled to the later filing date.  This, they refused to do.

> **3.    Facebook is In Contempt of This Court's**
> **Order, Has Violated Its Discovery Obligations,**
> **And Should Be Precluded From Offering**
> **Any Evidence in Support of Its**
> **Contentions Regarding the Effective Filing Dates**

Facebook has failed to comply with its discovery obligations.  Under these circumstances, the Federal Rules prohibit parties, such as Facebook, from asserting at trial, at a hearing, or in a motion, any evidence which was not disclosed during discovery in general, and in response to interrogatories in particular.  FED. R. CIV. P. 37(c)(1) provides in pertinent part:

> (c)    Failure to Disclose; False or Misleading Disclosure; Refusal to Admit.

> (1)    A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior

> response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or **on a motion** any witness **or information not so disclosed**.

(Emphasis added.)  Rule 37(c)(1) thus precludes the use by Facebook of any facts or information supporting their invalidity contentions which have not been disclosed in response to XACP's contention interrogatory.  That is, Facebook cannot use any evidence which goes beyond the scope of their own interrogatory answers and other discovery responses.  *See generally Smith v. Crown Equip. Corp.*, No. Civ. A. 97-541, 1998 WL 633982, *3 (E.D. Pa.  Aug. 21, 1998) ("it was not error for this Court to preclude plaintiffs' expert from testifying as to any undisclosed design theories"), *aff'd*, Table No. 98-1836 (3d Cir. 1999); *Holiday Inns, Inc. v. Robertshaw Controls Co.*, 560 F.2d 856, 858 (7th Cir. 1977) (exclusion of evidence relating to an "alternative theory for recovery" not disclosed in response to an interrogatory affirmed); *Weiss v. Chrysler Motors Corp.*, 515 F.2d 449, 455-57 (2d Cir. 1975) (district court's refusal to grant preclusion sanction on account of "Chrysler's failure to disclose the theory of its potential expert testimony" in response to a  "properly framed interrogatory" reversed).

"It is well settled that Rule 33 interrogatories are to facilitate trial preparation, to obtain facts, to narrow issues, and to reduce the chance of surprise."  *United States v. Article of Drug., Etc.*, 43 F.R.D. 181, 188 (D. Del. 1967) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1946) and *Stonybrook Tenants Ass'n., Inc., v. Alpert*, 29 F.R.D. 165, 167 (D.C. 1961)); *accord Rogers v. Tri-State Materials Corp.*, 51 F.R.D. 234, 241 (N.D. W. Va. 1970) ("interrogatories are useful chiefly to obtain simple facts, to narrow the issues

by obtaining admissions from the adverse party, and to obtain information needed in order to make use of other discovery procedures") (quoting 2A BARRON AND HOLTZOFF, FED. PRAC. & PROC. § 763 (1961)); *Pierce v. Pierce*, 5 F.R.D. 125, 125 (D.D.C. 1946) ("One of the purposes of interrogatories is to narrow the issues and to enable the interrogating party to ascertain precisely what he will have to meet at the trial."). *See also* 8A WRIGHT& MILLER, FEDERAL PRACTICE & PROCEDURE CIV. 2D § 2163 (1994) ("Interrogatories are an effective way to obtain simple facts, to narrow the issues by securing admissions from the other party, and to obtain information needed in order to make use of the other discovery procedures.").

Having failed to provide in their interrogatory responses the full and complete factual basis supporting their contention that the claims of the '629 Patent are not entitled to their original filing date, despite having been ordered by this Court to do so, Facebook must be precluded from asserting that the claims of the '629 Patent are not to be afforded their original filing date.

## II. FACEBOOK'S MOTION TO COMPEL SUPPLEMENTAL RESPONSES TO INTERROGATORY NO. 2 MUST BE DENIED

### A. Introduction

Facebook's motion seeks to compel additional responses from XACP based upon information in the possession of third parties, NOT under XACP's control. Further, these witnesses are readily available to Facebook and in fact have been made available for deposition at Facebook's counsels' offices in Washington, D.C. Moreover, XACP's

counsel has coordinated and obtained documents from these individuals and produced

them to Facebook without objection

For these reasons, Facebook's motion must be denied.

## B. Facebook Cannot Compel XACP to Adopt The Testimony of Non-Parties to the Action

Facebook contends that XACP must supplement its response to Interrogatory No.

