IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CROSS ATLANTIC CAPITAL PARTNERS, INC., | CIVIL ACTION |
| Plaintiff, | NO. 07-CV-02768-JP |
| v. | |
| FACEBOOK, INC. and THEFACEBOOK, LLC, | JURY TRIAL DEMANDED |
| Defendants. | |

**DEFENDANTS' NOTICE AND MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF ITS MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

COMES NOW, defendants Facebook, Inc. and Thefacebook, LLC ("Facebook"), by and through its undersigned counsel, and pursuant to this Court's August, 2005 Notice to Counsel, Section IV, hereby request leave to file a reply in support of Facebook's Motion to Compel Further Responses to Interrogatories and Requests for Production of Documents. Facebook seeks leave to respond to the arguments made by plaintiff Cross Atlantic Capital Partners, Inc. ("XACP") in opposition to Facebook's motion to compel. In support of this request, Facebook avers as follows:

1. On February 15, 2008, Facebook filed its Motion to Compel Further Responses to Interrogatories and Requests for Production of Documents

2. On March 3, 2008, XACP filed its response in opposition to Facebook's motion to compel.

3. In its response, XACP raised issues to which Facebook seeks leave to respond.

4. Attached hereto as **Exhibit A** is a copy of Defendant Facebook's proposed reply.

WHEREFORE, defendant Facebook respectfully requests that it be granted leave to file the attached Reply to plaintiff XACP's Response in Opposition to Facebook's Motion to Compel Further Responses to Interrogatories and Requests for Production of Documents and that the Court accept this Reply as filed.

Respectfully submitted,

Dated: March 5, 2008	By: /s/ Heidi L. Keefe

Heidi L. Keefe
Mark R. Weinstein
Sam O'Rourke
WHITE & CASE LLP
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, CA 94306

Alfred W. Zaher
Dennis P. McCooe
BLANK ROME LLP
130 N 18th St
Philadelphia, PA 19103

Attorneys for FACEBOOK, INC. and THEFACEBOOK, LLC

# CERTIFICATE OF SERVICE

This is to hereby certify that on this March 5, 2008, I caused a true and correct copy of the foregoing Defendants' Notice and Motion for Leave to File a Reply Brief in Support of Its Motion to Compel Further Responses to Interrogatories and Requests for Production of Documents to be served via this Court's Electronic Filing ("ECF") System, upon the following:

    Frederick A. Tecce, Esq.
    McShea/Tecce, P.C.
    The Bell Atlantic Tower – 28th Floor
    1717 Arch Street
    Philadelphia, PA 19103
    ftecce@mcshea-tecce.com

    Thomas J. Duffy, Esq.
    Patrick J. Keenan, Esq.
    Duffy & Keenan
    One Liberty Place, 55th Floor
    1650 Market Street
    Philadelphia, PA 19103
    pjk@duffykeenan.com

    Counsel for plaintiff
    Cross Atlantic Capital Partners, Inc.

                                /s/ Heidi L. Keefe
                                Heidi L. Keefe

# EXHIBIT A

to

# DEFENDANTS' NOTICE AND MOTION FOR LEAVE TO FILE A REPLY BRIEF IN SUPPORT OF ITS MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Cross Atlantic Capital Partners, Inc. v Facebook, Inc. and Thefacebook, LLC

USDC ED PA Case No. 07-CV-02768-JP

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CROSS ATLANTIC CAPITAL PARTNERS, INC., | CIVIL ACTION |
| Plaintiff, | NO. 07-CV- 02768-JP |
| v. | |
| FACEBOOK, INC. and THEFACEBOOK, LLC, | JURY TRIAL DEMANDED |
| Defendants. | |

## DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO COMPEL FURTHER RESPONSES TO FACEBOOK INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

**I. INTRODUCTION**

Facebook submits the following brief reply memorandum to address XACP's opposition, which is clearly designed to misdirect and distract the Court, rather than to address the issues raised in Facebook's motion to compel. Facebook's motion is a simple and straight forward request that XACP be required to comply with its discovery obligations. Accordingly, rather than respond to the litany of irrelevant and false accusations and statements made by XACP, Facebook submits the instant reply to respond to the small portion of XACP's opposition that actually addresses points made in Facebook's motion to compel.

**II. ARGUMENT**

The discovery Facebook seeks through its motion to compel is the most fundamental and basic information that a Plaintiff can possess in a patent case – information concerning the validity of the patent-in-suit. This highly relevant information is exclusively within the control of XACP and unquestionably must be produced. Fed. R. Civ. P. 26(b)(1) (relevant information encompasses evidence reasonably calculated to lead to discovery of admissible evidence); *Pacitti v. Macy's*, 193 F.3d 766, 777 (3d Cir. 1999) (discovery rules

should be liberally applied).

