IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CROSS ATLANTIC CAPITAL PARTNERS, INC. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| FACEBOOK, INC and THEFACEBOOK, LLC | : | NO. 07-2768 |

## ORDER

**AND NOW**, this 17th day of March, 2008, upon consideration of Defendants' Motion to Compel (Docket Entry 77) and all responses thereto; Defendants' Motion for Protective Order (Docket Entry 83); and Defendants' Motion for Leave to File a Reply (Docket Entry 88); **IT IS HEREBY ORDERED** as follows:

1. Defendants' Motion to Compel (Docket Entry 77) is **GRANTED** as to Interrogatories 2 and 5; the Motion is **DENIED** insofar as it seeks a further response to Defendants' Request for Production of Documents.[1]

---

[1] Defendants seek to compel a more specific answer to Interrogatory 2, asking it to identify and describe the circumstances surrounding any alleged invention of the Patent in suit, including the precise date of conception. Because Plaintiff's counsel represents all the named inventors, and the primary inventor, James Harvey, has been retained by Plaintiff as a consultant for the purposes of the litigation, we find the facts are indistinguishable from <u>Invacare Corp. v. Sunrise Medical Holdings Inc.</u>, Civ. A. No. 04-1439, 2005 WL 1750271 (N.D. Ohio Jan. 21, 2005) (holding that where a party had an agreement with the inventor to provide consulting services and to make himself available to plaintiff's counsel in exchange for a fee, plaintiff's argument that it could not provide more specific information was disingenuous).

Defendants also seek to compel a more specific answer to Interrogatory 5, asking it to identify with particularity any and all portions of 1) the original application, and 2) the continuation in part application, that it contends disclosed each limitation of each claim of the Patent in suit. Plaintiff has already issued a supplemental response that, after first setting out its objections, stated: "Every element of every claim of the '629 patent is supported by the written description contained in the '988 application. Representative (but not exclusive) support is set forth in the attached Exhibit 1." Exhibit 1 is a 28 page analysis of the Patent in suit and the corresponding parts of the '988 Application that, Plaintiff asserts, support the claims. Defendants argue that the response remains inadequate in two respects: 1) Plaintiff qualifies its response with the statement that Exhibit 1 is

2. Defendants' Motion for Protective Order (Docket Entry 83) is **DENIED.**[2]

3. Defendants' Motion for Leave to File a Reply (Docket Entry 88) is **GRANTED.**

BY THE COURT:

/s/ John R. Padova

_____
John R. Padova, J.

---

representative but not exclusive support; Defendants argue that XACP is obligated to state its other support; and 2) Exhibit 1 does not identify any portions of the original application that allegedly support claims 7, 8, 15, 16, 23, 24, 31, and 32.

In its response to the Motion, Plaintiff attempts to demonstrate that more specific responses must be based upon expert testimony to establish inherent disclosure of the portions of the original application that allegedly support claims 7, 8, 15, 16, 23, 24, 31, and 32 of the Patent in suit. Expert evidence, however, must have some basis in the factual discovery. An expert can opine why Plaintiff is entitled to rely on the original application filing, but that does not relieve Plaintiff of the obligation to disclose the basis in the '988 Application that supports its contention that "every element of every claim of the '629 patent is supported by the written description contained in the '988 application." Plaintiff is required to disclose as part of its non-expert discovery those portions of the '988 application upon which it relies for claims 7, 8, 15, 16, 23, 24, 31, and 32, even if it is claiming inherent, rather than specific support. Also, because the claims and the support in the application are fixed, a non-conditional response is required. Accordingly, the motion to compel is granted in this regard.

Finally, we deny Defendants' motion regarding the production of documents. Plaintiff asserts in its response that there are no additional documents responsive to Defendants' requests.

[2]In the Motion, Defendants seek to quash the notice the deposition Plaintiff has issued to Facebook founder and CEO Mark Zuckerberg. Defendants argue that Plaintiff has noticed the Zuckerberg deposition before noticing any other individual, and prior to taking any other depositions. It asserts that it has identified numerous other people who have knowledge about the facts and that the Zuckerberg notice was intended to harass, unreasonably burden and pressure Defendants. They acknowledges, however, that Zuckerberg was involved in the development of the general idea of the so-called "groups" application component of the Facebook website. Thus, we find, Zuckerberg has information that may be relevant or lead to information that is relevant to the issues in this case. Accordingly, we deny the motion for protective order.