# EXHIBIT A



# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CROSS ATLANTIC CAPITAL PARTNERS, INC.<br><br>Plaintiff,<br>vs.<br><br>FACEBOOK, INC.<br>and<br>THEFACEBOOK, LLC<br><br>Defendants. | CIVIL ACTION<br>NO.: 07-CV-2768<br><br>HON. JOHN R. PADOVA |

## PLAINTIFF CROSS ATLANTIC CAPITAL PARTNERS, INC.'S
## FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANTS

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff, Cross Atlantic Capital Partners, Inc., ("XACP"), requests defendants Facebook, Inc. and Thefacebook, LLC ("Facebook") to answer the interrogatories set forth below within thirty (30) days.

### DEFINITIONS

1. "XACP" shall mean Cross Atlantic Capital Partners, Inc. and its agents, officers, employees, representatives and attorneys, including all persons acting on its behalf.

2. "Facebook" shall mean Facebook, Inc. and/or Thefacebook, LLC and their respective agents, officers, employees, representatives, and attorneys, and any predecessor or successor companies, corporation or business entities; "Facebook" shall also include any subsidiary, division, company, corporation or other business entity

affiliated therewith or owned by either defendant in whole or in part, or which owns or controls or is owned or controlled by either defendant in whole or in part, and the directors, officers, agents, employees and attorneys of any of them, including all persons acting or purporting to act on behalf of, or who are subject to the direction or control of, any of the foregoing.

3. The "'629 Patent" shall mean United States Patent No. 6,519,629 B2 issued on February 11, 2003 to Jamey Harvey, Andrew Fegley, Matt Hulan, and Robert Dekelbaum and entitled System for Creating a Community for Users with Common Interests to Interact In.

4. "Online Community Creation System and/or Created Online Community" shall mean: (1) any product, system, method, service or software made, used, licensed or sold which is in any way capable of facilitating the creation, in whole or in part, of online communities by users of a website including, but not limited to, the registered users of the website called "Facebook®" with a domain address of "faceboook.com;" (2) the systems and/or programs used by Facebook on its website that are initiated by a registered user by clicking on the "Create a New Group" tab; (3) any online community created, in whole or in part, by an any such product, system, method, service or software; and (4) the "Groups" sections of the Facebook website.

5. "Person,"or "persons" refer to any and all individuals and entities, including without limitation individuals, representative persons, associates, companies,

corporations, partnerships, limited partnerships, joint ventures, trusts, estates, public agencies, departments, divisions, bureaus and boards.

6. "Relate to" (or a form thereof) shall mean referencing, constituting, reflecting, supporting, contradicting, referring to, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating, regarding or relevant to.

7. "Communication" shall mean any exchange, transmission or receipt (whether as listener, addressee, person called or otherwise) of information, whether such exchange, transmission or receipt be oral, written or otherwise, and includes, without limitation, any meeting, conversation, telephone call, letter, telegram, exchange, transmission or receipt of any document of any kind whatsoever.

8. "Document" means any handwritten, printed, typed, recorded, photographic, computer generated, or other graphic matter of any kind or nature, however produced or reproduced, including, but not limited to, books, ledgers, notebooks, letters, faxes, telexes, correspondence, telegrams, contracts, agreements notes, memoranda, analyses, reports, projections, charts, graphs, drawings, photographs, videotapes, movies, audiotapes, checks, statements, statements of accounts, inter-office and intra-office communications, offers, notes of conversations, notes of meetings, notes of telephone calls, bulletins, computer programs, computer printouts, teletypes, invoices, work sheets, work papers, diaries, calendars, minutes, reports of investigations, office manuals, and any other communications fixed in a tangible medium, including but not limited to

material stored electronically or electromagnetically as well as all mechanical and electronic sound records, or transcripts thereof, from which information can be obtained, as defined by the Federal Rules of Evidence, Rule 1001(1) and (2); "document" shall also include all drafts, alterations, modifications, changes, and amendments of any of the foregoing; "documents" shall also include any and all things subject to discovery pursuant to Rule 34(a) of the Federal Rules of Civil Procedure; "document" shall also include all "documents" (as defined herein) now in the possession, custody or control of the defendants, jointly or severally, or in the possession, custody or control of the present or former counsel, agents, employees or others acting on behalf of the defendants, jointly and/or severally, and shall also include all "documents" (as defined herein) known by defendants, jointly and/or severally, to exist, whether or not ever in the possession of defendant, jointly or severally; "document" shall also include all copies of all documents by whatever means made.

Any document bearing on any sheet or side thereof, any marks, including without limitation, initials, stamped indicia, comments or notations of any character which are not part of the original text, or any reproduction thereof, is to be considered a separate document.

