# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CROSS ATLANTIC CAPITAL      :
PARTNERS, INC.      :
     :
        Plaintiff,      :
       vs.      :    CIVIL ACTION
     :    NO.: 07-CV-2768 JP
FACEBOOK, INC.      :
 and      :
THEFACEBOOK, LLC      :
     :
       Defendants.      :

## PLAINTIFF CROSS ATLANTIC CAPITAL PARTNERS, INC.'S
## SECOND SET OF INTERROGATORIES DIRECTED TO DEFENDANTS

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff, Cross

Atlantic Capital Partners, Inc., ("XACP"), requests defendants Facebook, Inc. and

Thefacebook, LLC ("Facebook") to answer the interrogatories set forth below

within thirty (30) days.

### DEFINITIONS

1.      "XACP" shall mean Cross Atlantic Capital Partners, Inc. and its

agents, officers, employees, representatives and attorneys, including all persons

acting on its behalf.

2.      "Facebook" shall mean Facebook, Inc. and/or Thefacebook, LLC

and their respective agents, officers, employees, representatives, and attorneys,

and any predecessor or successor companies, corporation or business entities;

"Facebook" shall also include any subsidiary, division, company, corporation or

other business entity affiliated therewith or owned by either defendant in whole or in part, or which owns or controls or is owned or controlled by either defendant in whole or in part, and the directors, officers, agents, employees and attorneys of any of them, including all

persons acting or purporting to act on behalf of, or who are subject to the direction or control of, any of the foregoing.

3.    The "'629 Patent" shall mean United States Patent No. 6,519,629 B2 issued on February 11, 2003 to Jamey Harvey, Andrew Fegley, Matt Hulan, and Robert Dekelbaum and entitled System for Creating a Community for Users with Common Interests to Interact In.

4.    "Online Community Creation System and/or Created Online Community" shall mean: (1) any product, system, method, service or software made, used, licensed or sold which is in any way capable of facilitating the creation, in whole or in part, of online communities by users of a website including, but not limited to, the registered users of the website called "Facebook[®]" with a domain address of "faceboook.com;" (2) the systems and/or programs used by Facebook on its website that are initiated by a registered user by clicking on the "Create a New Group" tab; (3) any online community created, in whole or in part, by an any such product, system, method, service or software; and (4) the "Groups" sections of the Facebook website.

5.     "Person," or "persons" refer to any and all individuals and entities, including without limitation individuals, representative persons, associates, companies, corporations, partnerships, limited partnerships, joint ventures, trusts, estates, public agencies, departments, divisions, bureaus and boards.

6.     "Relate to" (or a form thereof) shall mean referencing, constituting, reflecting, supporting, contradicting, referring to, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating, regarding or relevant to.

7.     "Communication" shall mean any exchange, transmission or receipt (whether as listener, addressee, person called or otherwise) of information, whether such exchange, transmission or receipt be oral, written or otherwise, and includes, without limitation, any meeting, conversation, telephone call, letter, telegram, exchange, transmission or receipt of any document of any kind whatsoever.

8.     "Document" means any handwritten, printed, typed, recorded, photographic, computer generated, or other graphic matter of any kind or nature, however produced or reproduced, including, but not limited to, books, ledgers, notebooks, letters, faxes, telexes, correspondence, telegrams, contracts, agreements notes, memoranda, analyses, reports, projections, charts, graphs, drawings, photographs, videotapes, movies, audiotapes, checks, statements, statements of accounts, inter-office and intra-office communications, offers, notes

of conversations, notes of meetings, notes of telephone calls, bulletins, computer programs, computer printouts, teletypes, invoices, work sheets, work papers, diaries, calendars, minutes, reports of investigations, office manuals, and any other communications fixed in a tangible medium, including but not limited to material stored electronically or electromagnetically as well as all mechanical and electronic sound records, or transcripts thereof, from which information can be obtained, as defined by the Federal Rules of Evidence, Rule 1001(1) and (2); "document" shall also include all drafts, alterations, modifications, changes, and amendments of any of the foregoing; "documents" shall also include any and all things subject to discovery pursuant to Rule 34(a) of the Federal Rules of Civil Procedure; "document" shall also include all "documents" (as defined herein) now in the possession, custody or control of the defendant, jointly or severally, or in the possession, custody or control of the present or former counsel, agents, employees or others acting on behalf of the defendant, jointly and/or severally, and shall also include all "documents" (as defined herein) known by defendant, jointly and/or severally, to exist, whether or not ever in the possession of defendant, jointly or severally; "document" shall also include all copies of all documents by whatever means made. Any document bearing on any sheet or side thereof, any marks, including without limitation, initials, stamped indicia, comments or notations of any character which are not part of the original text, or any reproduction thereof, is to be considered a separate document.

