IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CROSS ATLANTIC CAPITAL PARTNERS, INC., | CIVIL ACTION |
| Plaintiff, | NO. 07-CV- 02768-JP |
| v. | |
| FACEBOOK, INC. and THEFACEBOOK, LLC, | JURY TRIAL DEMANDED |
| Defendants. | |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF ITS RENEWED MOTION TO COMPEL PRODUCTION OF DOCUMENTS

REDACTED

## I. INTRODUCTION

Facebook has struggled at every turn in this case to access even the most basic discovery from Plaintiff Cross Atlantic Capital Partners, Inc. ("XACP"). Discovery has now closed, but XACP has ignored repeated further requests to produce documents its witnesses have testified exist. This Court's intervention is now sorely needed.

The Court will recall that Facebook's original motion to compel production of documents was denied as moot based on XACP's explicit representation that "there are no additional documents that have been withheld." (Doc. 82, p. 23). At the time it made that statement to the Court, XACP had produced slightly more than 7,000 pages of documents. XACP has since produced an additional 11,694 pages of documents. Significantly, XACP produced these additional documents only after admissions by XACP's deponents made further stonewalling impossible.

Now, based on further testimony elicited from XACP representatives, Facebook has learned that XACP's stonewalling continues and that more responsive documents have been withheld. Despite Facebook's reasonable attempts to convince XACP to turn over the improperly withheld documents without delay, discovery has not closed with no response from XACP. An order from the Court compelling XACP to comply with its discovery obligations is now required.

## II. BACKGROUND

### A. XACP's Deficient Original Production

On September 28, 2007, shortly after fact discovery opened in this action, Facebook served its First Set of Requests for Production of Documents. Declaration of Heidi L. Keefe in support of Facebook's Renewed Motion to Compel Production of Documents ("Keefe Decl.") at ¶ 3. Facebook's requests sought documents relating to fundamental issues in this case including, among other things, the validity (or invalidity) of the patent-in-suit, the development of the technology claimed in the patent, and use of the technology covered by the patent. XACP

responded by producing 7,078 pages of documents on November 26, 2007, 85 pages of documents on January 15, 2008, and 13 pages of documents on February 22, 2008. *See* Keefe Decl. at ¶ 5.

XACP's original production consisted largely of stockholder resolutions and agreements, loan agreements and stock purchase agreements (in many cases, produced several times in duplicate). *Id.* The entire production contained no more than a handful of emails relating to iKimbo, Inc. ("iKimbo"), the company that developed and originally owned the patent-in-suit, whose assets were allegedly acquired by XACP. *Id.* Fundamental documents one would expect in any patent case were conspicuously absent. For example, XCAP's production was devoid of documents concerning its alleged damages or its organizational structure. *Id.*

Based upon its review of the documents, Facebook determined that XACP had failed to produce documents responsive to its Request for Production Nos. 3-5, 8-10, 12-15, 17-24, 30-32, 34, 41-45 and 50-58. *See* Keefe Decl. at ¶¶ 8, 9. On February 15, 2008, following unsuccessful attempts by Facebook to resolve the dispute informally, Facebook filed a motion to compel production of documents responsive to several of its requests and further responses to certain Facebook interrogatories.[1] Keefe Decl. at ¶ 9; (Doc. 77).

### B. XACP Misrepresents That it Produced All Responsive Documents

XACP's response to Facebook's motion to compel did not offer any substantive argument or reason against the motion. Instead, XACP represented to the Court that *"there are no additional documents that have been withheld." See* Keefe Decl. at ¶ 10; (Doc. 82, p. 23) (emphasis added). In the attached declaration, Frederick Tecce (counsel for XACP) averred: *"XACP has produced all documents in its possession in any way related to iKimbo." Id.* at ¶ 10; (Doc. 82-2, pp. 32-33, ¶¶ 9, 12). Mr. Tecce further averred: *"In response to Facebook's document request, every iKimbo document in XACP's possession was produced." Id.* (emphasis

---

[1] The Appendix to this Memorandum sets forth in full Facebook's Request for Production Nos. 3-5, 8-10, 12-15, 17-24, 30-32, 34, 41-45 and 50-58, and XACP's responses to those requests.

added).

### C. The Court Relies on XACP's Representation

By order dated March 17, 2008, the Court granted Facebook's motion to compel further responses to Facebook's interrogatories, but denied the motion as to Facebook's Requests for Production. *See* Order (Doc. No. 93). In denying that portion of the motion, the Court expressly relied on XACP's representation and the sworn statements from XACP's counsel that no additional responsive documents existed. *See* Order (Doc. 93, p. 2, fn. 1) ("Finally, we deny Defendant's motion regarding the production of documents. Plaintiff asserts in its response that there are no additional documents responsive to Defendants' requests.").

### D. XACP Employees Confirm the Withholding of Responsive Documents

It is now clear that XACP in fact had further responsive documents then, and likely still does. During depositions of XACP witnesses in April and May, Facebook learned that numerous documents in XACP's possession have not been produced. Facebook has also learned that counsel for XACP failed to ask key individuals for responsive documents or to search locations that should have been examined as part of even a minimally competent search for responsive documents.

