## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CROSS ATLANTIC CAPITAL PARTNERS, INC., | **CIVIL ACTION** |
| Plaintiff, | **NO. 07-CV- 02768-JP** |
| v. | **JURY TRIAL DEMANDED** |
| FACEBOOK, INC. and THEFACEBOOK, LLC, | |
| Defendants. | |

## <u>DECLARATION OF HEIDI L. KEEFE IN SUPPORT OF FACEBOOK'S RENEWED MOTION TO COMPEL PRODUCTION OF DOCUMENTS</u>

I, Heidi L. Keefe, declare:

1.      I am an attorney with White & Case LLP, counsel of record in this action for defendants Facebook, Inc. and Thefacebook, LLC ("Facebook"). I make this declaration in support of Facebook's Renewed Motion to Compel Production of Documents. I have personal knowledge of the facts contained within this declaration, and if called as a witness, could testify competently to the matters contained herein.

2.      On September 17, 2007, Cross Atlantic Capital Partners, Inc. ("XACP") served its Initial Disclosures. These disclosures identified Richard Fox as a person with information concerning "XACP's transactions with iKimbo, Inc. ("iKimbo"), including the acquisition of iKimbo's intellectual property and iKimbo's efforts to commercialize the technology disclosed and claimed in the United States Patent No. 6,519,629." Attached hereto as **Exhibit A** is a true and correct copy of XACP's Initial Disclosures.

3.      On September 28, 2007, Facebook served its First Set of Requests for Production of Documents on XACP. (See Appendix hereto.)

4. On October 31, 2007, XACP served its Responses to Facebook's First Set of Requests for Production of Documents. (See Appendix hereto.)

5. XACP produced 7,078 pages of documents on November 26, 2007, 85 pages of documents on January 15, 2008, and 13 pages of documents on February 22, 2008. Many of these documents consisted of iKimbo, Inc. ("iKimbo") financing documents, often produced in duplicate, and the entire production consisted of only a handful of emails relating to iKimbo, the company that developed and originally owned the patent-in-suit, whose assets were allegedly acquired by XACP. There were no documents concerning XACP's structure as an organization or its alleged damages.

6. On December 21, 2007, counsel for XACP notified Facebook that it was representing all named inventors of the '629 Patent. Attached hereto as **Exhibit B** is a true and correct copy of a letter from Frederick Tecce (counsel to XACP) to me dated December 21, 2007.

7. On January 25, 2008, James Harvey, one of the inventors of the '629 Patent testified concerning emails he had provided to XACP that were not included in XACP's document production. Attached hereto as **Exhibit C** is a true and correct copy of sections of the transcript of Mr. Harvey's deposition.

8. On February 5, 2008, Facebook notified XACP concerning numerous deficiencies in its document production. Attached hereto as **Exhibit D** is a true and correct copy of a letter from Sam O'Rourke (counsel to Facebook) to Patrick Keenan (counsel to XACP), dated February 5, 2008.

9. When XACP failed to respond to Facebook's concerns, Facebook moved, on February 15, 2008, to compel production of documents responsive to Request Nos. 3-5, 8-10, 12-15, 17-24, 30-32, 34, 41-45 and 50-58 (Doc. 77).

10. In XACP's response, XACP stated "there are no additional documents that have been withheld" (Doc. 82, p. 23). In the attached declaration, Frederick Tecce averred that "XACP has produced all documents in its possession in any way related to iKimbo" (Doc. 82-2,

p. 32, ¶ 9).  He stated that "[i]n response to Facebook's document request, every iKimbo document in XACP's possession was produced" (Doc. 82-2, p. 33, ¶ 12).  He stated that "[i]n addition, XACP is also willing to produce, and has produced, its consulting agreements with the named inventors."  (Doc. 82-2, p. 33, ¶ 14).

11.     On March 17, 2008, the Court granted Facebook's motion to compel as to Interrogatories 2 and 5, and denied Facebook's motion as to production of documents.  In footnote 2 of the Order, the Court stated "we deny Defendant's motion regarding the production of documents.  Plaintiff asserts in its response that there are no additional documents responsive to Defendant's requests" (Doc. 93).

12.     Attached hereto as **Exhibit E** is a true and correct copy of sections of the transcript of Andrew Fregly's deposition.

13.     On April 4, 7 and 11 2008, Facebook requested that XACP produce the post-lawsuit emails between the inventors.  Attached hereto as **Exhibit F** is a true and correct copy of a letter from Mark R. Weinstein (counsel to Facebook) to Frederick Tecce, dated April 4, 2008.  Attached hereto as **Exhibit G** is a true and correct copy of a letter from Sam O'Rourke to Frederick Tecce, dated April 7, 2008.  Attached hereto as **Exhibit H** is a true and correct copy of a letter from Heidi Keefe to Frederick Tecce and Patrick Keenan, dated April 11, 2008.

