# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CROSS ATLANTIC CAPITAL     :
PARTNERS, INC.,        :   CIVIL ACTION
            :
     Plaintiff,      :   NO.: 07-CV-02768
            :
    vs.         :
            :
FACEBOOK, INC. and THEFACEBOOK, :
LLC,            :
     Defendants.     :

## ORDER

AND NOW this _____ day of June, 2008, upon consideration of defendants'

Renewed Motion to Compel Production of Documents (D.E. # 108) and the opposition

thereto filed by plaintiff, it is hereby **O R D E R E D** that defendants' motion is

**DENIED**.

          **BY THE COURT:**

          _____

          **HON. JOHN R. PADOVA**
          U.S. District Court Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CROSS ATLANTIC CAPITAL PARTNERS, INC., | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO.: 07-CV-02768 |
| | : | |
| vs. | : | HON. JOHN R. PADOVA |
| | : | |
| FACEBOOK, INC. and THEFACEBOOK, LLC, | : | |
| | : | |
| Defendants. | : | |

## PLAINTIFF'S RESPONSE IN OPPOSITION
## TO DEFENDANTS' MOTION TO COMPEL
## FURTHER RESPONSES TO INTERROGATORIES
## AND REQUESTS FOR PRODUCTION OF DOCUMENTS

COMES NOW, the plaintiff, Cross Atlantic Capital Partners, Inc., by and through its undersigned counsel, and hereby requests this Court to deny the Renewed Motion to Compel Production of Documents (D.E. # 108) filed by defendants Facebook, Inc. and Thefacebook, LLC.

The grounds for this response are set forth in the accompanying brief, which is incorporated by reference as if fully set forth herein. In support of this response, plaintiff also submits the declarations of Frederick A. Tecce, Esquire, Jamey Harvey and Richard Fox, the averments of which are incorporated by reference as if fully set forth herein.

WHEREFORE, plaintiff respectfully requests that this Court deny defendants'

Renewed Motion to Compel Production of Documents.

Respectfully submitted,


Dated: June 10, 2008

/s/ Frederick A. Tecce
Thomas J. Duffy, Esquire (PA ID # 34729)
Patrick J. Keenan, Esquire (PA ID # 53775)
**Duffy & Keenan**
One Liberty Place - 55th Floor
1635 Market Street
Philadelphia, Pennsylvania 19103
(215) 238-8700
(215) 238-8710 (Fax)
pjk@duffykeenan.com

and

Frederick A. Tecce, Esquire
**McShea\Tecce, P.C.**
The Bell Atlantic Tower - 28th Floor
1717 Arch Street
Philadelphia, Pennsylvania 19103
(215) 599-0800
(215) 599-0888 (Fax)
ftecce@mcshea-tecce.com

Counsel for plaintiff,
Cross Atlantic Capital Partners, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CROSS ATLANTIC CAPITAL PARTNERS, INC., | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO.: 07-CV-02768-JP |
| | : | |
| vs. | : | HON. JOHN R. PADOVA |
| | : | |
| FACEBOOK, INC. and THEFACEBOOK, LLC | : | |
| Defendants. | : | |

**PLAINTIFF'S BRIEF IN SUPPORT OF ITS
OPPOSITION TO DEFENDANTS MOTION
TO COMPEL FURTHER INTERROGATORY
RESPONSES AND PRODUCTION OF DOCUMENTS**

## I.     INTRODUCTION

Defendants Facebook, Inc. and Thefacebook, LLC (collectively "Facebook"),

having been provided with over 17,000 pages of text, and failing to point to a single

specific document which they believe has been withheld, now move to compel production

of additional documents.  Facebook's motion ignores the following:

- XACP produced over 7,000 pages of documents which were in its possession regarding iKimbo;

- Nearly two months ago, XACP produced over 10,000 pages of documents within one week of counsels' learning of their existence on the XACP computer;

- XACP offered to produce an additional witness or reschedule depositions upon learning of the existence of the documents on XACP's computer network; and,

- As late as two weeks ago, Facebook produced documents regarding witnesses who were deposed over a month ago.

Despite this evidence of XACP' efforts to comply with its discovery obligations, Facebook would have this Court order XACP to engage in what is nothing more than a wholesale fishing expedition regarding XACP after the discovery deadline. Facebook's motion ignores the simple fact that in this patent case, the only relevant issues are the configuration of the Facebook system as compared to the claims of the '629 Patent; and the validity and enforcement of the claims of that patent based upon prior art which, by statute, must pre-date the February 2001 filing date of the '629 Patent.

As set forth below, virtually all of the documents sought by Facebook have already been produced and the remaining documents are irrelevant to this case and the requests for these documents were properly objected to more than *eight months ago*.

As such, Facebook's motion must be denied.

## II.  BACKGROUND

### A.  Procedural History

This case was commenced on July 3, 2007 when Cross Atlantic Capital Partners, Inc, ("XACP") filed its complaint for patent infringement alleging that Facebook infringes the claims of United States Patent No. 6,519,629 B2 ("'629 Patent"), entitled "System for Creating a Community for Users with Common Interests to Interact In."

On September 26, 2007 this Court held a Preliminary Pre-Trial conference. (D.E. # 32). Following that scheduling conference, this Court issued its scheduling order on October 15, 2007. (D.E. #36). This Court's October 15, 2007 Scheduling Order required

that all discovery be completed on or before March 26, 2008. On February 6, 2008, this Court amended its Scheduling Order (D.E. # 66). Finally, on April 3, 2008, the Court granted Facebook's request to extend the deadline for discovery until May 21, 2008.

## B.    **Factual Background**

The following facts are relevant in connection with this Court's determination of the instant motion.

