# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CROSS ATLANTIC CAPITAL PARTNERS, INC., | CIVIL ACTION |
| Plaintiff, | NO.  07-CV- 02768-JP |
| v. | |
| FACEBOOK, INC. and THEFACEBOOK, LLC, | ORAL ARGUMENT REQUESTED |
| Defendants. | FACEBOOK MOTION NO. 1 |

## FACEBOOK'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT RE CURRENT FACEBOOK SYSTEM

### [REDACTED VERSION FOR PUBLIC FILING]

**(Unredacted version filed separately under seal pursuant to the Protective Order)**

Dockets.Justia.com

# TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................... 1

II. PROCEDURAL HISTORY ....................................................................................... 1

III. BACKGROUND ...................................................................................................... 2

    A. The '629 Patent's Claims are Limited to a Specific Sequence for
    Creating a Community.................................................................................... 2
        1. The Claims Recite a Specific Sequence............................................... 2
        2. The Specification Confirms a Specific Sequence for Creating Communities........ 3
        3. The File History Confirms the Requirement of the Sequence.............................. 5
        4. Even XACP's Technical Expert Agrees that the '629 Patent Requires a Specific
        Sequence of Events for Community Creation ....................................................... 5

    B. The Groups and Events Features on Facebook's Website Do Not Create a Community
    Based on a User-Selected Application Object ................................................. 6
        1. Background of the Accused Facebook Groups and Events Features .................... 6
        2. Facebook Groups – Process for Creating a Group................................................. 7
        3. Facebook Events – Creating an Event ............................................................... 13

IV. APPLICABLE LAW ............................................................................................... 13

V. ARGUMENT........................................................................................................... 14

    A. The Accused Groups and Events Features Do Not Infringe the '629 Patent Because
    They Do Not Create a Community "Based On" the Selection of an Application Object
    by a User ...................................................................................................... 14
        1. Facebook Cannot Infringe Claims 1, 9, 17 and 25 Because Groups and Events are
        Created Before a User Can Select Any Application............................................. 16
        2. Facebook Cannot Infringe Any Dependent Claim of the '629 Patent .................... 18

VI. CONCLUSION........................................................................................................ 18

# TABLE OF AUTHORITIES

## CASES

*Boykins* v. *Lucent Technologies, Inc.*,
78 F.Supp.2d 402 ......................................................................................................14

*Desper Products, Inc.* v. *QSound Labs, Inc.*,
157 F.3d 1325 .........................................................................................................14

*Jeneric/Pentron, Inc.* v. *Dillon Co.*,
205 F.3d 1377 .........................................................................................................18

*Leapfrog Enterprises, Inc.* v. *Fisher-Price, Inc.*,
485 F.3d 1157 .........................................................................................................15

*TechSearch, L.L.C.* v. *Intel Corp.*,
286 F.3d 1360 .........................................................................................................14

*Telemac Cellular Corp.* v. *Topp Telecom, Inc.*,
247 F.3d 1316 .........................................................................................................14

## STATUTES

Fed. R. Civ. P. 56(c) ..............................................................................................14

## I.    INTRODUCTION

The current Facebook, Inc. ("Facebook") system does not infringe any claim of U.S. Patent No. 6,519,629 (the "'629 patent"), which purports to cover a narrow method and system for creating an on-line community. The patent does not cover the general idea of building on-line communities, which the inventors have acknowledged existed long before the '629 patent was filed. The '629 patent instead claims a specific method for creating an on-line community that requires a precise series of steps. In particular, all claims of the '629 patent require a user to provide "community identification information" and to select at least one "application object" for the community. The claims then require that a community be "creat[ed] based on the community identification information and the at least one application object" selected by the user. The claims of the '629 patent clearly cannot be infringed if the user's selection of an application object occurs **after** the community is created.

It is undisputed that the current versions of the Groups and Events features, which are the only aspects of Facebook's website accused of infringement, create a community **before** any application objects can be selected by a user, and therefore cannot "create a community based on the community identification information and the at least one application object." Accordingly, Plaintiff can present no set of facts to establish infringement of any claim of the patent-in-suit. Facebook is therefore entitled to partial summary judgment of non-infringement of its current Groups and Events applications.

