IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CROSS ATLANTIC CAPITAL PARTNERS, INC., | CIVIL ACTION |
| Plaintiff, | NO. 07-CV- 02768-JP |
| v. | |
| FACEBOOK, INC. and THEFACEBOOK, LLC, | ORAL ARGUMENT REQUESTED |
| Defendants. | FACEBOOK MOTION NO. 5 |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FACEBOOK'S MOTION FOR PARTIAL SUMMARY JUDGMENT PRECLUDING INJUNCTION**

**[REDACTED VERSION FOR PUBLIC FILING]**

(Unredacted version filed separately under seal pursuant to Protective Order)

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1

II. BACKGROUND ........................................................................................................... 1

III. APPLICABLE LAW .................................................................................................... 2

    A.    Summary Judgment Standard ............................................................................... 2

    B.    The Standard for Obtaining a Permanent Injunction in a Patent Case ................ 3

IV. ARGUMENT ................................................................................................................ 4

    A.    XACP Cannot Demonstrate Irreparable Harm ..................................................... 4

    B.    Remedies at Law Would Adequately Compensate XACP ................................... 5

        i.    XACP's Damages Expert Supports the Adequacy of Money Damages ........ 5

        ii.    If Facebook's Current Design Does Not Infringe the Patent-In-Suit, Money Damages Are the Only Available Remedy ................................................... 5

    C.    The Balance of Hardships and the Public Interest Favor Facebook .................... 6

V. CONCLUSION ............................................................................................................... 7

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Acierno v. New Castle County*,
40 F.3d 645 (3d Cir. 1994) .................................................................................................... 4

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986) .............................................................................................................. 3

*Collins v. Pa. Telegraph Union, Local No. 1944, IBEW, AFL-CIO*,
418 F. Supp. 50 (W.D. Pa. 1976) .......................................................................................... 3

*Desper Products, Inc. v. QSound Laboratoriess, Inc.*,
157 F.3d 1325 (Fed. Cir. 1998) ............................................................................................. 3

*eBay, Inc. v. MercExchange, LLC*,
547 U.S. 388 (2006) .............................................................................................................. 3

*Finisar Corp. v. DirecTV Group, Inc.*,
No. 05-264, 2006 U.S. Dist. LEXIS 76380 (E.D. Tex., July 7, 2006) .................................. 5

*Foster v. America Machine & Foundry Co.*,
492 F.2d 1319 (2d Cir. 1974) ................................................................................................ 6

*Innogenetics, N.V. v. Abbot Laboratoriess*,
512 F.3d 1363 (Fed. Cir. 2008) .........................................................................................4, 5

*MercExchange, LLC v. eBay, Inc.*,
500 F. Supp. 2d 556 (E.D. Va. 2007) ...............................................................................4, 6, 7

*Merck & Co., Inc. v. MediPlan Health Consulting, Inc.*,
434 F. Supp. 2d 257 (S.D.N.Y. 2006) .................................................................................... 3

*Paice LLC v. Toyota Motor Corp.*,
No. 04-211, 2006 WL 2385139 (E.D. Tex., July 7, 2006) .................................................5, 7

*Philips Electric N. America Corp. v. Contec Corp.*,
312 F. Supp. 2d 649 (D. Del. 2004) ...................................................................................... 3

*Respironics, Inc. v. Invacare Corp.*,
No. 04-0336, 2008 WL 111983, *5-6 (W.D. Pa. Jan. 8, 2008) ..........................................6, 7

*Rohm and Haas Co. v. Brotech Corp.*,
127 F.3d 1089 (Fed. Cir. 1997) ............................................................................................. 3

*Sundancee, Inc. v. DeMonte Fabricating Ltd.*,
  No. 02-73543, 2007 WL 37742, at *2 (E.D. Mich. Jan. 4, 2007) .................................4

*Synergetics, Inc. v. Peregrine Surgical, Ltd.*,
  427 F. Supp. 2d 537 (E.D. Pa. 2006) ...........................................................................3

*z4 Technologies, Inc. v. Microsoft Corp.*,
  434 F. Supp. 2d 437 (E.D. Tex. 2006) .......................................................................5, 6

*Voda v. Cordis Corp.*,
  No. 03-1512, 2006 WL 2570614, at *5 (W.D. Okla. Sept. 5, 2006) ............................5

*W.L. Gore & Associates, Inc. v. Garlock, Inc.*,
  842 F.2d 1275 (Fed. Cir. 1988) ....................................................................................6

