IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CROSS ATLANTIC CAPITAL PARTNERS, INC., <br><br> Plaintiff, <br><br> v. <br><br> FACEBOOK, INC. and THEFACEBOOK, LLC, <br><br> Defendants. | CIVIL ACTION <br><br> NO. 07-CV- 02768-JP <br><br> ORAL ARGUMENT REQUESTED <br><br> FACEBOOK MOTION NO. 5 |

**DECLARATION OF HEIDI L. KEEFE IN SUPPORT OF FACEBOOK'S MOTION FOR PARTIAL SUMMARY JUDGMENT PRECLUDING INJUNCTION**

[REDACTED VERSION FOR PUBLIC FILING]

(Unredacted version filed spearately under seal pursuant to Protective Order)

I, Heidi L. Keefe, declare:

1. I am an attorney with White & Case LLP, counsel of record in this action for Defendants Facebook, Inc. and Thefacebook, LLC ("Facebook"). I make this declaration in support of Facebook's Motion for Partial Summary Judgment Precluding Injunction. I have personal knowledge of the facts contained within this declaration, and if called as a witness, could testify competently to the matters contained herein.

2. Attached hereto as **Exhibit A** is a true and correct copy of XACP's Verified Response to Interrogatory No. 9, dated October 29, 2007.

3. Attached hereto as **Exhibit B** is a true and correct copy of XACP's responses to Facebook's Request for Admission Nos. 38 and 39 dated October 31, 2007.

4. Attached hereto as **Exhibit C** is a true and correct copy of XACP's response to Facebook's Request for Admission No. 47 dated April 14, 2008.

5. Attached hereto as **Exhibit D** is a true and correct copy of relevant sections of the transcript of the deposition of Brian Adamsky, XACP's corporate designee pursuant to Fed. R. Civ. P. 30(b)(6), taken April 4, 2008.

6. Attached hereto as **Exhibit E** is a true and correct copy of relevant sections of the Expert Report and Disclosure of Geoffrey H. Osborne, CPA, dated March 17, 2008.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 20, 2008, in Palo Alto, California.

/s/ Heidi Keefe
Heidi Keefe

# CERTIFICATE OF SERVICE

This is to hereby certify that on this 20th day of June, 2008, I caused a true and correct copy of this **Declaration of Heidi L. Keefe In Support of Facebook's Motion for Partial Summary Judgment Precluding Injunction** to be served via this Court's Electronic Filing ("ECF") System, upon the following:

> Frederick A. Tecce, Esq.
> McShea/Tecce, P.C.
> The Bell Atlantic Tower – 28th Floor
> 1717 Arch Street
> Philadelphia, PA 19103
> ftecce@mcshea-tecce.com
>
> Thomas J. Duffy, Esq.
> Patrick J. Keenan, Esq.
> Duffy & Keenan
> One Liberty Place, 55th Floor
> 1650 Market Street
> Philadelphia, PA 19103
> pjk@duffykeenan.com
>
> Counsel for plaintiff
> Cross Atlantic Capital Partners, Inc.

/s/ Heidi Keefe
Heidi Keefe

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CROSS ATLANTIC CAPITAL PARTNERS, INC. | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | NO.: 07-CV-02768-JP |
| vs. | : | |
| | : | |
| FACEBOOK, INC. and THEFACEBOOK, LLC | : | |
| Defendants. | : | |
| | : | |

## PLAINTIFF'S RESPONSE TO SECOND SET OF INTERROGATORIES OF DEFENDANTS FACEBOOK, INC. AND THEFACEBOOK, LLC

Plaintiff Cross Atlantic Capital Partners, Inc., by and through its undersigned counsel, herein responds to defendants Facebook, Inc. and Thefacebook, LLC's Second Set of Interrogatories as follows:

## GENERAL OBJECTIONS

Plaintiff objects to the definitions and instructions set forth in defendants' interrogatories to the extent that they are inconsistent with the Federal Rules of Civil Procedure or seek to impose burdens or obligation beyond what is required by the Federal Rules of Civil Procedure, and to the extent that they are overly broad, unduly burdensome, vague, ambiguous and seek materials subject to the attorney-client and work product privileges. Plaintiff further objects to the extent that any interrogatory which seeks discovery of information which is equally ascertainable to defendants as to XACP or the information sought is neither relevant nor reasonably calculated to lead to admissible evidence at trial.

## RESPONSES

Subject to the General Objections set forth above, and the specific objections stated

## INTERROGATORY NO. 9

Identify with particularity all evidence, documents and the complete factual and legal bases upon which you base any contention that XACP is entitled to a permanent injunction against Facebook.

