IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CROSS ATLANTIC CAPITAL PARTNERS, INC. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| FACEBOOK, INC., et al. | : | NO. 07-2768 |

## ORDER

**AND NOW**, this 23d day of June, 2008, upon consideration of Defendants' Renewed Motion to Compel Production of Documents (Docket Entry # 108), and all responses thereto, **IT IS HEREBY ORDERED** that said Motion is **GRANTED IN PART AND DENIED IN PART** as follows:

1. The Motion is **GRANTED** as to (a) EggFly.com documents, (b) iKimbo 2.0 LLC documents, and (c) Plaintiff's financial documents.[1]

---

[1] Defendants claim that they first learned of EggFly.com ("EggFly") during a deposition occurring on April 4, 2008. They assert that EggFly is a competing social networking site that may be practicing the patent in suit. They argue that EggFly documents in Plaintiff's possession are relevant to validity, infringement and damages issues. Plaintiff denies that EggFly ever owned the patent in suit, and argues that any documents it possesses regarding the company are not relevant. Based on Defendants' assertions, we find pursuant to Fed. R. Civ. P. 26(b), that the EggFly documents are relevant, and/or the discovery request appears reasonably calculated to lead to the discovery of admissible evidence, on the issues of validity, infringement or damages.

Defendants argue that iKimbo 2.0 LLC documents are subject to production because that entity is "funding" this lawsuit. It also alleges that the company acquired EggFly and its technology. The allegation that iKimbo 2.0 LLC has a financial interest in the lawsuit does not establish that its documents are relevant or may lead to the discovery of admissible evidence on the issues of validity, infringement or damages. However, the allegation that it acquired EggFly's technology does establish that its documents may be relevant to issues involving the patented invention or lead to the discovery of admissible evidence.

We also find that Plaintiff's financial documents are relevant to the issue of Plaintiff's damages, even though Plaintiff argues that it has limited the damages it seeks in the lawsuit to a reasonable royalty. Among the factors relevant to the issue of what constitutes a reasonable royalty are a party's relative financial strength, the profitability of the patent, and the portion of the realizable profit that should be credited to the invention. See Trio Process Corp. v. L. Goldstein's Sons, Inc.,

2. The Motion is **DENIED** as to (a) Brian Adamsky documents, (b) the so-called "T:\ drive" documents, (c) Richard Fox documents, and (d) Brian Haveson documents.[2]

3. Plaintiff is directed to submit for *in camera* review the so-called "Post Lawsuit Investor Emails."

BY THE COURT:

/s/ John R. Padova

_____
John R. Padova, J.

---

612 F.2d 1353, 1357 (3d Cir. 1980) (citing Georgia Pacific Corp. v. U.S. Plywood Corp. 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970)).

[2]Plaintiff submits that it has already searched and produced all documents possessed by Brian Adamsky and Richard Fox, as well as the so-called "T:\ drive" documents. The Motion is therefore denied insofar as it seeks production of these documents.

Defendants argue that the Brian Haveson documents are discoverable because he "stands to financially benefit from the outcome of this litigation" based on an agreement to distribute funds from this lawsuit to Haveson. Plaintiff responds that Haveson works for one of its investment companies, Lightning Poker; that he plays no role in Plaintiff's affairs or in its investment in iKimbo; that he is involved in marketing electronic poker tables, which is not at issue in this lawsuit; and that any documents regarding him are therefore irrelevant. Plaintiff adds that any documents regarding his potential share in any recovery are irrelevant to any issue in this lawsuit. We agree that Haveson's alleged interest in the outcome of the lawsuit does not render documents in Plaintiff's possession concerning him discoverable.