# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CROSS ATLANTIC CAPITAL : 
PARTNERS, INC. : CIVIL ACTION
: NO.: 07-CV-2768
    Plaintiff, :
  vs. : HON. JOHN R. PADOVA
:
FACEBOOK, INC. : JURY TRIAL DEMANDED
 and :
THEFACEBOOK, LLC :
:
    Defendants. :

## REPLY TO FIRST AMENDED ANSWER AND COUNTERCLAIMS

COMES NOW, the plaintiff, Cross Atlantic Capital Partners, Inc. ("XACP"), by and through its undersigned counsel, and hereby replies to the First Amended Answer and Counterclaims of the defendants and counterclaimants, Facebook, Inc. and Thefacebook, LLC (collectively "Facebook"), as follows:

**First Affirmative Defense: Non-Infringement**

31. Denied.

**Second Affirmative Defense: Invalidity**

32. Denied.

**Third Affirmative Defense: Laches**

33. Denied.

**Fourth Affirmative Defense: Estoppel**

34. Denied.

**Fifth Affirmative Defense: No Injunctive Relief**

35. Denied.

**Sixth Affirmative Defense: Unclean Hands - Inequitable Conduct**

36. Denied

37. Admitted in part; denied in part. It is admitted that Jamey Harvey is a named inventor on United States Patent No. 6,519,629 ("'629 Patent"), founded iKimbo, Inc. ("iKimbo") and was its CEO. The remaining allegations of Paragraph 37 are denied.

38. Denied. The averments of paragraph 38 are based upon a writing which speaks for itself, and plaintiff denies defendants' characterization of its content.

39. Admitted in part; denied in part. It is admitted that on February 25, 2000, U.S. Patent Application Serial No. 09/513,844 was filed in the United States Patent and Trademark Office. It is further admitted that on October 2, 2001, the application for the '629 Patent was filed and that the '629 Patent issued on February 11, 2003 naming Mr. Harvey as one of the inventors. The remaining allegations of paragraph 39 are denied.

40. Admitted in part; denied in part. It is admitted that on November 9, 2001 the applicants filed an Information Disclosure Statement with the United States Patent and Trademark Office ("PTO"). The remaining allegations of paragraph 40 are denied.

41. Denied.

42. Admitted in part; denied in part. It is admitted that iKimbo developed and sold a product under the trade name "Omniprise." The remaining allegations of paragraph 42 are denied.

43. Denied.

44. Denied.

45. Admitted in part; denied in part. It is admitted on May 10, 2000, the named inventors submitted a declaration with the PTO. The remaining allegations of paragraph 45 are denied.

## COUNTERCLAIMS

## THE PARTIES

1. Admitted.

2. Admitted.

## JURISDICTION AND VENUE

3. Admitted in part; denied in part. Plaintiff admits that this civil action arises under the patent laws of the United States, Title 35 of the United States Code, based on a claim of patent infringement, and that defendants seek relief under the Declaratory Judgment Act. Plaintiff denies that defendants are entitled to the relief they seek. Plaintiff admits that this court has subject matter jurisdiction.

4. Admitted.

## COUNT I

5. Plaintiff incorporates by reference the prior paragraphs as though the same were set forth herein at length.

6. Denied as stated. It is admitted that XACP is the assignee of all right, title and interest in and to the '629 Patent and that XACP has alleged that Facebook has

infringed and continues to infringe the claims of the '629 Patent.

7. Denied.

8. Admitted in part; denied in part. Plaintiff admits that an actual controversy exits between the plaintiff and defendants. Plaintiff denies that defendants are entitled to the relief they seek.

WHEREFORE, plaintiff, Cross Atlantic Capital Partners, Inc., demands judgment in its favor and against defendants and counterclaimants, Facebook, Inc. and Thefacebook, LLC, on their Counterclaim as well as attorney fees and costs incurred in the defense thereof due to the exceptional nature of the case, as well as all other available relief this Court may deem just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff incorporates by reference the averments set forth in the Complaint as though the same were set forth herein at length.

### SECOND AFFIRMATIVE DEFENSE

Defendants' counterclaims fail to state a cause of action, claim and/or prayer for relief upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

Defendants' counterclaims are barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

Defendants' counterclaims are barred by the doctrines of waiver and/or estoppel.

## FIFTH AFFIRMATIVE DEFENSE

Defendants' counterclaims are barred in whole or in part under the doctrine of unclean hands.

Respectfully submitted,

Dated: July 15, 2008

/s/ Frederick A. Tecce
Thomas J. Duffy, Esquire (PA ID # 34729)
Patrick J. Keenan, Esquire (PA ID # 53775)
**Duffy & Keenan**
One Liberty Place - 55th Floor
Philadelphia, Pennsylvania 19103
(215) 238-8700
(215) 238-8710 (Fax)

Frederick A. Tecce, Esquire (PA ID #47298)
**McShea\Tecce, P.C.**
The Bell Atlantic Tower - 28th Floor
1717 Arch Street
Philadelphia, Pennsylvania 19103
(215) 599-0800
(215) 599-0835 (Fax)

Counsel for plaintiff
Cross Atlantic Capital Partners, Inc.

# CERTIFICATE OF SERVICE

This is to hereby certify that on this 15th day of July, 2008, I caused a true and correct copy of the foregoing Reply to First Amended Anser and Counterclaims to be served *via* this Court's Electronic Court Filing ("ECF") System, upon the following:

>Heidi L. Keefe, Esquire
>Mark R. Weinstein, Esquire
>Sam C. O'Rourke, Esquire
>**White & Case LLP**
>3000 El Camino Real
>5 Palo Alto Square, 9th Floor
>Palo Alto, California 94306
>
>Alfred W. Zaher, Esquire
>Dennis P. McCooe, Esquire
>Joel L. Dion, Esquire
>Blank Rome
>One Logan Square
>130 North 18th Street
>Philadelphia, PA 19103
>
>Counsel for defendants
>Face Book, Inc. and Thefacebook, LLC

>/s/ Frederick A. Tecce
>**Frederick A. Tecce, Esquire**