IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CROSS ATLANTIC CAPITAL PARTNERS, INC. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| FACEBOOK, INC and THEFACEBOOK, LLC | : | NO. 07-2768 |

**ORDER-MEMORANDUM**

**AND NOW**, this      day of August, 2008, upon consideration of Defendants' Motion to Stay Proceedings (Docket Entry 179) and all responses thereto, **IT IS HEREBY ORDERED** that the Motion is **GRANTED** with leave to the parties to seek to lift the stay after the United States Patent and Trademark Office has issued its decision on whether to grant reexamination, or for other good and sufficient reasons that result from a change in circumstances.

On July 21, 2008, Defendants filed a request for inter partes reexamination of United States Patent No. 6,519,629 with the United States Patent and Trademark Office ("PTO") pursuant to 37 U.S.C. § 311.  Concomitant therewith,  Defendants move to stay this litigation pending the result of that request.

A district court is not required to stay a proceeding pending reexamination.  Viskase Corp. v. Am. Nat'l Can Co., 261 F.3d 1316, 1328 (Fed. Cir. 2001). However, "[o]ne purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)." Gould v. Control Laser Corp., 705 F.2d 1340, 1342 (Fed. Cir. 1983).  Thus, granting a stay is favored.  See Alltech, Inc. v. Cenzone Tech, Inc., Civ. A. No. 06-153, 2007 WL 935516 (S.D. Cal. March 21, 2007) (holding that "[t]here is a liberal policy in favor of granting motions to stay proceedings pending the outcome of reexamination proceedings")

(quoting ASCII Corp. v. STD Entm't USA, Inc., 844 F. Supp. 1378, 1381 (N.D. Cal. 1994)). Stays are particularly appropriate when the reexamination result might assist the court in making a validity determination or would eliminate the need to make an infringement determination. Id. (citing In re Cygnus Telecomm. Tech., LLC Patent Litig., 385 F.Supp. 2d 1022, 1023 (N.D. Cal. 2005).

District courts have listed the following factors to determine whether a stay is appropriate: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set. In re Laughlin Prods. Inc., 265 F. Supp. 2d 525, 530-31 (E.D. Pa. 2003); Sabert Corp. v. Waddington North Am., Inc., Civ. No. 06-5423, 2007 WL 2705157, *6 (D.N.J. Sept. 14, 2007) (citing Alltech, 2007 WL 935516 at *2 (quoting Cygnus, 385 F. Supp. 2d at 1023); Xerox Corp. v. 3Com Corp., 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999); ASCII Corp., 844 F. Supp. at 1380 (citing GPAC, Inc. v. D.W.W. Enter., Inc., 144 F.R.D. 60, 66 (D.N.J. 1992)). We find, applying these factors, that granting a stay pending the PTO's decision to grant reexamination is appropriate.[1]

---

[1]Plaintiff's preliminary argument, that under 37 U.S.C. § 318 the stay motion is premature, is not substantial. Section 318 states that "[o]nce an order for inter partes reexamination has been issued," a patent owner may obtain a stay of pending litigation which involves the patent undergoing reexamination. The Section speaks only to the timing that the patent owner follows to request a stay, not the third party requester in the inter partes reexamination proceeding. Further, as Facebook notes, courts faced with the issue regularly decide stay motions upon the filing of the request for reexamination, staying the civil action at least until the PTO makes its reexamination decision. See PBI Performance Prods., Inc. v. NorFab Corp., Civ. 05-4836, 2007 WL 81065, *1 (E.D. Pa. Jan. 5, 2007) (Bartle, J.) (noting that action was placed on suspense docket and ordered stayed pending a decision by the PTO whether to reexamine plaintiff's patent)); Alltech, Inc. v. Cenzone Tech, Inc., Civ. 06-153, 2007 WL 935516, *1 n.2 (S.D. Cal. Mar. 21, 2007) (assuming for purposes of ruling on stay motion that the PTO would grant the request because the PTO grants approximately 90% of reexamination requests (citing Paul Morgan & Bruce Stoner, Reexamination vs. Litigation-Making Intelligent Decisions in Challenging Patent Validity, 86 J. Pat. & Trademark Office Soc'y 441, 459 (2004))); Pass & Seymore, Inc. v. Hubbell, Inc., Civ. A. No. 07-272, 2007 WL 2172648, at *12

A.   Prejudice to Plaintiff

Defendants argue that Plaintiff will suffer no prejudice from a stay because it is undisputed that it: 1) has never sold or marketed any products that embody the '629 Patent; 2) does not compete with Defendants and thus will not be harmed by alleged infringement during the reexamination process; and 3) its damage claim is based on a reasonable royalty which will not be affected by the stay because damages run from the date the Complaint was filed. Plaintiff, while not directly addressing these assertions, argues that having expended substantial resources over the last year preparing for trial, it would be unduly prejudiced by a stay. It also argues that the lapse of time during reexamination could result in loss of evidence and the fading of witness memory.

