## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CROSS ATLANTIC CAPITAL | : | |
| PARTNERS, INC., | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO.: 07-CV-02768 |
| | : | |
| vs. | : | |
| | : | |
| FACEBOOK, INC. and | : | |
| THEFACEBOOK, LLC, | : | |
| | : | |
| Defendants. | : | |

## ORDER

AND NOW this _____ day of September, 2010, upon consideration of

plaintiff's Motion to Vacate Stay and Schedule a Rule 16 Conference and the defendants'

opposition thereto if any, it is hereby **O R D E R E D** that plaintiff's motion is

**GRANTED** and that this Court's August 18, 2010 Order (D.E. #209) is **VACATED**.  It

is hereby further **O R D E R E D** that on the ____ day of _____, 2010, at

_____ o'clock, the Court will hold a status conference to address: (1) scheduling

remaining discovery and dispositive motions; and (2) a trial date.

**BY THE COURT:**


_____
**HON. JOHN R. PADOVA**
U.S. District Court Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CROSS ATLANTIC CAPITAL | : | |
| PARTNERS, INC., | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO.: 07-CV-02768 |
| | : | |
| vs. | : | HON. JOHN R. PADOVA |
| | : | |
| FACEBOOK, INC. and | : | |
| THE FACEBOOK, LLC, | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S MOTION TO VACATE**
**STAY AND SCHEDULE A RULE 16 CONFERENCE**

COMES NOW, the plaintiff, Cross Atlantic Capital Partners, Inc. ("XACP"), by and through its undersigned counsel, and hereby moves to: (1) vacate the Court's August 18, 2008 Order (D.E. #209) granting Defendants' Motion to Stay (D.E. #179); and (2) schedule a Rule 16 Conference to address the limited, remaining discovery. In support of this motion, XACP adopts and incorporates by reference, as if fully set forth herein, the attached Memorandum in Support of Plaintiff's Motion to Vacate Stay and Schedule Rule 16 Conference.

Over two years ago, defendants Facebook, Inc. and The Facebook, LLC (collectively "Facebook") sought reexamination of the claims of the patent-in-suit. On September 30, 2009, the United States Patent and Trademark Office ("PTO") reversed its earlier decision and affirmed the validity of all of the claims of the patent-in-suit. On March 12, 2010, the PTO finally issued a Certificate of Appeal. The parties filed

appeal briefs on June 28, 2010 and response briefs on July 28, 2010.

There has been a substantial change in circumstances which justifies the dissolution of this Court's August 2008 stay order:

(1)     The PTO has reversed itself and now affirmed the validity of ***all*** 32 of the claims of the '629 Patent;

(2)     Since the entry of the stay, Facebook has grown exponentially in size in part through the use of various applications covered by the claims of the '629 Patent including games such as Farmville;

(3)     As a result of Facebook's use of XACP's patented technology just since the entry of the stay, XACP's damages have grown to well into nine figures; and,

(4)     Facebook has been the subject of a number of significant lawsuits, including one by an individual claiming to own 84% of the company and a recent patent infringement action by Paul Allen's patent licensing company — any one of which could readily compromise XACP's ability to collect its damages or render an injunction meaningless.

The PTO appeal process will take at least another two years and more likely, three years. The PTO has affirmed every single claim of XACP's patent (without amendment) and Facebook infringes virtually all of the thirty-two claims. Moreover, XACP will be moving to have this Court amend its prior claim construction decision so as to reflect the claim construction utilized by the PTO in its affirming the claims of the patent-in-suit. As such, it is simply unfair to require XACP to wait another three years before this case can begin to move towards a resolution on the merits.

2

WHEREFORE, plaintiff Cross Atlantic Capital Partners, Inc. respectfully requests that this Court vacate the current stay order; schedule a status conference; issue an amended scheduling order; and schedule a trial date.

