## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CROSS ATLANTIC CAPITAL PARTNERS, INC., | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO.: 07-CV-02768 |
| | : | |
| vs. | : | |
| | : | |
| FACEBOOK, INC. and THEFACEBOOK, LLC, | : | |
| | : | |
| Defendants. | : | |

## ORDER

AND NOW, this _____ day of November, 2010, upon consideration of Plaintiff's

Request for Leave to File Reply Brief, **IT IS HEREBY ORDERED** that the Plaintiff's

request is **GRANTED**. It is further hereby **ORDERED** that this Court will accept as

filed the Reply Brief attached as Exhibit "1" to Plaintiff's request.

BY THE COURT:

_____
**HON. JOHN R. PADOVA**
United States District Court Judge

## IN THE UNITED STATES DISTRICT COURTS
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CROSS ATLANTIC CAPITAL PARTNERS, INC., | : : : | CIVIL ACTION |
| Plaintiff, | : : | NO.: 07-CV-02768 |
| vs. | : : | |
| FACEBOOK, INC. and THEFACEBOOK, LLC, | : : : | |
| Defendants. | : | |

### PLAINTIFF'S MOTION FOR LEAVE TO FILE
### A REPLY BRIEF IN SUPPORT OF ITS MOTION TO
### VACATE STAY AND SCHEDULE A RULE 16 CONFERENCE

COMES NOW, plaintiff Cross Atlantic Capital Partners, Inc. ("XACP"), by and through its undersigned counsel, and pursuant to this Court's August, 2005 Notice to Counsel, Section IV, hereby requests leave to file a reply brief in support of Plaintiff's Motion to Vacate Stay and Schedule a Rule 16 Conference. Plaintiff seeks leave to file a reply brief to clarify the record in response to arguments made by Defendants Facebook, Inc. and Thefacebook, LLC (collectively "Facebook") in opposition to Plaintiff's Motion to Vacate Stay and Schedule a Rule 16 Conference. In support of this request, Plaintiff avers as follows:

1. On September 2, 2010, XACP filed its Motion to Vacate Stay Order and Schedule a Rule 16 Conference. (DE 222).

2. On September 23, 2010, the Facebook defendants filed their response in opposition to plaintiff's motion. (DE 223).

3.      In their response, Facebook advanced arguments and raised issues to which plaintiff seeks leave to respond in an effort to clarify the record.

4.      Attached hereto as Exhibit "1" is a copy of Plaintiff's proposed reply brief.

**WHEREFORE**, Plaintiff respectfully requests that it be granted leave to file the attached Reply to Defendants' Response in Opposition to Plaintiff's Motion to Vacate Stay Order and Schedule a Rule 16 Conference that the Court accept this brief as filed.

Respectfully submitted,

Dated: November 4, 2010

   /s/ Frederick A. Tecce, Esquire
Thomas J. Duffy, Esquire (PA ID # 34729)
**Duffy + Partners**
One Liberty
55th Floor
Philadelphia, Pennsylvania 19106
(215) 238-8700
(215) 238-8710 (Fax)
pjk@duffykeenan.com

**_PRO HAC_ VICE COUNSEL**
James H. Wallace, Esquire
Greg R. Lyons, Esquire
Kevin Anderson, Esquire
Wiley Rein LLP
1776 K Street, N.W.
Washington, DC 20006

Frederick A. Tecce, Esquire
**McShea\Tecce, P.C.**
The Bell Atlantic Tower - 28th Floor
1717 Arch Street
Philadelphia, Pennsylvania 19103
(215) 599-0800
(215) 599-0888 (Fax)
ftecce@mcshea-tecce.com

Counsel for plaintiff
Cross Atlantic Capital Partners, Inc.

