IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CROSS ATLANTIC CAPITAL PARTNERS, INC., | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| FACEBOOK, INC., and THEFACEBOOK, LLC | : | NO. 07-2768 |

**MEMORANDUM**

**Padova, J.**                                                                                **November 22, 2010**

      Plaintiff Cross Atlantic Capital Partners, Inc. ("XACP") has brought this patent infringement action concerning U.S. Patent No. 6,519,629 (the "'629 patent"), entitled "System for Creating a Community for Users with Common Interests to Interact In," against Facebook, Inc., and TheFacebook, LLC (collectively "Facebook"). Currently before the Court is a motion by XACP to lift the stay of proceedings imposed by the Court's Order of August 18, 2008. For the following reasons, we grant the motion to lift the stay.

**I.    BACKGROUND**

      On July 21, 2008, Defendants filed a request for inter partes reexamination of the '629 Patent with the United States Patent and Trademark Office ("PTO") pursuant to 35 U.S.C. § 311. Concomitant therewith, Defendants moved to stay this litigation pending the result of that request. On August 18, 2008, we entered an order granting Facebook's motion ("Stay Order"). We recognized that, although a district court is not required to stay a proceeding pending reexamination, see Viskase Corp. v. Am. Nat'l Can Co., 261 F.3d 1316, 1328 (Fed. Cir. 2001) (citations omitted), granting a stay is favored and appropriate when the reexamination result might assist the court in

making a validity determination or would eliminate the need to make an infringement determination. See Alltech, Inc. v. Cenzone Tech, Inc., Civ. A. No. 06-153, 2007 WL 935516, at *2 (S.D. Cal. March 21, 2007) (holding that "'[t]here is a liberal policy in favor of granting motions to stay proceedings pending the outcome of reexamination proceedings'" (quoting ASCII Corp. v. STD Entm't USA, Inc., 844 F. Supp. 1378, 1381 (N.D. Cal. 1994) )); see also id. (holding that stays are particularly appropriate when the reexamination result might assist the court in making a validity determination or would eliminate the need to make an infringement determination). Stay Order at 1-2. We determined that a stay was appropriate and invited the parties to seek further relief once the PTO exercised its statutorily granted authority to make the initial Office action on the merits of the reexamination. Stay Order at 5.

After first proposing to reject Claims 1-32 of the '629 Patent as obvious from the prior art and after receiving further comments from the parties, on September 30, 2009, the Patent Examiner issued a substantive decision in the re-examination proceeding, confirming that claims 1-7, 17-23 and 25-31 of the '629 Patent were allowable over the prior art cited by Defendants, and also finding that claims 8-16, 24 and 32, as amended, were patentable over the prior art cited by Defendants. (Def. Ex. 8.) At that point, Plaintiff moved to lift the stay and strike Defendants' summary judgment motion on the issue of invalidity. In an Order dated November 3, 2009, we declined to do so. We found that, following the issuance of an examiner's decision, each party had the opportunity to submit comments, which the examiner was obligated to consider. See 37 C.F.R. §§ 1.951, 1.953. The regulations provide that, after considering the comments, the examiner "shall issue a Right of Appeal Notice," 37 C.F.R. § 1.953(a), "which comprises a final rejection setting forth each ground of rejection and/or final decision favorable to patentability . . . ." 37 C.F.R. § 1.953(c). Defendants

asserted that they intended to pursue further review before the PTO because, they contended, the examiner's construction of one element in the '629 Patent conflicted with our construction of the same term. We agreed that actively continuing this suit while the Examiner continued to consider the inter partes reexamination could result in additional complexities. Because the Examiner's decision was not final, we declined to lift the stay at that time and again invited Plaintiff to reapply for relief from the stay after the Right of Appeal Notice ("RAN") was issued.

On March 10, 2010, the PTO issued the RAN affirming the claims of the '629 Patent. Facebook filed a notice of appeal on April 12, 2010 and XACP filed a cross-appeal.[1] Briefs were filed in June and July, 2010. At that point in the proceedings, the Examiner had one additional opportunity to determine whether she should change her decision based upon the arguments in the appellate briefs and reopen the prosecution of the inter partes reexamination. See Manual of Patent Examining Procedure § 2676. On September 23, 2010, she issued her Answer to Appeal Brief, in which she rejected Facebook's new arguments and reaffirmed her opinion set forth in the RAN. Accordingly, at this time, all proceedings before the Examiner have concluded.