2 to provide information from third parties, not under XACP's control.  Facebook's

Interrogatory No. 2 requested:

> Identify and describe the circumstances surrounding any alleged invention of United States Patent No. 6,519,629 B2, including the precise date of conception, the person involved and the nature of their involvement, the date of actual or constructive reduction to practice, the date and circumstances of first public disclosure, the date and circumstances of the first offer to sell or sale, and the steps constituting diligence from conception to actual or constructive reduction to practice.

Defendants' Appendix at 18.

Although XACP does not have any knowledge regarding the conception and

reduction to practice of the invention beyond what was stated in its prior answer to this

Interrogatory, Facebook erroneously claims that XACP is somehow bound by the

knowledge of the named inventors because they have agreed to provide it with

independent consulting services in this matter.  However, it is well settled in this Circuit

that a party is not bound by the statements or admissions of its retained consultants or

experts.  *Kirk v. Raymark Industries, Inc.*, 61 F.3d 147, 164 (3d Cir. 1995) ("Because an

expert witness is charged with a duty of giving his or her expert opinion regarding the

matter before the court, we fail to comprehend how an expert witness, who is not an agent of the party who called him, can be authorized to make an admission for that party."); *Bostick v. ITT Hartford Group, Inc.*, 82 F. Supp. 2d 376, 379 (E.D. Pa. 2000); *St. Paul Fire & Marine Ins. Co. v. Nolen Group, Inc.*, 2007 U.S. Dist. LEXIS 64603 at *7, 74 FED. R. EVID. Serv. (CBC) 461 (E.D. Pa. Aug. 31, 2007). Therefore, it is improper for Facebook to insist that XACP answer Interrogatory No. 2 based, not on its own knowledge, but upon the independent knowledge of the named inventors over whom XACP has no control.

Additionally, this Court has specifically held in a patent case that a party to the litigation cannot be compelled to produce evidence from third parties NOT under the litigating party's control. *Heraeus Electro-Nite Co.v. Midwest Instrument Co., Inc.*, No. 06-355, 2006 WL 3004877, *2 -3 (E.D. Pa. Oct. 18, 2006) (Padova, J.)(citing *Gerling Intern. Ins. Co. v. C.I.R.,* 839 F.2d 131, 140-41 (3d Cir.1988)). In that case, this Court denied the accused infringer's motion to compel the patentee to produce documents possessed by related corporations because the accused infringer failed to show that these related corporations were alter egos of the patentee, functioned with the patentee as one entity or that the patentee had control over the related corporations. *Id*.

Here, defendants had the opportunity to depose Mr. Harvey. Although Mr. Harvey has agreed to cooperate with XACP and to make himself available in connection with the litigation, at no time did Mr. Harvey provide any testimony which would in any way support the contention that he is under XACP's control. As such, XACP cannot be

forced to adopt his testimony as a party admission in the form of a response to Facebook's Interrogatory No. 2.

### C. The Requested Information Is Readily Available to Facebook

Not only is Facebook's motion silent as to defendants' ability to obtain the requested information from these third parties, it clearly and unequivocally establishes that Facebook can and has already obtained the information from at least one of the named inventors and can easily do so with respect to the other named inventors. In the *Heraeus Electro-Nite Co.* case, this Court noted that accused infringer had not certified that it was not able to get the information directly from third parties pursuant to FED.R.CIV.P. 34(c) and 45. Here, the circumstances are to the contrary. XACP's counsel has assisted in making these individuals available and collecting documents for production to Facebook. As admitted by Facebook, they have had the opportunity to depose at least one of the named inventors, Jamey Harvey.

Specifically, some time in late 2007, Facebook's attorneys hired a private investigator and found at least two of the named inventors, Jamey Harvey and Andrew Fegley. (Tecce. Decl. at ¶ 16). Shortly thereafter, Facebook's attorneys, including Mr. Weinstein, called Messrs. Harvey and Fegley and "threatened" that if they did not cooperate and answer his questions on the phone, Facebook would send a process server to their house and subpoena them. (Tecce. Decl. at ¶ 17). Both Mr. Fegley and Mr. Harvey felt threatened by Mr. Weinstein's conduct and sought assistance from XACP and

its counsel.  (Tecce. Decl. at ¶ 18)