### A. Facebook Interrogatory No. 2

Notwithstanding that XACP has retained as a consultant the principal inventor named on the '629 patent on this case and is providing representation for the remaining inventors, XACP has taken the extraordinary position that it has no obligation to provide a full and complete response to Facebook Interrogatory No. 2 which seeks the most fundamental information concerning the validity of the '629 patent being asserted. XACP has failed to provided any legal support for this position, whereas Facebook has provided case law holding that, under almost identical circumstances, such discovery has been compelled. *Invacare Corp. v. Sunrise Medical Holdings Inc.*, 2005 WL 1750271, at *3-4 (N.D. Ohio 2005); *see also Transcontinental Fertilizer Co. v. Samsung Co.*, 108 F.R.D. 650, 653 (E.D. Pa. 1985); *Hitachi, Ltd. v. AmTRAN Tech. Co. Ltd*, 2006 WL 2038248 at *3 (N.D. Cal. 2006). The requested information, which is exclusively within XACP's control, is essential to Facebook's ability to defend itself against the Plaintiff's claims. Accordingly, XACP should be ordered to provide a complete response to Facebook Interrogatory No. 2 without any further delay.

### B. Facebook Interrogatory No. 5

Facebook believes that <u>no claims of the '629 patent are supported by the original application</u>, and has so stated in a verified interrogatory response. XACP, in turn, contends that all claims of the '629 patent are supported by the original application, but has refused to provide any support for this contention. In an effort to avoid its duty to provide threshold information concerning the priority date of the '629 patent, XACP advances two meritless arguments.

First, XACP claims it has no obligation to provide discovery since Facebook bears the burden of proving that the asserted patent is invalid. It is axiomatic that burdens of proof have no relationship to discovery obligations. By XACP's logic, Facebook would have no obligation to provide any discovery related to the accused product since XACP bears the burden of proving infringement at trial. This would be an absurd result. Facebook is plainly entitled to discover XACP's *contentions* as to how the claims of the asserted patent are supported (if at all)

2

by the original application.

Second, XACP argues that because Facebook reserved its right to supplement an interrogatory response with prior art uncovered during discovery, XACP should be allowed to provide an incomplete response to Facebook Interrogatory No. 5. It is self-evident that the manner in which Facebook responded to an XACP interrogatory has no bearing on whether XACP's response to a Facebook interrogatory is adequate. While Rule 26 mandates that Facebook supplement its response in the event that prior art is later uncovered during the discovery process, by contrast, information in XACP's possession that is responsive to Facebook's Interrogatory No. 5 can *never* change, regardless of what is later uncovered. Either the claims are supported by the original application or they are not – and that determination was set in stone on the date the patent issued. Thus, Facebook is entitled to a complete answer to Interrogatory No. 5

### C. Facebook Document Requests

As set forth in Facebook's opening brief, there are a substantial number of Facebook document requests for which no documents have been produced. Moreover, numerous of these requests seek documents that support contentions XACP has made in its Complaint. If XACP has indeed produced all responsive documents, including all those supporting the contentions made in its Complaint, Facebook is entitled to a clear and unequivocal statement to that effect. If, on the other hand, additional responsive documents exist, they should be produced without delay.

### D. Facebook Met Its Obligations Under Local Rule 26.1(f)

Local Rule 26.1(f) provides that:

> No motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute.

Facebook made reasonable efforts to resolve these discovery disputes and was unable to do so. Facebook provided a declaration to that effect in compliance with Local Rule 26.1(f). If there

3

were any questions concerning whether or not there is a bona fide unresolvable dispute concerning the matters raised in Facebook's motion, they have been answered by XACP's continued stonewalling in its opposition papers. Plaintiff's suggestion that Facebook failed to meet its obligations under Local Rule 26.1(f) is frivolous.

### III. CONCLUSION

For the foregoing reasons, defendants Facebook, Inc. and Thefacebook, LLC respectfully request that this Court grant its Motion to Compel.

Dated: March 5, 2008

By: /s/ Heidi L. Keefe

Heidi L. Keefe
Mark R. Weinstein
Sam O'Rourke
WHITE & CASE LLP
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, CA 94306

Alfred W. Zaher
Dennis P. McCooe
BLANK ROME LLP
130 N 18th St
Philadelphia, PA 19103

Attorneys for FACEBOOK, INC. and THEFACEBOOK, LLC