9. As used herein, the conjunctions "and" and "or" shall be interpreted conjunctively or disjunctively, as appropriate, so as not to exclude any documents or information otherwise within the scope of these requests.

10. "Date" shall mean the exact day, month and year if ascertainable, or, if not, the best approximation thereof in relation to other events.

11. The terms "describe," "state," "set forth," or similar instructions or terms shall mean to describe and state fully with all relevant details by reference to underlying facts, rather than merely by reference to ultimate facts, conclusions or generalities (as to the time, place or manner unless the context clearly indicates otherwise).

12. The term "business entity" means a partnership, corporation, professional limited liability corporation, proprietorship, association, subsidiary, division or any other business organization, whether formal or informal.

13. The masculine includes the feminine and vice versa; the singular includes the plural and vice versa.

14. As used herein, the term "control" or "controlled" means the power or ability of the defendants, jointly and/or severally, to direct the actions, management, or policies of any person, firm or corporation.

15. The terms "license" and "licensing" mean any agreement between Facebook and any third party that provides any rights to the third party with regard to an Online Community Creation System and/or Created Online Community including, but not limited to, any registered users, advertisers, outside application developers, etc.

16. All accounting terms, legal terms, engineering terms and other technical terms associated with a particular industry, profession or identifiable body of knowledge

shall have the meanings customarily and ordinarily associated with those terms within that industry, profession or discipline.

## INSTRUCTIONS

1. These Interrogatories are of an ongoing nature and in addition to furnishing all information available to you at the time of answering, including information in the possession of your accountants, attorneys and agents, you must supplement your answers as required by the applicable Rules of Civil Procedure to the extent that you acquire information hereafter responsive to these interrogatories.

2. Wherever you are requested to identify a series of persons, documents, oral communications or things and to provide for each such item certain information relating thereto, please arrange your answer so as to list the information requested for each item with that particular item.

3. In the event that your answer to any of these interrogatories is to the effect that investigation is continuing, please state:

    a. the nature and extent of its incompleteness;

    b. the identity of every person involved in conducting such investigation;

    c. the acts that remain to be accomplished in order to enable you to provide a complete answer (e.g., whether documents are to be reviewed, witnesses interviewed, etc.); and

    d. the estimated date when a full answer may be expected.

4. For each interrogatory to which you fail or refuse to fully respond to on the grounds of any claim of privilege or attorney work product, please state:

6

a. the basis on which the claim of privilege is made; and

b. if the basis of the claim is a purportedly privileged communication, state:

　i. the identity of every person who was a party to the communication;

　ii. the subject matter of the communication;

　iii. the date of the communication and the location of each party to the communication; and

　iv. whether any other person was informed of the contents of the communication and if so, the identity of each such person; and

c. if the basis of the claim is purported attorney work product, state:

　i. the identity of every person who participated in preparing that work product (other than secretarial or clerical assistants);

　ii. the date on which the product was prepared;

　iii. a description of the subject matter of the product; and

　iv. whether any other person was provided a copy of that product and if so, the identity of each such person.

5. In answering any of the interrogatories, if you encounter any ambiguity in construing an interrogatory, or a definition or an instruction relating to any interrogatory, set forth the matter deemed to be ambiguous and the construction you selected or used in answering the interrogatory.

6. Every reference to a business corporation, a non-profit corporation, an authority or other entity, shall also include all shareholders, directors, officers, managers,

7

employees, servants, representatives, agents and/or other persons associated or affiliated with such entity.

7.  As hereinafter used, the word "identify," when used in reference to a written or oral statement, shall be deemed to mean: State the name of the speaker; the date of the statement; the place at which the statement was made; the person or persons to whom the statement was addressed, if practicable; otherwise a general description of the persons to whom the statement was addressed; the subject matter of the statement; and if the statement was memorialized in a writing or mechanical or other recording, state the date and present location of said writing or mechanical or other recording.

8.  As hereinafter used, the word "identify," when used in connection with an individual shall be deemed to mean: State the name; present business and personal addresses; present employer (if self-employed so state); position or title held, if applicable; the duties and the scope of such duties performed by such person, if applicable, and if the interrogatory applies to a previous period of time, give the above information as it existed at the time covered by the interrogatory.

9.  As hereinafter used, the word "identify," when used in connection with a business address and if the interrogatory applies to a previous period of time, give the above information as it existed at the time covered by the interrogatory.

10.  In the event that any document called for by these Interrogatories has been lost, destroyed or discarded, that document is to be identified by stating: (i) any addressor and addressee; (ii) any indicated or blind copies; (iii) the document's date, subject matter,

number of pages and attachments or appendices; (iv) all persons to whom the document was distributed, shown or explained; (v) the date of loss, destruction or discard, manner of destruction or discard, and reason for destruction or discard; (vi) the persons who were authorized to carry out such destruction or discard; and (vii) whether any copies of the document presently exist and if so, the name of the custodian of each copy.