4

9.   As used herein, the conjunctions "and" and "or" shall be interpreted conjunctively or disjunctively, as appropriate, so as not to exclude any documents or information otherwise within the scope of these requests.

10.   "Date" shall mean the exact day, month and year if ascertainable, or, if not, the best approximation thereof in relation to other events.

11.   The terms "describe," "state," "set forth," or similar instructions or terms shall mean to describe and state fully with all relevant details by reference to underlying facts, rather than merely by reference to ultimate facts, conclusions or generalities (as to the time, place or manner unless the context clearly indicates otherwise).

12.   The term "business entity" means a partnership, corporation, professional limited liability corporation, proprietorship, association, subsidiary, division or any other business organization, whether formal or informal.

13.   The masculine includes the feminine and vice versa; the singular includes the plural and vice versa.

14.   As used herein, the term "control" or "controlled" means the power or ability of the defendant, jointly and/or severally, to direct the actions, management, or policies of any person, firm or corporation.

15.   The terms "license" and "licensing" mean any agreement between Facebook and any third party that provides any rights to the third party with regard to an Online Community Creation System and/or Created Online

Community including, but not limited to, any registered users, advertisers, outside application developers, etc.

16.     All accounting terms, legal terms, engineering terms and other technical terms associated with a particular industry, profession or identifiable body of knowledge shall have the meanings customarily and ordinarily associated with those terms within that industry, profession or discipline.

## INSTRUCTIONS

1.     These Interrogatories are of an ongoing nature and in addition to furnishing all information available to you at the time of answering, including information in the possession of your accountants, attorneys and agents, you must supplement your answers as required by the applicable Rules of Civil Procedure to the extent that you acquire information hereafter responsive to these interrogatories.

2.     Wherever you are requested to identify a series of persons, documents, oral communications or things and to provide for each such item certain information relating thereto, please arrange your answer so as to list the information requested for each item with that particular item.

3.     In the event that your answer to any of these interrogatories is to the effect that investigation is continuing, please state:

        a.      the nature and extent of its incompleteness;

b.    the identity of every person involved in conducting such investigation;

c.    the acts that remain to be accomplished in order to enable you to provide a complete answer (e.g., whether documents are to be reviewed, witnesses interviewed, etc.); and

d.    the estimated date when a full answer may be expected.

4.    For each interrogatory to which you fail or refuse to fully respond to on the grounds of any claim of privilege or attorney work product, please state:

a.    the basis on which the claim of privilege is made; and

b.    if the basis of the claim is a purportedly privileged communication, state:

   i.    the identity of every person who was a party to the communication;

   ii.   the subject matter of the communication;

   iii.  the date of the communication and the location of each party to the communication; and

   iv.   whether any other person was informed of the contents of the communication and if so, the identity of each such person; and

c.    if the basis of the claim is purported attorney work product, state:

   i.    the identity of every person who participated in preparing that work product (other than secretarial or clerical assistants);

   ii.   the date on which the product was prepared;

   iii.  a description of the subject matter of the product; and

    iv.  whether any other person was provided a copy of that product and if so, the identity of each such person.

  5.  In answering any of the interrogatories, if you encounter any ambiguity in construing an interrogatory, or a definition or an instruction relating to any interrogatory, set forth the matter deemed to be ambiguous and the construction you selected or used in answering the interrogatory.

  6.  Every reference to a business corporation, a non-profit corporation, an authority or other entity, shall also include all shareholders, directors, officers, managers, employees, servants, representatives, agents and/or other persons associated or affiliated with such entity.

  7.  As hereinafter used, the word "identify," when used in reference to a written or oral statement, shall be deemed to mean: State the name of the speaker; the date of the statement; the place at which the statement was made; the person or persons to whom the statement was addressed, if practicable; otherwise a general description of the persons to whom the statement was addressed; the subject matter of the statement; and if the statement was memorialized in a writing or mechanical or other recording, state the date and present location of said writing or mechanical or other recording.

  8.  As hereinafter used, the word "identify," when used in connection with an individual shall be deemed to mean: State the name; present business and personal addresses; present employer (if self-employed so state); position or

title held, if applicable; the duties and the scope of such duties performed by such person, if applicable, and if the interrogatory applies to a previous period of time, give the above information as it existed at the time covered by the interrogatory.

9.    As hereinafter used, the word "identify," when used in connection with a business address and if the interrogatory applies to a previous period of time, give the above information as it existed at the time covered by the interrogatory.

10.    In the event that any document called for by these Interrogatories has been lost, destroyed or discarded, that document is to be identified by stating: (i) any addressor and addressee; (ii) any indicated or blind copies; (iii) the document's date, subject matter, number of pages and attachments or appendices; (iv) all persons to whom the document was distributed, shown or explained; (v) the date of loss, destruction or discard, manner of destruction or discard, and reason for destruction or discard; (vi) the persons who were authorized to carry out such destruction or discard; and (vii) whether any copies of the document presently exist and if so, the name of the custodian of each copy.