[REDACTED]

REDACTED

The day after Mr. Fregly's deposition, Facebook took the Rule 30(b)(6) deposition of XACP through its corporate representative, Mr. Brian Adamsky.

REDACTED

On May 7, 2008, XACP took the deposition of Mr. Richard Fox, a Managing Director of XACP, Chairman of the Board of iKimbo in 2003 and 2004, and the only XACP employee identified in XACP's Initial Disclosures. Keefe Decl. at ¶ 24, Ex. N, Fox Depo., 8: 11-1537:19-38:6; 79:12-16. XACP identified Mr. Fox as the person with knowledge concerning "XACP's transactions with iKimbo, Inc. ('iKimbo'), including the acquisition of iKimbo's intellectual property and iKimbo's efforts to commercialize the technology disclosed and claimed in the United States Patent No. 6,519,629." *Id.* at ¶ 2, Ex. A.

Given the central role that Mr. Fox played in the short life of iKimbo and the alleged patented technology, one would expect that XACP would have searched his files for responsive materials at the inception of this litigation.

REDACTED

REDACTED

### E. XACP More Than Doubles Its Document Production After Its Misrepresentations to the Court Are Finally Revealed

On April 7, 2008, Facebook sent a letter to Mr. Tecce demanding production of the responsive electronic documents about which Mr. Adamsky testified at XACP's Radnor office. Keefe Decl. at ¶ 13, Ex. G. On April 14, 15 and 18, 2008, XACP supplemented its production with an additional *11,694 pages of documents*, almost twice what it had produced previously in the case. *Id.* at ¶ 16. During this production, counsel for XACP finally produced the missing consulting agreements between XACP and three of the four inventors,[2] a handful of documents relating to the dissolution of iKimbo in July 2004, and some post-lawsuit emails among the inventors. *Id.* Had XACP conducted even a cursory search for the full range of documents responsive to Facebook's requests, these responsive documents would have been produced months earlier. Ominously, XACP has yet to produce any additional documents following the May 7, 2008 deposition of Mr. Fox.

### F. Facebook Attempts To Secure A Complete Document Production

Given XACP's demonstrated practice of withholding and failing to search for responsive documents despite assurances to the Court otherwise, it is exceedingly likely that numerous other responsive materials are waiting to be "discovered" and produced. XACP's past practices also makes it highly likely that responsive documents will not be produced until XACP feels it has no choice but to comply with its most basic discovery obligations.

REDACTED

---

[2] This was the first time that XACP had produced a copy of any consulting agreements with any of the named inventors, despite claims in Mr. Tecce's sworn declaration six weeks earlier that the agreements had already been produced. *See* Declaration of Fredrick Tecce, ¶ 14 (Doc. No. 82-2, p. 33) ("In addition, XACP is also willing to produce, *and has produced*, its consulting agreements with the named inventors.") (emphasis added).

5

REDACTED

Similarly, despite the fact that iKimbo was first incorporated in September 1999, the earliest produced Board of Director minutes or meeting presentations are dated January 18, 2002, and XACP has not produced any iKimbo Board of Director meeting minutes or presentations for the months from December 2002 to February 2003; and for the key months of January 2004 through June 2004. *Id.* at ¶ 17.

As outlined below, numerous documents that were explicitly referred to during deposition testimony are also still missing from XACP's document production. On May 5, 2008, Facebook notified XACP of its continuing document production deficiencies and sought correction of the problems by Friday, May 9, 2008. Keefe Decl. at ¶ 23, Ex. M. XACP did not respond to this letter. *Id.* at ¶ 27. Facebook raised the issue again on May 19th telephonically and again in a letter on the 20th. *Id.* at ¶ 25, Ex. O. XACP finally responded with a one-line email stating that it would respond to Facebook's May 5 letter on May 22. *Id.* at ¶ 26, Ex. P. However, May 22 came and went with no response. *Id.* at ¶ 27.

Exasperated by its unsuccessful efforts to obtain XACP's compliance with its most basic discovery obligations in the form of responsive documents known to be in XACP's possession, Facebook must renew its motion to compel the production of documents. XACP's track record of serious deficiencies indicates that without an Order from the Court, XACP will not comply with its discovery duties. XACP's continuing failure to meet its discovery responsibilities so late in this litigation, to Facebook's prejudice, cannot be countenanced by this Court.