14.     Attached hereto as **Exhibit I** is a true and correct copy of sections of the transcript of Brian Adamsky's deposition.

15.     Attached hereto as **Exhibit J** is a true and correct copy of a letter from Frederick Tecce to Sam O'Rourke, dated April 9, 2008.

16.     On April 14, 15 and 18, 2008, XACP produced an additional 11,694 pages of documents.  Among other things, the production contained inventor consulting agreements between three of the four inventors of the '629 Patent and XACP; some documents relating to the dissolution of iKimbo; and some post-lawsuit emails between the inventors.

17.     XACP's document production does not contain any documents revealing XACP's structure as an organization, documents concerning XACP's revenues and profits since its

inception, the journal containing an entry relating to consideration supporting the assignment of the '629 Patent to XACP, or iKimbo Board of Director meeting minutes or presentations for the months prior to January 2002, the months from December 2002 to February 2003, or the months from January 2004 to June 2004.

18. XACP's document production does not contain any documents related to iKimbo 2.0, LLC and/or EggFly.com.

19. XACP has failed to produce documents relating to Brian Haveson, Lightning Gaming or Lightning Poker, or relating to an agreement to distribute funds from this lawsuit to Brian Haveson, Lightning Gaming, or Lightning Poker.

20. On April 18, 2008, XACP produced copies of post-lawsuit emails, but text has been removed from many of the emails. These emails state "[Quoted text hidden]". Attached hereto as **Exhibit K** is a true and correct copy of the emails.

21. XACP has not produced all of the emails between the inventors because some of the emails directed to Facebook counsel were not included in XACP's production.

22. XACP has redacted material from an email from Jamey Harvey to Andrew Fregly sent on November 20, 2007 (XACP 18836) and from an email from Jamey Harvey to Andrew Fregly and Richard Fox sent on November 14, 2007 (XACP 18854-18855), both on purported privilege grounds, despite the fact that XACP's counsel did not represent the four inventors until weeks after these e-mails were created. Attached hereto as **Exhibit L** is a true and correct copy of the two emails.

23. On May 5, 2008, Facebook notified XACP of its continuing document production deficiencies. Attached hereto as **Exhibit M** is a true and correct copy of a letter from me to Patrick Keenan, dated May 5, 2008.

24. Attached hereto as **Exhibit N** is a true and correct copy of sections of the transcript of Richard Fox's deposition.

25. On May 19, 2008, Dennis McCooe, local counsel for Facebook contacted XACP seeking a response to Facebook's May 5, 2008 letter. On May 20, 2008, Facebook again notified

XACP that it had not received a response to Facebook's letter dated May 5, 2008 detailing deficiencies in XACP's document production. Attached hereto as **Exhibit O** is a true and correct copy of a letter from Craig W. Clark to Frederick Tecce and Patrick Keenan, dated May 20, 2008.

26.     On May 22, 2008, Frederick Tecce sent a one-line email stating that he would respond to the May 5 letter later that day. Attached hereto as **Exhibit P** is a true and correct copy of an email from Frederick Tecce to me dated May 22, 2008.

27.     To date, XACP still has not responded to Facebook's May 5, 2008 letter notifying XACP of its continuing document production deficiencies.


I declare under penalty of perjury that the foregoing is true and correct. Executed on May 23, 2008, in Palo Alto, California.


_____/s/ Heidi Keefe_____
Heidi Keefe

## CERTIFICATE OF SERVICE

This is to hereby certify that on this 23th day of May, 2008, I caused a true and correct copy of the foregoing documents:  Declaration of Heidi L. Keefe In Support of Facebook's Renewed Motion to Compel Production of Documents to be served via this Court's Electronic Filing ("ECF") System, upon the following:

Frederick A. Tecce, Esq.
McShea/Tecce, P.C.
The Bell Atlantic Tower – 28th Floor
1717 Arch Street
Philadelphia, PA  19103
ftecce@mcshea-tecce.com

Thomas J. Duffy, Esq.
Patrick J. Keenan, Esq.
Duffy & Keenan
One Liberty Place, 55th Floor
1650 Market Street
Philadelphia, PA  19103
pjk@duffykeenan.com

Counsel for plaintiff
Cross Atlantic Capital Partners, Inc.


　　　　　　　/s/ Heidi Keefe　　　　　　
　　　　　　　　Heidi Keefe