On September 28, 2007, Facebook served XACP with Defendants' First Set of Requests For Production of Documents. (Tecce Decl. at ¶ 4). On October 31, 2007, XACP served its Responses and Objections to Facebook's First Set of Requests for Production of Documents. (Tecce Decl. at ¶ 5). At the time that Facebook served its First Requests For Production of documents, XACP's counsel believed that all documents relating to iKimbo had been collected from throughout XACP's offices and were in a central location. (Tecce Decl. at ¶ 6). Counsel further understood that all documents had been provided to counsel prior to the start of the litigation. (Tecce Decl. at ¶ 6). Those documents were in counsel's possession at the time of Facebook's first request for production. (Tecce Decl. at ¶ 6). During the course of discovery, counsel repeatedly inquired as to whether XACP had produced all documents and was assured that all iKimbo documents had been collected and were in the boxes provided prior to the start of the litigation. (Tecce Decl. at ¶ 6).[1]

---

[1]    In fact, XACP's counsel provided a declaration to that effect in response to Facebook's original motion to compel. (D.E. # 82).

During the fall of 2007 and into 2008, XACP produced over 7,000 documents to Facebook. (Tecce Decl. at ¶ 7). On Friday, April 4, 2008, Brian Adamsky, XACP's chief financial officer, was deposed. Following that deposition, XACP's counsel learned for the first time of the existence of a T:\ drive on XACP's computer network which may have contained iKimbo documents. (Tecce Decl. at ¶ 8). Mindful of the declarations which had already been provided to the court, counsel immediately undertook efforts to determine the relationship between the documents on the T:\ drive and those which had already been produced. (Tecce Decl. at ¶ 9).

On Monday, April 7, 2007, before Facebook could even raise the issue, XACP's counsel advised Facebook's counsel that they were immediately going to look into the issue concerning the T:\ drive. (Tecce Decl. at ¶ 10). Counsel's letter is attached hereto as Exhibit A and was sent to Facebook's counsel on the first business day after learning of the T:\ drive. (Tecce Decl. at ¶ 10).

As indicated in Exhibit A, based upon conversations with the client contact over the following weekend, counsel still believed that the documents on the T:\ drive were the same documents which had been provided to counsel prior to the initiation of the litigation and were, in fact, all the documents in XACP's possession relating to iKimbo. (Tecce Decl. at ¶ 9). On April 7, 2008, Mr. Tecce traveled to XACP to investigate the documents on the T:\ drive. (Tecce Decl. at ¶ 10). At that time, Mr. Tecce specifically requested that all documents on the T:\ drive relating to iKimbo be immediately provided

to him. (Tecce Decl. at ¶ 10).

On April 9, 2008, XACP's counsel advised Facebook that it was in the process of determining whether the documents on the T:\ drive had already been produced. (Tecce Decl. at ¶ 13). A copy of the April 9, 2008 letter is attached hereto as Exhibit B.

Facebook was specifically advised:

> Furthermore, if such documents are significant in number and non-cumulative, we will discuss with you whether we will present another XACP witness. Facebook has already scheduled the deposition of Richard Fox who may be able to testify regarding any possible documents.

Exhibit B at 1. At that time, counsel was not in a position to determine if the documents on the T:\ drive were the same documents which had already been produced. (Tecce Decl. at ¶ 13). Later that day, counsel learned from discussions with counsel's outside litigation support vendors that it would be very difficult, if not impossible, to determine if any of the documents from the T:\ drive had already been produced and a decision was made to produce all non-privileged documents from the T:\ drive. (Tecce Decl. at ¶ 14).

Within two days, XACP's counsel had copies of all documents from the T:\ drive, approximately 10,060 pages. (Tecce Decl. at ¶ 15). Over the weekend, Mr. Tecce and Mr. Keenan reviewed all of the documents which had been provided by XACP and produced them to Facebook on Monday, April 14, 2008. (Tecce Decl. at ¶ 16).[2]

---

[2]     In fact, the last box of documents was not ready to be delivered and XACP's counsel made arrangements for the documents to be posted on a secure web site so that Facebook's lawyers could access the documents without having to wait for overnight delivery. (Tecce Decl. at ¶ 18).

That day, XACP's counsel called Facebook's counsel and advised that approximately 10,060 documents would be produced and that XACP would work with Facebook's counsel to reschedule the pending depositions so that Facebook would have adequate time to review the documents and properly prepare to conduct its depositions. (Tecce Decl. at ¶ 13). In response, Facebook requested, and XACP agreed, to continue the deposition of Mr. Richard Fox which had been scheduled for that week. (Tecce Decl. at ¶ 17).

On Monday, April 14, 2008, XACP produced documents bearing production numbers 07177 through 17237. These 10,060 documents had been found on the T:\ drive. A copy of the production letter dated April 14, 2008 is attached hereto as Exhibit C. At all times, XACP's counsel was willing to discuss with Facebook's counsel additional depositions based upon the document production. (Tecce Decl. at ¶ 19). At no time did Facebook seek to depose additional witnesses based upon the production of these additional documents. (Tecce Decl. at ¶ 19).

Although the discovery deadline in this case was May 21, 2008, XACP agreed to present, and did present, two of its expert witnesses for deposition on May 23, 2008 and May 27, 2008. Additionally, XACP accommodated the schedule of Facebook's counsel and its expert witness by agreeing to him after the May 21, 2008 close of discovery.

## ARGUMENT

## I.    FACEBOOK CONTINUES TO PRODUCE DOCUMENTS

In their motion, Facebook takes XACP to task because documents were produced at various stages during the discovery period.  Facebook's motion ignores their own conduct with respect to the production of documents.  On May 15, 2008, Facebook produced over 140 pages of documents bearing production numbers FCBK 0333506 through FCBK 0333649.  A copy of counsel's May 15, 2008 letter is attached hereto as Exhibit D.

That document production included e-mails between the authors of the Facebook For Dummies book, the depositions of which took place on April 10, 2008.[3]  Accordingly, XACP deposed these witnesses and then was provided documents by Facebook.