## II.    PROCEDURAL HISTORY

On July 3, 2007, plaintiff Cross Atlantic Capital Partners, Inc. ("XACP") filed the instant action. XACP has since accused Facebook of infringing each of the 32 claims in the '629 patent through its "Groups" and "Events" applications. On September 4, 2007, Facebook filed its Answer and Counterclaims seeking a declaration of non-infringement and invalidity. This Court entered an order construing the claims of the '629 patent on February 29, 2008.

## III.   BACKGROUND

### A.   The '629 Patent's Claims are Limited to a Specific Sequence for Creating a Community

The '629 patent, entitled "System for Creating a Community for Users with Common Interests to Interact In," issued on February 11, 2003. *See* Declaration of Craig W. Clark in Support of Facebook's Motion for Partial Summary Judgment of Non-Infringement re Current Facebook System ("Clark Decl.") Ex. A. The patent does not claim, nor could it claim, the general concept of creating a community. Instead, as its title suggests,[1] the '629 patent is limited to a specific way to create an on-line community through a computer network.

All claims of the '629 patent recite a way of creating an on-line community that requires a specific sequence of events in which a community is created "based on" the "community identification information" and the selection of "at least one application object" previously provided by the user. As shown below, this sequence is clear from the claim language, the specification of the '629 patent, its file history and even from the admissions of XACP and its retained technical expert.

#### 1.   The Claims Recite a Specific Sequence

The '629 patent contains four independent claims (claims 1, 9, 17 and 25). Each of these claims recites the same requirement that a community be created "based on" the "community identification information" and the selection of "at least one application object" that were provided by the user. Claim 1 of the '629 patent, for example, reads as follows:

> 1.   A method for creating a community for users with common interests to interact in, the method comprising the steps of:
>
> receiving a creation transmission from a registered user, the creation transmission indicating that the registered user desires to create a community;

---

[1] The Examiner changed the title of the '629 patent from "System and Method for Information and Application Distribution" to "System for **creating** a community for users with common interests to interact in" to more accurately describe and limit the invention to which the claims are directed. Clark Decl. Ex. B at 2 (emphasis added).

```
receiving community identification information from the
registered user;

receiving a selection of at least one application object from the
registered user;

creating a community based on the community identification
information and the at least one application object;

receiving at least one communications address designated by the
registered user, the at least one communications address
corresponding to a user to receive a created community; and

transmitting the created community based in part on the at least
one communications address.
```

Clark Decl. Ex. A at col. 30, ln. 65-col. 31, ln. 17.  (emphasis added.)

As shown in the emphasized text above, claim 1 requires a precise sequence in which the claimed community must be created "based on" specific information provided by the user (*i.e.* the community identification information and the selection of an application object).  Because the community must be created "based on" this information, it follows that the community must be created **after** the registered user has provided both "community identification information" and a selection of "at least one application object."  Therefore, it follows equally that the '629 patent cannot cover a method or system wherein the community is created before (and hence not **based on**) the user's selection of an application object.

The other three independent claims in the '629 patent provide variants on the community creation method of claim 1, but each contains substantially identical language requiring that the creation of a community be "based on" the user-provided community identification information and a selection of at least one application object.  *See* Clark Decl. Ex. A. at col. 31, ln. 65-col. 32, ln. 17; col. 32, ln. 65-col. 33, ln. 10; col. 33, ln. 60-col. 34, ln. 13.

## 2. The Specification Confirms a Specific Sequence for Creating Communities

The specification of the '629 patent further confirms that the patent is limited to a specific sequence for creating a community.  Figure 2 of the '629 patent and the accompanying text beginning at column 7, line 25 (under the heading "Creating a Community") describe the sequence the inventors had in mind.  Figure 2 is shown below:



**FIG. 2**

Clark Decl. Ex. A, Fig. 2; *see also id.* col. 3, lns. 54-55 ("FIG. 2 is a flowchart illustrating steps in creating a community according to an embodiment of the invention.").

As shown in Figure 2 above, the user provides community creation information at step **202**. Clark Decl. Ex. A, at col. 7, ln. 61-col. 8, ln. 65. The user is then presented with a "configuration editor" at step **210**, where he picks what he wants the community to look like, including which application objects the user wants to include. *Id.* Ex. A col. 8, ln. 66-col. 9, ln. 36. Only after these and a few other steps have been accomplished can the community be created at step **230** based on the information provided by the user. *Id.* Ex. A at col. 13, lns. 4-5.