*Zen Invest., LLC v. Unbreakable Lock Co.*,
  No. 06-1112, 2006 WL 1582333, at *3 (E.D. Pa. June 2, 2006) .................................4

## FEDERAL STATUTES

35 U.S.C. §§ 283, 284 ..........................................................................................................3

Fed. R. Civ. P. 56(b) ............................................................................................................2

Fed. R. Civ. P. 56(c) ............................................................................................................3

## I. INTRODUCTION

Plaintiff Cross Atlantic Capital Partners, Inc. ("XACP") seeks injunctive relief against Defendants Facebook, Inc. and Thefacebook, LLC ("Facebook"), but no facts support its claim. It is black letter law that in order to obtain injunctive relief, the plaintiff must show irreparable harm. By its own admission, XACP has not been harmed - much less irreparably harmed - by Facebook's alleged infringement of U.S. Patent No. 6,519,629 ("the '629 Patent").



Put simply, summary judgment is appropriate because there is no issue of any material fact as to whether XACP is entitled to injunctive relief.

## II. BACKGROUND

XACP's Complaint alleges that Facebook's alleged infringement "has deprived plaintiff XACP of revenues which it otherwise would have made or caused to be made, and has in other respects, injured XACP and will cause XACP added injury and loss of revenues unless enjoined by this Court." *See* Complaint at ¶ 28. The Complaint further alleges that "[t]he defendants' infringement of the claims of the '629 Patent will continue unless enjoined by this Court." *Id.* at ¶ 30.

Facebook took extensive discovery to determine the basis for XACP's allegations. During the deposition of XACP's corporate designee,





In response to Facebook's First Set of Requests for Admissions XACP admitted that "XACP does not sell, offer to sell, make or import any product, service or method covered by any claim of U.S. Patent No. 6,519,629." *See* Keefe Decl., Ex. B at 11. XACP also admitted that "XACP has never sold, offered to sell, made or imported any product, service or method covered by any claim of U.S. Patent No. 6,519,629." *Id.* XACP further admitted that "it has never licensed or offered to license U.S. Patent No. 6,519,629." *See* Keefe Decl., Ex. C at 2.

Finally, in its expert report on damages, XACP stated



## III. APPLICABLE LAW

### A. <u>Summary Judgment Standard</u>

A defending party may move at any time for summary judgment on all or part of a claim. Fed. R. Civ. P. 56(b). Summary judgment is required where the record shows that there is no

genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Summary judgment is as appropriate in a patent case as it is in any other case. *Desper Prods., Inc. v. QSound Labs, Inc.*, 157 F.3d 1325, 1332 (Fed. Cir. 1998); *see Rohm and Haas Co. v. Brotech Corp.*, 127 F.3d 1089, 1092-3 (Fed. Cir. 1997); *see also Synergetics, Inc. v. Peregrine Surgical, Ltd.*, 427 F. Supp. 2d 537, 547 (E.D. Pa. 2006).

A party can move for partial summary judgment against a plaintiff's request for injunctive relief. *See Collins v. Pa. Tel. Union, Local No. 1944, IBEW, AFL-CIO*, 418 F. Supp. 50, 52 (W.D. Pa. 1976) (granting defendant's motion for partial summary judgment as to injunctive relief and thereby denying plaintiff's request for injunctive relief); *see also Merck & Co., Inc. v. MediPlan Health Consulting, Inc.*, 434 F. Supp. 2d 257, 266 (S.D.N.Y. 2006) (granting defendants' motion for partial summary judgment with respect to any claims for injunctive relief and damages resulting from purported infringement following patent expiration); *Philips Elec. N. Am. Corp. v. Contec Corp.*, 312 F. Supp. 2d 649, 653 (D. Del. 2004) (granting defendant's motion for partial summary judgment in a patent infringement case limiting plaintiff's damages).

### B. The Standard for Obtaining a Permanent Injunction in a Patent Case

The Patent Act provides two remedies to a patent holder whose valid patent is infringed: the court can award compensatory damages, or it may issue an injunction against future infringement. 35 U.S.C. §§ 283, 284. Successful plaintiffs in patent infringement cases are not automatically entitled to a permanent injunction. *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 392-93 (2006). Instead, a court has the discretion to grant a permanent injunction only if the plaintiff demonstrates: (1) it has suffered an irreparable injury; (2) remedies at law, such as monetary damages, are inadequate to compensate for that injury; (3) considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction. *Id.* at 391. The court's discretion to grant or deny injunctive relief "must be exercised consistent with traditional principles of equity,

in patent disputes no less than in other cases governed by such standards." *Id.* at 394.