## RESPONSE TO INTERROGATORY NO. 9

Objection. This interrogatory is overly broad and unduly burdensome, and it seeks the mental impressions and conclusions of plaintiff's counsel. Without waiving and subject to these objections, plaintiff responds as follows.

Since prior to the filing of the complaint, XACP has undertaken efforts to provide additional funding to iKimbo, to acquire other on-line community providers and to reenter the on-line community market. Should the jury find infringement, XACP anticipates being in a position to meet the necessary elements supporting the entry of a permanent injunction and will seek a permanent injunction at that time.

## INTERROGATORY NO. 10

Identify and fully describe any and all damages that you are claiming in this suit, including all facts supporting your contention that "[t]he infringement by defendants Facebook, Inc. and Thefacebook, LLC of one or more claims of the '629 Patent has deprived plaintiff XACP of revenues which it otherwise would have made or caused to be made," the basis for any such damages, the dollar amount of any such damages, and the detailed methodology and calculations used to determine such amount.

## RESPONSE TO INTERROGATORY NO. 10

Objection. This interrogatory is overly broad and unduly burdensome. Without waiving this objection and subject to it, plaintiff has requested damages-related information and documentation from defendants in discovery. Since defendant has not produced this requested discovery, plaintiff is unable to fully describe and quantify its damages at this time. Plaintiff reserves the right to seasonably supplement its response to this interrogatory. Moreover, plaintiff anticipates that its damages will be the subject of expert testimony, and plaintiff reserves the right to disclose that information within the deadline set by the Court for the disclosure of expert

reports.

Subject to these specific objections, and the General Objections set forth above, plaintiff seeks all damages provided by law but in no event to be less than a reasonable royalty.

Respectfully submitted,

*(signature)*

Thomas J. Duffy, Esquire
Patrick J. Keenan, Esquire
**Duffy & Keenan**
The Curtis Center, Suite 1150
Independence Square West
Philadelphia, Pennsylvania 19106
(215) 238-8700

And

Frederick A. Tecce, Esquire
**McShea\Tecce, P.C.**
The Bell Atlantic Tower - 28th Floor
1717 Arch Street
Philadelphia, Pennsylvania 19103
(215) 599-0800

Counsel for plaintiff,
Cross Atlantic Capital Partners, Inc.

Dated: October 29, 2007

## VERIFICATION

I am an employee of Cross Atlantic Capital Partners, Inc. I have reviewed the factual averments in Plaintiff's Response to Defendants Second Set of Interrogatories. The information contained therein is true and correct to the best of my knowledge.

The above statement is made under penalty of perjury or making false statements.

*Rahul Singh* (signature)
**Rahul Singh**

October 29, 2007

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CROSS ATLANTIC CAPITAL  :
PARTNERS, INC.          :
                        :
          Plaintiff,    :
    vs.                 :    CIVIL ACTION
                        :    NO.: 07-CV-2768
FACEBOOK, INC.          :
    and                 :    HON. JOHN R. PADOVA
THEFACEBOOK, LLC        :
                        :
          Defendants.   :

## PLAINTIFF'S RESPONSE OF DEFENDANTS' FIRST SET OF REQUEST FOR ADMISSIONS

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, plaintiff Cross Atlantic Capital Partners, Inc. ("XACP") hereby responds to Facebook's First Set of Requests For Admissions to Cross Atlantic Capital Partners, Inc. ("Facebook") as follows:

## GENERAL OBJECTIONS

1. XACP objects to the subject Requests to the extent that they seek, or may be construed to seek, any response that is immune from discovery by reason of the attorney-client privilege and/or the work product doctrine.

2. XACP objects to Facebook's "Definitions" to the extent that Facebook seeks to impose burdens and obligations on XACP in excess of those contemplated by Rules 26 and 33 of the Federal Rules of Civil Procedure.

### RESPONSE TO REQUEST FOR ADMISSION NO. 36

Admitted in part, denied in part. It is admitted that XACP never accused Facebook of infringement of U.S. Patent No. 6,519,629 prior to the filing of the Complaint in this action on July 3, 2007. It is denied that XACP was obligated to do so.

### REQUEST FOR ADMISSION NO. 37

37. Admit that iKimbo, Inc. never accused Facebook of infringement of U.S. Patent No. 6,519,629 prior to the filing of the Complaint in this action on July 3, 2007.

### RESPONSE TO REQUEST FOR ADMISSION NO. 37

Admitted.

### REQUEST FOR ADMISSION NO. 38

38. Admit that XACP does not sell, offer to sell, make or import any product, service or method covered by any claim of U.S. Patent No. 6,519,629.

### RESPONSE TO REQUEST FOR ADMISSION NO. 38

Admitted.

### REQUEST FOR ADMISSION NO. 39

39. Admit that XACP has never sold, offered for sale, made or imported any product, service or method covered by an claim of U.S. Patent No. 6,519,629.