We find that Defendants have demonstrated a superior argument on the issue of prejudice. It is undisputed that Plaintiff does not practice the patent in suit, does not compete with Defendants, and the delay caused by reexamination will not diminish its measure of damages. On the other hand, Plaintiff's prejudice argument is weak. Having to expend resources to prepare for trial is the natural consequence of its having filed the lawsuit. Fact witness testimony has already been memorialized in depositions and expert witness opinions have been exchanged. The intervening period should not overly burden either parties' ability to try the case.[2]

---

(N.D.N.Y. July 23, 2007) (holding that stay was warranted while the PTO made its initial determination; if reexamination was denied, plaintiff could move to lift stay); Ralph Gonnocci Revocable Living Trust v. Three M Tool & Mach., Inc., Civ. A. No. 02-74796, 2003 WL 22870902, at *4 (E.D. Mich. Oct. 7, 2003) (same); but see DUSA Pharms., Inc. v. River's Edge Pharms, LLC, Civ. A. No. 06-1843, 2006 WL 1320049 (D.N.J. May 15, 2006) (denying the defendant's request for a stay citing § 318 without distinguishing that § 318 speaks only the to patent owner's right to request a stay after the reexamination decision has been issued, and does not by its terms limit the third party requester).

[2]Plaintiff also argues that Defendants filed their reexamination request with the PTO to gain a tactical advantage. The test the courts have articulated for determining prejudice, however, is not

B. Simplification of the Issues for Trial.

This factor favors granting the stay. There are only three possible outcomes from the reexamination process and all three will simplify the issues remaining for trial: 1) the patent is found invalid and cancelled – resulting in no issue remaining for trial; 2) the patent is amended limiting the scope of its claims – and limiting the scope of claims that Defendants could possibly have infringed; and 3) the patent is reaffirmed – removing from the trial Defendants' invalidity defense. Defendants, as the parties that requested the reexamination, are bound by the results of the reexamination. See 37 U.S.C. § 315(c).

Plaintiff argues that the reexamination procedure will not resolve issues of priority or Defendants' affirmative defense of inequitable conduct. While this is true, it does not speak to the purpose of the reexamination procedure – patent validity – a threshold issue in this lawsuit. If the invention was not patentable, Defendants' other affirmative defenses are immaterial.

C. Timing of the Motion.

This factor favors denying the stay in the sense that discovery has been completed, and summary judgment motions have been filed of record. Our current scheduling order provides for pre-trial memoranda to be filed in September, a final pre-trial conference on September 19, and a trial date of October 20, 2008. Clearly, granting a stay will disrupt this schedule. However, the expeditious movement of this case toward trial does not mean that granting the stay will unreasonably delay final adjudication of the case.

The reexamination process will take several months. Nonetheless, Defendants argue that this

---

whether the moving party will gain a tactical advantage but whether the non-movant will suffer a clear tactical disadvantage. We find that Plaintiff has not shown that it will suffer a tactical disadvantage.

factor favors granting the stay. They note that the case has only been pending for only one year, trial remains three months away, and pre-trial preparations have not yet begun. Because a stay will conserve judicial resources and save the parties substantial resources for trial preparation because many trial issues may be mooted, Defendants conclude that the timing of the motion is not a ground for denying it. Plaintiff argues that the case is in its late stage and argues that other courts have denied requests for stays on this basis. See e.g., Soverain Software LLC v. Amazon.com, Inc., 356 F. Supp. 2d 660, 663 (E.D. Texas 2005); Alltech, Inc., 2007 WL 935516, at *4.

Although this action is proceeding toward its conclusion in this court, the factors, on balance, favor granting the stay at least until the PTO makes its initial determination whether to conduct the reexamination. Plaintiff has not made a good argument on the prejudice prong and the reexamination will clearly simplify the issues remaining in the case. Staying further litigation until the PTO makes its decision whether to grant reexamination will permit the PTO to exercise its statutorily granted authority to make the initial Office action on the merits of the reexamination. At that point we can revisit whether the stay should be continued to the end of the reexamination process. If reexamination is denied, there may be no good reason not to proceed; if reexamination is granted, we would have the benefit of the PTO's initial reasoning on the patentability issues to inform our decision on the merits of continuing the stay to the conclusion of the reexamination proceedings.

For these reasons, the stay is **GRANTED** with leave to the parties to seek lifting of the stay after the PTO has issued its decision on whether to grant reexamination, or for other good and

sufficient reasons that result from a change in circumstances.

BY THE COURT:

/s/ John R. Padova

_____
John R. Padova, J.