Respectfully submitted,

Dated: September 2, 2010

**_PRO HAC VICE_ COUNSEL**

James H. Wallace, Jr., Esquire
Kevin P. Anderson, Esquire
Gregory R. Lyons, Esquire
**WILEY REIN LLP**
1776 K Street, NW
Washington, DC 20006
(202) 719-7000
(202) 719-7049

  /s/ Frederick A. Tecce
Thomas J. Duffy, Esquire
**Duffy + Partners**
One Liberty - 55th Floor
Philadelphia, Pennsylvania 19103
(215) 238-8700
(215) 238-8710 (Fax)
tjd@duffyfirm.com

Frederick A. Tecce, Esquire
**MCSHEA\TECCE, P.C.**
The Bell Atlantic Tower - 28th Floor
1717 Arch Street
Philadelphia, Pennsylvania 19103
(215) 599-0800
(215) 599-0888 (Fax)
ftecce@mcshea-tecce.com

Counsel for plaintiff,
Cross Atlantic Capital Partners, Inc.

3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CROSS ATLANTIC CAPITAL | : | |
| PARTNERS, INC., | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO.: 07-CV-02768 |
| | : | |
| vs. | : | HON. JOHN R. PADOVA |
| | : | |
| FACEBOOK, INC. and | : | |
| THE FACEBOOK, LLC, | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS**
**MOTION TO LIFT STAY AND SCHEDULE A RULE 16 CONFERENCE**

**I.    INTRODUCTION**

As this Court noted during the September 27, 2007 Preliminary Pretrial

Conference (D.E. #32): "Justice delayed, is justice denied."  The stay in the litigation has

allowed defendants Facebook, Inc. and The Facebook, LLC (collectively "Facebook") to

grow exponentially through the launch of several new and significant applications —

applications that utilize plaintiff Cross Atlantic Capital Partner's ("XACP") patented

technology.  Although Facebook's misappropriation of the patent technology grows

unabated, the stay has done nothing to advance Facebook's position.  To the contrary, the

PTO's decision has specifically undermined, if not completely removed, all of

Facebook's invalidity defenses.  In addition, subsequent decisions of the United States

Court of Appeals for the Federal Circuit ("Federal Circuit") have rendered Facebook's

unenforceability defense virtually meritless.  Nevertheless, XACP has been made to wait

over three years for resolution of its legitimate and substantial claims against Facebook.

In short, there is no reason for further delay.  Indeed, the following substantial

changes in circumstances justifies the dissolution of this Court's August 2008 stay order:

(1)     The PTO has reversed itself and now affirmed the validity of *all* thirty-two
        of the claims of the '629 Patent;

(2)     Since the entry of the stay, Facebook has grown exponentially in size in
        part through the use of various applications covered by the claims of the
        '629 Patent, including games such as Farmville;

(3)     As a result of Facebook's misappropriation of XACP's patented technology
        since the entry of the stay, XACP's damages have grown to well into nine
        figures; and,

(4)     Facebook has been the subject of a number of significant lawsuits —  any
        one of which could readily compromise XACP's ability to collect its
        damages or compromise Facebook's operations in such as way as to render
        an injunction meaningless.[1]

Facebook will not suffer any hardship or inequity in being required to go forward

with this litigation.  The reason Facebook has sought to delay the matter is obvious:

utilizing XACP's technology, Facebook has been able to grow into a fifteen billion dollar

business, predominately during the period of the stay.

In contrast, XACP has been, and will continue to be, severely prejudiced if a stay

remains in place.  In addition to the prejudice which naturally occurs to the plaintiff by

virtue of any significant delay, there are other more compelling concerns.  For example,

---

[1]     Facebook was recently sued for patent infringement in Seattle, Washington  under
four patents owned by Microsoft-founder Paul Allen's licensing company.  In addition, Facebook
is a defendant in three cases in Delaware, at least one of which is a patent case.  Facebook is also
a party to twenty suits in the Northern District of California, at least nine of which are still active.