2

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CROSS ATLANTIC CAPITAL PARTNERS, INC., | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO.: 07-CV-02768 |
| | : | |
| vs. | : | HON. JOHN R. PADOVA |
| | : | |
| FACEBOOK, INC. and THE FACEBOOK, LLC, | : | |
| | : | |
| Defendants. | : | |

## PLAINTIFF'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION TO VACATE STAY AND SCHEDULE RULE 16 CONFERENCE

## I.  INTRODUCTION

On September 2, 2010, plaintiff Cross Atlantic Capital Partners ("XACP") moved to vacate the Stay Order (DE 210) in this case and schedule a Rule 16 conference (DE 222).  On September 20, 2010, defendants Facebook, Inc. and The Facebook, LLC (collectively "Facebook") filed their opposition to XACP's motion (DE 223).  Thereafter, on September 23, 2010, the United States Patent and Trademark Office ("PTO") Examiner issued her Answer to Appeal Brief ("9/23/20 Answer") in which she rejected Facebook's arguments and affirmed her opinion set forth in the March 12, 2010 Right of Appeal ("RAN").  On September 22, 2010, this Court issued a notice scheduling a November 9, 2010 hearing in connection with XACP's motion (DE 224).

XACP submits this Reply to clarify the record in response to some of the

1

arguments raised by Facebook in its Opposition to the current motion.

## II. ARGUMENT

### A. The Examiner Filed Her Appeal Answer And Rejected Facebook's Arguments Concerning Claim Construction Inconsistencies

In Facebook's Opposition, it argues that the stay should not be lifted because: (1) the PTO examiner was not aware of the purported inconsistency between this Court's claim construction and the claim construction supporting the Examiner's reasoning for allowance; and (2) Facebook's pending PTO Appeal notified the Examiner of this purported inconsistency for the first time. (Memo. at 3). Subsequently, the Examiner filed an Answer on September 23, 2010. Attached as Exhibit A. There the Examiner stated: "Every ground of rejection and every determination not to make a proposed rejection set forth in the RAN are being maintained by the examiner." *Id*. Accordingly, the Examiner considered – and rejected – Facebook's claims regarding an alleged inconsistency between this Court's claims construction and that adopted by the PTO in rejecting Facebook's validity contentions.

As such, Facebook's primary reason for opposing the stay is now moot and there is simply no reason for further delay. Contrary to any suggestion by Facebook's Opposition, it was never contemplated by this Court that XACP should be made to wait an additional three years, resulting in a six year delay, before a resolution will be reached in the PTO.

2

### B. Lifting The Stay Does Not Require Complicated New Claim Construction Briefing and Related Discovery and Dispositive Motions

Contrary to Facebook's argument (Memo. at 2), lifting the stay would not "require needless complications," including detailed claim construction briefing and related discovery.  Any submissions to clarify this Court's "transmitting" construction so as to reflect fully the Examiner's distinctions and clarifications used to uphold patentability are relatively straightforward – the parties' respective positions have already been staked out in their respective briefs to the PTO.  Moreover, the claim construction is based on the intrinsic record, now including the Examiner's statements set forth in the RAN.

In addition, Facebook arguments notwithstanding (Memo. at 2 & 6), the additional discovery (and potential related summary judgment briefing) is based on Facebook's post-stay conduct, not on a supposed new claim construction.  Such discovery and dispositive motions will focus on Facebook's post-stay conduct and the application of the PTO's claim construction to that conduct.  For example, since the original stay, Facebook launched a number of games, such as Farmville, which appear to infringe the XACP patented technology.  XACP will need discovery on Facebook's game features.  With respect to the previously identified Groups applications, Facebook needs to update its liability and damages discovery responses so as to include the period since the entry of the stay.

Accordingly, Facebook's arguments regarding additional claim construction, discovery and briefing cannot justify further delay.

3

### C. XACP's PTO Appeal Is Not
### A Concession of Uncertainty And
### Does Not Support Any Further Delay

Facebook's further contention that XACP's PTO appeal is a concession of

uncertainty and injects additional delay (Memo. at 10) is entirely ill-founded.  XACP's

appeal  simply seeks to clarify that there are additional distinctions that support the

Examiner's position of patentability.