## II.     DISCUSSION

XACP asserts that the issuance of the Examiner's decision constitutes a substantial change in circumstances which justifies the dissolution of the Stay Order. Having carefully reviewed the parties' arguments, we agree. With the issuance of her Answer to Appeal Brief, the Examiner has

---

[1] According to Facebook, XACP filed no comments to the Examiner's decision prior to the issuance of the RAN, which precluded Facebook from filing comments as it informed the Court it intended to do. (Def. Br. at 3 citing 37 C.F.R. § 1.947 (third party may file comments within 30 days of patent owner's written submissions to the PTO).) Thus, Facebook asserts, it had no subsequent opportunity to raise before the Examiner the fact that she had used a different construction of the one element, necessitating the appeals process.

given her final word affirming the validity of all 32 claims of the '629 Patent. Still pending, however, are XACP's and Facebook's cross-appeals to the Board of Patent Appeals and Interferences. Beyond that, either party may appeal to the United States Court of Appeals for the Federal Circuit. See 35 U.S.C. §§ 315, 134, 141. Nonetheless, with the conclusion of the proceedings before the Examiner, we find in our discretion that continuing to stay this litigation is no longer justified. See Patlex Corp. v. Mossinghoff, 758 F.2d 594, 597 (Fed. Cir. 1985) (a stay for purposes of reexamination is within the district court's discretion).

Concurrent litigation and reexamination proceedings present novel issues regarding the timely and efficient disposition of patent infringement disputes. While allowing the PTO to determine reexamination-specific issues of validity may potentially obviate the need to litigate a patent's validity in this forum and conserve finite judicial resources, courts also must consider carefully whether the damage done to the plaintiff's statutory right to seek a timely judicial remedy outweighs the utility that the inter partes proceeding provides. In weighing these countervailing factors, we are mindful that Congress has provided for judicial remedies to cure infringements of patents. See 35 U.S.C. § 271. So too, we must recognize that a final judgment here will end the reexamination proceeding. See 35 U.S.C. § 317(b) (providing that once a final decision has been entered against a party in a civil action that the party has not sustained its burden of proving the invalidity of any patent claim in suit, then the PTO may not thereafter maintain an inter partes reexamination requested by that party or its privies on the basis of issues which that party or its privies raised or could have raised in such civil action).

As the United States District Court for the District of Delaware very recently stated, reexamination

> is an arduous process fraught with the potential for multiple appeals. According to statistics published by the PTO, an *inter partes* reexamination conducted by the [Central Reexamination Unit ("CRU") of the PTO] has a historical average pendency of 31.4 months. However, a comprehensive understanding of the reexamination time line requires a consideration of the process after the CRU issues a RAN, to wit, the subsequent appeal by an adversely affected party to the Board of Patent Appeals and Interferences ("BPAI"). The significant span of time between these two events is confirmed by . . . a statistical analysis, which concludes that the current average pendency between receiving a RAN and, subsequently, a decision from the BPAI was roughly equivalent to that of the underlying reexamination by the CRU. While the possibility of a subsequent appeal to the Federal Circuit extends the time line of this process, only one *inter partes* reexamination has reached this stage, and the parties voluntarily dismissed the case prior to briefing. In short, the reexamination of the patents at issue, having yet to produce a single RAN, may substantially outlast the jury verdict (which will be rendered in approximately 2 weeks), post trial briefing and subsequent Federal Circuit review associated with this litigation. Consequently, only those reexamination proceedings that have been substantially completed will weigh in favor of a stay.

Belden Techs. Inc. v. Superior Essex Commc'ns LP, Civ. A. No. 08-63, 2010 WL 3522327, at *3 (D. Del. Sept. 2, 2010) (footnotes and internal citations omitted). In this case, reexamination by the Patent Examiner already has taken over twenty-seven months and has resulted in a RAN affirming the patentability of the claims at issue in this litigation. While the parties have completed this stage of the reexamination, given the various appeal rights it must be recognized that the reexamination proceeding is not yet substantially complete. The Examiner's decision, however, constitutes a substantial change in circumstances diminishing the basis for any further continuance of the stay. It is not fair to continue to deny Plaintiff the opportunity to proceed with its claims, after already waiting over two years, while concurrent proceedings continue before the BPAI and possibly the Federal Circuit.

### III.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Vacate Stay and Schedule a Rule 16

Conference is granted. An appropriate Order follows.

BY THE COURT:

/s/John R. Padova

_____
John R. Padova, J.