In December 2007, undersigned counsel were retained to represent all of the named inventors.  (Tecce. Decl. at ¶ 19).  In a December 21, 2007 letter (Keefe Decl. at Exhibit H), XACP's counsel advised Facebook that they would be representing the named inventors and were authorized to accept service of subpoenas for the four named inventors.  (Tecce. Decl. at ¶ 20).  Since then, Facebook has served subpoenas on all four named inventors.  (Tecce. Decl. at ¶ 21).  Further, XACP's counsel has coordinated with the inventors to make them available for deposition at defendants' counsels' offices in Washington D.C. at mutually convenient dates and times and has collected the requested documents from the inventors and produced them to Facebook without objection. (Tecce. Decl. at ¶ 22).

**D.     The Cases Relied Upon By
        Facebook Do Not Support Their
        <u>Contentions And Are Distinguishable</u>**

In support of their motion, defendants relied upon two unreported decisions. (Facebook Mem. at 10).  However, those cases do not contradict this Court's specific holding and the law in this Circuit that in order to compel discovery from third parties, the third parties must be under the control of the litigating party.  In *Hitachi, Ltd. v. AmTRAN Technology Co. Ltd.*, No. C-05-2301, 2006 WL 2038248, *3 (N.D. Cal. Jul 18, 2006), the Northern District of California recognized that a corporation need only supply information in the hands of its agents and others **within its control**.  *Id*.  (*citing, Milnerv. National School of Health Technology*, 73 F.R.D. 628, 632-633 (E.D.Pa.1977).

This is also true in the Northern District of Ohio case cited by Facebook. *Invacare Corp. v. Sunrise Med. Holdings, Inc.*, No. 2005 WL 1750271, *3-4 (N. D. Ohio Jan. 21, 2005). There, the court also noted that a corporation must furnish information available from the corporation itself or from entities under its control. *In re ATM Fee Antitrust Litigation*, 233 F.R.D. 542, 545 (N.D.Cal.2005) (*quoting Brunswick Corp. v. Suzuki Motor Co., Ltd.*, 96 F.R.D. 684, 686 (D.C.Wis.1983). The Ohio Court went on to hold that "Information readily obtainable from a third-party is discoverable through an interrogatory, but those seeking information 'peculiarly within the knowledge of individuals, and not chargeable to [the requested party]' may be struck down*." Id. (citing, Ballard v. Allegheny Airlines, Inc.* 54 F.R.D. 67, 69 (E.D.Pa.1973)).

Further, those cases are distinguishable on their facts. In the *Hitachi* case, the information was sought from the litigating party's licensing agent whose agreement specifically allowed the acquisition of the requested information. *Id*. at *3. Moreover, the agent was "already actively involved in the litigation. *Id*. In the *Invacare* case, the inventor resided in Australia, was "under the control" of the patentee, and was not readily available to the accused infringer. *Id*. at *1. Not the case here.

Accordingly, the Defendants' motion must be denied.

## III. HAD FACEBOOK COMPLIED WITH ITS CONFER OBLIGATIONS, DEFENDANTS WOULD HAVE KNOWN THERE ARE NO ADDITIONAL DOCUMENTS

The second half of Facebook's motion seeks to compel the production of additional documents. As noted above, had Facebook complied with its confer

obligations under the Local Rules, it would have known that there are no additional

documents that have been withheld.  To that end, the documents sought by Facebook

have already been produced or are no longer in existence due to the dissolution of iKimbo

years ago.

Specifically, documents concerning XACP's damages to the extent that they exist

have already been produced.  As such the following requests are moot.

- Damages allegedly suffered as the result of Facebook's alleged infringement (Request No. 41);

- Costs and/or expenditures XACP has incurred as the result of Facebook's alleged infringement (Request No. 42);

- Any available substitute or noninfringing alternatives to the technology claimed in the '629 Patent (Request 43) and the cost associated with implementing those alternatives (Request No. 44);

- Revenue XACP purports to have lost as a result of Facebook's alleged infringement (Request No. 58).

Documents concerning XACP and its business activities related to the '629 Patent

have already all been produced or simply do not exist.  As such the following requests

from Facebook are also moot.