11. In each instance where an interrogatory is answered on information and belief, it is requested that you set forth the basis for such information and belief.

12. To the extent that any information called for by these interrogatories and requests is unknown to you, so state, and set forth such remaining information as is known. If any estimate can reasonably be made in place of unknown information, also set forth your best estimate, clearly designated as such, in place of the unknown information, and describe the basis upon which the estimate is made.

13. If you think that any word or interrogatory contained herein is ambiguous, you are instructed to set forth both meanings you think are possible and respond to each interrogatory according to both meanings.

14. Unless otherwise specified, each of these requests covers the period from January 1, 2004 to the present. If any answer is not uniformly applicable to that entire period, each change within the period is to be described, with the date of each such change.

15. If you think that any word or interrogatory contained herein is vague, you are instructed to explain the vagueness and select any reasonable interpretation thereof and respond according to your reasonable interpretation.

## INTERROGATORIES

### INTERROGATORY NO. 1.

Identify each Online Community Creation System and/or Created Online Community service which you have made, used, licensed, offered for licensing, sold, offered for sale, or purchased since January 1, 2004 by stating its trade name and serial number (if any); further, state the date upon which each such system, service or product was first made, used, licensed, offered for licensing, sold, or offered for sale, and the identity of each person knowledgeable with respect to the development, manufacture, marketing, licensing, offer for licensing, sale, or offer for sale, of each such system, service or product.

### INTERROGATORY NO. 2.

State whether Facebook has received any oral or written opinion concerning the '629 Patent, and, if the answer is anything other than an unqualified negative, separately for each such opinion:

(a) Identify the system and/or product, if any, to which such opinion was directed, the author, the date on which it was rendered, the person to whom it was addressed, all persons to whom the opinion was shown or disclosed or to whom the substance of the

opinion was communicated, the patent(s) to which the opinion pertains, the person who requested the opinion and circumstances under which the opinion was requested; and

(b) State whether such opinion was written or oral; and if written, whether it memorialized an earlier oral opinion and, if so, the date of such oral opinion.

**INTERROGATORY NO. 3.**

State whether Facebook has ever made, or ever caused to be made, any search of prior art relating to the subject matter of the '629 Patent, and if so:

(a) Identify each document that refers to, relates to, or comments upon such search including each item of prior art uncovered by such search; and

(b) Identify each person who requested such search and who was in any way involved with such search.

**INTERROGATORY NO. 4.**

Identify the date when Facebook first became aware of the '629 Patent and state whether Facebook has taken any steps to avoid infringement of the '629 Patent; and, if the answer is anything but an unqualified negative, identify each document relating to, referring to or commenting upon such steps and each person having knowledge of such steps.

## INTERROGATORY NO. 5.

If you contend that any claim of the '629 Patent is invalid or unenforceable for any reason, including, but not limited to, obviousness, provided the complete legal basis, including Facebook's proposed claim construction and factual basis for each such contention, including, but not limited to (if applicable), the level of ordinary skill in the art and the definition of the person of ordinary skill in the art at the time the invention was made and all prior art upon which Facebook relies, or intends to rely, in support of each such contention, including, but not limited to, a chart identifying specifically where each element of each claim of the '629 Patent is found in each prior art reference upon which Facebook intends to rely, and identify all documents in the possession, custody or control of, or available to, Facebook or any of its agents, which relate thereto.

## INTERROGATORY NO. 6.

With respect to each Online Community Creation System and/or Created Online Community product or service made, used, licensed, offered for licensing, sold, or offered for sale by Facebook from January 1, 2004 to the present:

(a)    State the number of registered users and/or licensees of such Online Community Creation Systems and/or Created Online Communities;

(b)    State the number of Created Online Communities (including Facebook Groups) created by registered users and/or licensees of such Online Community Creation Systems and/or Created Online Communities;

12

(c) Identify each Created Online Community (including Facebook Groups) created by registered users and/or licensees of such Online Community Creation Systems and/or Created Online Communities Online Communities;

(d) State the revenues directly or indirectly derived by Facebook from such Created Online Communities (including Facebook Groups), including but not limited to such revenues derived from advertising;

(e) State the profits earned by Facebook on such Created Online Communities (including Facebook Groups), including a detailed explanation of the methodology that is being used to allocate overhead to the calculation of profit; and

(f) Identify the person or persons most knowledgeable with respect to the revenues and profits derived from such Created Online Communities (including Facebook Groups) and the profits derived therefrom.