11.    In each instance where an interrogatory is answered on information and belief, it is requested that you set forth the basis for such information and belief.

12. To the extent that any information called for by these interrogatories and requests is unknown to you, so state, and set forth such remaining information as is known. If any estimate can reasonably be made in place of unknown information, also set forth your best estimate, clearly designated as such, in place of the unknown information, and describe the basis upon which the estimate is made.

13. If you think that any word or interrogatory contained herein is ambiguous, you are instructed to set forth both meanings you think are possible and respond to each interrogatory according to both meanings.

14. Unless otherwise specified, each of these requests covers the period from January 1, 2004 to the present. If any answer is not uniformly applicable to that entire period, each change within the period is to be described, with the date of each such change.

15.    If you think that any word or interrogatory contained herein is vague, you are instructed to explain the vagueness and select any reasonable interpretation thereof and respond according to your reasonable interpretation.

## INTERROGATORIES

### INTERROGATORY NO. 15.

Fully describe the processes, methods and systems that are used, and the dates of there use, by Facebook and/or its advertising customers to target advertisements to users viewing Group(s) and/or Event(s) pages on its website, including, but not limited to, the processes, methods and systems that are used for Facebook's Fliers, Social Ads and Ad Server systems regarding which Dustin Moskovitz testified on pages 131 though 161 of his deposition in this matter.

### INTERROGATORY NO. 16.

For each month between August 2004 to the present, state the total number of emails with an invitation to join a Group and/or an Event that Facebook sent to people based, in any part, on a registered user of Facebook providing Facebook with the invited persons email address, and the number of those invited people that registered with Facebook and/or joined the Group and/or Event to which they were invited.  This should include, but is not limited to, email invitations sent to people based, in any part, on emails entered by a registered user in the field shown on Exhibit 14 of Victor Valdez's deposition which states "Invite People who are not on Facebook via Email:"; the field shown on Figure 12-8 of the Facebook for Dummies

book which states "Invite People who are not on Facebook via Email:" (a copy of which is attached hereto); the field shown on Figure 13-9 of the Facebook for Dummies book which states "Invite People who are not on Facebook via Email:" (a copy of which is attached hereto); and/or any and all earlier and later versions of those electronic forms.

**INTERROGATORY NO. 17.**

For each month between August 2004 to the present, state the total number of times Facebook's discussion board application, the Wall application, photos application, videos application, and posted items application were used within all of the Groups and Events created on Facebook's website. The total number of usages should be provided for each of the applications within all of the Groups and each of the applications within all of the Events.

**INTERROGATORY NO. 18.**

For each of Facebook's discussion board, the Wall, photos, videos, and/or posted items applications, state the total number of Groups and Events created on Facebook's website that included the application when the Group and Event was created and the total number of Groups and Events that did not include the application when it was created. The total numbers should be provided on a monthly basis between August 2004 and the present.

## INTERROGATORY NO. 19.

For each month between August 2004 to the present, state the total number of registered users of Facebook's website, and percentage of those users that are members of a Group and/or guests of an Event created on Facebook.

## INTERROGATORY NO. 20.

Fully set forth the circumstances surrounding and explain all reasons for the changes made to Facebook's website that resulted in the launch of the of the web pages shown in Exhibits 12 and 13 to Victor Valdez's deposition.

## INTERROGATORY NO. 21.

Set forth the total litigation expenses that Facebook has incurred in this action and which it has or intends to report on a profit and loss statement.

Respectfully submitted,

Patrick J. Keenan, Esquire
Duffy & Keenan
One Liberty Place
1650 Market Street, 55th Floor
Philadelphia, Pennsylvania 19103
(215) 238-8700
(215) 238-8710 (Fax)

Frederick A. Tecce, Esquire
McShea\Tecce, P.C.
The Bell Atlantic Tower - 28th Floor
1717 Arch Street
Philadelphia, PA 19103
(215) 599-0800
(215) 599-0888 (Fax)

Counsel for plaintiff,
Cross Atlantic Capital Partners, Inc.

## CERTIFICATE OF SERVICE

This is to hereby certify that on this 21st day of April, 2008, I caused a true and correct copy of the foregoing Plaintiff Cross Atlantic Capital Partners, Inc.'s Second Set of Interrogatories Directed to Defendants upon the following:

*Via Regular Mail*
Heidi L. Keefe, Esquire
White & Case LLP
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, California 94306

*Via Hand Delivery*
Alfred W. Zaher, Esquire
Blank Rome
One Logan Square
130 North 18th Street
Philadelphia, PA 19103

Counsel for defendants
Facebook, Inc. and Thefacebook, LLC

PATRICK J. KEENAN, ESQUIRE