### III. ARGUMENT

#### A. Applicable Law

The Federal Rules of Civil Procedure provide that when a party fails to produce responsive documents, the serving party may move to compel production. Fed. R. Civ. P. 37(a). Facebook renews its motion to compel because of the Court's reliance on XACP's misrepresentations of a complete production of documents and because of direct testimony that XACP has further responsive documents and has failed to conduct a reasonable search for other

documents. *See Bray & Gillespie Mgmt. LLC v. Lexington Ins. Co.*, 2008 WL 1744715, *1 (M.D. Fla. 2008) (granting defendant's renewed motion to compel production of documents); *Underwriters Ins. Co. v. Atlanta Gas Light Co.*, --- F.R.D. ---, 2008 WL 489016, *1 (N.D. Ga. 2008) (granting in part and denying in part counterclaimant's renewed motion to compel production of documents); *Fresenius Medical Care Holding Inc. v. Baxter Intern., Inc.*, 224 F.R.D. 644 (N.D. Cal. 2004) (ordering party asserting patent to exhaust efforts to locate responsive documents, to produce same, to provide declaration under penalty of perjury setting forth efforts made to locate responsive documents and a certification that all documents have been produced, or an explanation as to why documents have not been produced); *For Your Ease Only, Inc. v. Calgon Carbon Corp.*, 2003 WL 22889442, at *1 (N.D. Ill. 2003) (granting renewed motion to compel production of documents in a patent case).

### B. Facebook is Entitled to the Production of Documents Referenced in the Deposition Testimony of XACP's Witnesses

XACP's own witnesses have testified that XACP continues to withhold key documents responsive to Facebook's Requests for Production. As set forth below, Facebook has detailed multiple deficiencies in XACP's production. The list is illustrative only. Given XACP's demonstrated disregard for its discovery duties, its demonstrated failures likely represent merely the "tip of the iceberg." An order from the Court for the immediate production of the identified responsive documents and a complete search for all responsive materials in XACP's possession is necessary.

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

### C. The Court Should Grant Facebook's Renewed Motion To Put an End to XACP's Practice of Withholding Responsive Documents

Based on the deposition testimony of Messrs. Fox, Adamsky and Fregly, there can be no doubt that XACP is continuing to withhold responsive documents. Facebook is particularly troubled by the fact that XACP and its counsel represented to the Court in March 2008 that all responsive documents had been produced, despite the fact that Mr. Adamsky was <u>never</u> asked to search his files, and that <u>the first time</u> Richard Fox – Chairman of the Board of iKimbo in 2003 and 2004 – was asked to search his emails for documents related to iKimbo was one week before his deposition on May 7, 2008. This demonstrated shirking of its discovery obligations raises serious questions about whether XACP's ever searched the email files and hardcopy folders of numerous other key individuals, including:

- Glenn Rieger (iKimbo Director and former XACP Managing Director);
- Carolyn Hallinan (iKimbo Director and former XACP Principal);
- Mary Garrison (Secretary for iKimbo);
- Don Caldwell (Chairman and Chief Executive Officer of XACP);
- Gerry McCrory (Managing Director of XACP);
- Fred Tecce, Senior (Managing Director and Counsel to XACP);
- Rahul Singh (Principal at XACP);
- Brian Haveson (CEO of Lightning Poker and XACP Consultant).
- Karen Hopkins (XACP employee); and
- Kevin Magee (former XACP officer)

Without an order compelling production, this Court and Facebook can have no assurance that XACP has conducted even a cursory search for documents at the heart of an action it chose to bring. An order compelling a search of the files of these key sources for responsive documents and the immediate production of the resulting materials is necessary.

### IV. CONCLUSION

For the foregoing reasons, defendants Facebook, Inc. and Thefacebook, LLC respectfully

request that the Court grant its renewed motion to compel production of documents responsive to Request Nos. 3-5, 8-10, 12-15, 17-24, 30-32, 34, 41-45 and 50-58. Facebook further requests that the Court enter an Order requiring XACP to reimburse Facebook for all costs, including attorneys' fees, incurred in bringing this motion to compel production of documents, as well as the earlier motion to compel decided on March 17, 2008.

Dated: May 23, 2008 By:     /s/ Heidi L. Keefe

                                           Heidi L. Keefe
                                           Mark R. Weinstein
                                           WHITE & CASE LLP
                                           3000 El Camino Real
                                           5 Palo Alto Square, 9th Floor
                                           Palo Alto, CA 94306

                                           Alfred W. Zaher
                                           Dennis P. McCooe
                                           BLANK ROME LLP
                                           130 N 18th St
                                           Philadelphia, PA 19103

                                           Attorneys for FACEBOOK, INC. and
                                           THEFACEBOOK, LLC

# CERTIFICATE OF SERVICE

This is to hereby certify that on this May 23, 2008, I caused a true and correct copy of the foregoing Defendants' Memorandum of Law in Support of its Renewed Motion To Compel Production of Documents to be served via this Court's Electronic Filing ("ECF") System, upon the following:

    Frederick A. Tecce, Esq.
    McShea/Tecce, P.C.
    The Bell Atlantic Tower – 28th Floor
    1717 Arch Street
    Philadelphia, PA 19103
    ftecce@mcshea-tecce.com

    Thomas J. Duffy, Esq.
    Patrick J. Keenan, Esq.
    Duffy & Keenan
    One Liberty Place, 55th Floor
    1650 Market Street
    Philadelphia, PA 19103
    pjk@duffykeenan.com

    Counsel for plaintiff
    Cross Atlantic Capital Partners, Inc.

                                        /s/ Heidi L. Keefe
                                        Heidi L. Keefe