On May 20 & 22, 2008, Facebook produced a CD and then a hard drive bearing production numberS FCBK 0333507 & FCBK 0341324.  This CD and hard drive apparently contain Facebook's source code from January 2008.  If at all like Facebook's earlier code, this code contains literally millions of lines.  This code was produced to XACP despite the fact that this Court's December 21, 2007 Order required Facebook to turn over all source codes in its possession by January 3, 2008.  (D.E. # 53).  Significantly, these productions occurred well after XACP was required to produce its expert report on the issue of infringement on March 17, 2008.  A copy of counsel's May

---

[3]    A number of the e-mail documents between the authors were marked "Redacted" for no apparent reason.

20 & 22, 2008 letters is attached hereto as Exhibit E. One day later, Facebook provided XACP with the information necessary to actually even read the source code which had been previously produced. A copy of that redacted letter is attached hereto as Exhibit F.

## II. THE DOCUMENTS SOUGHT BY FACEBOOK HAVE EITHER BEEN PRODUCED OR ARE SIMPLY NOT RELEVANT TO ANY ISSUE IN THIS CASE

The documents requested by Facebook have either been produced, or are simply not relevant to any issue in this case. They are addressed in the order set forth in Facebook's Renewed Motion.

### A. Documents Possessed By Richard Fox

Facebook requested documents possessed by Richard Fox. (Defts. Brf. at 4). The crux of Facebook's argument is that Mr. Fox played "a central role" in the short life of iKimbo and the alleged patented technology and XACP made no effort to collect documents from Mr. Fox. *Id.* This is simply incorrect.

In support of its motion, Facebook contends that Mr. Fox did not know if a search of his hard copy folders was conducted. Defts. Brf. at 8. Mr. Fox did not play any role in the collection of iKimbo documents at XACP prior to the start of the litigation. (Tecce Decl. at ¶ 3). As noted above, at the time of the original production, XACP's was advised that all documents, including any documents from Mr. Fox had already been placed in a central location. (Tecce Decl. at ¶ 6). This included copies of documents from Mr. Fox's hard copy files. Those documents were actually collected by another XACP employee

-8-

and included in the documents originally produced to Facebook. (Tecce Decl. at ¶ 6).

That these documents were previously produced was confirmed during the deposition of Richard Fox. Mr. Fox maintained hard copies of certain iKimbo documents in the files in his office or directly outside of his office. (Fox Decl. at ¶ 5). It was Mr. Fox' practice to make hand-written notations on those hard copies prior to placing them in the file. *Id.* During the May 7, 2008 deposition, counsel showed Mr. Fox copies of documents regarding iKimbo. (Fox Decl. at ¶ 6). In fact, Facebook's counsel marked as Fox Deposition Exhibit No. 1 a copy of a document with Mr. Fox' hand-written notation at the top indicating that it had come from Mr. Fox' personal file of copies of iKimbo documents. (Fox Decl. at ¶ 6). More disconcerting, had Facebook searched the originally produced documents, they would have found at least forty separate documents containing Mr. Fox' hand-written notations indicating that they had come from his hard copy files. (Tecce Decl. at ¶ 20).

In addition, in an effort to make sure there were no other documents which had not been previously produced, Mr. Fox' Outlook account was searched prior to his deposition and the one non-privileged communication was produced prior to the deposition and marked as an exhibit (Fox Deposition Exhibit No. 24) during the deposition. (Tecce Decl. at ¶ 21). In fact, during the deposition of Mr. Fox, Facebook marked a number of Mr. Fox' documents, including e-mails, as deposition exhibits. (Fox Deposition Exhibit Nos. 5, 6, 7, 8, 21 & 23).

As importantly, documents relating to Mr. Fox's role as chairman of iKimbo are not relevant to this litigation. As evidenced by the attached declaration of Mr. Fox, at no time did Mr. Fox ever play a role in the day-to-day operations of iKimbo prior to the issue date of the '629 Patent. (Fox Decl. at ¶ 7). By the time Mr. Fox had taken over as chairman of iKimbo, the '629 Patent had already issued. (Fox Decl. at ¶ 7). Although Mr. Fox was aware that patent applications had been filed and that a patent had issued, he had no knowledge concerning the development of the technology disclosed and claimed for the '629 Patent. (Fox Decl. at ¶ 7). Any documents or information in Mr. Fox's possession are completely irrelevant to the technology disclosed and claimed in the '629 Patent.

**B.    Documents Possessed By Brian Adamsky**

Facebook next seeks documents possessed by Brian Adamsky. In support of this motion, Facebook relies upon the contention that Mr. Adamsky was not asked to search his files prior to the litigation.

Mr. Adamsky did not participate in the collection of documents prior to the litigation. (Tecce Decl. at ¶ 3). There was no need to go back to Mr. Adamsky because all documents had been collected previously by an XACP employee and provided to counsel prior to the litigation. (Tecce Decl. at ¶¶ 3 & 6).

Upon learning of the existence of the T:\ drive, as evidenced above, XACP's counsel undertook all efforts to produce those documents as quickly as possible including

-10-

numerous documents relating to Mr. Adamsky.

## C. Documents Relating to iKimbo 2.0 LLC or EggFly.com

The next documents requested by Facebook relate to iKimbo 2.0 LLC and

EggFly.com. As set forth in XACP's objections, these documents are simply not relevant

to this litigation. Neither iKimbo 2.0, LLC or Eggfly.com are parties to this litigation.

Neither iKimbo 2.0, LLC or Eggfly ever owned the '629 Patent. In fact, iKimbo 2.0 was

not formed until after the start of this litigation and Eggfly.com went live on August 31,

2005 - - over two years after the issue date of the '629 Patent. (Tecce Decl. at ¶ 24). As

such, facts and circumstances involving either company are not in any way relevant to the

validity or infringement of the claims of the '629 Patent.

## D. Post Lawsuit E-Mails Between The Inventors

Facebook next seeks documents relating to post-complaint e-mails between the

inventors. Facebook first argues that these e-mails are incomplete. (Defts. Brf. at pgs.