As the specification confirms, the applicants envisioned a method in which a community could be created only <u>after</u>, and <u>based on</u>, the provision of community identification information and the selection of at least one application object by the user.

### 3. The File History Confirms the Requirement of the Sequence

The file history of the '629 patent further confirms that the claims are limited to a system in which the community is created only **after** receipt of, and **based upon** (1) community identification information and (2) selection of at least one application object.  In his Statement of Reasons for Allowance, the patent examiner cited this precise sequence as the reason the patent was allowable over the prior art:

> The following is an examiner's statement of reasons for allowance: None of the prior art of record taken singularly or in combination teaches or suggests receiving a creation transmission from a registered user to indicate that the user desires to create a community, <u>receiving a selection of at least one application object from the registered user, and creating a community based on community identification information received from the registered use and the at least one application object</u>.

Clark Decl. Ex. B at 2 (emphasis added).

The fact that the patent examiner who evaluated the '629 application cited this sequence as the basis for awarding the patent only further confirms that an accused system or method cannot infringe if it does not create a community **after** receipt of and **based on** the previous selection of an application object by a user.

### 4. Even XACP's Technical Expert Agrees that the '629 Patent Requires a Specific Sequence of Events for Community Creation

Edward Yourdon, XACP's retained technical expert on infringement issues, also confirmed without hesitation that the '629 patent requires a sequence in which a community is created only based on, and after the receipt of, community identification information and a user's selection of at least one application object.  Mr. Yourdon testified:

> Q.    Generally speaking, is it your opinion that the – the steps in the '629 patent have to be performed in the order in which they were cited?
>
> . . .
>
> THE WITNESS:
> It's my understanding that they have to be carried out either sequentially or perhaps, in some cases, at – at the same instant. . . . But the - the key step in response to your previous question was the – the – the step in the '629 patent that says creating the community based on the community

> identification information and the at least one application object. So that, to me, very clearly says that the application object, one or more of those, have to be selected <u>prior to the actual creation of a – a – a community</u>.

Clark Decl. Ex. C at 208:7-209:06 (emphasis added).[2]

Mr. Yourdon's opinion is consistent with the claim language, specification and file history, all of which confirm that Facebook's website cannot infringe the '629 patent unless it creates a community based on, and after receipt of community identification information and a user's selection of at least one application object.

### B.    The Groups and Events Features on Facebook's Website Do Not Create a Community Based on a User-Selected Application Object

As explained below, the accused Groups and Events features of the Facebook website are not capable of creating a community **based on** the user's selection of an application object. To the contrary, it is **impossible** for users to select any application objects before the creation of a Group or Event. Thus, Facebook's system does not infringe.

### 1.    Background of the Accused Facebook Groups and Events Features

One of the features of Facebook is known as "Groups," which allows users to create, specialize, maintain and modify online gatherings within Facebook. *See* Declaration of Blake Ross in support of Facebook's Motion for Partial Summary Judgment of Non-Infringement re Current Facebook System ("Ross Decl.") ¶ 2. The Events feature has some similarity to the Groups feature as it allows creation of on-line gatherings within Facebook that are based around a specific event or occurrence, such as a birthday party. *Id.* XACP claims that the process of creating a Group or Event through the Facebook website practices the method of creating a community claimed in the '629 patent.

Like many Internet companies, Facebook is continually modifying and improving its user interfaces, code and services to keep up with new technology and the wants of savvy users who demand a smooth and simple online experience. Ross Decl. ¶ 3. In January, February and April

---

[2] Facebook's expert, Dr. Michael Kearns, also agrees and has stated so in his report and deposition. It is significant, however, that XACP's own expert concurs, as this confirms the complete absence of any disputed factual issue.

2008, Facebook completed modifications affecting both the Groups and Events features. *Id.* ¶ 3. These modifications streamlined the means by which users create new Groups or Events. *Id.* The Groups and Events creation processes, as they have existed beginning no later than April 2, 2008, are described in detail below. *See Id.*

### 2.    Facebook Groups – Process for Creating a Group

The process of creating a Group on Facebook is straightforward. When a Facebook user logs onto the Facebook website, the user may be taken to his Facebook "Home" page. An example of a user Home page is set forth below. Ross Decl. ¶ 4.