## IV. ARGUMENT

XACP cannot carry its burden under the Supreme Court's test. XACP has admitted that it has not been harmed, irreparably or otherwise. It is undisputed that even if Facebook is found to infringe, money damages would be adequate and that the balance of hardships and the public interest would weigh against an injunction. As a matter of law, XACP should be precluded from seeking a permanent injunction.

### A. XACP Cannot Demonstrate Irreparable Harm

Irreparable harm means harm that cannot be compensated with a money award. *See Innogenetics, N.V. v. Abbot Labs.*, 512 F.3d 1363, 1380-81 (Fed. Cir. 2008) (finding that competitor could not have been irreparably harmed where a reasonable royalty fully compensated the patent holder); *see also Acierno v. New Castle County*, 40 F.3d 645, 653 (3d Cir. 1994) ("Economic loss does not constitute irreparable harm"). The irreparable harm factor often greatly outweighs the other *eBay* factors. *See Innogenetics*, 512 F.3d at 1380; *see also Zen Invest., LLC v. Unbreakable Lock Co.*, No. 06-1112, 2006 WL 1582333, at *3 (E.D. Pa. June 2, 2006) ("The Third Circuit has been unsettled on whether a plaintiff must prove irreparable harm to receive a permanent injunction . . . The Supreme Court answered the question recently, applying the standard of irreparable harm [in *eBay*]").

REDACTED

Thus, the Court's inquiry should end here.

Moreover, since the Supreme Court's *eBay* decision, district courts throughout the country have denied injunctive relief where the patent holder does not compete with the infringer. *See MercExchange, LLC v. eBay, Inc.*, 500 F. Supp. 2d 556, 578 (E.D. Va. 2007) (finding no irreparable harm because "MercExchange does not directly compete with eBay"); *Sundance, Inc. v. DeMonte Fabricating Ltd.*, No. 02-73543, 2007 WL 37742, at *2 (E.D. Mich. Jan. 4, 2007) (denying injunctive relief where infringer competed with patent holder's licensees

but did not directly compete with the patent holder); *Voda v. Cordis Corp.*, No. 03-1512, 2006 WL 2570614, at *5 (W.D. Okla. Sept. 5, 2006) (holding that plaintiff inventor failed to demonstrate irreparable harm where inventor identified no harm to himself); *Paice LLC v. Toyota Motor Corp.*, No. 04-211, 2006 WL 2385139, at *5 (E.D. Tex. Aug. 16, 2006) (determining that plaintiff failed to demonstrate irreparable harm and noting that "because Plaintiff does not compete for market share with the accused vehicles, concerns regarding loss of brand name recognition and market share similarly are not implicated"); *Finisar Corp. v. DirecTV Group, Inc.*, No. 05-264, 2006 U.S. Dist. LEXIS 76380, at *4 (E.D. Tex., July 7, 2006) (denying an injunction to non-competing patent holder); *z4 Technologies, Inc. v. Microsoft Corp.*, 434 F. Supp. 2d 437, 400 (E.D. Tex. 2006) (denying motion for injunction in part because plaintiff and Microsoft did not directly compete).

It is undisputed that XACP does not compete with Facebook. XACP has said so expressly, in addition to admitting that it does not sell, offer to sell, make or import any product, service or method covered by any claim of the '629 Patent and that it has never done so in the past. *See* Keefe Decl., Ex. B at 11. Under these facts, no injunction can issue.

### B. Remedies at Law Would Adequately Compensate XACP

#### i.



#### ii. If Facebook's Current Design Does Not Infringe the Patent-In-Suit, Money Damages Are the Only Available Remedy

When, as here, there is persuasive evidence that future infringement will *not* take place,

courts ordinarily will deny injunctive relief. *See W.L. Gore & Associates, Inc. v. Garlock, Inc.*, 842 F.2d 1275, 1281-82 (Fed. Cir. 1988). The District Court for the Western District of Pennsylvania determined that "[a] device that no longer exists, and has been replaced by a different, currently commercialized model, cannot inflict future harm . . . [W]here the device found to be infringing is no longer on the market . . . general statements regarding innovation do not support entry of a permanent injunction." *Respironics, Inc. v. Invacare Corp.*, No. 04-0336, 2008 WL 111983, *5-6 (W.D. Pa. Jan. 8, 2008).