### RESPONSE TO REQUEST FOR ADMISSION NO. 39

Admitted.

### REQUEST FOR ADMISSION NO. 40

40. Admit that XACP is making no effort to commercialize any product, service or method covered by any claim of U.S. Patent No. 6,519,629.

## RESPONSE TO REQUEST FOR ADMISSION NO. 44

Admitted in part, denied in part. It is admitted that no licensee of XACP marked any product with the word "patent" or the abbreviation "pat." together with the number 6,519,629, or by fixing on any such products or to a package wherein one or more of them is contained, a label containing such word, number or abbreviation. It is denied that any licensee of XACP had any obligation to mark or otherwise provide notice in accordance with 35 U.S.C. § 287.

Respectfully submitted,

Dated: October 31, 2007

Patrick J. Keenan, Esquire
Duffy & Keenan
Suite 1150, The Curtis Center
Independence Square West
Philadelphia, Pennsylvania 19106
(215) 238-8700
(215) 238-8710 (Fax)
pjk@duffykeenan.com

Frederick A. Tecce, Esquire
McShea\Tecce, P.C.
The Bell Atlantic Tower - 28th Floor
1717 Arch Street
Philadelphia, Pennsylvania 19103
(215) 599-0800
(215) 599-0888 (Fax)
ftecce@mcshea-tecce.com

Counsel for plaintiff
Cross Atlantic Capital Partners, Inc.

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CROSS ATLANTIC CAPITAL PARTNERS, INC. | : |
| Plaintiff, | : |
| vs. | : CIVIL ACTION |
| | : NO.: 07-CV-2768 |
| FACEBOOK, INC. and THEFACEBOOK, LLC | : HON. JOHN R. PADOVA |
| Defendants. | : |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' SECOND SET OF REQUEST FOR ADMISSIONS

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, plaintiff Cross Atlantic Capital Partners, Inc. ("XACP") hereby responds to Facebook's Second Set of Requests For Admissions to Cross Atlantic Capital Partners, Inc. ("Facebook") as follows:

## GENERAL OBJECTIONS

1. XACP adopts and incorporates by reference, as if fully set forth herein, all General Objections set forth in XACP's Response to Facebook's Second Set of Requests For Admissions to Cross Atlantic Capital Partners, Inc.

## RESPONSES TO INDIVIDUAL REQUEST FOR ADMISSIONS

Without waiver of the foregoing general objections and subject thereto, XACP responds to Facebook's Second Set of Request for Admissions as follows:

### REQUEST FOR ADMISSION NO. 45

45. Admit that XACP never contacted Facebook regarding U.S. Patent No. 6,519.629 prior to filing the Complaint on July 3, 2007.

### RESPONSE TO REQUEST FOR ADMISSION NO. 45

Admitted.

### REQUEST FOR ADMISSION NO. 46

46. Admit that XACP never contacted Facebook prior to filing the Complaint on July 3, 2007.

### RESPONSE TO REQUEST FOR ADMISSION NO. 46

Admitted.

### REQUEST FOR ADMISSION NO. 47

47. Admit that XACP has never licensed or offered to license U.S. Patent No. 6,519,629.

### RESPONSE TO REQUEST FOR ADMISSION NO. 47

Objection. This request for admission is vague and ambiguous. Without waiving and subject to this objection, XACP admits that it has never licensed or offered to license U.S. Patent No. 6,519,629.

### REQUEST FOR ADMISSION NO. 48

48. Admit Yahoo! Clubs was not disclosed to the U.S. Patent & Trademark Office by anyone involved with the application that resulted in U.S. Patent No. 6,519,629 prior to its issuance.

and subject to this objection, XACP admits that "eGroups" was not disclosed by name to the United States Patent & Trademark Office ("PTO"). XACP denies that the disclosures made to the PTO by anyone involved with the application that resulted in the issuance of the '629 Patent did not include information that would encompass eGroups.

Respectfully submitted,

Dated: April 14, 2008

Patrick J. Keenan, Esquire
Duffy & Keenan
One Liberty Place
1650 Market Street, 55th Floor
Philadelphia, Pennsylvania 19103
(215) 238-8700
(215) 238-8710 (Fax)

Frederick A. Tecce, Esquire
MCSHEA\TECCE, P.C.
The Bell Atlantic Tower - 28th Floor
1717 Arch Street
Philadelphia, Pennsylvania 19103
(215) 599-0800
(215) 599-0888 (Fax)

Counsel for plaintiff
Cross Atlantic Capital Partners, Inc.

# EXHIBIT D
# (FILED UNDER SEAL)

# EXHIBIT E
## (FILED UNDER SEAL)