2

the lawsuits brought against Facebook during the stay resulted in a temporary restraining order against Facebook in favor of a plaintiff claiming to own 84% of the company. *Ceglia v. Mark Elliot Zuckerberg and Facebook, Inc.*, No. 10-cv-00569-RJA (N.D.N.Y.). It would be patently unfair to preclude XACP from pursuing its early and legitimate claims while other entities move forward, thereby possibly compromising XACP's ability to collect on a rapidly growing and substantial damage amount and obtain any effective relief from the entry of a permanent injunction.  In light of PTO's decision, any further stay also will not simplify the issues for trial.

Accordingly, XACP respectfully requests that this Court lift the stay order; schedule a status conference; and issue an amended scheduling order including a trial date.

## II.   **BACKGROUND**

### A.   **Procedural Background**

The procedural background of this case was set forth in detail in the parties' briefs submitted in connection with their dispositive motions and will not be repeated here except as necessary in connection with the instant motion.  *See e.g.*, Plaintiff's Response in Opposition to Defendants' Motion For Summary Judgment of Inequitable Conduct (D.E. #167).

3

On July 21, 2008, Facebook sought reexamination of the claims of the '629 Patent at issue in this litigation.  On July 25, 2008, Facebook filed a Motion to Stay Proceedings Pending the Reexamination (D.E. #179).  On August 11, 2008, XACP filed its Memorandum of Law in Opposition to Defendant's Motion to Stay (D.E. #210).

On August 18, 2008, this Court issued a Memorandum and Order granting Defendants' Motion to Stay with leave for the parties to seek to lift the stay after the PTO had issued its decision on whether to grant re-examination (D.E. #209).  On August 19, 2008, this Court ordered that this case be closed and placed in civil suspense (D.E. #210).

On September 30, 2009, the PTO rendered a substantive decision following its examination of the claims of the '629 Patent and issued an Office Action Closing Prosecution in which it affirmed the claims of the '629 Patent.[2]  In its decision, the PTO reversed the earlier decision and confirmed that claims 1-7, 17-23 and 25-31 of the '629 Patent were allowable over the prior art cited by Facebook.  Further, the PTO found that claims 8-16, 24 and 32 were also patentable over the prior art cited by Facebook.  In short, the PTO affirmed all of the claims of the '629 Patent — each of which is asserted against Facebook.

---

[2]     See Action Closing Prosecution (non-final) at:
http://portal.uspto.gov/external/portal/!ut/p/c5/04_SB8K8xLLM9MSSzPy8xBz9CP0os3h3cz9X
EzcPIwMLvyALA08jF39LE2cjQwMLU6B8JG55dxNKdBuYEtAdDnItftvxyYPMB8kb4ACOBv
p-Hvm5qfqR-lHmCFPcff3dgKa4ebh5BxgZG7gb6UfmpKYnJlfqF-SGRhhkBmQEOioqAgBVda8
T/dl3/d3/L0lJSklna21DU1EhIS9JRGpBQU15QUJFUkNKRkXFnLzRGR2dzbzBWdnphOUlBOW
9JQSEhLzdfRzdORTRGSDIwR01PRjBJMkZIRktQMjMWRzIvNTJNWWWY2NDk0MDAxMi9z
YS5nZXRCaWI!/.

4

One week later, on October 8, 2009, XACP moved to amend or correct the suspense order (D.E. #211).  On October 21, 2009, Facebook filed its response in opposition to XACP's Motion to Amend or Direct the Suspense Order.[3]  On November 3, 2009, this Court denied XACP's motion without prejudice.  In its Order, the Court specifically noted that "Plaintiff may reapply for relief from the stay after the Right of Appeal Notice is issued." (11/03/09 Order at n.1).