The bottom line is that the claims have been upheld and Facebook has now lost on

its argument that further delay is justified because the Examiner will reconsider her

position regarding the validity of the claims once she becomes aware of the alleged

inconsistent claim constructions.  (Memo. at 7).  In short, Facebook can no longer delay

this litigation by seeking to inject inconsistencies where none exist.[1]

### III.      CONCLUSION

It has been thirteen months since the PTO issued its original decision affirming the

validity of the claims of the '629 Patent.  In its November 3, 2009 denial (without

prejudice) of XACP's original October 8, 2009 motion to lift the stay (DE 211), this

Court indicated that it would revisit the issue following the PTO's issuance of a Right of

---

[1]      The reason for this is obvious, Facebook is aware of the provisions of 35 U.S.C. § 317(b) which dictate that "Once a final decision has been entered against a party in a civil action arising in whole or in part under section 1338 of title 28, that the party has not sustained its burden of proving the invalidity of any patent claim in suit . . . , then . . . an *inter parties* reexamination requested by that party or its privies on the basis of such issues *may not thereafter be maintained by the Office*, notwithstanding any other provision of this chapter." (emphasis added); *See also*, Manual of Patent Examining and Procedure ("MPEP") § 2686.04 at 2600-173 (Rev. 7, July 2008)(The issuance of a final decision after all appeals in a civil action upholding validity during the pendency of an *inter parties* reexamination where the person who filed the request was a party to the litigation, will have the effect that the Office *will discontinue examination* of all claims affected by the holding of validity).

Appeal (DE 215).  On March 12, 2010, the PTO issued that Right of Appeal.  In an effort

to insure that no new issues arose which would warrant a further stay, XACP waited until

after the parties had completed their briefing before the PTO before filing the instant

motion.  That briefing, and the Examiner's 9/23/10 Answer have now confirmed that

there are no new issues which would justify continuing the stay order.

     As such, XACP respectfully requests that this Court grant its motion, lift the stay

order and permit this case to move to a quick trial.

Respectfully submitted,

    /s/ Frederick A. Tecce
Thomas J. Duffy, Esquire
Duffy + Partners
One Liberty – 55th Floor
Philadelphia, PA 19103

**_PRO HAC VICE_ COUNSEL**
James H. Wallace, Esquire
Greg R. Lyons, Esquire
Kevin Anderson, Esquire
Wiley Rein LLP
1776 K Street,  N.W.
Washington, D.C. 20006

Frederick A. Tecce
McSHEA\TECCE, P.C.
The Bell Atlantic Tower – 28th Floor
1717 Arch Street
Philadelphia, PA 19103

Counsel for plaintiff
Cross Atlantic Capital Partners, Inc.

# EXHIBIT A



### UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 95/001,070 | 07/21/2008 | 6519629 | 0065431-1008 | 3890 |

21839        7590        09/23/2010

BUCHANAN, INGERSOLL & ROONEY PC
POST OFFICE BOX 1404
ALEXANDRIA, VA 22313-1404

| EXAMINER |
|---|

| ART UNIT | PAPER NUMBER |
|---|---|

DATE MAILED: 09/23/2010

Please find below and/or attached an Office communication concerning this application or proceeding.



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patents and Trademark Office
P.O.Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**                                  MAILED

THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS        Date:   SEP 2 3 2010
DANIEL M. DEVOS
1279 OAKMEAD PARKWAY                                          CENTRAL REEXAMINATION UNIT
SUNNYVALE, CA 94085-4040


### Transmittal of Communication to Third Party Requester
### Inter Partes Reexamination

REEXAMINATION CONTROL NO. : 95001070
PATENT NO. : 6519629
TECHNOLOGY CENTER : 3999
ART UNIT : 3992


Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified Reexamination proceeding. 37 CFR 1.903.

Prior to the filing of a Notice of Appeal, each time the patent owner responds to this communication, the third party requester of the inter partes reexamination may once file written comments within a period of 30 days from the date of service of the patent owner's response. This 30-day time period is statutory (35 U.S.C. 314(b)(2)), and, as such, it cannot be extended. See also 37 CFR 1.947.