- XACP's organizational structure (Request 45);[10]

- Any lawsuit, arbitration or other legal proceeding involving the '629 Patent or any related patents (Request 10);

- All documents that refer or relate to any alleged infringement by any third

---

[10]     XACP is willing to produce a document which sets forth its organizational
structure.  Had Facebook complied with its confer obligations, they would have known that.

party of the '629 Patent including, but not limited to, any infringement analyses (Request 12);

- The identity of customers to whom sales or offers to sell the alleged invention of the '629 Patent have been made (Request 24);

- All efforts to sell, assign, transfer, or license the '629 Patent (Request 30);

- All licenses granted under the '629 Patent (Request 31);

- All offers to sell any interest in the '629 Patent (Request 32); and

- Any investigation of the '629 patent (Request 17).

Documents concerning XACP's contentions in its Complaint have also been produced. As such the following requests are also moot.

- XACP's contention that it is entitled to a permanent injunction against Facebook (Request 57);

- XACP's contention that Facebook has been using and marketing systems and methods for creating online communities covered by the claims of the '629 Patent (Requests 14 and 15);

- XACP's contention that the Facebook website targets Pennsylvania residents (Request 18);

- XACP's contention that Facebook has entered into commercial agreements, collaborations, joint ventures, and/or partnerships with residents of Pennsylvania (Request 19);

- XACP's contention that Facebook has willfully infringed the '629 Patent (Request 50);

- XACP's contention that Facebook had notice of the '629 prior to the filing of the Complaint (Request 51);

- XACP's contention that notice of the '629 Patent had been given to Facebook (Request 52);

- XACP's contention that Facebook has knowingly and intentionally induced others to infringe the '629 Patent (Requests 53 and 55);

- XACP's contention that Facebook is contributorily infringing the '629 Patent (Request 54); and

- XACP's contention that Facebook continues to aid and abet others to infringe the '629 Patent (Request 56).

Finally, documents concerning Facebook in the present litigation have all been produced or are privileged or attorney-client work product. As such they have all been produced.

- All documents that contain, refer, relate or reflect any communications to or from XACP to or from any other person regarding Facebook (Request 3);

- All documents that contain, refer, relate or reflect any communications to or from XACP to or from any other person regarding this Litigation (Request 4);

- All documents that refer or relate to the decision by XACP to commence litigation against Facebook (Request 5);

- All documents relating to any claimed infringement of the '629 patent by Facebook, including, but not limited to, any infringement analyses (Request 13).

# IV.    **CONCLUSION**

For the foregoing reasons, this Court should deny defendants' Motion to Compel

Further Response to Interrogatories and Production of Documents.

Respectfully submitted,


Dated: March 3, 2008                    /s/ Frederick A. Tecce
                                     Thomas J. Duffy, Esquire (PA ID # 34729)
                                     Patrick J. Kennan, Esquire (PA ID # 53775)
                                     **Duffy & Keenan**
                                     One Liberty Place - 55th Floor
                                     1635 Market Street
                                     Philadelphia, Pennsylvania 19103
                                     (215) 238-8700
                                     (215) 238-8710 (Fax)
                                     pjk@duffykeenan.com

                                     and

                                     Frederick A. Tecce, Esquire
                                     **McShea\Tecce, P.C.**
                                     The Bell Atlantic Tower - 28th Floor
                                     1717 Arch Street
                                     Philadelphia, Pennsylvania 19103
                                     (215) 599-0800
                                     (215) 599-0888 (Fax)
                                     ftecce@mcshea-tecce.com

                                     Counsel for plaintiff,
                                     Cross Atlantic Capital Partners, Inc.

<u>**CERTIFICATE OF SERVICE**</u>

This is to hereby certify that on this 3rd day of March, 2008, I caused true and

correct copies of the foregoing Plaintiff's Response in Opposition to Defendants' Motion

to Compel Further Interrogatory Responses and Production of Documents to be served

*via* this Court's Electronic Filing ("ECF") System, upon the following:

Heidi L. Keefe, Esquire
Mark R. Weinstein, Esquire
Sam C. O'Rourke, Esquire
**White & Case LLP**
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, California 94306

Alfred W. Zaher, Esquire
Dennis P. McCooe, Esquire
Joel L. Dion, Esquire
Blank Rome
One Logan Square
130 North 18th Street
Philadelphia, PA 19103

Counsel for defendants
Face Book, Inc. and Thefacebook, LLC

  /s/ Frederick A. Tecce
Frederick A. Tecce, Esquire