## INTERROGATORY NO. 7.

With respect to each Online Community Creation System and/or Created Online Community made, used, licensed, offered for licensing, sold, or offered for sale by Facebook from January 1, 2004 to the present, identify and/or state:

(a) The name of each person who significantly contributed to its creation, development and design;

(b) The manner in which each such person significantly contributed to its creation, development and design;

(c) The time frame during which each such person significantly contributed to its creation, development and design; and

(d) Identify any document directed in whole or in part which refers to, relates, or comments upon the contribution each such person made to its creation, development and design. and the profits derived therefrom.

## INTERROGATORY NO. 8.

With respect to each Online Community Creation System and/or Created Online Community product or service made, used, licensed, offered for licensing, sold, or offered for sale by Facebook from January 1, 2004 to the present, identify how Facebook determines the revenues for each such product or service.

## INTERROGATORY NO. 9.

Identify each person whom Facebook expects to call as a witness at trial, state the subject matter upon which such person is expected to testify, and, as to expert witnesses, set forth the qualification of each such expert, the substance of the facts and opinions to which such expert is expected to testify, a summary of the grounds for such expert's opinion, and all such other disclosures as are required under Fed. R. Civ. P. 26(a)(2)(B).

## INTERROGATORY NO. 10.

State whether prior to the filing of the instant Complaint, Facebook, or any of its employees, ever discussed the '629 Patent with anyone; if so, state:

(a) the name of person with whom the discussions took place;

(b) the dates thereof;

(c) the persons representing Facebook in such discussions; and

the employer of the other person in such discussion

## INTERROGATORY NO. 11.

With respect to each Online Community Creation System and/or Created Online Community service or product identified or listed in the answers to these Interrogatories, as to which infringement is denied by Facebook, identify each element (including its claim construction and all intrinsic and extrinsic evidence that supports Facebook's proposed claim construction), feature, functional characteristic or other matter, if any, upon which Facebook intends to rely as a point of material difference from the systems or methods disclosed and claimed in the '629 Patent and describe the purpose and use of such feature, element functional characteristic or other matter.

## INTERROGATORY NO. 12.

Identify and describe fully and in detail, including, but not limited to, Facebook's proposed claim construction (and all extrinsic and intrinsic evidence that supports such construction), every feature, limitation, and element, including each element that Facebook contends is governed by 35 U.S.C. § 112(6), if any, of each of the claims and elements of the '629 Patent which Facebook contends is not found in each of the systems and/or methods of any Online Community Creation System and/or Created Online Community made, used, licensed, offered for licensing, sold, or offered for sale by Facebook from January 1, 2004 to the present, and upon which Facebook intends to rely as a point of material difference in the defense of this suit.

## INTERROGATORY NO. 13.

Identify each person who furnished information for, or assisted in the preparation of, Facebook's responses to these Interrogatories and state the specific Interrogatories for which each such person furnished information or rendered assistance.

## INTERROGATORY NO. 14.

Identify all persons having knowledge of the facts set forth in the complaint, answer and counterclaims in the instant action and for each such person, identify the knowledge that he or she possesses.

        Respectfully submitted,

        Patrick J. Keenan, Esquire
        **Duffy & Keenan**
        Suite 1150, The Curtis Center
        Independence Square West
        Philadelphia, Pennsylvania 19106
        (215) 238-8700
        (215) 238-8710 (Fax)
        pjk@duffykeenan.com

        Frederick A. Tecce, Esquire
        McShea\Tecce, P.C.
        The Bell Atlantic Tower - 28th Floor
        1717 Arch Street
        Philadelphia, PA 19103
        (215) 599-0800
        (215) 599-0888 (Fax)
        ftecce@mcshea-tecce.com

        Counsel for plaintiff,
        Cross Atlantic Capital Partners, Inc.

## CERTIFICATE OF SERVICE

This is to hereby certify that on this 17th day of September, 2007, I caused a true and correct copy of foregoing Plaintiff Cross Atlantic Capital Partners, Inc.'s First Set of Interrogatories Directed to Defendants to be served in the manner indicated, upon the following:

        Charles Bloom, Esquire (*Via* Hand Delivery)
        STEVENS & LEE, P.C.
        620 Freedom Business Center
        Suite 200
        King of Prussia, Pennsylvania 19406

        Heidi L. Keefe, Esquire (*Via* Federal Express)
        Mark R. Weinstein, Esquire
        Sam C. O'Rourke, Esquire
        WHITE & CASE, LLP
        3000 El Camino Real
        5 Palo Alto Square
        9th Floor
        Palo Alto, California 94306

        Counsel for defendants
        Facebook, Inc. and Thefacebook, LLC

                            */s/ Frederick A. Tecce*
                            **Frederick A. Tecce**