8-9). As evidenced by the attached declaration of James Harvey, these e-mails are not

incomplete. The g-mail account used by Mr. Harvey automatically places the notation

"quoted text hidden." That reference merely means that the text from earlier e-mails in

the string is not repeated in the later e-mails. (Harvey Decl. at ¶ 6).[4] At counsel's

request, Mr. Harvey has reviewed all of his e-mails to ensure that there was no text which

---

[4] There was never any intent or effort by counsel to produce incomplete e-mails or redact text. (Tecce Decl. at ¶ 23). The e-mails were produced in the format provided by Mr. Harvey. *Id.*

has not been produced. (Harvey Decl. at ¶ 7). Mr. Harvey has indicated that he sees no text that has not been produced. (Harvey Decl. at ¶ 7). Should it be determined upon further review that additional text is available, it will be produced to the Defendants.

XACP redacted a portion of e-mails which reflected conversations in connection with the inventors seeking legal counsel under Rule 1.6. XACP's redaction was proper.[5]

"The attorney-client privilege protects conversations between prospective clients and counsel as well as communications with retained counsel." *Matter of Bevill, Bresler & Schulman Asset Mgmt. Corp.*, 805 F.2d 120, 124 n.1 (3d Cir. 1986) (citing *Baird v. Koerner*, 279 F.2d 623, 635 (9th Cir. 1960)). This is true regardless of the source of the communication. *Dworkin v. General Motors Corp.*, 906 F.Supp. 273, 277 (E.D. Pa. 1995) (confidentiality rule applies not merely to matters communicated in confidence by client but also to all information relating to the representation, whatever its source)

The e-mails which were redacted contain statements from counsel through Mr. Harvey to the other inventors for the purposes of the inventors seeking and retaining legal representation. As such, they were properly redacted.[6]

Lastly, Facebook claims that an e-mail between Mr. Harvey and Facebook's

---

[5]     The documents recently produced by Facebook between the authors of the Facebook For Dummies book and other Facebook employees were similarly redacted.

[6]     If the Court requires, XACP is willing to provide unredacted copies of those e-mails so that the Court can make its own determination as to the legitimacy of those redactions.

counsel has never been produced. Def. Br. at 9.[7] Mr. Harvey again searched his files for e-mails from Facebook's counsel and could find no additional e-mails. (Harvey Decl. at ¶ 4).

## E.    Documents Relating to XACP and its Finances

Although the subject of a proper objection on the grounds of relevance nearly than *eight months ago*, Facebook now seeks documents relating to XACP and its finances. Mr. Adamsky testified that those documents exist. There is no dispute that they exist. However, XACP's finances are simply not relevant to this litigation. XACP has produced documents in its possession relating to its investment in iKimbo. Further, XACP limited its damages to a reasonable royalty. XACP is a venture capital firm and not even Facebook contends that XACP ever practiced the patented invention.

Given that XACP does not practice the patented technology, evidence concerning its financials are simply not relevant to this case. Accordingly, Facebook's motion to compel XACP to produce its financial documents must be denied.

## F.    Documents Relating to Brian Haveson

Mr. Haveson works for one of XACP's investment companies, Lightning Poker. (Tecce Decl. at ¶ 24). Mr. Haveson plays no role whatsoever in XACP or its investment in iKimbo. (Fox Decl. at ¶ 8). Obviously, XACP has documents regarding its investment

---

[7]    Obviously, Facebook has a copy of this allegedly missing e-mail between Mr. Harvey and Facebook's attorney Mark Weinstein. Ironically, that document is responsive to XACP's Request For Production No. 11 and should have been produced by Facebook to XACP.

in Lightning Poker, a company involved in marketing and selling of electronic poker tables. (Tecce Decl. at ¶ 25). This is not the technology at issue in this litigation and has nothing to do with this case. (Tecce Decl. at ¶ 25). Documents relating to Mr. Haveson are not relevant and need not be produced.

Lastly, Facebook seeks documents relating to Mr. Haveson's potential share in any recovery. This is simply irrelevant to any of the issues in this case. As such, Facebook's motion must be denied.

## IV.   **CONCLUSION**

For the foregoing reasons, this Court should deny defendants' Motion to Compel Further Response to Interrogatories and Production of Documents. XACP is well aware of its obligations to produce discovery. Upon learning of the existence of the T: drive, XACP and its counsel worked diligently to provide over 10,000 documents to Facebook within five working days. Facebook's unsubstantiated allegations that there has been a withholding of documents is completely unsubstantiated and must be denied.

For the foregoing reasons, XACP respectfully requests that this Court deny

Facebook's motion.

Respectfully submitted,

Dated: June 10, 2008

/s/ Frederick A. Tecce
Thomas J. Duffy, Esquire (PA ID # 34729)
Patrick J. Kennan, Esquire (PA ID # 53775)
**Duffy & Keenan**
One Liberty Place - 55th Floor
1635 Market Street
Philadelphia, Pennsylvania 19103
(215) 238-8700
(215) 238-8710 (Fax)
pjk@duffykeenan.com

and

Frederick A. Tecce, Esquire
**McShea\Tecce, P.C.**
The Bell Atlantic Tower - 28th Floor
1717 Arch Street
Philadelphia, Pennsylvania 19103
(215) 599-0800
(215) 599-0888 (Fax)
ftecce@mcshea-tecce.com

Counsel for plaintiff,
Cross Atlantic Capital Partners, Inc.

# EXHIBIT A



April 7, 2008

<u>*VIA FACSIMILE & REGULAR MAIL*</u>

Mark R. Weinstein, Esquire
White & Case, LLP
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, California 94306

RE:  *Cross Atlantic Capital Partners v. Facebook, Inc., et al.*
     **U.S.D.C., EDPA Civil Action No. 07-cv-2768**

Dear Mark:

This is to confirm today's conversation. As indicated, we believe that the documents already produced by XACP included documents located on the "T-drive" referenced by Brian Adamsky. We are in the process of confirming this. If, there are additional documents, they will be produced promptly.