### Figure 1 – Facebook User Home Page

On the left hand side of the Home page is an "Applications" menu listing the Facebook "Applications" available to the user including "Photos," "Groups," "Events" and "Notes." *See* Figure 1. A user wishing to create a group or access the Groups application clicks on the "Groups" link in the Application menu. Clicking on the "Groups" link takes the user to the main "Groups" page, an example of which is shown below. *See* Ross Decl. ¶ 5.



**Figure 2 – Facebook Groups Page**

From the page shown in Figure 2, the user may conduct a variety of Groups-related activities, including creating a new Group. To create a new Group the user clicks on the button titled "+ Create a New Group" located on the upper right hand side of the main Groups application page (shown in Figure 2, above). This immediately brings the user to the next page entitled "Create a Group," an example of which is provided in Figure 3, below. *See* Ross Decl. ¶ 6.



**Figure 3 – Page for Creating a Group on Facebook**

The Group creation page depicted in Figure 3 above, allows the user to input basic information that Facebook will use to create the Group (shown by the red arrows above). The user is required to enter the "Group Name," "Description," and "Group Type." In the example above, the Group Name has been entered as "March Madness." In the box below the Group Name, the user may change the default "Network." Next, the user inputs a brief "Description" of the Group. Finally, the user is prompted to supply the "Group Type." Ross Decl. ¶ 7. Nothing in this form allows a user to select any "application objects."

Once the user has provided the minimum required information in the create a Group form, the user can click the "Create Group" button on the bottom of the page (shown in a red circle in Figure 3 above). Ross Decl. ¶ 7. Facebook will then use the basic information entered by the user in Figure 3 to create the new Group. *Id.* ¶¶ 8-9.

After the user clicks the "Create Group" button, the Group is immediately created. Ross Decl. ¶¶ 8-9. Nothing more is required. *Id.* ¶ 9. The created Group is fully functional and available to Facebook users. *Id.* ¶¶ 8, 10.

*Id.* ¶ 9.

In fact, at any point after the "Create Group" button has been clicked, a user can find and interact with the Group. Ross Decl. ¶¶ 8-10. For example, the creator can click on the "Groups" icon on the left bar from any Facebook page and be presented with a list of his Groups. Doing precisely that yields the screen presented in Figure 4 below, which shows that, in fact, the March Madness Group created in Figure 3 exists and is ready for use (shown within the red box in Figure 4, below). *Id.* ¶ 10.



**Figure 4 – Facebook Groups Page (Newly-Created Group Shown)**

Upon clicking on the newly-created "March Madness" Group from the Groups page above, the user is taken to that Group, as shown in Figure 5, below. Ross Decl. ¶ 11.



**Figure 5 – "March Madness" Group Page**

Figure 5 above shows a fully functional and open Group with a full set of features available to the user. Ross Decl. ¶ 11. In particular, the Group includes the ability to invite other users to join and other features such as "Discussion Board," "the Wall," "Photos," "Video," "Posted Items" and "Related Groups." *Id.* ¶¶ 8, 15. XACP claims that these features are the "application objects" recited in the claims of the '629 patent. But as shown above, the Facebook system created this Group **without** giving the user any opportunity to select any of these application objects. *Id.* ¶¶ 12-14. They are all provided by default. It is only **after** the new

Group has been created by Facebook that the user is brought to another screen that allows it to customize the newly-created Group with its default features. *Id.* An example of the customization page is shown in Figure 6, below. *Id.* ¶ 12.



**Figure 6 – Group Creation Confirmation Page**

As evidenced by the legend "Your group has been created" (shown in the red circle in the figure above), the new Group has already been created by the time the user is presented with a

customization option. Ross Decl. ¶ 14. As a matter of default, all newly created Groups are public with all "Options" enabled. *Id.* ¶ 14. The form shown in Figure 6 gives the user the option of disabling one or more of these Options, but that action is not required. If the user does nothing at this screen, the Group will persist as a public and open Group with all features fully functional. *Id.* ¶ 14. No selection is ever required. Similarly, the user may also press "Skip" to bypass the customization process, again leaving his Group public, open, and containing all of the default application objects. *Id.* ¶ 13. The user could also customize the Group from here, but customization is purely optional. *Id.*

At no point is a Group created by Facebook **based on** the selection of an application object by a user. As demonstrated above, a Group is created on Facebook **before** any application objects are ever presented to the user. Ross Decl. ¶¶ 5-15.