Successfully designing around the patent-in-suit, especially when the design-around has "virtually no impact on the user experience," is another factor weighing against an injunction. *MercExchange*, 500 F. Supp. 2d at 575, n.16; *see also z4 Technologies*, 434 F. Supp. 2d at 442 (finding that Microsoft's development of a work-around and its phasing out of infringing products made it easier to calculate a reasonable royalty rate).

Facebook denies that the method of creating Groups or Events as it existed prior to 2008 infringed the '629 Patent. Regardless, by April 2008, the accused Facebook Groups and Events features had evolved to a point where it is undisputable that they cannot infringe the '629 Patent. Indeed, XACP's expert on infringement admitted that the method Facebook currently uses for creating Groups and Events does not include the essential element required by the '629 Patent whereby communities must be created based upon the creator's selection of at least one application object. *See* Facebook's Motion for Partial Summary Judgment of Non-Infringement re Current Facebook System. Because the Groups and Events creation processes to not include this essential element, there is no possibility of future infringement. This is yet another reason why an injunction would be improper. *See MercExchange*, 500 F. Supp. 2d at 575, n. 16.

### C. The Balance of Hardships and the Public Interest Favor Facebook

Where the patent holder does not make any products, courts routinely determine that the balance of hardships and the public interest weigh against an injunction. *See Foster v. Am. Mach. & Foundry Co.*, 492 F.2d 1319, 1324 (2d Cir. 1974) (recognizing that preventing a foundry from practicing a welding patent would impose a hardship on the infringer without "any

PALOALTO 89195 (2K)

6

concomitant benefit to the patentee" in circumstances where the individual patent holder, a patent solicitor and member of the Bar of Pennsylvania and New York, never engaged in any manufacturing); *see also Paice*, 2006 WL 2385139, at *6; *Respironics*, 2008 WL 111983 at *6-7 (finding that the public interest weighs against an injunction where the infringing device is no longer on the market); *MercExchange*, 500 F. Supp. 2d at 586-88 (finding that the public interest weighs against an injunction where patent holder does not practice the patent).

Here, Facebook's alleged infringement does not harm XACP, much less harm XACP irreparably. As it has admitted, XACP does not practice the patent-in-suit and does not otherwise engage in any business involving the patent. Clearly, the balance of hardships favors Facebook and an injunction would in no way benefit the public.

## V.   CONCLUSION

There is no genuine issue of material fact to support the elements XACP must show to obtain an injunction against Facebook. Facebook's alleged infringement has not harmed XACP, much less caused it the kind of irreparable harm a competitor might suffer. Moreover, since Facebook has designed around the '629 Patent, even if infringement were found for any period of time, XACP is entitled only to money damages. In addition, both the balance of hardships and the public interest weigh in Facebook's favor. Accordingly, Facebook respectfully requests that this Court grant partial summary judgment as to XACP's claim for permanent injunctive relief.

Dated: June 20, 2008						By:	/s/ Heidi L. Keefe

Heidi L. Keefe
Mark R. Weinstein
Craig W. Clark
WHITE & CASE LLP
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, CA 94306

Alfred W. Zaher
Dennis P. McCooe
BLANK ROME LLP
130 N. 18th Street
Philadelphia, PA 19103

Attorneys for FACEBOOK, INC. and
THE FACEBOOK

# CERTIFICATE OF SERVICE

This is to hereby certify that on this 20th day of June, 2008, I caused a true and correct copy of the foregoing document: **Memorandum of Points and Authorities in Support of Facebook's Motion for Partial Summary Judgment Precluding Injunction** to be served via this Court's Electronic Filing ("ECF") System, upon the following:

Frederick A. Tecce, Esq.
McShea/Tecce, P.C.
The Bell Atlantic Tower – 28th Floor
1717 Arch Street
Philadelphia, PA 19103
ftecce@mcshea-tecce.com

Thomas J. Duffy, Esq.
Patrick J. Keenan, Esq.
Duffy & Keenan
One Liberty Place, 55th Floor
1650 Market Street
Philadelphia, PA 19103
pjk@duffykeenan.com

Counsel for plaintiff
Cross Atlantic Capital Partners, Inc.

                                       /s/ Heidi L. Keefe
                                       Heidi L. Keefe