On March 12, 2010, the PTO issued its Right of Appeal Notice affirming the claims of the '629 Patent and initiating the appeal process.  On June 28, 2010, Facebook filed its Appellant Brief before the Board of Appeals.  On that date (6/28/10), XACP filed its Cross Appellant Brief.  On July 28, 2010, both XACP and Facebook filed their

---

[3]      In Facebook's response in opposition to XACP's original Motion to Amend or Correct the Suspense Order (D.E. #212), Facebook wrongly contended that there was a "irreconcilable inconsistency" between this Court's claim construction and that utilized by the PTO in connection with the re-exam.  (Facebook Opp. at 3 - D.E. #212.)  Facebook specifically contended that the construction adopted by the examiner for the term "transmitting" was "exceedingly restrictive" and was in direct conflict with the construction advanced by XACP and this Court.  (*Id*. at 4.)  That argument is both legally and factually incorrect.  The examiner found that the transmitting "element" required that the "created community be actually sent to the user's computer, and that the ability of the user's computer to merely connect to a community located on another server (*e.g.*, through an imitation process or a hyperlink) was insufficient." (Ex. A, Examiner Decision at 29-32.).  The examiner's construction was consistent with and supported by the scope of enablement of the '629 Patent's specification which ensures that the public knowledge is enriched by the patent specification to a degree at least commensurate with the scope of the claims."  *Sitrick v. Dreamworks, LLC*, 516 F.3d 993, 999 (Fed. Cir. 2008) (*citing Nat'l Recovery Techs., Inc. v. Magnetic Separation Sys., Inc.*, 166 F.3d 1190, 1195-96 (Fed. Cir. 1999)).  This Court construed the term "transmitting" as "electronically connecting and/or communicating by any wireless or wired mechanism." (Claim Constr. Order at 1- D.E. #101).  These definitions are entirely consistent.  Nevertheless, in an effort to remove any issues, XACP will be moving to amend the claim construction of the term "transmitting" to that utilized by the examiner.

response briefs before the PTO Board of Appeals.

Thus, the Right of Appeal Notice has been issued by the PTO and the appeal has been fully briefed. Accordingly, there is no reason to delay further the resolution of the litigation.

## III.   ARGUMENT

### A.    The Significant Change in Circumstances Compels Vacating This Court's Prior Stay Order

There has been a significant change in circumstances which now warrants vacating the Court's prior stay order. This Court obviously possesses the authority both to stay proceedings and vacate its prior stay order — both of which are incidental to the power inherent in every court to control its docket. *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936). "Logically, the same court that imposes a stay of litigation has the inherent power and discretion to lift the stay." *Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 74 (D.D.C. 2002) (citing *Purolite Int'l, Ltd. v. Rohm & Hass Co.*, 24 U.S.P.Q.2d 1857 (E.D. Pa. 1992); *Rohm & Haas Co. v. Brotech Corp.*, 24 U.S.P.Q.2d 1369 (D. Del. 1992)).

"When circumstances have changed such that the court's reasons for imposing the stay no longer exist or are inappropriate, the court may lift the stay."[4]  Here, there has

---

[4]       *Canady*, 271 F. Supp. 2d at 74 (citing *Purolite*, 24 U.S.P.Q.2d 1857) (court lifted stay although the reexamination was still proceeding because: the examiner indicated that its determination would not invalidate all claims of the patent, the PTO's statistics evidence that at least some of the patent claims will survive the reexamination, and as represented to the court in the related *Brotech* case, the completion of the reexamination would not satisfactorily resolve all

6

been a substantial change in circumstances which justifies the dissolution of this Court's

stay order:

(1)     The PTO has reversed itself and now affirmed the validity of **all** 32 of the
        claims of the '629 Patent;

(2)     Since the entry of the stay, Facebook has grown exponentially in size in
        part through the use of various applications covered by the claims of the
        '629 Patent including games such as Farmville;[5]

(3)     As a result of Facebook's use of XACP's patented technology since the
        entry of the stay, XACP's damages have grown to well into nine figures;
        and,

(4)     Facebook has been the subject of a number of significant lawsuits many of
        which could readily compromise XACP's ability to collect its damages or
        render an injunction meaningless should the litigation not resume
        immediately.