If an ex parte reexamination has been merged with the inter partes reexamination, no responsive submission by any ex parte third party requester is permitted.

All correspondence relating to this inter partes reexamination proceeding should be directed to the Central Reexamination Unit at the mail, FAX, or hand-carry addresses given at the end of the communication enclosed with this transmittal.


PTOL-2070(Rev.07-04)

| *Inter Partes Reexamination* *Examiner's Answer* | Application No. | Applicant(s) | |
|---|---|---|---|
| | 95/001,070 | 6519629 | |
| | Examiner | Art Unit | |
| | Deandra M. Hughes | 3992 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address. --*

**Incorporation by Reference of the Right of Appeal Notice**
The Right of Appeal Notice (RAN) mailed on 12 March 2010, including all of the grounds of rejection, determinations of patentability, and explanations set forth in the RAN is incorporated by reference. Every ground of rejection and every determination not to make a proposed rejection set forth in the RAN are being maintained by the examiner.

This examiner's answer does not contain any new ground of rejection and any new determination not to make a proposed rejection.

**Status of Amendment After Action Closing Prosecution**
The amendment(s) filed on _____ has/have been entered.
The amendment(s) filed on _____ has/have not been entered.

**Period for providing a Rebuttal Brief**
Appellant(s) is/are given a period of ONE MONTH from the mailing date of this examiner's answer within which to file a rebuttal brief in response to the examiner's answer. Prosecution otherwise remains closed.

The rebuttal brief of the patent owner may be directed to the examiner's answer and/or any respondent's brief. The rebuttal brief of the third party requester(s) may be directed to the examiner's answer and/or the respondent's brief of the patent owner. The rebuttal brief must (1) clearly identify each issue, and (2) point out *where* the issue was raised in the examiner's answer and/or in the respondent's brief. In addition, the rebuttal brief must be limited to issues raised in the examiner's answer or in the respondent's brief. The time for filing the rebuttal brief may not be extended. No further submission (other than the rebuttal brief(s)) will be considered, and any such submission will be treated in accordance with 37 CFR 1.939 and MPEP 2667.

☐ Attachment(s)
_____

☒ Other:
/Deandra M. Hughes/

Primary Examiner, AU 3992

**All correspondence** relating to this *inter partes* reexamination proceeding should be directed to the **Central Reexamination Unit** at one of the following addresses:

Please mail any communications to:
Attn: Mail Stop "Inter partes Reexam"
Central Reexamination Unit
Commissioner for Patents
P.O. Box 1450
Alexandria VA 22313-1450

Please hand-deliver any communication to:
Customer Service Window
Attn: Central Reexamination Unit
Randolph Building, Lobby Level
401 Dulany Street
Alexandria VA 22314

Please FAX any communications to: (571) 273-9900
CONFERE&.

ALBERT GAGLIARDI

ESK

ERIC S. KEASEL
CRU SPE-AU 3992

U.S. Patent and Trademark Office
PTOL-2291 (08-10)                    *Inter Partes* Reexamination Examiner's Answer                    Paper No. 20100922

## CERTIFICATE OF SERVICE

This is to hereby certify that on this 20th day of December, 2007, I caused a true and correct copy of the foregoing Plaintiff's Request For Leave to File Reply Brief in Support of Its Motion to Vacate Stay Order and Schedule a Rule 16 Conference to be served *via* this Court's Electronic Filing ("ECF") System, upon the following:

Heidi L. Keefe, Esquire
Cooley Godward Kronish, LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306

Alfred W. Zaher, Esquire
Dennis P. McCooe, Esquire
Joel L. Dion, Esquire
Blank Rome
One Logan Square
130 North 18th Street
Philadelphia, PA 19103

Counsel for defendants
Face Book, Inc. and Thefacebook, LLC

   /s/ Frederick A. Tecce, Esquire   
**Frederick A. Tecce, Esquire**