Also, we will produce all non-privileged, non-work product e-mails between the inventors requested in your April 4, 2008 letter.

Lastly, XACP will supplement its responses to Interrogatory Nos. 2 & 5 by Monday, April 14, 2008.

As always, if you have any questions, please feel free to call.

Very truly yours,

Frederick A. Tecce

cc:    Patrick J. Keenan, Esquire (*via* facsimile)

McShea Tecce P.C.
Bell Atlantic Tower, 28th Floor
1717 Arch Street
Philadelphia PA 19103
215.599.0800 tel  215.599.0888 fax

# EXHIBIT B



McShea\Tecce
Counselors at Law

April 9, 2008

*VIA FACSIMILE & REGULAR MAIL*

Sam C. O'Rourke, Esquire
White & Case, LLP
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, California 94306

RE:   *Cross Atlantic Capital Partners v. Facebook, Inc., et al.*
       *U.S.D.C., EDPA Civil Action No. 07-cv-2768*

Dear Sam:

This is to respond to your April 7, 2008 letter. XACP did not fail to search for documents and we resent your unsubstantiated comments to the contrary. We specifically advised Mark that our client believes that the documents previously produced in this litigation were all the documents in XACP's possession regarding iKimbo, including documents on the "T:" drive. Nonetheless, we are currently in the process of confirming this. If there are additional discoverable documents which were requested and inadvertently not produced, they will be produced promptly. Furthermore, if such documents are significant in number and non-cumulative, we will discuss with you whether we will present another XACP witness. Facebook has already scheduled the deposition of Richard Fox who may be able to testify regarding any possible additional documents.

Your statement concerning the designation of Mr. Adamsky as a corporate designee is simply untrue and self-serving. You were never advised that XACP would have a single designee, which is beyond reason considering the breath and time span of your notice. The fact that you deposed him for over four hours belies your suggestion that he lacked knowledge regarding many of the topics listed in your notice. Your comments regarding Mr. Adamsky's preparedness is particularly curious given Mr. Valdez's and Mr. Yu's inability to address numerous 30(b)(6) topics for which they had been designated. Nonetheless, to the extent that XACP may have knowledge of any topic for which Mr. Adamsky was not designated, we will identify an additional corporate designee.

McShea Tecce P.C.
Bell Atlantic Tower, 20th Floor
1717 Arch Street
Philadelphia PA 19103
215.599.0800 tel   215.599.0888 fax

 McShea\Tecce

With respect to the depositions of Jamey Harvey and Andrew Fregly, it was Facebook's decision to depose them despite its knowledge that it did not have the inventors' e-mails. Accordingly, we will not agree to reschedule the depositions of either Mr. Fregly or Mr. Harvey.

We will review the witnesses listed in connection with the third-party witnesses and advise you of mutually convenient dates. We will try to utilize the dates set forth in your letter. However, we reserve our right to object to Facebook's total number of depositions as beyond the limit set by the Federal Rules. Considering their limited nature and that they will both occur in Palo Alto, the Excite and Yahoo depositions should be scheduled for the same day.

We will not agree to depose Mr. Greenberg in California and Mr. Miller in Chicago. Those witnesses should be presented in the Eastern District of Pennsylvania. XACP intends to produce its experts at the offices of Duffy & Keenan in Philadelphia, regardless of where they are located. Facebook should plan on doing the same.

Lastly, you included dates for the depositions of Matt Hulan and Rob Dekelbaum. It was expressly agreed that these witnesses will not be presented at trial and would therefore not be deposed. Given that Facebook intends to exceed the ten deposition limit, these depositions should be cancelled.


Very truly yours,

Frederick A. Tecce

FAT/plr
cc:     Patrick J. Keenan, Esq. (*via facsimile*)

# EXHIBIT C



April 14, 2008

***VIA FEDERAL EXPRESS***

Mark R. Weinstein, Esquire
White & Case, LLP
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, California 94306

RE:   ***Cross Atlantic Capital Partners v. Facebook, Inc., et al.***
      **U.S.D.C., EDPA Civil Action No. 07-cv-2768**

Dear Mark:

As discussed, enclosed please find a CD bearing Bates numbers XACP-07177 to XACP-17237.

Prior to Brian Adamsky's deposition, we were not aware of the existence of these documents. However, based upon our review many of these documents, such as the board meeting minutes, have already been produced.  Additionally, a number of these documents are drafts of agreements, the final versions of which were also previously produced.

Please review these documents and feel free to call if you want to discuss the deposition schedule.

Very truly yours,

*Fred*

Frederick A. Tecce

FAT/plr
Enclosure

McShea Tecce P.C.
Bell Atlantic Tower, 28th Floor
1717 Arch Street
Philadelphia PA 19103
215.599.0800 tel   215.599.0888 fax

# EXHIBIT D



White & Case LLP
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, California 94306

Tel  + 1 650 213 0300
Fax  + 1 650 213 8158
www.whitecase.com

May 15, 2008

VIA FEDEX

Patrick J. Keenan, Esq.
Duffy & Keenan
One Liberty Place
1650 Market Street, 55th Floor
Philadelphia, PA  19103-7301

Re:  Cross Atlantic Capital Partners, Inc. v Facebook, Inc. and Thefacebook LLC
     USDC ED PA 2:07-CV-02768-JP

Dear Mr. Keenan:

Enclosed please find supplemental documents produced by Facebook bearing the production
numbers, FCBK0333506 through FCBK0333649.  Please note that these documents are
designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and "HIGHLY
CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" per the terms of the
Protective Order.