### 3. Facebook Events – Creating an Event

The process of creating a Facebook Event tracks the process for creating a Group as described above. A full depiction of figures illustrating Event creation is included in the Declaration of Blake Ross filed here with. *See* ¶¶ 16-24. The end result is the same: Facebook creates a new Event when a user provides minimal information about the Event and presses the "Create an Event" button. *Id.* ¶¶ 18-21. As with Group creation, the user is not presented with the ability to enable or disable any application objects until after the Event has been created. *Id.* ¶¶ 22-23.

The processes for creating Facebook Groups and Events are straightforward. Should the Court wish to recreate this process, Facebook invites the Court to do so by registering at www.facebook.com (which is a free and open service) and following the foregoing steps to create a new Group or Event.

## IV. APPLICABLE LAW

The legal standard for infringement in patent cases is well-established. To show infringement of a claim, the patent holder bears the burden of proving that the accused system

satisfies each and every limitation of the claim. *See Telemac Cellular Corp. v. Topp Telecom, Inc.*, 247 F.3d 1316, 1330 (Fed. Cir. 2001). The absence of even a single limitation from the accused system will preclude a finding of infringement. *Id.*

Summary judgment is required "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "Speculation, conclusory allegations, and mere denials are insufficient to raise genuine issues of material fact." *Boykins v. Lucent Techs., Inc.*, 78 F. Supp .2d 402, 408 (E.D. Pa. 2000). A grant of summary judgment of non-infringement is proper "where the patent owner's proof is deficient in meeting an essential part of the legal standard for infringement, since such failure will render all other facts immaterial." *Telemac Cellular*, 247 F.3d at 1323 (affirming summary judgment of non-infringement); *see also TechSearch, L.L.C. v. Intel Corp.*, 286 F.3d 1360, 1373 (Fed. Cir. 2002) ("We have further recognized that specific claim limitations cannot be ignored as insignificant or immaterial in determining infringement.").

Summary judgment is particularly appropriate when, as here, the operation of the allegedly infringing process is undisputed. *See Desper Prods., Inc. v. QSound Labs, Inc.*, 157 F.3d 1325, 1332-33 (Fed. Cir. 1998). As explained below, there is no genuine issue of material fact regarding the operation of the accused Groups and Events features. Further, it is undisputed that they do not practice each and every limitation of the '629 patent claims.

## V.   ARGUMENT

### A.   The Accused Groups and Events Features Do Not Infringe the '629 Patent Because They Do Not Create a Community "Based On" the Selection of an Application Object by a User

As a matter of law, XACP cannot establish infringement because Facebook does not practice the method required in each independent claim of the '629 patent. Each independent claim of the '629 patent requires the creation of a community **based on** community identification information **and** at least one user-selected application object. It follows that if the creation of a

community must be **based on** two prior elements, then those elements must be satisfied before the creation of the community. Therefore, community identification information an application object selected by the user must be provided before the "community" claimed by the '629 patent can be created. Even XACP's expert, Mr. Yourdon, agrees:



Clark Decl. Ex. C at 208:20-209:6 (emphasis added).

The phrase "the at least one application object" used in each of the independent claims refers to the patent's requirement that the creation of a community be based upon a **user-selected** application object. The Court has construed "application object" as a "computer program or module that functions to direct a user to specific information and/or enables a user to do something useful, and may be for, among other things, JAVA, chat, instant messaging, navigation, searching, addresses, a news group, announcements, a white board, a calendar, video conferencing, video chat, and/or a bulletin board." February 29, 2008 Order at 3-4. The Court has also construed "creating" (in the context of creating a community) as bringing to existence. *Id.* at 1-2. An infringing method or system must, therefore, receive the user's selection of a useful computer program or module, such as "chat" or "bulletin board," before any community is brought into existence.

Because a Facebook user cannot make any selection of any "application object" prior to the creation of a Group or Event, Facebook cannot infringe the '629 patent. *See Leapfrog Enters., Inc. v. Fisher-Price, Inc.*, 485 F.3d 1157, 1159-60 (Fed. Cir. 2007) (affirming grant of summary judgment of non-infringement because accused device did not offer <u>selection</u> of choice of words or letters as claimed in patent-in-suit).