These changed circumstances dictate that the Court lift the stay and permit this

case to proceed.

---

the patent issues between the parties); and *Brotech*, 24 U.S.P.Q.2d 1369 (same)); *see also*
*Broadcast Innovation, L.L.C. v. Charter Communication*, Inc., No. 03-cv-2223, 2006 WL
1897165, at *2 (D. Colo. Jul. 11, 2006) (granting stay, court acknowledged it "may dissolve the
stay when preliminary reports from the Patent Office reveal that some of the claims at issue will
survive reexamination").

[5]     For example, a June 2010 report from eMarketer indicates that these games have
generated an estimated $725,000,000 in revenue to date.  That number is expected to triple by
2012.  *See* http://www.researchandmarkets.com/reportinfo.asp?cat_id=0
&report_id=1295470&q=social%20gaming%20&p=1.

**B.     All Three Of The Original Stay
         Criteria Support Vacating The Stay Order**

In originally granting Facebook's request for a stay two years ago, this Court

considered the three generally-recognized factors: (1) whether a stay would unduly

prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a

stay will simplify the issues in the litigation and facilitate the trial of that case; and (3)

whether discovery is complete and a trial date is set.  *Cross Atlantic Capital Partners,*

*Inc. v. Facebook, Inc.*, No. 07-cv-02768, 2008 WL 3889539, at *1 (citing, among other

cases, *In re Laughlin Prods. Inc.*, 265 F. Supp. 2d 525, 530-31 (E.D. Pa. 2003)).

A reexamination of all three of those factors in light of the significant changes in

circumstances noted above dictates that this Court vacate its previous stay order.

**1.     Continuing the Stay Would Clearly Cause Undue
         Prejudice and Tactical Disadvantage to XACP**

In light of the substantial time, efforts, and resources invested into this already

almost three-year old litigation, a continued delay would unduly prejudice XACP.

*Alltech v. Cenzone Tech Inc.*, No. 06-cv-0153, 2007 WL 935516, at *2 (S.D. Cal. Mar.

21, 2007) ("Undue prejudice is also caused when at the time the reexamination request is

made, the non-moving party has already expended substantial resources conducting

discovery.").  In addition to the tactical disadvantage to XACP inherent in any delay,

there are other disadvantages should this case be further delayed.[6]  At the same time that

---

[6]     XACP will be tactically disadvantaged because "witness could become unavailable,
their memories may fade, and evidence may be lost."  *BarTex Research, LLC v. FedEx Corp.*, 611

8

XACP's damages have grown since the entry of the stay to well into nine figures,

numerous significant cases recently brought against Facebook jeopardize XACP's ability

to collect damages or obtain a meaningful injunction.[7]  Accordingly, it would be unfair to

force XACP to continue to sit on the sidelines and not permit XACP to advance its long-

standing claims.

The delay also has worked to provide Facebook with an unfair tactical advantage.

Facebook's stay has enabled it to grow substantially, through the misappropriation of

XACP's patented technology implementing games such as Farmville, while at the same

time avoiding litigation on the merits.

Given that the PTO has now affirmed the claims of the '629 Patent, no legitimate

reasons remain for the stay and failing to lift it would merely serve to delay resolution of

this case.  Other district courts have held that "it is inappropriate to stay a matter where

the stay will serve simply to delay proceeding." *Ecolab, Inc. v. FMC Corp.*, No. 05-cv-

831, 2007 WL 1582677, at *1 (D. Minn. May 30, 2007); *accord Regalo Int'l*, 2009 WL

2951107, at *2 (citing *Ecolab*).  Also, "[c]ourts may find a stay unduly prejudicial where

the movant appears to seek it for tactical advantage." *Ecolab*, 2007 WL 1582677, at *1;

*accord Regalo Int'l*, 2009 WL 2951107, at *2 (citing *Ecolab*); *see also Centillion Data*

---

F. Supp. 2d 647, 651-52 (E.D. Tex. 2009) (stay denied) (citing *Gladish v. Tyco Toys, Inc.*, No.
92-cv-1666, 1993 WL 625509, at *2 (E.D. Cal. Sept. 15, 1993) (stay denied)).