Very truly yours,

Lisa R. Torres
Senior Legal Assistant

Enclosures

cc:  Frederick A. Tecce, Esq. (w/o enclosures)
     Dennis P. McCooe (w/o enclosures)

ALMATY   ANKARA   BANGKOK   BEIJING   BERLIN   BRATISLAVA   BRUSSELS   BUDAPEST   DRESDEN   DÜSSELDORF   FRANKFURT   HAMBURG
HELSINKI   HONG KONG   ISTANBUL   JOHANNESBURG   LONDON   LOS ANGELES   MEXICO CITY   MIAMI   MILAN   MOSCOW   MUNICH
NEW YORK   PALO ALTO   PARIS   PRAGUE   RIYADH   SÃO PAULO   SHANGHAI   SINGAPORE   STOCKHOLM   TOKYO   WARSAW   WASHINGTON, DC

PALOALTO 88437 v1 (2K)

# EXHIBIT E



White & Case LLP
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, California 94306

Tel  + 1 650 213 0300
Fax  + 1 650 213 8158
www.whitecase.com

## HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE

*VIA FACSIMILE AND FIRST CLASS MAIL*

May 20, 2008

MAY 2 8 2008

Patrick J. Keenan, Esq.
Duffy & Keenan
One Liberty Place, 55th Floor
1650 Market Street
Philadelphia, PA  19103

Dear Pat:

I write to provide the decryption password for the files contained on **FCBK0333507**, which was produced to you via Federal Express last week.

The files stored on FCBK0333507 are contained within a ZIP archive that was encrypted using the AES encryption available with WinZIP 9.0 or later.  To decrypt the files, you must use WinZIP 9.0 or greater.  The decryption password is: `ag6228&%ggx34$;snmp`

We remind you that FCBK0333507 and all files and information contained in it have been designated as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY—SOURCE CODE" and are subject to all conditions set forth in the Protective Order approved by the Court.  These restrictions include, but are not limited to, a prohibition against transmitting the decryption password set forth above along with the hard drive we have produced.

Please feel free to contact me if you have any questions.

Sincerely,

Mark R. Weinstein

ALMATY   ANKARA   BANGKOK   BEIJING   BERLIN   BRATISLAVA   BRUSSELS   BUDAPEST   DRESDEN   DÜSSELDORF   FRANKFURT   HAMBURG
HELSINKI   HONG KONG   ISTANBUL   JOHANNESBURG   LONDON   LOS ANGELES   MEXICO CITY   MIAMI   MILAN   MOSCOW   MUNICH
NEW YORK   PALO ALTO   PARIS   PRAGUE   RIYADH   SÃO PAULO   SHANGHAI   SINGAPORE   STOCKHOLM   TOKYO   WARSAW   WASHINGTON, DC

PALOALTO 88530 (2K)

**WHITE & CASE**

White & Case LLP
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, California 94306

Tel  + 1 650 213 0300
Fax  + 1 650 213 8158
www.whitecase.com

May 22, 2008

<u>VIA FEDEX</u>

Patrick J. Keenan, Esq.
Duffy & Keenan
One Liberty Place
1650 Market Street, 55th Floor
Philadelphia, PA 19103-7301

Re:  Cross Atlantic Capital Partners, Inc. v Facebook, Inc. and Thefacebook LLC
     USDC ED PA 2:07-CV-02768-JP

Dear Mr. Keenan:

Enclosed please find a hard drive containing supplemental documents produced by Facebook
bearing the production number FCBK0341324.  Please note the documents on the hard drive are
designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE"
per the terms of the Protective Order.

Very truly yours,

Lisa R. Torres
Senior Legal Assistant

Enclosure

cc:    Frederick A. Tecce, Esq. (w/o enclosures)
       Dennis P. McCooe (w/o enclosures)

ALMATY   ANKARA   BANGKOK   BEIJING   BERLIN   BRATISLAVA   BRUSSELS   BUDAPEST   DRESDEN   DÜSSELDORF   FRANKFURT   HAMBURG
HELSINKI   HONG KONG   ISTANBUL   JOHANNESBURG   LONDON   LOS ANGELES   MEXICO CITY   MIAMI   MILAN   MOSCOW   MUNICH
NEW YORK   PALO ALTO   PARIS   PRAGUE   RIYADH   SÃO PAULO   SHANGHAI   SINGAPORE   STOCKHOLM   TOKYO   WARSAW   WASHINGTON, DC

# EXHIBIT F



White & Case LLP
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, California 94306

Tel  + 1 650 213 0300
Fax  + 1 650 213 8158
www.whitecase.com

MAY 2 8 2008

## HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE

May 23, 2008

## VIA FAX AND U.S. MAIL

Patrick J. Keenan, Esq.
Duffy & Keenan
One Liberty Place
1650 Market Street, 55th Floor
Philadelphia, PA 19103-7301

Frederick A. Tecce, Esq.
McSHEA\TECCE, P.C.
The Bell Atlantic Tower – 28th Floor
1717 Arch Street
Philadelphia, PA 19103

Re:  Cross Atlantic Capital Partners, Inc. v Facebook, Inc. and Thefacebook LLC
     USDC ED PA 2:07-CV-02768-JP

Dear Counsel:

I write regarding the hard drive labeled FCBK0341324, produced *via* Federal Express this week.

The files stored on the drive are contained within a self-extracting archive created using a PGP encryption program.  To extract files from a PGP archive, you will need to (1) copy the PGP archive and decoder file to the hard disk of a computer running Windows, and (2) double-click the archive file and decoder file from the hard disk.  The archive and decoder files will each prompt you for entry of the decryption password.  The PGP decryption password is:

All files and information contained on the drive are designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY—SOURCE CODE" and are subject to all conditions set forth in the stipulated Protective Order entered into by the parties and approved by the Court.

Please feel free to contact me if you have any questions.

Sincerely,

Craig W. Clark

cc:    Dennis P. McCooe, Esq.