### 1. Facebook Cannot Infringe Claims 1, 9, 17 and 25 Because Groups and Events are Created Before a User Can Select Any Application

Claim 1 recites "<u>receiving a selection</u> of at least one application object from the registered user" before "<u>creating a community based</u> on the community identification information and <u>the at least one application object</u> . . . ." (emphasis added). The other independent claims in the '629 patent (*i.e.* 9, 17, 25) contain virtually identical limitations. The Court has construed a "selection" as "one or more things <u>that have been chosen</u>," and defined "selecting" as the "<u>act of choosing</u> one or more things." February 29, 2008 Order at 3 (emphasis added).[3]

As explained in Section III.B. above, the Groups and Events features do not allow users to select any application objects until **after** a Group or Event has been created. As detailed in Section III.B.1. above, the user is required to provide some minimal information about the Group or Event being created, such as a name, description and type. Ross Decl. ¶¶ 7, 18. Once the user provides this, and clicks the "Create Group" or "Create Event" button, the Group or Event is brought into existence. *Id.* ¶¶ 7-9, 18-21. The Group or Event then resides on Facebook's server and may be accessed by its creator and other Facebook users. *Id.* ¶¶ 8, 19. The created Group or Event includes purported "application objects," but they are chosen by Facebook, **not** the user. *Id.* Only **after** the Group or Event has been created does the user have an option of customizing its functionality. *Id.* ¶¶ 12-14, 22-24. Thus, Facebook does not practice the invention claimed in the '629 patent and summary judgment of non-infringement is appropriate.

This analysis is shared by Mr. Yourdon, XACP's retained technical expert on infringement issues. During his deposition, he testified:



---

[3] The term "selection" appears in claims 1, 9 and 25, while "selecting" appears in claim 17.

REDACTED

REDACTED

Clark Decl. Ex. C. at 205:23-208:6.

### 2. Facebook Cannot Infringe Any Dependent Claim of the '629 Patent

All of the remaining claims in the '629 patent are "dependent" claims that depend from independent claims 1, 9, 17 or 25. Because XACP cannot establish infringement of any independent claim of the '629 patent, as a matter of law, it cannot establish infringement of any dependent claim. *See, e.g.*, *Jeneric/Pentron, Inc. v. Dillon Co.*, 205 F.3d 1377, 1383 (Fed. Cir. 2000) (holding that a dependent claim is not infringed unless the claim from which it depends is infringed).

## VI. CONCLUSION

For the reasons set forth above, the creation of Facebook Groups and Events do not meet the element of "creating a community based on the community identification information and the at least one application object" that was pre-selected by the user, as required by each independent claim of the '629 patent. The step is not performed by Facebook in the Groups or Events creation system currently in operation. Accordingly, XACP cannot meet its burden of setting forth specific facts showing

//

//

//

//

//

//

that there is a genuine issue for trial with respect to infringement.  Therefore, summary judgment

of non-infringement is proper.

Respectfully submitted,

Dated:        June 20, 2008          /s/ Heidi L. Keefe

Heidi L. Keefe
Mark R. Weinstein
Craig W. Clark
WHITE & CASE LLP
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, CA  94306

Alfred W. Zaher
Dennis P. McCooe
BLANK ROME LLP
130 N 18th St
Philadelphia, PA 19103

Attorneys for FACEBOOK, INC. and
 THEFACEBOOK, LLC

## CERTIFICATE OF SERVICE

This is to hereby certify that on this June 20, 2008, I caused a true and correct copy of the foregoing **Facebook's Memorandum of Points and Authorities in Support of Its Motion for Partial Summary Judgment of Non-Infringement re Current Facebook System to be served** *via* **this Court's Electronic Filing ("ECF") System**, upon the following:

Frederick A. Tecce, Esq.
McShea/Tecce, P.C.
The Bell Atlantic Tower – 28th Floor
1717 Arch Street
Philadelphia, PA 19103
ftecce@mcshea-tecce.com

Thomas J. Duffy, Esq.
Patrick J. Keenan, Esq.
Duffy & Keenan
One Liberty Place, 55th Floor
1650 Market Street
Philadelphia, PA 19103
pjk@duffykeenan.com

Counsel for plaintiff
Cross Atlantic Capital Partners, Inc.


     /s/ Heidi L. Keefe
Heidi L. Keefe