[7]       For example, last week a patent infringement action was filed in the U.S. District
Court for the Western District of Washington against Facebook asserting infringement of four
patents held by Microsoft founder Paul Allen's patent licensing company.

*Sys., LLC v. Convergys Corp.*, No. 04-cv-0073, 2005 WL 2045786, at *1.  Both scenarios

are present here.

      The bottom line is that XACP will be unduly prejudiced by a stay during the

***several years that it would take to complete the reexamination appeal process***.  The

average pendency of decided appeals from the Notice of Appeal to the PTO Board of

Patent Appeals and Interferences in the fiscal year of 2010 is 29 months.  *See* PTO Board

of Patent Appeals and Interferences Performance Measures for Fiscal Year 2010.  As the

court explained in *NTP, Inc. v. Research In Motion, Ltd.*, in which it denied the

defendant's fourth motion to stay pending PTO reexamination proceedings:

> Reality and past experience dictate that ***several years might very well pass
> from the time when a final office action is issued by the PTO to when the
> claims are finally and officially "confirmed" after appeals***.  *See, e.g., In
> re Am. Acad. of Sci. Tech Ctr.*, 367 F.3d 1359 (Fed. Cir. 2004) (affirming
> the claim construction of the Board of Patent Appeals and Interferences in a
> case where, after numerous rehearing requests and appeals, ***the PTO's
> findings were not confirmed until ten years after a reexamination was
> first requested***).

397 F. Supp. 2d 785, 788 (E.D. Va. 2005) (emphasis added), *cert. denied*, 546 U.S. 1157

(2006).

      The average pendency time for appeal demonstrates that the reexamination process

has not and will not provide the efficient resolution of the issues involved in this litigation

sufficient to warrant continuing the stay.  *See, e.g., Xerox Corp. v. 3Com Corp.*, 69 F.

Supp. 2d 404, 407 (W.D.N.Y. 1999) (denying stay in part because the delay involved

would likely be at least one year and could easily exceed two years; thus severely

prejudicing the plaintiff), *appeal dismissed*, 243 F.3d 554 (Fed. Cir. 2000).

Accordingly, the undue prejudice or clear tactical disadvantage to the non-moving party factor weighs heavily in favor of lifting the stay.

### 2.   Continuing the Stay Will Not Simplify the Issues For Trial

Where, as here, the PTO affirmed all the claims-in-suit of the '629 Patent, a stay will undeniably not simplify the issues for trial. Tellingly, Facebook cannot offer any *specific explanation* of how the reexamination proceedings will simplify *particular issues* in this litigation. *See Cross Atlantic Int'l*, 2009 WL 2951107, at *2 ("With the exception of the assertion that, statistically, it is likely that the outcome of the reexamination of these Patents will result in at least some simplification of the issues for trial, Facebook offers no specific explanation of how the reexamination proceedings will simplify particular issues in this litigation.").  Indeed, to convince a court "that a stay will actually simplify a case, the requesting party must do more than merely proffer oft-cited reexamination statistics and generic judicial efficiency arguments." *Roy G. Biv Corp. v. Fanuc Ltd.*, No. 2:07-cv-418, 2009 WL 1080854, at *2 (E.D. Tex. Apr. 14, 2009). Facebook's mere citation to PTO statistics and its discussion of the purpose of PTO reexaminations do nothing to prove that a continuation of the stay is warranted in this action — particularly after the examiner affirmed the validity of all asserted claims.