ALMATY   ANKARA   BANGKOK   BEIJING   BERLIN   BRATISLAVA   BRUSSELS   BUDAPEST   DRESDEN   DÜSSELDORF   FRANKFURT   HAMBURG
HELSINKI   HONG KONG   ISTANBUL   JOHANNESBURG   LONDON   LOS ANGELES   MEXICO CITY   MIAMI   MILAN   MOSCOW   MUNICH
NEW YORK   PALO ALTO   PARIS   PRAGUE   RIYADH   SÃO PAULO   SHANGHAI   SINGAPORE   STOCKHOLM   TOKYO   WARSAW   WASHINGTON, DC

PALOALTO 88646 (2K)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CROSS ATLANTIC CAPITAL PARTNERS, INC., | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO.: 07-CV-02768 |
| | : | |
| vs. | : | |
| | : | |
| FACEBOOK, INC. and THEFACEBOOK, LLC., | : | |
| | : | |
| Defendants. | : | |

## DECLARATION OF FREDERICK A. TECCE IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL

I, Frederick A. Tecce, make the following statements under penalty of perjury:

1.       I am counsel of record for plaintiff Cross Atlantic Capital Partners, Inc. ("XACP") in connection with the above-captioned matter.  I make this Declaration in support of XACP's opposition to Defendants' Renewed Motion to Compel (D.E. # ).

2.       Prior to the start of the litigation, I met with XACP representatives to search for and retrieve documents relating to iKimbo and XACP's investment in iKimbo.  At that time, I was advised that because iKimbo had been closed down, all documents relating to iKimbo had been collected throughout XACP's officers and were contained in boxes which XACP had been storing.

3.       Those boxes were eventually transferred to my office.  At no time did Richard Fox or Brian Adamsky play any role in the collection of these documents which were collected by another XACP employee.

4.       On September 28, 2007, Facebook served XACP with Defendants' First Set

of Requests For Production of Documents.

5.     On October 31, 2007, XACP served its Responses and Objections to Facebook's First Set of Requests for Production of Documents.

6.     At the time that Facebook served its First Requests For Production of documents, I believed that all documents relating to iKimbo had been collected from throughout XACP's offices and were in the boxes that had been transferred to our offices in Philadelphia.   Despite that belief, I repeatedly questioned my client contact who assured me that all documents relating to iKimbo had been collected when the company was shut down and were in the boxes which had been previously provided.

7.     During the fall of 2007 and into 2008, XACP produced over 7,000 documents to Facebook.

8.     On April 4, 2008, Brian Adamsky, XACP's chief financial officer, was deposed in this case.   Immediately following that deposition, I learned for the first time of the existence of a T:\ drive at XACP which may have contained documents relating to iKimbo.

9.     Over the weekend, I inquired of the client as to whether the documents which had been produced prior to the start of the litigation, included documents from this T:\ drive.   At that time, I was told that most likely the documents in our possession and which had been produced included documents from the T:\ drive.

10.     On Monday, April 7, 2007 (the first business day following the Adamsky

deposition), before Facebook could raise the issue concerning documents from the T:\ drive, I advised Facebook's counsel that I was immediately going to look into the issue concerning the T:\ drive. At that time, I still believed that the documents which had been produced included documents from the T:\ drive.

11.     On Monday April 7, 2008, I traveled to XACP to investigate the documents on the T:\ drive. At that time, I specifically requested that all documents on the T:\ drive relating to iKimbo be immediately provided to me so that I could make an independent determination that the documents which had already been produced included documents from the T:\ drive.

12.     Over the next two days, working with our outside litigation support vendors, I tried to determine which documents from the T:\ drive had been previously produced.

13.     On Wednesday, April 9, 2008, I advised Facebook's counsel that we were in the process of determining if there were additional documents that needed to be produced. I also advised Facebook's counsel that if necessary, we would make at least one additional witness available if it turned out the T:\ drive included a significant number of non-cumulative documents which had not been previously produced.

14.     Later that day, I learned from discussions with my outside litigation support vendors that it would be difficult, if not impossible, to determine if any of the documents from the T:\ drive had already been produced and a decision was made to produce all

non-privileged documents from the T:\ drive.

15.     Within two days, I had copies of all documents from the T:\ drive,
approximately 10,060 pages.

16.     Over the weekend, Mr. Keenan and I reviewed for privilege all of the
documents which had been provided by XACP and produced them to Facebook on
Monday, April 14, 2008.

17.     Prior to producing the documents, I called Facebook's counsel and advised
him that approximately 10,060 documents would be produced.  I further advised him that
we would work with Facebook's counsel to reschedule the pending depositions so that
Facebook would have adequate time to review the documents and properly prepare for its
depositions.  In response, Facebook requested, and XACP agreed, to continue the
deposition of Mr. Richard Fox which had been scheduled for that week.

18.     On Monday April 14, 2008, the last box of documents was not ready to be
delivered.  At that time, I made arrangements for the documents to be posted on a secure
web site so that Facebook's lawyers could access the documents without having to wait
for overnight delivery.

19.     At all times, I and Mr. Keenan were willing to discuss with Facebook's
counsel additional depositions based upon the document production.  At no time did
Facebook seek to depose additional witnesses based upon the production of these
additional documents.

20.     The documents on the T:\ drive included e-mails and documents concerning Richard Fox, a number of which were marked during Mr. Fox's deposition. (Exhibits 5, 6, 7,8, 21 & 23). Also, a partial review of the documents originally produced by XACP reveal at least 40 separate documents containing the hand-written notations of Mr. Fox indicating that they came from his hard copy files.

21.     Prior to Mr. Fox' deposition, I learned that he also maintained an Outlook folder which was separate from the T:\ drive in which he placed e-mails concerning iKimbo.  Concerned that there might be e-mails in there that were not on the T:\ drive, we printed and reviewed the e-mails in his iKimbo folder.  All of his e-mails, except one, were with our firm.  That single-mail was produced.  Facebook marked that e-mail as an exhibit during Mr. Fox's deposition.  (Fox 24).

22.     During the course of the litigation, I received e-mails from Mr. Harvey responsive to Facebook's document requests.

23.     Other than clearly marked redactions for the purposes of the attorney-client privilege, there was never any intent or effort on our behalf to produce incomplete e-mails or redact text.  The e-mails were produced in the format provided by Mr. Harvey.