Here too, this Court should consider what issues would remain unresolved after reexamination. *See Intermedics, Inc. v. Cardiac Pacemakers, Inc.*, No. 95-cv-716, 1998

11

WL 35253495, at *3 (D. Minn. Jun. 15, 1998); *IMAX Corp. V. In-Three, Inc.*, 385 F.

Supp. 2d 1030, 1033 (C.D. Cal. 2005); *Gladish*, 1993 WL 625509, at *2-3; *Enprotech*

*Corp. v. Autotech Corp.*, 15 U.S.P.Q.2d 1319, 1320 (N.D. Ill. 1990).  By statute, the

pending reexaminations of the Patents will involve only "prior art consisting of patents or

printed publications." 35 U.S.C. §§ 301, 302.  Stated another way, during reexamination,

the PTO cannot address issues such as:

- whether the patents are unenforceable due to inequitable conduct before the PTO;

- whether the claims of the patents are invalid because they are not adequately supported by the specification;[8]

- whether any of the claims of the patents found to be patentable after reexamination are infringed by Facebook;

- whether XACP is entitled to a permanent injunction should the jury find the claims of the '629 Patent infringed, not invalid and not unenforceable; and

---

[8]      Facebook's Answer with Affirmative Defenses purports to assert virtually all potential statutory defenses.  See Facebooks' First Amended Answer, Counterclaims and Affirmative Defenses (D.E. #76) (alleging the '629 Patent to be "invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112").

- whether this action is an exceptional case warranting imposition of attorneys fees and costs against Facebook if XACP prevails in the litigation.

The foregoing issues are the ***sole province of the Court***. *See* 35 U.S.C. §§ 301 and 302; *see also BarTex Research*, 611 F. Supp. 2d at 653; *Tesco Corp. V. Weatherford Int'l, Inc.*, 599 F. Supp. 2d 848, 852-53 (S.D. Texas 2009); *Robbins v. H.H. Brown Shoe Co., Inc.*, No. 08-6885, 2009 WL 2170174, at *2 (S.D.N.Y. Jun. 30, 2009), *recon. denied*, 2009 WL 2496024 (S.D.N.Y. Jul. 22, 2009).

Accordingly, continuing the stay will not simplify any remaining issues.

### 3.    The Procedural Posture of This Action Weighs Against Continuing the Stay

Continuation of the stay is also not warranted because little remains before this case is ready for trial.[9]  Specifically, XACP will simply need Facebook to update the financial information from the infringement accused prior the entry of the stay and discovery regarding the infringing applications launched subsequent to the entry of the stay.

---

[9]    Stays pending a reexamination have been denied in cases with procedural posture similar to this action, and in cases not nearly as far along as this action.  *See, e.g., BarTex Research*, 611 F. Supp. 2d at 653; *Tesco*, 599 F. Supp. 2d at 853-54; *Cynosure, Inc. v. Cooltouch Inc.*, No. 08-cv-10026, 2009 WL 2462565, at *1-2 (D. Mass. Aug 10, 2009); *Nidec Corp. v. LG Innotek Co., Ltd.*, No. 6:07-108, 2009 WL 3673433, at *7 (E.D. Tex. Apr. 3, 2009); *Tokuyama Corp. v. Vision Dynamics, LLC*, No. 08-cv-2781, 2008 WL 4452118, at *1 (Oct. 3, 2008), *leave for recon. denied*, 2008 WL 4532565 (N.D. Cal. Oct 09, 2008); *PureChoice, Inc. v. Honeywell Int'l, Inc.*, No. 06-cv-044, 2007 WL 1189844, *1 (E.D. Tex. Apr. 20, 2007); *Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006); *Fujitsu Ltd. v. Nanya Tech. Corp.*, No. 06-cv-6613, 2007 WL 3314623, at *2 (N.D. Cal. Nov. 6, 2007); *IMAX*, 385 F. Supp. 2d at 1033; *Output Tech. Corp. v. Dataproducts Corp.*, 22 U.S.P.Q.2d 1072, 1074 (W.D. Wash. 1991).