24.     I am personally familiar with Mr. Brian Haveson.  Mr. Haveson is President of Lightning Gaming, an XACP investment company.  Mr. Haveson does not work for XACP.   In addition, iKimbo 2.0 was not formed until after the start of this litigation and eggfly.com went live on August 31, 2005.

25. I have represented Lightning Poker in litigation which was pending in this district. Lightning Poker is involved in the development, marketing and sales of dealer-less electronic poker tables. They have absolutely nothing to do with iKimbo or the technology disclosed and claimed in the '629 Patent.

The above statements are true and correct to the best of my knowledge, information and belief and are made under penalty of perjury.

Dated: June 10, 2008

**Frederick A. Tecce, Esquire**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CROSS ATLANTIC CAPITAL       :
PARTNERS, INC.,                :     CIVIL ACTION
                                   :
           Plaintiff,           :     NO.: 07-CV-02768
                                     :
          vs.                    :
                                     :
FACEBOOK, INC. and THEFACEBOOK,   :
LLC.,                              :
          Defendants.       :

## DECLARATION OF RICHARD FOX IN OPPOSITION
## TO DEFENDANTS' RENEWED MOTION TO COMPEL

I, Richard Fox, make the following statements under penalty of perjury:

1.     I am a partner at Cross Atlantic Capital Partners, Inc. ("XACP"). I make this Declaration in support of XACP's opposition to Defendants' Renewed Motion to Compel.

2.     On May 7, 2008, I was deposed in this case.

3.     During the deposition, counsel inquired regarding documents relating to iKimbo which I may have in my possession.

4.     It was and is my practice to keep some e-mails relating to iKimbo in a folder in Outlook on my work computer. Prior to my deposition, I had my office copy all of the e-mails from that folder and provide them Mr. Tecce.

5.     At some point, I also maintained hard copies of certain iKimbo documents in the files in my office or directly outside of my office. It was my practice to make hand-written notations on those hard copies prior to placing them in the file.

6.    During the May 7, 2008 deposition, counsel showed me copies of documents regarding iKimbo. Fox Exhibit 1 was a copy of a document that had my hand-written notation at the top indicating to me that it had come from my personal file of copies of iKimbo documents.

7.    By the time I took over as Chairman of iKimbo, the '629 Patent had already issued. Although I was aware that patent applications had been filed, I played no role in the development of that technology or the process for obtaining the '629 Patent.

8.    I know Brian Haveson. Mr. Haveson is president of Lightning Gaming, a company in which XACP has invested money.

9.    During the time when I was Chairman of iKimbo and through the dissolution of iKimbo in 2005, Brian Haveson never worked for iKimbo in any capacity.

The above statements are true and correct to the best of my knowledge, information and belief and are made under penalty of perjury.

Dated: June 10, 2008                          _Richard Fox_
                                              **Richard Fox**

-2-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CROSS ATLANTIC CAPITAL PARTNERS, INC., | : : : | CIVIL ACTION |
| Plaintiff, | : : | NO.: 07-CV-02768 |
| vs. | : : | |
| FACEBOOK, INC. and THEFACEBOOK, LLC., | : : | |
| Defendants. | : | |

## DECLARATION OF JAMEY HARVEY IN OPPOSITION TO DEFENDANTS' RENEWED MOTION TO COMPEL

I, James Harvey, make the following statements under penalty of perjury:

1.   I am the named inventor in United States Patent No. 6,519,629.

2.   In connection with this case, I reviewed all of my e-mail accounts (including my work e-mail account) to locate documents in any way relating to iKimbo and Cross Atlantic Capital Partners, Inc. ("XACP"). My search included efforts to find e-mails between Facebook's lawyers and myself.

3.   I forwarded those documents to counsel for XACP.

4.   At the request of Mr. Tecce, I again searched my computers for any additional e-mails from Mr. Weinstein, or any other Facebook attorneys. I was not able to locate any other e-mails.

5.   It's the practice of my employer to purge e-mails every few months. If there were e-mails between Facebook's lawyers and me in that account, they would not

have been found at the time of my original search.

6. I have reviewed the e-mails which were produced. My g-mail account marks the e-mails "[Quoted text hidden]." That "quoted text" is text from earlier e-mails in the chain or string. There is no additional text which is hidden of which I am aware and I have never taken any steps to hide any text in any way related to the e-mails.

7. At the request of Mr. Tecce, I again reviewed my e-mails to confirm that there was no additional text which was not reflected on the e-mails which have been produced. I did not find any additional text or information.

The above statements are true and correct to the best of my knowledge, information and belief and are made under penalty of perjury.

Dated: June, 2008

James Harvey

## CERTIFICATE OF SERVICE

This is to hereby certify that on this 10th day of June, 2008, I caused true and correct copies of the foregoing Plaintiff's Response in Opposition to Defendants' Renewed Motion to Compel Production of Documents; Declaration of Frederick A. Tecce in Opposition to Defendants' Renewed Motion to Compel; Declaration of Richard Fox in Opposition to Defendants' Renewed Motion to Compel; and Declaration of James Harvey in Opposition to Defendants' Renewed Motion to Compel to be served *via* this Court's Electronic Filing ("ECF") System, upon the following:

> Heidi L. Keefe, Esquire
> Mark R. Weinstein, Esquire
> Sam C. O'Rourke, Esquire
> **White & Case LLP**
> 3000 El Camino Real
> 5 Palo Alto Square, 9th Floor
> Palo Alto, California 94306
>
> Alfred W. Zaher, Esquire
> Dennis P. McCooe, Esquire
> Joel L. Dion, Esquire
> Blank Rome
> One Logan Square
> 130 North 18th Street
> Philadelphia, PA 19103
>
> Counsel for defendants
> Face Book, Inc. and Thefacebook, LLC

> /s/ Frederick A. Tecce
> Frederick A. Tecce, Esquire