Assuming Facebook's cooperation in producing the pertinent materials and information, this limited discovery will require 60 days including written discovery and deposition of witnesses associated with the newly launched features.  Accordingly, the updated discovery and dispositive motions can be completed by December 2010 and the case can be trial-ready by the first quarter of 2011.

Thus, the advanced procedural posture of this case is a factor that also weighs heavily in favor of lifting the stay.

### C.    Facebook Cannot Establish a Clear Case of Hardship Or Inequity Requiring a Continuance of the Stay

Although there are no decisions directing which party has the burden of establishing whether it would be appropriate to continue the stay, initially, the burden was on the party seeking a stay to "make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else."  *Landis*, 299 U.S. at 255; *see, e.g., Arctic Cat, Inc. v. Injection Research Specialists, Inc.*, No. 01-cv-543, 2003 WL 22047872, at *2 (D. Minn. Aug. 29, 2003) (stay denied because movant "failed to establish a clear case of hardship"); *Cognex Corp. v. National Instruments Corp.*, No. 00-cv-442, 2001 WL 34368283, *2 (D. Del. Jun. 29, 2001) ("the Court cannot conclude that Cognex has demonstrated a clear case of hardship or inequity justifying a stay in this case").

Given that the claims have now been affirmed, to the extent that it was able to do so originally, Facebook can no longer make out a clear case of hardship or inequity, and

14

the stay should be vacated.

## IV.   <u>CONCLUSION</u>

It makes no sense to continue the stay in this case for several years pending the PTO's appeal process when the claims have been affirmed and dispositive motions and trial will likely resolve the dispute between the parties.  The lengthy stay will prejudice XACP and impose a tactical disadvantage.  The stay will also reward Facebook for its dilatory conduct throughout this action.  For the foregoing reasons, XACP respectfully requests that the Court vacate the current stay order; schedule a status conference; and issue a revised schedule including a trial date.

Respectfully submitted,

Dated: September 2, 2010

***PRO HAC VICE* COUNSEL**

James H. Wallace, Jr., Esquire
Kevin P. Anderson, Esquire
Gregory R. Lyons, Esquire
**WILEY REIN LLP**
1776 K Street, NW
Washington, DC 20006
(202) 719-7000
(202) 719-7049

　　　/s/ Frederick A. Tecce
Thomas J. Duffy, Esquire
**Duffy + Partners**
One Liberty - 55th Floor
Philadelphia, Pennsylvania 19103
(215) 238-8700
(215) 238-8710 (Fax)
tjd@duffyfirm.com

Frederick A. Tecce, Esquire
**MCSHEA\TECCE, P.C.**
The Bell Atlantic Tower - 28th Floor
1717 Arch Street
Philadelphia, Pennsylvania 19103
(215) 599-0800
(215) 599-0888 (Fax)
ftecce@mcshea-tecce.com

Counsel for plaintiff,
Cross Atlantic Capital Partners, Inc.

## CERTIFICATE OF SERVICE

This is to hereby certify that on this 2nd day of September, 2010 I caused true and

correct copies of the foregoing Plaintiff's Motion to Vacate Stay and Schedule a Rule 16

Conference to be served *via* this Court's Electronic Filing ("ECF") System upon the

following:


Heidi L. Keefe, Esquire
Mark R. Weinstein, Esquire
Cooley Godward Kronish, LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306

Alfred W. Zaher, Esquire
Dennis P. McCooe, Esquire
Joel L. Dion, Esquire
Blank Rome
One Logan Square
130 North 18th Street
Philadelphia, PA 19103

Counsel for defendants,
Face Book, Inc. and Thefacebook, LLC



        /s/ Frederick A. Tecce
        Frederick A. Tecce, Esquire